J. Daniel Holsenback, Esq. (SBN 145640)
**J. DANIEL HOLSENBACK, APC**
625 Broadway, Suite 906
San Diego, California 92101
Telephone:  (619) 269-4634
Facsimile:   (619) 269-4635

Attorneys for Plaintiffs Theodore & Lois Koziol

FILED
08 MAY 29 PM 12:25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE AND LOIS KOZIOL<br>24 Seagoin Road<br>Brick Town, NJ 08723<br><br>                    Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA<br>The Executive Office<br>Office of the Legal Adviser<br>Room 5519<br>United States Department of State<br>2201 C Street, NW<br>Washington, DC 20520-6310<br><br>                    Defendants. | Case No. '08 CV 0947 DMS BLM<br><br>(E.D. Pa. No. 07-3432)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL AND FOR SANCTIONS**<br><br>Hon.<br>Courtroom:<br>Date:<br>Time:<br><br>[FRCP 45] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO NON-PARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.:**

**YOU ARE HEREBY NOTIFIED THAT** on a date and time to be provided after a Southern District case number and magistrate are assigned to this matter, in a courtroom to be determined, located at 940 Front Street, San Diego, California, 92101, the Motion to Compel of Plaintiffs Theodore and Lois Koziol will be heard. **This is the initial filing in this Southern District matter; it relates to and arises out of discovery conducted in Koziol v. USA, E.D. Pa.**

1  **No. 07-3422 propounded pursuant to <u>a subpoena issued by this district to non-party General
2  Atomics.</u>**

3  A Subsequent Notice will be filed and served with the date, time, and courtroom where and when the motion will be heard.

5  The Motion to Compel will be based on this Notice to Compel, the Memorandum of Points & Authorities, the Declaration of J. Daniel Holsenback, the Declaration of Arthur Alan Wolk, and a Notice of Lodgment, all filed herewith, with the exception of the declarations and Notice of Lodgment, which will be filed and served when the Subsequent Notice is filed and served, and on all papers and documents in the Court's file, and on whatever argument the Court considers at the hearing.

Please also take notice that Plaintiffs seek an award of attorneys' fees and costs from non-party General Atomics Aeronautical Systems, Inc. (GA-ASI) in an amount not to exceed $7,500.00 and which will be expressly substantiated and detailed in declarations to be filed and served at the time of the Subsequent Notice.

May 28, 2008

J. DANIEL HOLSENBACK, APC

By: *[signature]*
J. Daniel Holsenback
Attorney for Plaintiffs
Theodore & Lois Koziol

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as prov by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initi the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Theodore and Lois Koziol

**DEFENDANTS**
The United States of America

(b) County of Residence of First Listed Plaintiff  Ocean County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
J. Daniel Holsenback, J. Daniel Holsenback, APC
625 Broadway, Suite 906, San Diego, CA 92101; 619-269-4634

Attorneys (If Known)
'08 CV 0947 DMS BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Pla and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ | ☐ |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced a Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commoditie Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Action: |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matter: |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Informatio Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determin Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to Dist Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: MOTION TO COMPEL (FRCP 45)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 5/29/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 151346  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as requi by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil compl; filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use c the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giv both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the t of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation ca the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, not in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this sec for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is suffic to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, se the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petit for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidist litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statu unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numl and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

          #  151346    - MB

             May 29, 2008
               12:25:16

           Civ Fil Non-Pris
   USAO #.: 08CV0947
   Judge..: DANA M SABRAW
   Amount.:                    $350.00 CK
   Check#.: BC2979


             Total->  $350.00


         FROM: THEODORE AND LOIS KOZIOL
               VS
               THE UNITED STATES OF AMERICA
```

J. Daniel Holsenback, Esq. (SBN 145640)
**J. DANIEL HOLSENBACK, APC**
625 Broadway, Suite 906
San Diego, California 92101
Telephone:  (619) 269-4634
Facsimile:  (619) 269-4635

Attorneys for Plaintiffs Theodore & Lois Koziol

FILED
08 MAY 29 PM 12:25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0947 DMS BLM

| | |
|---|---|
| THEODORE AND LOIS KOZIOL<br>24 Seagoin Road<br>Brick Town, NJ 08723<br><br>    Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA<br>The Executive Office<br>Office of the Legal Adviser<br>Room 5519<br>United States Department of State<br>2201 C Street, NW<br>Washington, DC 20520-6310<br><br>    Defendants. | Case No.<br><br>(E.D. Pa. No. 07-3432)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**<br><br>Hon.<br>Courtroom:<br>Date:<br>Time:<br><br>**[FRCP 45]** |

### PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

### AGAINST GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

Plaintiffs respectfully request this Court to compel General Atomics Aeronautical Systems, Inc. (GA-ASI) to produce documents responsive to their subpoena issued from this Court pursuant to Federal Rule of Civil Procedure 45 and for sanctions for failing to comply with plaintiffs' request as required by the law.

///

1	Plaintiffs are seeking documents showing the relationship between GA-ASI and its
2	Austrian-based subcontractor of aircraft engines, "Rotax".[1] The documents plaintiffs are seeking
3	are relevant and vital to their claims in this case and in their action in New Jersey state court
4	captioned *Koziol v. Bombardier Inc., et al*, No. OC-NL-2749-07 (NJ Super. Ocean County).
5	Because of the importance of these documents, plaintiffs have gone through great lengths to procure
6	them. Counsel for plaintiffs and GA-ASI have discussed the scope and terms of this subpoena *ad*
7	*nauseum*. Based on these discussions, plaintiffs significantly narrowed their requests, which in turn
8	allowed GA-ASI's counsel to compile the "sampling of documents" they claimed were
9	forthcoming. Rather than produce these documents as promised, they responded with a series of
10	objections – none of which justifies their withholding. Without the documents, plaintiffs will be
11	prejudiced and could be placed out of court. Plaintiffs can only obtain these documents from GA-
12	ASI. Plaintiffs request this Court to order GA-ASI to produce documents responsive to their
13	subpoena. Because GA-ASI has blatantly disregarded the rule of law by failing to comply with the
14	subpoena, plaintiffs are also seeking sanctions against GA-ASI, including, but not limited to,
15	attorneys' fees and costs.

## I. BACKGROUND

Plaintiffs served GA-ASI with a subpoena, issued from the United States District Court for the Southern District of California, pursuant to FRCP 45, seeking documents regarding the relationship between the military contractor, GA-ASI and its Austrian subcontractor, Rotax. These documents are relevant to this case as well as to the New Jersey action, *Koziol v. Bombardier Inc., et al*, No. OC-NL-2749-07 (NJ Super. Ocean County), in which Rotax' amicability to service of process and American business contacts are at issue.

General Atomics Aeronautical Systems, Inc. (GA-ASI) has a contract with the United States military to build the Predator – a glorified model airplane powered by a lawnmower engine. This lawnmower engine is manufactured by a foreign subcontractor – Rotax. The Rotax engine has been

---

[1] "Rotax" has changed its name several times over the years. Reference to "Rotax" in this motion refers to BRP-Rotax GmbH & Co. KG; BRP-Rotax; Bombardier-Rotax GmbH; Bombardier-Rotax GmbH & Co.; and/or Bombardier-Rotax GmbH & Co. KG.

so unreliable the Air Force has been researching other engine options. In return for this shoddy aircraft, which is as expensive as an F-16 fighter, General Atomics charges American taxpayers hundreds of millions of dollars. At the same time they charge U.S. taxpayers an exorbitant amount for this aircraft, they have shown complete disregard for the rule of law in this country.

Plaintiffs served a subpoena on "General Atomics" dated February 21, 2008. (Exhibit "A"). Shortly after receiving this subpoena, counsel for General Atomics, Daniel Lowenthal, contacted plaintiffs' counsel. Mr. Lowenthal explained that the appropriate designation for "General Atomics" is "General Atomics Aeronautical Systems, Inc." (GA-ASI). Despite this misnomer, Mr. Lowenthal and his associate, Sarah Goodstine, agreed to cooperate:

> We do not concede that General Atomics Aeronautical Services, Inc. is subject to the subpoena issued to General Atomics (GA). Nevertheless, **in an effort to make this process as efficient as possible, we have asked both GA and GA-ASI to scope the production**. Although we do not concede that the subpoena received by GA also requires a response from GA-ASI, both GA and GA-ASI voluntarily agreed to determine the potential volume of documents.
>
> …
> If you are willing to agree to this reduction in scope, we propose to open a dialogue with you regarding the sufficiency and proceed according to the timeframe you initially agreed to – that is, 30 days from the receipt of written notice from you of such deadline.

(D. Lowenthal E-mail to A. Wolk dtd. 3/13/08 at Exhibit "B"). Based on such representations detailed in this e-mail and in numerous telephone conversations by GA-ASI's counsel, Mr. Wolk agreed to amend the subpoena "to further reduce the time and effort requested of [GA-ASI] to obtain documents responsive to the requests." (See Exhibit "B") (A.Wolk E-mail to D. Lowenthal dtd. 3/10/08 at Exhibit "C").

Several days later, Mr. Lowenthal's co-counsel, Sarah Goodstine sent an e-mail regarding the documents that were forthcoming on April 5, 2008:

> We write to let you know the timeframe within which we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exist for each request.
>
> We understand that **GA and GA-ASI are in the process of collecting documents** and we anticipate that **we will be able to produce a sample of documents from the categories from which documents are available by April 5, 2008**.
>
> As stated previously, a protection order must be in place prior to production of any documents. Please provide us a draft protective order.

(S. Goodstine E-mail to A. Wolk dtd. 3/19/08 at Exhibit "D") (emphasis added). Then, Mr. Wolk and Ms. Goodstine negotiated several draft confidentiality agreements. (Exhibit "E"). Ms. Goodstine further assured Mr. Wolk that that GA-ASI would soon produce documents responsive to the subpoena:

> Further to my e-mail dated March 19, 2008, I write to update you on the timeframe within which we anticipate that we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exists exist for each request.
>
> **We have received documents and are well in the process of our review of the documents.** We will provide you with a draft protective order to govern the production of documents in the near future.

(S. Goodstine E-mail to A. Wolk dtd. 4/2/08 at Exhibit "F") (emphasis added).

In this e-mail, Ms. Goodstine also requested plaintiffs' counsel to resubmit the subpoena to formally request the documents from "General Atomics Aeronautical Systems, Inc." (Exhibit "F"). In an abundance of caution, plaintiffs' counsel reserved the subpoena dated April 3 on April 4, 2008. (Exhibit "G").

Ms. Goodstine served Mr. Wolk with a draft protective order that would govern not only the original subpoena, but the revised subpoena as well. (S. Goodstine E-mail to A. Wolk dtd. 4/4/08 at Exhibit "H"). Under this proposed protective order, plaintiffs would be prohibited from using the responsive documents in other litigation, including the New Jersey action. This prohibition is completely unconscionable, particularly when Mr. Wolk made clear from the very beginning that these documents were necessary in that action. (Exhibit "C").

Instead of producing a single document, GA responded to the February 21, 2008 subpoena by raising twelve general objections and objecting to every single request plaintiffs made. (Exhibit "I"). GA-ASI's objections included claims that the requests were overly broad, unduly burdensome, irrelevant, privileged, and that it extends to persons and/or entities not under the control of "General Atomics". (Exhibit "I"). A few days later, GA-ASI responded to the April 3, 2008 subpoena with additional objections, which also included the objection that plaintiffs failed to allow reasonable time for compliance. (Exhibit "J"). Despite plaintiffs' grueling efforts to simplify this process for GA-ASI and repeated negotiations with counsel, it responded with a plethora of

1  objections and not a single document. As the evidence shows, GA-ASI's objections lack merit.
2  Instead, it is a deliberate attempt to thwart its duties under the law.
3      GA-ASI's blatant disregard for the law should not be accepted. These documents are vital
4  to plaintiffs' claims in this case as well as in the New Jersey litigation, which left plaintiffs no
5  choice but to seek legal sanctuary in this Court. As a direct result of GA-ASI's hindrance, plaintiffs
6  were forced to file this action, incur additional attorneys' fees and costs. Therefore, sanctions are
7  appropriate.

## II. ARGUMENT

GA-ASI has deliberately attempted to circumvent the subpoena requirements established by the Rules, and should be ordered to produce the responsive documents and be subject to sanctions for its conduct.

The service and response requirements of subpoenas are set forth in Federal Rule of Civil Procedure 45. Under Rule 45, a party responding to a documents subpoena is required to produce the documents or set forth a good faith basis for why compliance is not possible. Fed. R. Civ. P. 45(d). If a party fails to comply with the subpoena, it can be held in contempt.

> (e)     Contempt. The issuing court may hold in contempt a person who, having been served fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Fed. R. Civ. P. 45(e).

The annotation notes C45-21 of FRCP 45 provide:

> The motion to compel supplied by paragraph (2)(B) of subdivision (c) should, like the motion to quash or modify set forth in paragraph (3)(A), be made to the court from which the **subpoena issued**. That will presumably be a court in a district convenient to the nonparty, see Rule 45(b)(2), and it is of course the nonparty whose convenience Rule 45 is most concerned about protecting.

Here, an order compelling document production and sanctions is appropriate where GA-ASI has not demonstrated any good reason for failing to comply with plaintiffs' lawful subpoena.

GA-ASI's claims that plaintiffs' requests are overly broad, unduly burdensome, and irrelevant are unfounded. Plaintiffs designed their subpoena to encompass a range of possible areas of inquiry and to be as specific as possible based on information available to them at the time.

Although the language of the subpoena is not overly broad, plaintiffs' counsel narrowed the scope of their requests under the guidance of GA-ASI's counsel in his good-faith effort to make this process as painless as possible for GA-ASI. The documents plaintiffs are seeking are vital and relevant to this case and to the New Jersey action to establish Rotax' contacts with the United States, as plaintiffs' counsel explained to GA-ASI. (Exhibit "C"). Despite Mr. Wolk's concessions to narrow the scope of his request, and GA-ASI's statement that the documents were forthcoming, nothing was ever produced in response.

Likewise, GA-ASI's claims that all of their responsive documents are subject to a number of privileges lacks merit. GA-ASI proposes that even the most obvious and simple subjects like communications between GA-ASI and Rotax concerning sales of this motor in the United States are subject to privilege. Even the United States military has more been forthcoming about the use of Rotax engines in GA-ASI's aircraft. For instance, the Department of Defense published its 2004 report on its Study on the Impact of Foreign Sourcing of Systems specifically identifies Rotax as a "Foreign Subcontractor" hired to provide engines for military aircraft. (See Report Excerpts at Exhibit "K" at 21-22). Lieutenant Colonel Dwight C. Schmidt stated in an affidavit that he conducted an internet search of Unmanned Aerial Vehicles that used Rotax engines and listed seven which were manufactured by GA-ASI. (Exhibit "L"). The NTSB held a safety forum on the use of unmanned military aircraft a few weeks ago, which included presentations on GA-ASI's aircraft, including a presentation by a GA-ASI representative himself. (Exhibit "M"). The military's willingness to disclose this information highlights the absurdity of GA-ASI's contention that every responsive document in its possession is subject to privilege.

GA-ASI also argues that it did not have sufficient time to respond to plaintiffs' April 3, 2008 subpoena. Rule 45 only requires a "reasonable time to comply" which counsel for GA-ASI clearly had. Plaintiffs' original subpoena was dated February 21, 2008. Since that time, Mr. Wolk and GA-ASI's counsel have been in regular contact to discuss and modify the subpoena as required. Throughout these discussions, GA-ASI's counsel emphasized that although the original subpoena was directed to "General Atomics", "General Atomics Aeronautical Systems, Inc." was also in the process of gathering documents. (Exhibits "D", "F"). Although GA-ASI's counsel was negotiating

and compiling documents on behalf of the Aeronautical Systems unit, counsel requested plaintiffs to go through the formality of forwarding them a subpoena specifically directed to "GA-ASI". In an abundance of caution, plaintiffs officially reserved the subpoena on April 4, 2008. Although the formal date of the GA-ASI subpoena was April 3, 2008, GA-ASI was aware that the original February 21, 2008 subpoena was directed to them in their capacity as a military contractor of aircraft powered by Rotax engines. The time plaintiffs allowed GA-ASI is certainly is "reasonable" as required under the Rules.

Based on the reasons stated above, GA-ASI claims that it does not have a single document in response to plaintiffs' subpoena. Common sense and representations and explicit statements from GA-ASI's counsel suggest otherwise. Ms. Goodstine stated in her e-mail of March 19, 2008:

> We understand that GA and GA-ASI are in the process of collecting documents and **we anticipate that we will be able to produce a sample of documents from the categories from which documents are available by April 5, 2008**.

(Exhibit "D"). In a follow up e-mail, Ms. Goodstine affirmed that the documents were forthcoming.

> **We have received documents and are well in the process of our review of the documents.** We will provide you with a draft protective order to govern the production of documents in the near future.

(Exhibit "F"). GA-ASI does have documents and it intended to produce them by April 5. As part of this effort, Ms. Goodstine negotiated a protective agreement with Mr. Wolk. However, when the time came, GA-ASI did not provide plaintiffs with a single document or a valid excuse for withholding them. Either Ms. Goodstine intended this agreement to cover the responsive sampling of documents, or she engaged Mr. Wolk in a completely fruitless exercise by negotiating an agreement to protect documents that do not exist.

GA-ASI should be sanctioned for its utter disregard and outright abuse of the legal system by failing to comply with plaintiffs' subpoena. It has documents its counsel claimed were going to be produced. Instead of complying with the Rules, GA-ASI simply objected to everything and forced plaintiffs to decide whether filing this motion was worthwhile. Because plaintiffs would be severely prejudiced without these documents, plaintiffs decided to go forward with this motion, which required the expense of hiring California counsel and approximately $350 for filing fees. GA-ASI's decision to hide behind a number of bogus reasons why it cannot comply with plaintiffs'

subpoena is unjust. GA-ASI should be sanctioned, and at the very least, be required to reimburse plaintiffs for their attorneys' fees and court costs associated with this motion. Such attorneys' fees and court costs will be set forth in declarations to be filed with the Subsequent Notice of Hearing.

### III. CONCLUSION

GA-ASI should be compelled to produce documents responsive to plaintiffs' subpoena. GA-ASI's objection to everything requested in the face of its actual representations that documents were forthcoming is an abuse of the legal system, a fraud on this court, and a corrupt perversion of the requirements of all citizens to respect the legal process and not act to obstruct justice. The sordid and apparent falsity of these responses is worthy of sanctions, since it demonstrates utter contempt for the rule of law.

May 28, 2008

J. DANIEL HOLSENBACK, APC

By: _____
J. Daniel Holsenback
Attorney for Plaintiffs
Theodore & Lois Koziol