1  J. Daniel Holsenback, Esq. (SBN 145640)
   **J. DANIEL HOLSENBACK, APC**
2  625 Broadway, Suite 906
   San Diego, California 92101
3  Telephone:     (619) 269-4634
   Facsimile:     (619) 269-4635
4
   Attorneys for Plaintiffs Theodore & Lois Koziol
5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

   THEODORE AND LOIS KOZIOL          )   Case No.   08cv947-DMS (BLM)
11 24 Seagoin Road                   )
   Brick Town, NJ 08723              )   (E.D. Pa. No. 07-3432)
12                                   )
                        Plaintiffs,  )   **PLAINTIFFS' AMENDED NOTICE OF**
13                                   )   **MOTION AND MOTION TO COMPEL**
              vs.                    )   **AND FOR SANCTIONS**
14                                   )
   THE UNITED STATES OF AMERICA      )   Hon.        Barbara L. Major
15 The Executive Office              )   Courtroom:  TBD
   Office of the Legal Adviser       )   Date:       July 15, 2008
16 Room 5519                         )   Time:       1:30 p.m.
   United States Department of State )
17 2201 C Street, NW                 )             **[FRCP 45]**
   Washington, DC 20520-6310         )
18                                   )
                        Defendants.  )
19                                   )
20 _____)

21      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO GENERAL**

22 **ATOMICS:**

23      **YOU ARE HEREBY NOTIFIED THAT** on July 15, 2008, at 1:30 p.m. or as soon

24 thereafter as the matter may be heard in a Courtroom to be determined by the Court, located at 940

25 Front Street, San Diego, California, 92101, the Motion to Compel of Plaintiffs Theodore and Lois

26 Koizol will be heard.

27      The Motion to Compel will be based on this Notice of Motion to Compel and Motion to

28 Compel, the Memorandum of Points & Authorities, and the Declaration of J. Daniel Holsenback, all

                                       1

1    filed and served concurrently herewith, and on all papers and document in the Court's file, and on

2    whatever argument the Court considers at the hearing.

3        Please also take notice that Plaintiffs seek an award of attorneys' fees and costs in the

4    amount of $5,651.00.

5

6

7    June 10, 2008                                      J. DANIEL HOLSENBACK, APC

8

9                                   By:    J. Daniel Holsenback

10                                         Attorney for Plaintiffs
                                           Theodore & Lois Koziol

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   J. Daniel Holsenback, Esq. (SBN 145640)
    **J. DANIEL HOLSENBACK, APC**
2   625 Broadway, Suite 906
    San Diego, California 92101
3   Telephone:    (619) 269-4634
    Facsimile:    (619) 269-4635
4
    Attorneys for Plaintiffs Theodore & Lois Koziol
5

6

7

8                   **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10
    THEODORE AND LOIS KOZIOL              )   Case No. 08cv947-DMS(BLM)
11  24 Seagoin Road                       )
    Brick Town, NJ 08723                  )   (E.D. Pa. No. 07-3432)
12                                        )
                        Plaintiffs,       )   **AMENDED     MEMORANDUM     OF**
13                                        )   **POINTS    AND    AUTHORITIES    IN**
                        vs.               )   **SUPPORT OF PLAINTIFFS' MOTION**
14                                        )   **TO COMPEL AND FOR SANCTIONS**
    THE UNITED STATES OF AMERICA          )
15  The Executive Office                  )   Hon.          Barbara L. Major
    Office of the Legal Adviser           )   Courtroom:    TBD
16  Room 5519                             )   Date:         July 15, 2008
    United States Department of State     )   Time:         1:30 p.m.
17  2201 C Street, NW                     )
    Washington, DC 20520-6310             )        **[FRCP 45]**
18                                        )
                        Defendants.       )
19                                        )
                                          )
20  _____

21          **PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS**

22      **AGAINST GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.**

23          Plaintiffs respectfully request this Court to compel General Atomics Aeronautical Systems,

24  Inc. (GA-ASI) to produce documents responsive to their subpoena issued from this Court pursuant

25  to Federal Rule of Civil Procedure 45 and for sanctions for failing to comply with plaintiffs' request

26  as required by the law.

27  / / /

28
                                          1

1    Plaintiffs are seeking documents showing the relationship between GA-ASI and its

2  Austrian-based subcontractor of aircraft engines, "Rotax".[1]  The documents plaintiffs are seeking

3  are relevant and vital to their claims in this case and in their action in New Jersey state court

4  captioned *Koziol v. Bombardier Inc., et al*, No. OC-NL-2749-07 (NJ Super. Ocean County).

5  Because of the importance of these documents, plaintiffs have gone through great lengths to procure

6  them.  Counsel for plaintiffs and GA-ASI have discussed the scope and terms of this subpoena *ad*

7  *nauseum*.  Based on these discussions, plaintiffs significantly narrowed their requests, which in turn

8  allowed GA-ASI's counsel to compile the "sampling of documents" they claimed were

9  forthcoming.  Rather than produce these documents as promised, they responded with a series of

10  objections – none of which justifies their withholding.  Without the documents, plaintiffs will be

11  prejudiced and could be placed out of court. Plaintiffs can only obtain these documents from GA-

12  ASI.  Plaintiffs request this Court to order GA-ASI to produce documents responsive to their

13  subpoena.  Because GA-ASI has blatantly disregarded the rule of law by failing to comply with the

14  subpoena, plaintiffs are also seeking sanctions against GA-ASI, including, but not limited to,

15  attorneys' fees and costs.

16  **I.      BACKGROUND**

17    Plaintiffs served GA-ASI with a subpoena, issued from the United States District Court for

18  the Southern District of California, pursuant to FRCP 45, seeking documents regarding the

19  relationship between the military contractor, GA-ASI and its Austrian subcontractor, Rotax.  These

20  documents are relevant to this case as well as to the New Jersey action, *Koziol v. Bombardier Inc.,*

21  *et al*, No. OC-NL-2749-07 (NJ Super. Ocean County), in which Rotax' amicability to service of

22  process and American business contacts are at issue.

23    General Atomics Aeronautical Systems, Inc. (GA-ASI) has a contract with the United States

24  military to build the Predator – a glorified model airplane powered by a lawnmower engine.  This

25  lawnmower engine is manufactured by a foreign subcontractor – Rotax.  The Rotax engine has been

26  _____

27  [1]  "Rotax" has changed its name several times over the years.  Reference to "Rotax" in this motion
28  refers to BRP-Rotax GmbH & Co. KG; BRP-Rotax; Bombardier-Rotax GmbH; Bombardier-Rotax
GmbH & Co.; and/or Bombardier-Rotax GmbH & Co. KG.

1    so unreliable the Air Force has been researching other engine options.  In return for this shoddy

2    aircraft, which is as expensive as an F-16 fighter, General Atomics charges American taxpayers

3    hundreds of millions of dollars.  At the same time they charge U.S. taxpayers an exorbitant amount

4    for this aircraft, they have shown complete disregard for the rule of law in this country.

5         Plaintiffs served a subpoena on "General Atomics" dated February 21, 2008.  (Exhibit "A").

6    Shortly after receiving this subpoena, counsel for General Atomics, Daniel Lowenthal, contacted

7    plaintiffs' counsel.    Mr. Lowenthal explained that the appropriate designation for "General

8    Atomics" is "General Atomics Aeronautical Systems, Inc." (GA-ASI).  Despite this misnomer, Mr.

9    Lowenthal and his associate, Sarah Goodstine, agreed to cooperate:

10        We do not concede that General Atomics Aeronautical Services, Inc. is subject to the
          subpoena issued to General Atomics (GA).  Nevertheless, **in an effort to make this**
11        **process as efficient as possible, we have asked both GA and GA-ASI to scope the**
          **production**.  Although we do not concede that the subpoena received by GA also
12        requires a response from GA-ASI, both GA and GA-ASI voluntarily agreed to
          determine the potential volume of documents.
13        …
          If you are willing to agree to this reduction in scope, we propose to open a dialogue
14        with you regarding the sufficiency and proceed according to the timeframe you
          initially agreed to – that is, 30 days from the receipt of written notice from you of
15        such deadline.

16    (D. Lowenthal E-mail to A. Wolk dtd. 3/13/08 at Exhibit "B").  Based on such representations

17    detailed in this e-mail and in numerous telephone conversations by GA-ASI's counsel, Mr. Wolk

18    agreed to amend the subpoena "to further reduce the time and effort requested of [GA-ASI] to

19    obtain documents responsive to the requests." (See Exhibit "B") (A.Wolk E-mail to D. Lowenthal

20    dtd. 3/10/08 at Exhibit "C").

21        Several days later, Mr. Lowenthal's co-counsel, Sarah Goodstine sent an e-mail regarding

22    the documents that were forthcoming on April 5, 2008:

23        We write to let you know the timeframe within which we can produce a sample of
          documents sufficient to show each of the requests within your subpoena, to the
24        extent documents exist for each request.

25        We understand that **GA and GA-ASI are in the process of collecting documents**
          and we anticipate that **we will be able to produce a sample of documents from the**
26        **categories from which documents are available by April 5, 2008**.

27        As stated previously, a protection order must be in place prior to production of any
          documents.  Please provide us a draft protective order.

28

3

1  (S. Goodstine E-mail to A. Wolk dtd. 3/19/08 at Exhibit "D") (emphasis added).  Then, Mr. Wolk

2  and Ms. Goodstine negotiated several draft confidentiality agreements.  (Exhibit "E").  Ms.

3  Goodstine further assured Mr. Wolk that that GA-ASI would soon produce documents responsive to

4  the subpoena:

5        Further to my e-mail dated March 19, 2008, I write to update you on the timeframe
       within which we anticipate that we can produce a sample of documents sufficient to
6        show each of the requests within your subpoena, to the extent documents exists exist
       for each request.

7
        **We have received documents and are well in the process of our review of the
8        documents.**  We will provide you with a draft protective order to govern the
       production of documents in the near future.
9

10  (S. Goodstine E-mail to A. Wolk dtd. 4/2/08 at Exhibit "F") (emphasis added).

11        In this e-mail, Ms. Goodstine also requested plaintiffs' counsel to resubmit the subpoena to

12  formally request the documents from "General Atomics Aeronautical Systems, Inc."  (Exhibit "F").

13  In an abundance of caution, plaintiffs' counsel reserved the subpoena dated April 3 on April 4,

14  2008.  (Exhibit "G").

15        Ms. Goodstine served Mr. Wolk with a draft protective order that would govern not only the

16  original subpoena, but the revised subpoena as well.  (S. Goodstine E-mail to A. Wolk dtd. 4/4/08 at

17  Exhibit "H").  Under this proposed protective order, plaintiffs would be prohibited from using the

18  responsive documents in other litigation, including the New Jersey action.  This prohibition is

19  completely unconscionable, particularly when Mr. Wolk made clear from the very beginning that

20  these documents were necessary in that action.  (Exhibit "C").

21        Instead of producing a single document, GA responded to the February 21, 2008 subpoena

22  by raising twelve general objections and objecting to every single request plaintiffs made.  (Exhibit

23  "I").    GA-ASI's objections included claims that the requests were overly broad, unduly

24  burdensome, irrelevant, privileged, and that it extends to persons and/or entities not under the

25  control of "General Atomics". (Exhibit "I).  A few days later, GA-ASI responded to the April 3,

26  2008 subpoena with additional objections, which also included the objection that plaintiffs failed to

27  allow reasonable time for compliance.  (Exhibit "J").  Despite plaintiffs' grueling efforts to simplify

28  this process for GA-ASI and repeated negotiations with counsel, it responded with a plethora of

1    objections and not a single document.  As the evidence shows, GA-ASI's objections lack merit.

2    Instead, it is a deliberate attempt to thwart its duties under the law.

3        GA-ASI's blatant disregard for the law should not be accepted.  These documents are vital

4    to plaintiffs' claims in this case as well as in the New Jersey litigation, which left plaintiffs no

5    choice but to seek legal sanctuary in this Court.  As a direct result of GA-ASI's hindrance, plaintiffs

6    were forced to file this action, incur additional attorneys' fees and costs.  Therefore, sanctions are

7    appropriate.

8    **II.    ARGUMENT**

9        GA-ASI has deliberately attempted to circumvent the subpoena requirements established by

10   the Rules, and should be ordered to produce the responsive documents and be subject to sanctions

11   for its conduct.

12       The service and response requirements of subpoenas are set forth in Federal Rule of Civil

13   Procedure 45.  Under Rule 45, a party responding to a documents subpoena is required to produce

14   the documents or set forth a good faith basis for why compliance is not possible.  Fed. R. Civ. P.

15   45(d).  If a party fails to comply with the subpoena, it can be held in contempt.

16       (e)    Contempt.  The issuing court may hold in contempt a person who, having
     been served fails without adequate excuse to obey the subpoena.  A nonparty's
17   failure to obey must be excused if the subpoena purports to require the nonparty to
     attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).
18

19   Fed. R. Civ. P. 45(e).

20       The annotation notes C45-21 of FRCP 45 provide:

21       The motion to compel supplied by paragraph (2)(B) of subdivision (c) should, like the
     motion to quash or modify set forth in paragraph (3)(A), be made to the court from
22   which the **subpoena issued**.  That will presumably be a court in a district convenient
     to the nonparty, see Rule 45(b)(2), and it is of course the nonparty whose convenience
23   Rule 45 is most concerned about protecting.

24       Here, an order compelling document production and sanctions is appropriate where GA-ASI

25   has not demonstrated any good reason for failing to comply with plaintiffs' lawful subpoena.

26       GA-ASI's claims that plaintiffs' requests are overly broad, unduly burdensome, and

27   irrelevant are unfounded.  Plaintiffs designed their subpoena to encompass a range of possible areas

28   of inquiry and to be as specific as possible based on information available to them at the time.

5

1    Although the language of the subpoena is not overly broad, plaintiffs' counsel narrowed the scope

2    of their requests under the guidance of GA-ASI's counsel in his good-faith effort to make this

3    process as painless as possible for GA-ASI. The documents plaintiffs are seeking are vital and

4    relevant to this case and to the New Jersey action to establish Rotax' contacts with the United

5    States, as plaintiffs' counsel explained to GA-ASI. (Exhibit "C"). Despite Mr. Wolk's concessions

6    to narrow the scope of his request, and GA-ASI's statement that the documents were forthcoming,

7    nothing was ever produced in response.

8          Likewise, GA-ASI's claims that all of their responsive documents are subject to a number of

9    privileges lacks merit. GA-ASI proposes that even the most obvious and simple subjects like

10   communications between GA-ASI and Rotax concerning sales of this motor in the United States are

11   subject to privilege. Even the United States military has more been forthcoming about the use of

12   Rotax engines in GA-ASI's aircraft. For instance, the Department of Defense published its 2004

13   report on its Study on the Impact of Foreign Sourcing of Systems specifically identifies Rotax as a

14   "Foreign Subcontractor" hired to provide engines for military aircraft. (See Report Excerpts at

15   Exhibit "K" at 21-22). Lieutenant Colonel Dwight C. Schmidt stated in an affidavit that he

16   conducted an internet search of Unmanned Aerial Vehicles that used Rotax engines and listed seven

17   which were manufactured by GA-ASI. (Exhibit "L"). The NTSB held a safety forum on the use of

18   unmanned military aircraft a few weeks ago, which included presentations on GA-ASI's aircraft,

19   including a presentation by a GA-ASI representative himself. (Exhibit "M"). The military's

20   willingness to disclose this information highlights the absurdity of GA-ASI's contention that every

21   responsive document in its possession is subject to privilege.

22         GA-ASI also argues that it did not have sufficient time to respond to plaintiffs' April 3, 2008

23   subpoena. Rule 45 only requires a "reasonable time to comply" which counsel for GA-ASI clearly

24   had. Plaintiffs' original subpoena was dated February 21, 2008. Since that time, Mr. Wolk and

25   GA-ASI's counsel have been in regular contact to discuss and modify the subpoena as required.

26   Throughout these discussions, GA-ASI's counsel emphasized that although the original subpoena

27   was directed to "General Atomics", "General Atomics Aeronautical Systems, Inc." was also in the

28   process of gathering documents. (Exhibits "D", "F"). Although GA-ASI's counsel was negotiating

1  and compiling documents on behalf of the Aeronautical Systems unit, counsel requested plaintiffs

2  to go through the formality of forwarding them a subpoena specifically directed to "GA-ASI".  In

3  an abundance of caution, plaintiffs officially reserved the subpoena on April 4, 2008.  Although the

4  formal date of the GA-ASI subpoena was April 3, 2008, GA-ASI was aware that the original

5  February 21, 2008 subpoena was directed to them in their capacity as a military contractor of

6  aircraft powered by Rotax engines.  The time plaintiffs allowed GA-ASI is certainly is "reasonable"

7  as required under the Rules.

8        Based on the reasons stated above, GA-ASI claims that it does not have a single document

9  in response to plaintiffs' subpoena.  Common sense and representations and explicit statements

10  from GA-ASI's counsel suggest otherwise.  Ms. Goodstine stated in her e-mail of March 19, 2008:

11        We understand that GA and GA-ASI are in the process of collecting documents and
          **we anticipate that we will be able to produce a sample of documents from the**

12        **categories from which documents are available by April 5, 2008**.

13  (Exhibit "D").  In a follow up e-mail, Ms. Goodstine affirmed that the documents were forthcoming.

14        **We have received documents and are well in the process of our review of the**
          **documents.**  We will provide you with a draft protective order to govern the

15        production of documents in the near future.

16  (Exhibit "F").  GA-ASI does have documents and it intended to produce them by April 5.  As part

17  of this effort, Ms. Goodstine negotiated a protective agreement with Mr. Wolk.  However, when the

18  time came, GA-ASI did not provide plaintiffs with a single document or a valid excuse for

19  withholding them.  Either Ms. Goodstine intended this agreement to cover the responsive sampling

20  of documents, or she engaged Mr. Wolk in a completely fruitless exercise by negotiating an

21  agreement to protect documents that do not exist.

22        GA-ASI should be sanctioned for its utter disregard and outright abuse of the legal system

23  by failing to comply with plaintiffs' subpoena.  It has documents its counsel claimed were going to

24  be produced.  Instead of complying with the Rules, GA-ASI simply objected to everything and

25  forced plaintiffs to decide whether filing this motion was worthwhile.  Because plaintiffs would be

26  severely prejudiced without these documents, plaintiffs decided to go forward with this motion,

27  which required the expense of hiring California counsel and approximately $350 for filing fees.

28  GA-ASI's decision to hide behind a number of bogus reasons why it cannot comply with plaintiffs'

08cv-947-DMS (BLM)
Amended Memorandum of Points & Authorities in Support of Motion to Compel

1 subpoena is unjust.  GA-ASI should be sanctioned, and at the very least, be required to reimburse

2 plaintiffs for their attorneys' fees and court costs associated with this motion.  Such attorneys' fees

3 and court costs will be set forth in declarations to be filed with the Subsequent Notice of Hearing.

4 **III.    CONCLUSION**

5        GA-ASI should be compelled to produce documents responsive to plaintiffs' subpoena. GA-

6 ASI's objection to everything requested in the face of its actual representations that documents were

7 forthcoming is an abuse of the legal system, a fraud on this court, and a corrupt perversion of the

8 requirements of all citizens to respect the legal process and not act to obstruct justice.  The sordid

9 and apparent falsity of these responses is worthy of sanctions, since it demonstrates utter contempt

10 for the rule of law.

11        Plaintiffs seek sanctions in the total amount of $5,651.00.    (*See* Holsenback Decl. at ¶ ¶ 6,

12 7, 8, 10.

13 June 10, 2008                                        J. DANIEL HOLSENBACK, APC

14

15                                By:

16                                       J. Daniel Holsenback
                                         Attorney for Plaintiffs
17                                       Theodore & Lois Koziol

18

19

20

21

22

23

24

25

26

27

28

8

1   J. Daniel Holsenback, Esq. (SBN 145640)
    **J. DANIEL HOLSENBACK, APC**
2   625 Broadway, Suite 906
    San Diego, California 92101
3   Telephone:    (619) 269-4634
    Facsimile:    (619) 269-4635
4
    Attorneys for Plaintiffs Theodore & Lois Koziol
5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
    THEODORE AND LOIS KOZIOL          )   Case No. 08cv0947-DMS (BLM)
11  24 Seagoin Road                   )
    Brick Town, NJ 08723              )   (E.D. Pa. No. 07-3432)
12                                    )
                        Plaintiffs,   )   **DECLARATION    OF    J.    DANIEL**
13                                    )   **HOLSENBACK    IN    SUPPORT    OF**
              vs.                     )   **PLAINTIFFS' MOTION TO COMPEL**
14                                    )   **AND FOR SANCTIONS**
    THE UNITED STATES OF AMERICA      )
15  The Executive Office              )   Hon.          Barbara L. Major
    Office of the Legal Adviser       )   Courtroom:    TBD
16  Room 5519                         )   Date:         July 15, 2008
    United States Department of State )   Time:         1:30 p.m.
17  2201 C Street, NW                 )
    Washington, DC 20520-6310         )            **[FRCP 45]**
18                                    )
                        Defendants.   )
19                                    )
                                      )
20  _____

21         I, J. Daniel Holsenback, declare:

22      1.  I am an attorney admitted to practice before the United States District Court for the Southern

23  District of California.

24      2.  I represent Plaintiffs in the above-referenced action in their effort to compel production of

25  documents pursuant to subpoenas issued by this District Court to non-party General Atomics as part

26  of the discovery process in Koziol v. USA, E.D. Pa. No. 07-3422.

27

28
                                          1

3.    On June 5, 2008 I sent an email to attorney Paul A. Tyrell, Esq., letting him know that I had left him a voicemail informing him that I had been hired as local counsel to file a motion to compel with regard to a subpoena for documents served on his client General Atomics in connection with Koziol v. USA, a case pending in Pennsylvania.  I told him that I had filed a first notice and memorandum of points and authorities as our initial filing to get a Southern District case number and magistrate assignment.  I attached those documents to the email.  I also attached to the email the exhibits referenced in the memorandum of points and authorities, letting him know they would be lodged at the time we served all of our documents in this case.

4.    I spoke to Mr. Tyrell on the telephone twice on June 9, 2008.  I informed Mr. Tyrell that the Court issued an order requiring additional papers to be filed by June 10, 2007 and that I intended to file a declaration detailing our meet and confer efforts.  I forwarded him a copy of that order.  We agreed to speak later in the afternoon to begin our meet and confer efforts as local counsel, having given ourselves time to "ramp up" on the merits of the dispute or, alternatively, we would set a time for early the next morning to have a substantive discussion.  In our second telephone conversation of June 9, 2008, Mr. Tyrell informed me that he would be speaking with New York counsel for his client early in the morning of June 10, 2008 and that he would be doing so as he was driving to El Centro for a deposition and call me after speaking with New York counsel.  As of 12:08 p.m. on June 10, 2008 I have not heard from Mr. Tyrell.

5.    The meet and confer efforts of attorney Arthur Wolk and counsel for General Atomics are set forth in the exhibits lodged with this Court.

6.    Our June 6, 2008 bill on this matter was for $2,206.00.  It included my time at $300.00 per hour (I have practicing law for two decades, attended King Hall at UC Davis, began my career with Gray Cary, and am AV-rated) and that of attorney Chris Taylor at $250.00 per hour (he has been

2

practicing law for one decade after graduating in the top 15% of his class at Northwestern School of Law at Lewis & Clark College and clerking for the Hon. Deborah A. Agosti in Nevada).

7.  Our June 6, 2008 bill also included the filing fee of $350.00 for this motion.

8.  Since our June 6, 2008 bill, I have billed $900.00, Mr. Taylor has billed $650.00, and paralegal Patrick Todd has billed $45.00.

9.  Lodged are true and correct copies of the following exhibits which I received by email on June 5, 2008 from attorney Arthur Wolk:

    A.      Subpoena issued to General Atomics on February 21, 2008.

    B.      D. Lowenthal email to A. Wolk dated March 13, 2008.

    C.      A. Wolk email to D. Lowenthal dated March 10, 2008.

    D.      S. Goodstine email to A. Wolk dated March 19, 2008.

    E.      Draft confidentiality agreement.

    F.      S. Goodstine email to A. Wolk dated April 2, 2008.

    G.      Reserved subpoena.

    H.      S. Goodstine email to A. Wolk dated April 4, 2008.

    I.      Objections.

    J.      Additional objections.

    K.      Report exercerpts.

    L.      Schmidt affidavit.

    M.      Presentation by GA-ASI representative.

10.  Cynthia Devers from attorney Arthur Wolk's office spent 10 hours related to this subpoena, including the time she spent drafting the motion to compel.  Mr. Wolk's office has been involved in aircraft litigation for more than 35 years and they have obtained multi-million dollar settlements and verdicts during that period.  Ms. Devers hourly rate is $185.00 per hour.  Plaintiffs request $1,850.00 for her time preparing this motion.  Plaintiffs seek the total fees and costs incurred related to this motion to date -- $5,651.00 – and those fees incurred through the duration of this motion process.

3

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Diego,

2    California this 10th day of June 2008.

3    

4    J. Daniel Holsenback

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 701 B Street, Suite 380, San Diego, California 92101.

On June 10, 2008, I served the foregoing document(s) described as PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION TO COMPEL AND FOR SANCTIONS, AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS, DECLARATION OF J. DANIEL HOLSENBACK IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS, PLAINTIFFS' NOTICE OF LODGMENT IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS on ALL INTERESTED PARTIES in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows after emailing these documents to ALL INTERESTED PARTIES:

Paul A. Tyrell, Esq.
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, CA 92101
(619)238-1900
Fax: (619) 235-0398
pat@procopio.com

Daniel A. Lowenthal, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
Fax: (212) 336-2222
dalowenthal@pbwt.com

Viveca D. Parker, Esq.
UNITED STATES ATTORNEY'S OFFICE
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8443
(215) 861-8349 (Facsimile)

Viveca.parker@usdoj.gov

On the above date:

☐ (BY ☐ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with J. Daniel Holsenback APC's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☒ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents. This method was used for attorneys Lowenthal and Parker.

☐ (BY FACSIMILE TRANSMISSION) On June 10, 2008, at _____ a.m./p.m. at San Diego, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (___) ___-____, and the telephone number of the receiving facsimile number was (___) ___-____.  A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.  Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☒ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.  This method was used for attorney Tyrell.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☒ (FEDERAL ONLY) I am a member of the bar of this court and directed the service to be made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 10, 2008, at San Diego, California.

_____
J. Daniel Holsenback

1  J. Daniel Holsenback, Esq. (SBN 145640)
   **J. DANIEL HOLSENBACK, APC**
2  625 Broadway, Suite 906
   San Diego, California 92101
3  Telephone:    (619) 269-4634
   Facsimile:    (619) 269-4635
4
   Attorneys for Plaintiffs Theodore & Lois Koziol
5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10
   THEODORE AND LOIS KOZIOL          )  Case No.  08cv947-DMS (BLM)
11 24 Seagoin Road                   )
   Brick Town, NJ 08723              )  (E.D. Pa. No. 07-3432)
12                                   )
                        Plaintiffs,  )  **PLAINTIFFS' NOTICE OF LODGMENT**
13                                   )  **IN SUPPORT OF MOTION TO COMPEL**
              vs.                    )  **AND FOR SANCTIONS**
14                                   )
   THE UNITED STATES OF AMERICA      )  Hon.          Barbara L. Major
15 The Executive Office              )  Courtroom:    TBD
   Office of the Legal Adviser       )  Date:         July 15, 2008
16 Room 5519                         )  Time:         1:30 p.m.
   United States Department of State )
17 2201 C Street, NW                 )       **[FRCP 45]**
   Washington, DC 20520-6310         )
18                                   )
                        Defendants.  )
19                                   )
20 _____

21      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO GENERAL**

22 **ATOMICS:**

23      Please take notice that Plaintiffs have lodged true and correct copies of the following

24 exhibits in support of their Motion to Compel:

25      A.      Subpoena issued to General Atomics on February 21, 2008.

26      B.      D. Lowenthal email to A. Wolk dated March 13, 2008.

27      C.      A. Wolk email to D. Lowenthal dated March 10, 2008.

28      D.      S. Goodstine email to A. Wolk dated March 19, 2008.

1      E.       Draft confidentiality agreement.

2      F.       S. Goodstine email to A. Wolk dated April 2, 2008.

3      G.      Reserved subpoena.

4      H.      S. Goodstine email to A. Wolk dated April 4, 2008.

5      I.       Objections.

6      J.       Additional objections.

7      K.      Report exercerpts.

8      L.       Schmidt affidavit.

9      M.     Presentation by GA-ASI representative.

10

11   June 10, 2008                        J. DANIEL HOLSENBACK, APC

12

13                     By:   _____

14                           J. Daniel Holsenback
                                Attorney for Plaintiffs

15                            Theodore & Lois Koziol

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "A"

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern _____ DISTRICT OF _____ California

THEODORE AND LOIS KOZIOL

V.

UNITED STATES OF AMERICA

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-3432 (E.D. Pa)

TO:   Records Custodian, General Atomics
       3550 General Atomics Court
       San Diego, CA 92121-1122

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit "B" Attached

| PLACE   The Wolk Law Firm, 1710-12 Locust Street, Philadelphia, PA 19103 (215) 545-4220 | DATE AND TIME 3/12/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 2/21/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Arthur Alan Wolk, The Wolk Law Firm, 1710-12 Locust Street, Philadelphia, PA 19103    (215) 545-4220
Attorney for Plaintiffs

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises --- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Federal Rule of Civil Procedure 45(c) and (d) provides:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commended to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection had been made, the party serving the subpoena may, upon notice to the person commanded to produce, move to any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)   subjects person to undue burden

(B)   If a subpoena

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to a protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Federal Rule of Civil Procedure 45(c) and (d).

## EXHIBIT B

1.    Any and all records of visits to the respondent by officers, employees or representatives of Bombardier-Rotax GmbH; BRP-Rotax GmbH & CO. KG; Bombardier-Rotax GmbH & CO. KG; and/or Bombardier-Rotax GmbH & CO.

2.    Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents exchanged between General Atomics – Aeronautical Systems, Inc. and the United States government which involve the sale, shipment, purchase and/or receipt of Rotax engines.

3.    Any and all documents sent to or received from the manufacturer and/or distributor of Rotax engines which refer and/or relate to maintenance, repair and or overhaul of Rotax engines.

4.    Any and all documents sent to or received from the manufacturer and/or distributor of Rotax engines which refer and/or relate to malfunctions or failures of Rotax engines.

5.    Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents regarding the testing, sale and/or shipment of Rotax engines to The Naval Air Warfare Center Aircraft Division, Lakehurst, New Jersey.

6.    Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents regarding the testing, sale and/or shipment of Rotax engines to The Naval Air Warfare Center Aircraft Division in Lakehurst, New Jersey.

7.    Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents regarding the testing, sale and/or shipment of Rotax engines to The U.S. Army Communications Electronics Command in Fort Monmouth, New Jersey.

8.    Any and all reports, photographs, notes, letters, electronic data, and/or other documents related to investigations of aircraft accidents which involved Rotax engines.

9.    Any and all reports, photographs, notes, letters, electronic data, and/or other documents related to the design, manufacture and/or sale of the Rotax engines installed in military aircraft you manufactured.

10.    Any and all reports, photographs, notes, letters, electronic data, and/or other documents related to the accident investigation of other accidents where there has been an engine fire involving Rotax engines.

Exhibit "B"

# Arthur Alan Wolk

| | |
|---|---|
| **From:** | Arthur Alan Wolk |
| **Sent:** | Thursday, March 13, 2008 12:36 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Cc:** | Andrew DeFalco; Cynthia Devers |
| **Subject:** | RE: Koziol Subpoena |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Dan,

Agreed. Please extend my appreciation and that of Dr. Koziol and his family to your client.

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Thursday, March 13, 2008 12:05 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** Koziol Subpoena

Dear Arthur:

In our continued effort to cooperate with the subpoena issued by Plaintiffs Koziol in <u>Koziol v. United States of America</u>, Civ. No. 07-3432 (E.D. Pa.) to General Atomics, we have worked to determine the scope of the production encompassed by your requests.

We do not concede that General Atomics Aeronautical Services, Inc. (GA-ASI) is subject to the subpoena issued to General Atomics (GA). Nevertheless, in an effort to make this process as efficient as possible, we have asked both GA and GA-ASI to scope the production. Although we do not concede that the subpoena received by GA also requires a response from GA-ASI, both GA and GA-ASI voluntarily agreed to determine the potential volume of documents.

The estimate is that production would take a significant amount of time and could result in as many as 100 boxes of documents.

This level of production presents an extraordinary and undue burden.

We propose that each of the requests within the subpoena be amended to command production of "documents sufficient to show" the underlying facts you propose to illicit with each of your subpoena requests.

If you are willing to agree to this reduction in scope, we propose to open a dialogue with you regarding sufficiency and proceed according to the timeframe you initially agreed to - that is, 30 days from the receipt of written notice from you of such deadline.

4/7/2008

Dan


Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com


---------------------------------------------------

Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.


---------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)


================================================================================

4/7/2008

Exhibit "C"

# Arthur Alan Wolk

| | |
|---|---|
| **From:** | Arthur Alan Wolk |
| **Sent:** | Monday, March 10, 2008 6:42 PM |
| **To:** | 'Lowenthal, Daniel A. (x2720)' |
| **Cc:** | Cynthia Devers |
| **Subject:** | RE: Koziol Subpoena to General Atomics |

Dan,
I will amend Nos 9 and 10 in an effort to make it easier and less cumbersome for your client to respond by editing them below. However I was of the clear understanding that you were to let me know this week your client's intentions and not wait until April 5 to object. If the latter is your intention I will give you a week to object until March 17th to do that. You file your objections by the close of business that day.
I have requested RICO counsel to obtain letters rogatory in the event you feel it is a more prudent course to litigate.
The April 5th date was for you to produce documents. Why would I give someone a month to object, it was a courtesy to you and your client to gather the documents in the spirit of cooperation?
Just so you understand Bombardier, Rotax, Kodiak and their lawyers are defendants in a RICO action for obsructing justice nationwide by conspiring to hide information concerning their business activities in this country and New Jersey and Florida in particular. They have already lost a Motion to Dismiss. Please be guided accordingly.

No. 9 will be amended to read
Any document that concerns or relates to business activities of Rotax or Bombardier Rotax in the State of New Jersey including but not limited to contacts with the U.S. Army Communications, Electronics Command in Fort Monmouth, New Jersey.
No 10 will be amended to read:
Any document that concerns or relates to business activities of Rotax or Bombardier Rotax in the State of New Jersey including but not limited to contacts with the United States Navy and/ or the United States Navy Air Warfare Center, Aircraft Division, Lakehurst New Jersey.

You may consider this subpoena served on any General Atomics entity at the served address with access to or right to access the information requested.

The purpose of these amendements is to further reduce the time and effort requested of your client to obtain documents responsive to the requests. We will not re-serve the subpoena in this case as my research indicates it is properly served.

Thanks,

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Monday, March 10, 2008 6:14 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** Koziol Subpoena to General Atomics

Arthur,

We will proceed with the understanding that April 5 is the adjourned deadline for General Atomics to respond to your subpoena, with Exhibit B to the subpoena modified by both your email on Saturday and

Cynthia Devers' email earlier today (both of which appear below), and that the time frame for the documents requested is 2000-2004.

Dan

---

**From:** Cynthia Devers [mailto:cyndi@airlaw.com]
**Sent:** Monday, March 10, 2008 10:15 AM
**To:** Lowenthal, Daniel A. (x2720)
**Cc:** Paul Rosen; Andrew DeFalco; Arthur Alan Wolk
**Subject:** RE: Koziol Subpoena to General Atomics

Dan:


We would like to amend the requests listed in the previous e-mail pasted below to include the following:


9. Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents regarding the testing, sale, and/or shipment of Rotax engines to The Naval Air Warfare Center Aircraft Division in Lakehurst, New Jersey.

10. Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents regarding the testing, sale, and/or shipment of Rotax engines to The U.S. Army Communications Electronic Command in Fort Monmouth, New Jersey.


Thanks,


Cynthia Devers, *Law Clerk*

---

**From:** Arthur Alan Wolk
**Sent:** Saturday, March 08, 2008 5:06 PM
**To:** Lowenthal, Daniel A. (x2720); Cynthia Devers
**Cc:** Paul Rosen; Andrew DeFalco
**Subject:** RE: Koziol Subpoena to General Atomics

Dan,

I understood our conversation a little differently. I thought you were going to check with your client to see if it wanted to litigate or fight the subpoena, whether it wanted to allow you to accept service of a subpoena that added the suffix to your client's identification, a suffix missing in anything I can find on them as the call themselves "General Atomics" and they clearly knew who we were serving, what we were after and which of their unidentified companies was to be responding. I may be mistaken that you first wanted a limitation of the scope of the subpoena before you approached your client but since it has house counsel I am quite sure the determination has already been made as whether the scope is onerous or not. I believe it is not.

I met with RICO counsel this morning and they suspect, as do I, that General Atomics is in paper chase mode and we will have to fight to get compliance so I have elected to do the following:

1. You may disregard the subpoena return date as I agreed but if I respectfully urge General Atomics (whatever) to start assembling documents as I will not grant extensions when they are re-served since they and you know what we are looking for. You may consider April 5th, the day to either object or produce documents under the subpoena served. As to any other subpoena no such extension will be granted other than to make production.

2. When I re-serve, likely under and in the RICO case we shall provide the suffix you directed but will verify with the contracts I have from the Air Force whether that is appropriate given the subject matter and may serve other General Atomics entities or employees.

3. The person most knowledgeable about it's contacts with Rotax will likely be deposed after the documents have been received if we are required to litigate as our RICO case is based upon a nationwide conspiracy to hide Rotax's presence in the United States to avoid jurisdiction and we would have to see of General Atomics was complicit by stonewalling this information. This in no manner should be misconstrued as a threat of litigation. It is a statement of what our litigation is about and why we must be cautious in the RICO case about that subject.

3. I am asking that your client not dispose of any documents that would be responsive to the items mentioned in the subpoena you have already been served with since the re-service is in our view an utter waste of time and money.

As to the matters in the served subpoena, as I explained, in consideration of a willingness to comply, I would reduce the relevant time frame from 2000 to 2004 even though it would relevant, admissible evidence of Rotax's continuing contacts with the U.S. to have a larger time frame. I reserve the right to request that in any re-served subpoena.

As I further explained the purpose of the subpoena was not to be intrusive to General Atomics, to be certain that it was done at least cost and inconvenience to the company and without unnecessary cost of litigation. It was to obtain evidence of Rotax's continuous involvement in soliciting, seeking and shipping engines into the U.S. for use in products General Atomics makes and to verify the names of the individuals from Rotax making trips into the United States for that purpose. I am not interested in processes, secrets, proprietary data or anything that would embarrass or harm General Atomics competitively. Indeed I am willing to keep confidential except for use in the RICO or Products cases any such document, file them under seal and return any copies after the case is over of that would be of assistance tro General Atomics.

Toward that end and without prejudice to our rights to conduct further discovery or enlarge the scope of any subsequently served subpoena, I ask that you consider producing documents in the following categories for the

4/7/2008

period above.

1. Any notes, memos or letters that confirm the presence of Rotax personnel in the U.S.

2. Any documents that confirm the presence of Rotax personnel at the General Atomics facilities in the U.S.

3. Any documents that relate to the shipment of Rotax engines into the United States.

4. Any documents that confirm or relate to Rotax's involvement in accident investigations involving Rotax engines.

5. Any reports of accident investigations involving failures of Rotax engines.

6. Any document that concerns or relates to Rotax's business activities in the United States with General Atomics during the time period.

7. These request include any company acting as agent for or representative of Rotax including but not limited to Bombardier Rotax (including all suffixes), Rotax (including all suffixes) Kodiak (Including all suffixes like Kodiak Research, Rotech etc.) and any other company that serves as the agent, importer, alleged independent shipper of Rotax engines.

8. Correspondence relating to the sale, purchase or malfunctions of Rotax engines with any of those entities described in par. 7.


I would appreciate your letting me know early next week of your client's intentions.


Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Friday, March 07, 2008 6:27 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** Koziol Subpoena to General Atomics

Art,

I write on behalf of our client General Atomics International Services Corporation.  Pursuant to our call today, this confirms that you have agreed to the following:

(1)  to adjourn the date and time for General Atomics to respond to the Subpoena issued to General Atomics in Koziol v. United States of America, Civ. No. 07-3432 (E.D. Pa.), to a date no earlier than 30 days after you provide written notice to General Atomics to respond to the Subpoena; and

(2)  to propose language early next week to narrow the scope of the 10 document production requests set forth in the Subpoena.


4/7/2008

We also understand that the time frame for the production sought is 2000 to 2004.

Pursuant to your request, my contact information is set forth below.

Regards,

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

------------------------------------------------

Privileged/Confidential Information may be contained in this message.  If you are no

the addressee indicated in this message (or responsible for delivery of the message

such person), you may not copy or deliver this message to anyone.  In such case, you

should destroy this message and kindly notify the sender by reply email.  Please adv

immediately if you or your employer do not consent to Internet email for messages of

kind.


------------------------------------------------


IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ

any attachments or enclosures) was not intended or written to be used, and cannot be

used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (

promoting, marketing or recommending to another party any transaction or matter addr

in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.

Treasury regulations governing tax practitioners.)


========================================================================================

------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

========================================================================================

Exhibit "D"

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, March 19, 2008 6:27 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena

Dear Arthur:

We write to let you know the timeframe within which we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exist for each request.

We understand that GA and GA-ASI are in the process of collecting documents and we anticipate that we will be able to produce a sample of documents from the categories from which documents are available by April 5, 2008.

As stated previously, a protection order must be in place prior to production of any documents. Please provide to us a proposed draft protective order.

Sarah

Sarah Goodstine, Esq.

Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas, NY, NY 10036

P: 212.336.2476

E: sgoodstine@pbwt.com

F: 212.336.7952

<<Goodstine, Sarah (x2476).vcf>>

---------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

---------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

=============================================================================

4/7/2008

# Exhibit "E"

## Arthur Alan Wolk

**From:**    Arthur Alan Wolk
**Sent:**    Wednesday, March 19, 2008 10:16 PM
**To:**    Arthur Alan Wolk
**Subject:** RE: Koziol Subpoena

Dear Sarah,

I don't think an order is going to work as that is going to require me to get approval either from this court or the New Jersey Court which will either delay production or perhaps we may not be able to get one because these documents are not really confidential. I just suggested that we treat them as such to give your client an additional comfort level.
I think the agreement should be okay for now.

Arthur

**From:** Arthur Alan Wolk
**Sent:** Wednesday, March 19, 2008 8:45 PM
**To:** 'Goodstine, Sarah (x2476)'
**Subject:** RE: Koziol Subpoena

Dear Sarah,

See if this works for your client. It is simple but accomplishes I think what you and your client will want but let me know what additional terms are important and I will try to accommodate you.

Confidentiality Agreement

All documents produced pursuant to a subpoena issued against GA by the United States District Court for the Southern District of California and served upon responding entities GA and GA-SI shall be presumed confidential unless specifically waived in writing by the producing entity.
These documents may be used in litigation between certain parties and Bombardier-Rotax entities, Rotax entities, Kodiak Research or affiliates or subsdiaries thereof and others but only if such documents are placed in an envelope marked confidential and then supplied to the court with a request that they be treated as if produced under seal.
Copies of these documents may be provided to other litigants provided they agree with the terms of this confidentiality agreement.
Once the litigation and related actions are over and all appeals have been exhausted, these documents shall be returned to the responding parties' counsel or destroyed upon his direction.
Nothing in this agreement shall prevent recipients from utilizing the documents for all purposes permitted by the Rules of Civil Procedure of the relevant Court.
If in the event, the relevant court decides that the documents produced may not be filed under seal, nonetheless the recipients shall file such documents in an envelope as if they were and shall treat them as such to the extent practicable.
Even if the relevant court were to determine that the documents were either not worthy of protection as confidential or were compromised, they shall nonetheless be returned or destroyed at the end of proceedings as if their were under seal and confidential.
In the event copies of the produced documents are supplied to experts or other consultants, they shall be required to see this agreement and accede to its terms. At the close of proceedings experts or consultants shall return or destroy all copies of the documents as counsel for the producing entity directs.

4/7/2008

# Exhibit "F"

## Arthur Alan Wolk

**From:** Arthur Alan Wolk
**Sent:** Thursday, April 03, 2008 9:49 AM
**To:** Cynthia Devers
**Subject:** FW: Koziol Subpoena

---

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, April 02, 2008 4:49 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena

Dear Arthur:

Further to my e-mail dated March 19, 2008, I write to update you on the timeframe within which we anticipate that we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exist for each request.

We have received documents and are well into the process of our review of the documents. We will provide you with a draft protective order to govern the production of the documents in the near future.

As we discussed previously, in an effort to facilitate the process of responding to your subpoena, we have initiated efforts to collect documents from General Atomics Aeronautical Systems, Inc. ("GA-ASI") even though the operative subpoena dated February 21, 2008 was issued to General Atomics ("GA") and is not, as a matter of law, applicable to GA-ASI. Because GA is not synonymous with GA-ASI, please serve a separate subpoena on GA-ASI, pursuant to which GA-ASI may produce documents. In an effort to avoid additional expense, we agree to accept service of the subpoena on behalf of GA-ASI.

Regards,
Sarah

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

-----------------------------------------------

Privileged/Confidential Information may be contained in this message. If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone. In such case, you

should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

===============================================================================

Exhibit "G"

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern      **DISTRICT OF**      California

THEODORE AND LOIS KOZIOL

V.

UNITED STATES OF AMERICA

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-3432 (E.D. Pa)

TO:   General Atomics Aeronautical Systems, Inc. ("GA-ASI")
     Records Custodian
     3550 General Atomics Court
     San Diego, CA 92121-1122

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "B" Attached

| PLACE    The Wolk Law Firm, 1710-12 Locust Street, Philadelphia, PA 19103 (215) 545-4220 | DATE AND TIME 04/10/2008 at 12:00 p.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 4/3/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Arthur Alan Wolk, The Wolk Law Firm, 1710-12 Locust Street, Philadelphia, PA 19103    (215) 545-4220
Attorney for Plaintiffs

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Federal Rule of Civil Procedure 45(c) and (d) provides:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commended to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection had been made, the party serving the subpoena may, upon notice to the person commanded to produce, move to any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)    subjects person to undue burden

(B)    If a subpoena

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to a protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Federal Rule of Civil Procedure 45(c) and (d).

## **EXHIBIT B**

1.      Any and all records of visits to the respondent by officers, employees or representatives of Bombardier-Rotax GmbH; BRP-Rotax GmbH & CO. KG; Bombardier-Rotax GmbH & CO. KG; and/or Bombardier-Rotax GmbH & CO.

2.      Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents exchanged between you and the United States government which involve the sale, shipment, purchase and/or receipt of Rotax engines.

3.      Any and all documents sent to or received from the manufacturer and/or distributor of Rotax engines that refer and/or relate to maintenance, repair and or overhaul of Rotax engines.

4.      Any and all documents sent to or received from the manufacturer and/or distributor of Rotax engines that refer and/or relate to malfunctions or failures of Rotax engines.

5.      Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/ or other documents regarding the sale and/or shipment of Rotax engines to The Naval Air Warfare Center Aircraft Division, Lakehurst, New Jersey.

6.      Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/ or other documents regarding the sale and/or shipment of Rotax engines to The Naval Air Warfare Center Aircraft Division in Lakehurst, New Jersey.

7.      Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes, correspondence, electronic data, and/or other documents regarding the sale and/or shipment of Rotax engines to The U.S. Army Communications Electronics Command in Fort Monmouth, New Jersey.

8.      Any and all reports, photographs, notes, letters, electronic data, and/or other documents related to investigations of aircraft accidents which involved Rotax engines.

9.      Any and all reports, photographs, notes, letters, electronic data, and/or other documents related to the design, manufacture and/or sale of the Rotax engines installed in military aircraft you manufactured.

10.     Any and all reports, photographs, notes, letters, electronic data, and/or other documents related to the accident investigation of other accidents where there has been an engine fire involving Rotax engines.

# Exhibit "H"

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Friday, April 04, 2008 10:53 AM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Protective Order

Dear Arthur:

I have attached below a draft protective order which will govern the production of documents pursuant to the subpoena dated February 21, 2008 you served on General Atomics, and the subpoena you have agreed to serve (via electronic mail to us) on General Atomics Aeronautical Systems, Inc.

Please let me know if you have any questions.

Sarah

<<GA and GA-ASI Protective Order.DOC>>

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

--------------------------------------------------

Privileged/Confidential Information may be contained in this message.
If you are not
the addressee indicated in this message (or responsible for delivery of
the message to
such person), you may not copy or deliver this message to anyone.  In
such case, you
should destroy this message and kindly notify the sender by reply
email.  Please advise
immediately if you or your employer do not consent to Internet email
for messages of this
kind.

--------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this
communication (including
any attachments or enclosures) was not intended or written to be used,
and cannot be

used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction
or matter addressed
in this communication.  (The foregoing disclaimer has been affixed
pursuant to U.S.
Treasury regulations governing tax practitioners.)

=====================================================================
=======

COUNSEL LISTED ON LAST PAGE

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, | Miscellaneous No._____ |
| | ) |
| | ) Civ. No.: 07-3432 |
| *Plaintiffs,* | ) Eastern District of Pennsylvania |
| | ) |
| v. | ) **JOINT MOTION FOR** |
| | ) **STIPULATED** |
| | ) **PROTECTIVE ORDER** |
| UNITED STATES OF AMERICA, | ) **REGARDING** |
| | ) **CONFIDENTIAL MATERIALS** |
| | ) **REQUESTED BY SUBPOENA** |
| *Defendant.* | ) **TO NON-PARTIES** |
| | ) **GENERAL ATOMICS AND** |
| | ) **GENERAL ATOMICS** |
| | ) **AERONAUTICAL SYSTEMS, INC.** |
| | ) |
| | ) Date: |
| | ) Time: |
| | ) Dept: |
| | ) Judge: |

**WHEREAS**, non-parties General Atomics ("GA") and General Atomics Aeronautical

Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the "Producing Non-

Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned <u>Koziol v. United</u>

<u>States of America</u>, Civ. No. 07-3432 (E.D. Pa.) (the "Action") believe that the information

encompassed by the subpoenas dated February 21, 2008 and [_____] issued

by Plaintiffs Koziol to GA and GA-ASI in connection with the Action (the "Subpoenas"), may

constitute trade secrets or other confidential research, development and/or proprietary

commercial information within the meaning of Rules 26 and 45 of the Federal Rules of Civil

Procedure and/or any other applicable Local Rule of the Court, GA, GA-ASI and Plaintiffs

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.          1          CASE NO. 07-3432 (E.D. Pa.)
                                                              MISCELLANEOUS NO. _____

1445114v.4

Koziol, by their respective counsel, hereby agree and stipulate to the following provisions concerning the confidentiality of certain documents, information and/or testimony exchanged or obtained pursuant to the Subpoenas in the Action; and

**IT IS HEREBY ORDERED** that:

1.        This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.        All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Action, and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever. All Material shall be disclosed only to those persons identified in Paragraph [6] (the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Action.

3.        All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information, and will be deemed "Confidential" and subject to this Protective Order.

4.        All documents (including copies, portions or summaries thereof ) and physical objects produced or disclosed by any Producing Non-Party shall be deemed in their entirety to be "Confidential" and will be subject to this Protective Order without any requirement for

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        2        CASE NO. 07-3432 (E.D. Pa.)
                                                           MISCELLANEOUS NO. _____

1445114v.4

the Producing Non-Parties to stamp or affix a specific designation to any documents or

physical objects identifying such documents or physical objects as "Confidential."

5.          Testimony or information disclosed at a deposition may be designated by a

Producing Non-Party as Confidential Information by indicating on the record at the deposition

the specific testimony which contains the Confidential Information that is to be made subject to

the provisions of this Protective Order.  Alternatively, a Producing Non-Party may designate

testimony or information disclosed at a deposition as Confidential Information by notifying the

recipient of the Confidential Information in writing within thirty (30) days of receipt of the

deposition transcript of the specific pages and lines of the transcript that are to be so

designated.  Whether or not designation is made at the time of a deposition, all depositions

shall be treated as Confidential Information from the time of the taking of the depositions until

thirty (30) days after receipt of the deposition transcript.

6.          Confidential Information may be disclosed only in accordance with Paragraph

[7] below, and only to the following persons:

     (a)          Counsel of record in the Action;

     (b)          The Court, Court reporters, stenographers, videographers, and/or Court

             personnel;

     (c)          Deponents noticed or subpoenaed in the Action, to the extent necessary

             to examine such deponents or to prepare them for deposition;

     (d)          Independent photocopying or litigation support services employed by

             the persons or their counsel to assist in the Action; and

     (e)          Any other person to whom the Producing Non-Party agrees in writing.

7.          Any person being given access to Confidential Information shall, prior to being

given such access, be advised of the terms of this Protective Order and shall thereby become

subject to such terms, including, without limitation, the provision that such Confidential

Information may not be disclosed to any person or in any manner other than as described

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.          3          CASE NO. 07-3432 (E.D. Pa.)
                                                                          MISCELLANEOUS NO. _____

1445114v.4

above, and shall be used solely for the purpose of the Action. In addition, no person described in Paragraph [6] above may be given access to Confidential Information, until and unless such person has executed an undertaking in the form attached as <u>Exhibit A</u> (the "Confidentiality Undertaking"), which undertaking shall be obtained and maintained by the attorney of record who provides such Confidential Information. If a party to the Action wishes to examine such a person with respect to Confidential Information, but such person refuses to execute the Confidentiality Undertaking, the party may not use the Confidential Information for the examination without an Order from the Court requiring the person to treat the Confidential Information subject to the terms of this Protective Order.

8.    Any Receiving Party who wishes to file Confidential Information with the Court as part of any motion, paper or other filing with the Court shall move for permission to file such documents under seal. Such motion shall accompany the filing that includes Confidential Information. Any filing that is to be kept in whole or in part under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

> CONFIDENTIAL (OR Highly Confidential) INFORMATION SUBJECT TO PROTECTIVE ORDER ENTERED IN CIVIL ACTION NO. _____. This envelope, containing documents that are filed in this case by [name of person], is not to be opened nor are the contents thereof to be displayed or revealed except by Order of the Court.

If the Court decides that the Material may not be filed under seal, the Receiving Party shall nonetheless file such documents in an envelope as if they were and shall treat them as such to the extent practicable.

9.    Any Producing Non-Party may redact or excise information subject to the attorney-client and/or work product privileges. Documents and things that have been redacted

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.          4          CASE NO. 07-3432 (E.D. Pa.)
MISCELLANEOUS NO. _____

1445114v.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted. If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.       If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.       Any person who receives Confidential Information shall be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph [6] above or uses such Confidential Information for any other purpose than the Action.

12.       Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein. However, the Receiving Party using such Confidential Information must do the following:

    (a)       Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and

    (b)       Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.          5          CASE NO. 07-3432 (E.D. Pa.)
                                                                  MISCELLANEOUS NO. _____

1445114v.4

Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph [8], with access thereto limited to persons entitled to access under this Protective Order.

13.    Nothing in this Protective Order in any manner:

(a)    may be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)    waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)    waives any claims or defenses that may apply; or

(d)    defines the scope of material to be produced in response to the Subpoenas.

14.    Neither the entry into this Stipulation and Protective Order nor the designation of any information, document, or the like as Confidential Information hereunder shall constitute evidence with respect to any issue in any action.

15.    If any Producing Non-Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

16.    Within sixty (60) days after the final conclusion of the Action, all documents, objects, and other materials produced or designated as Confidential Information, and all

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.    6    CASE NO. 07-3432 (E.D. Pa.)
MISCELLANEOUS NO. _____

1445114v.4

reproductions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party of Confidential Information.

17.        This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court, to impose additional restrictions on the disclosure of any information or material produced.

18.        The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, partnership or individual.

19.        If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid, or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect.

20.        The provisions of this Protective Order shall continue to be binding and survive termination of the Action.

        All counsel have agreed to the form and entry of this Order.



JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        7        CASE NO. 07-3432 (E.D. Pa.)
                                                                                              MISCELLANEOUS NO. _____

1445114v.4

**IT IS SO STIPULATED:**

Dated: _____     By: _____
                               Arthur Alan Wolk

                               THE WOLK LAW FIRM
                               1710-12 Locust Street
                               Philadelphia, PA 19103
                               (215) 545-4220
                               (215) 545-5252
                               *Attorneys for Plaintiffs Theodore and Lois Koziol*

Dated: _____     By: _____
                               Paul A. Tyrell

                               PROCOPIO, CORY, HARGREAVES & SAVITCH   LLP
                               530 B Street, Suite 2100
                               San Diego, CA 92101
                               (619) 238-1999
                               (619) 235-0398 facsimile

Dated: _____     By: _____
                               Daniel A. Lowenthal (*pro hac vice* admission pending)

                               PATTERSON BELKNAP WEBB & TYLER LLP
                               1133 Avenue of the Americas
                               New York, New York 10036
                               Telephone:  (212) 336-2720
                               Facsimile:   (212) 336-2222

                               *Attorneys for General Atomics and General Atomics*
                               *Aeronautical Systems, Inc.*

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        8        CASE NO. 07-3432 (E.D. Pa.)
                                                           MISCELLANEOUS NO. _____

1445114v.4

1

**It Is So Ordered.**

2

3

4

_____          _____
Hon.                                 Date
Judge of the District Court

5

6

7

8

9

10

11

12

13

14

15

16

17



18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        9      CASE NO. 07-3432 (E.D. Pa.)
                                                         MISCELLANEOUS NO. _____

1445114v.4

## EXHIBIT A TO PROTECTIVE ORDER

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, ) | |
| ) | Miscellaneous No._____ |
| *Plaintiffs,* ) | |
| ) | |
| v.      ) | Civ. No. 07-3432 |
| ) | Eastern District of Pennsylvania |
| ) | |
| UNITED STATES OF AMERICA, ) | **CONFIDENTIALITY** |
| ) | **UNDERTAKING** |
| *Defendant.* ) | |
| ) | |

### CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and understand the Protective Order dated

[_____], entered by the Court on [_____], and agree to abide without

exception by its terms and conditions. I fully understand that violation of the terms of that

Protective Order by me or anyone acting under my directions may subject me to penalties. I

hereby submit to the jurisdiction of the above Court (and any Court to which appeals may be

taken with respect to proceedings in such Court) with respect to the enforcement of this

Undertaking and the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

Executed on _____

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.         CASE NO. 07-3432 (E.D. Pa.)
                                                  MISCELLANEOUS NO. _____

1445114v.4

Exhibit "I"

1   Paul A. Tyrell (CA Bar No. 193798)
    Sahyeh S. Fattahi (CA Bar No. 223938)
2   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
    530 B Street, Suite 2100
3   San Diego, California 92101
    Telephone: 619.238.1900
4   Facsimile: 619.235.0398
5   *pat@procopio.com*
    *ssf@procopio.com*
6
    OF COUNSEL:
7   Daniel A. Lowenthal
    Sarah E. Goodstine
8   PATTERSON BELKNAP WEBB & TYLER LLP
    1133 Avenue of the Americas
9   New York, New York 10036
    Telephone: 212.336.2000
10  Facsimile: 212.336.2222
    *dalowenthal@pbwt.com*
11  *sgoodstine@pbwt.com*
12
13  *Attorneys for Nonparty General Atomics*
14
15              IN THE UNITED STATES DISTRICT COURT
16           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17  *Concerning a subpoena issued in the matter of:*

| | |
|---|---|
| 18 | Miscellaneous No._____ |
| THEODORE AND LOIS KOZIOL, | |
| 19 | Civ. No.: 07-3432-MMB |
| Plaintiffs, | Eastern District of Pennsylvania |
| 20 | |
| 21   v. | **RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS'** |
| 22 | **SUBPOENA DUCES TECUM** |
| UNITED STATES OF AMERICA, | |
| 23 | |
| 24          Defendant. | |

25
26
27
28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE
MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)
1449584v.1

1    Nonparty General Atomics ("GA") hereby responds and objects to the February 21, 2008

2  subpoena duces tecum (the "Subpoena") issued by Plaintiffs Theodore and Lois Koziol (the

3  "Plaintiffs") in the United States District Court for the Southern District of California in connection

4  with the case captioned *Koziol v. United States of America*, Civ. No. 07-3432-MMB (E.D. Pa.) (the

5  "Action").  Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure and within the time

6  for response and objection to the Subpoena as set forth in correspondence dated April 4, 2008 from

7  counsel for Plaintiffs, GA responds and objects as follows:

8                    **GENERAL RESPONSES AND OBJECTIONS**

9    The following General Responses and Objections apply to and are incorporated by reference in

10  each and every response and objection, whether or not specifically stated:

11    1.    GA objects to the Subpoena, including the documents-and-things requests (each, a

12  "Request"), to the extent that they purport to impose obligations beyond those required by the

13  Federal Rules of Civil Procedure, and/or the Local Rules of the United States District Courts for the

14  Southern District of California and the Eastern District of Pennsylvania.

15    2.    GA objects to each Request of the Subpoena to the extent that it seeks documents and

16  things protected by the attorney-client privilege, the attorney work-product doctrine, the military

17  safety privilege or any other applicable privilege, doctrine, immunity, statute, regulation or rule.  GA

18  hereby invokes such privileges and protections to the extent implicated by each Request, and

19  excludes privileged and protected information from its responses.  Any inadvertent disclosure of

20  such information shall not be deemed a waiver of any privilege or protection with respect to such

21  information.

22    3.    GA objects to each Request of the Subpoena to the extent that it is overbroad, vague

23  and would subject GA to oppression and undue burden and expense.

24    4.    GA objects to each Request of the Subpoena to the extent that it purports to require

25  the production of electronically stored information from sources that are not reasonably accessible

26  because of undue burden and cost.

27    5.    GA objects to each Request of the Subpoena to the extent that it seeks the production

28
_____
RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE
MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

1449584v.1                                                                    1

of documents, information, and things that are not relevant to any claim or defense of any party and to the extent that each Request does not appear reasonably calculated to lead to the discovery of admissible evidence.

6.    GA objects to the definition of "General Atomics" to the extent that it extends to persons and/or entities not under the control of GA.

7.    GA objects to each Request of the Subpoena to the extent that it seeks documents, information and things that are outside its possession, custody, and/or control.

8.    GA objects to each Request of the Subpoena to the extent that it seeks the production of documents, information, and/or things that contain trade secrets or other confidential research, development, proprietary and/or commercial information.

9.    GA objects to each Request of the Subpoena to the extent that it seeks the production of documents, information, and things that have already been obtained or that may be obtained from other sources, including the parties to the Action, rendering the Subpoena duplicative and unduly burdensome.

10.    GA objects to each Request to the extent that it is not submitted for the purpose of obtaining production or disclosure of documents, information or things that are relevant to the Action, but instead it is submitted for the purposes of harassment and abuse against GA, which is not a party to the Action.

11.    Any provision of documents or things responsive to any Request does not constitute an acceptance by GA of the factual assertions or characterizations made by Plaintiffs in the Request, an acceptance by GA of Plaintiffs' definitions of the terms used in the Request, or an admission that the information Requested is relevant, material or admissible.  GA's responses to these Requests are made subject to, and without in any way waiving or intending to waive, any future objections as to competency, relevance, materiality, privilege, admissibility and/or any other proper grounds.

12.    Any responses and objections to the Requests are based on information currently known to GA following a reasonable search and inquiry, with the time and resources available, and GA reserves the right to supplement, amend, modify, or correct its responses based on GA's further

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

1449584v.1

2

investigation and/or discovery, or on facts and circumstances which may come to GA's knowledge.

13.    GA has responded to each Request as it interprets and understands the Request. GA reserves the right to amend or supplement the objections and responses to these Requests if Plaintiffs subsequently assert an interpretation that differs from GA's interpretation or understanding of the Requests.

14.    All responses are made on express reservation of objections and subject to each General Response and Objection. No response or objection shall be deemed, and is specifically stated not to be, a waiver of these objections, whether or not these objections are referred to in any Specific Response or Objection.

## SPECIFIC RESPONSES AND OBJECTIONS

Without conceding that any documents exist responsive to any Request or that documents are properly discoverable, relevant to any claim or defense of any party in the Action, or admissible in evidence, GA makes the following Specific Responses and Objections:

**REQUEST FOR PRODUCTION NO. 1:**

"Any notes, memos or letters that confirm the presence of Rotax personnel in the U.S." Pursuant to correspondence from Plaintiffs' counsel dated March 8, 2008, this request "include[s] any company acting as agent for or representative of Rotax including but not limited to Bombardier Rotax (including all suffixes), Rotax (including all suffixes) Kodiak (Including all suffixes like Kodiak Research, Rotech etc.) and any other company that serves as the agent, importer, alleged independent shipper of Rotax engines." Pursuant to an agreement between counsel for GA and counsel for the Plaintiffs on March 13, 2008, this Request was amended to include "documents sufficient to show" the subject of the Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

GA hereby incorporates the General Responses and Objections stated above. In addition, GA specifically objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it seeks the production of documents, information, and things that are not relevant to the claim or defense of any party to the extent that it does not appear reasonably calculated to lead to the

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

3

1449584v.1

1   discovery of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for

2   the purpose of seeking information relevant to any claim or defense of any party, that it requires

3   disclosure of a trade secret, or other confidential research, development or commercial information,

4   and that it may call for the production of documents, information, and things protected from discovery

5   by the attorney-client, work-product, military safety or other applicable privilege, law or rule.

6        Subject to and without waiving these Specific Objections and the General Responses and

7   Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents

8   and/or things in its possession, custody, or control.

9   **REQUEST FOR PRODUCTION NO. 2:**

10       "Any documents that confirm the presence of Rotax personnel at the General Atomics facilities

11  in the U.S."   Pursuant to correspondence from Plaintiffs' counsel dated March 8, 2008, this request

12  "include[s] any company acting as agent for or representative of Rotax including but not limited to

13  Bombardier Rotax (including all suffixes), Rotax (including all suffixes) Kodiak (Including all

14  suffixes like Kodiak Research, Rotech etc.) and any other company that serves as the agent, importer,

15  alleged independent shipper of Rotax engines."   Pursuant to an agreement between counsel for GA

16  and counsel for the Plaintiffs on March 13, 2008, this Request was amended to include "documents

17  sufficient to show" the subject of the Request.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

19       GA hereby incorporates the General Objections stated above.   In addition, GA specifically

20  objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it

21  seeks the production of documents, information, and things that are not relevant to the claim or

22  defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery

23  of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose

24  of seeking information relevant to any claim or defense of any party, that it requires disclosure of a

25  trade secret, or other confidential research, development or commercial information, and that it may

26  call for the production of documents, information, and things protected from discovery by the

27  attorney-client, work-product, military safety or other applicable privilege, law or rule.

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE
MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

4

1449584v.1

1    Subject to and without waiving these Specific Objections and the General Responses and

2    Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents

3    and/or things in its possession, custody, or control.

4    **REQUEST FOR PRODUCTION NO. 3:**

5    "Any documents that relate to the shipment of Rotax engines into the United States."

6    Pursuant to correspondence from Plaintiffs' counsel dated March 8, 2008, this request "include[s] any

7    company acting as agent for or representative of Rotax including but not limited to Bombardier Rotax

8    (including all suffixes), Rotax (including all suffixes) Kodiak (Including all suffixes like Kodiak

9    Research, Rotech etc.) and any other company that serves as the agent, importer, alleged independent

10   shipper of Rotax engines."  Pursuant to an agreement between counsel for GA and counsel for the

11   Plaintiffs on March 13, 2008, this Request was amended to include "documents sufficient to show" the

12   subject of the Request.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

14   GA hereby incorporates the General Objections stated above.  In addition, GA specifically

15   objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it

16   seeks the production of documents, information, and things that are not relevant to the claim or

17   defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery

18   of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose

19   of seeking information relevant to any claim or defense of any party, that it requires disclosure of a

20   trade secret, or other confidential research, development or commercial information, and that it may

21   call for the production of documents, information, and things protected from discovery by the

22   attorney-client, work-product, military safety or other applicable privilege, law or rule.

23   Subject to and without waiving these Specific Objections and the General Responses and

24   Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents

25   and things in its possession, custody, or control.

26

27

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE
MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

5

l449584v.1

**REQUEST FOR PRODUCTION NO. 4:**

"Any documents that confirm or relate to Rotax's involvement in accident investigations involving Rotax engines." Pursuant to correspondence from Plaintiffs' counsel dated March 8, 2008, this request "include[s] any company acting as agent for or representative of Rotax including but not limited to Bombardier Rotax (including all suffixes), Rotax (including all suffixes) Kodiak (Including all suffixes like Kodiak Research, Rotech etc.) and any other company that serves as the agent, importer, alleged independent shipper of Rotax engines." Pursuant to an agreement between counsel for GA and counsel for the Plaintiffs on March 13, 2008, this Request was amended to include "documents sufficient to show" the subject of the Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

GA hereby incorporates the General Objections stated above. In addition, GA specifically objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it seeks the production of documents, information, and things that are not relevant to the claim or defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose of seeking information relevant to any claim or defense of any party, that it requires disclosure of a trade secret, or other confidential research, development or commercial information, and that it may call for the production of documents, information, and things protected from discovery by the attorney-client, work-product, military safety or other applicable privilege, law or rule.

Subject to and without waiving these Specific Objections and the General Responses and Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents and things in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

"Any reports of accident investigations involving failures of Rotax engines." Pursuant to correspondence from Plaintiffs' counsel dated March 8, 2008, this request "include[s] any company acting as agent for or representative of Rotax including but not limited to Bombardier Rotax (including all suffixes), Rotax (including all suffixes) Kodiak (Including all suffixes like Kodiak

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

1449584v.1

6

1  Research, Rotech etc.) and any other company that serves as the agent, importer, alleged independent

2  shipper of Rotax engines." Pursuant to an agreement between counsel for GA and counsel for the

3  Plaintiffs on March 13, 2008, this Request was amended to include "documents sufficient to show" the

4  subject of the Request.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

6      GA hereby incorporates the General Objections stated above. In addition, GA specifically

7  objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it

8  seeks the production of documents, information, and things that are not relevant to the claim or

9  defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery

10  of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose

11  of seeking information relevant to any claim or defense of any party, that it requires disclosure of a

12  trade secret, or other confidential research, development or commercial information, and that it may

13  call for the production of documents, information, and things protected from discovery by the

14  attorney-client, work-product, military safety or other applicable privilege, law or rule.

15      Subject to and without waiving these Specific Objections and the General Responses and

16  Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents

17  and things in its possession, custody, or control.

18  **REQUEST FOR PRODUCTION NO. 6:**

19      "Any document that concerns or relates to Rotax's business activities in the United States with

20  General Atomics during the time period. Pursuant to correspondence from Plaintiffs' counsel dated

21  March 8, 2008, this request "include[s] any company acting as agent for or representative of Rotax

22  including but not limited to Bombardier Rotax (including all suffixes), Rotax (including all suffixes)

23  Kodiak (Including all suffixes like Kodiak Research, Rotech etc.) and any other company that serves

24  as the agent, importer, alleged independent shipper of Rotax engines." Pursuant to an agreement

25  between counsel for GA and counsel for the Plaintiffs on March 13, 2008, this Request was amended

26  to include "documents sufficient to show" the subject of the Request.

27

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE
MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

7

1449584v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

GA hereby incorporates the General Objections stated above.  In addition, GA specifically objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it seeks the production of documents, information, and things that are not relevant to the claim or defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose of seeking information relevant to any claim or defense of any party, that it requires disclosure of a trade secret, or other confidential research, development or commercial information, and that it may call for the production of documents, information, and things protected from discovery by the attorney-client, work-product, military safety or other applicable privilege, law or rule.

Subject to and without waiving these Specific Objections and the General Responses and Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents and things in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

"Correspondence relating to the sale, purchase or malfunctions of Rotax engines."  Pursuant to correspondence from Plaintiffs' counsel dated March 8, 2008, this request "include[s] any company acting as agent for or representative of Rotax including but not limited to Bombardier Rotax (including all suffixes), Rotax (including all suffixes) Kodiak (Including all suffixes like Kodiak Research, Rotech etc.) and any other company that serves as the agent, importer, alleged independent shipper of Rotax engines."  Pursuant to an agreement between counsel for GA and counsel for the Plaintiffs on March 13, 2008, this Request was amended to include "documents sufficient to show" the subject of the Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

GA hereby incorporates the General Objections stated above.  In addition, GA specifically objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it seeks the production of documents, information, and things that are not relevant to the claim or defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

8

1449584v.1

1   of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose

2   of seeking information relevant to any claim or defense of any party, that it requires disclosure of a

3   trade secret, or other confidential research, development or commercial information, and that it may

4   call for the production of documents, information, and things protected from discovery by the

5   attorney-client, work-product, military safety or other applicable privilege, law or rule.

6        Subject to and without waiving these Specific Objections and the General Responses and

7   Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents

8   and things in its possession, custody, or control.

9   **REQUEST FOR PRODUCTION NO. 8:**

10        "Any document that concerns or relates to business activities of Rotax or Bombardier Rotax in

11   the State of New Jersey including but not limited to contacts with the U.S. Army Communications,

12   Electronics Command in Fort Monmouth, New Jersey." Pursuant to agreement between counsel for

13   GA and counsel for the Plaintiffs on March 13, 2008, this Request was amended to include

14   "documents sufficient to show" the subject of the Request.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16        GA hereby incorporates the General Objections stated above. In addition, GA specifically

17   objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it

18   seeks the production of documents, information, and things that are not relevant to the claim or

19   defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery

20   of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose

21   of seeking information relevant to any claim or defense of any party, that it requires disclosure of a

22   trade secret, or other confidential research, development or commercial information, and that it may

23   call for the production of documents, information, and things protected from discovery by the

24   attorney-client, work-product, military safety or other applicable privilege, law or rule.

25

26

27

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

9

1449584v.1

1     Subject to and without waiving these Specific Objections and the General Responses and

2  Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents

3  and things in its possession, custody, or control.

4  **REQUEST FOR PRODUCTION NO. 9:**

5     "Any document that concerns or relates to business activities of Rotax or Bombardier Rotax in

6  the State of New Jersey including but not limited to contacts with the United States Navy and/ or the

7  United States Navy Air Warfare Center, Aircraft Division, Lakehurst New Jersey."    Pursuant to

8  agreement between counsel for GA and counsel for the Plaintiffs on March 13, 2008, this Request was

9  amended to include "documents sufficient to show" the subject of the Request.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

11     GA hereby incorporates the General Objections stated above.   In addition, GA specifically

12  objects to this Request on the grounds that it is unduly burdensome, overly broad, and vague, that it

13  seeks the production of documents, information, and things that are not relevant to the claim or

14  defense of any party to the extent that it does not appear reasonably calculated to lead to the discovery

15  of admissible evidence, that it is abusively drawn and harassing in that it is not drawn for the purpose

16  of seeking information relevant to any claim or defense of any party, that it requires disclosure of a

17  trade secret, or other confidential research, development or commercial information, and that it may

18  call for the production of documents, information, and things protected from discovery by the

19  attorney-client, work-product, military safety or other applicable privilege, law or rule.

20

21

22

23

24

25

26

27

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

1449584v.1

10

1      Subject to and without waiving these Specific Objections and the General Responses and

2   Objections set forth above, GA responds that it has no responsive, relevant, unprivileged documents

3   and things in its possession, custody, or control.

4

5                                          **GENERAL ATOMICS**

6                                          By its attorneys,

7

8   DATED:  April 7, 2008                  _____

9                                          PROCOPIO, CORY, HARGREAVES & SAVITCH
                                           LLP
10
                                           Paul A. Tyrell (Bar No. 193798)
11                                         *pat@procopio.com*
                                           530 B Street, Suite 2100
12                                         San Diego, California  92101
                                           Telephone: 619.238.1900
13                                         Facsimile: 619.235.0398

14

15                                         OF COUNSEL:

16                                         PATTERSON BELKNAP WEBB & TYLER LLP
                                           Daniel A. Lowenthal
17                                         *dalowenthal@pbwt.com*
                                           Sarah E. Goodstine
18                                         *sgoodstine@pbwt.com*
                                           1133 Avenue of the Americas
19                                         New York, New York 10036
                                           Telephone:  212.336.2000
20                                         Facsimile:   212.336.2222

21

22

23

24

25

26

27

28
    _____
    RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE
    MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)
                                                                                    11
    1449584v.1

1

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

2

3

*Concerning a subpoena issued in the matter of:*

4

THEODORE AND LOIS KOZIOL,⁣    )

5

        *Plaintiffs,*    )

    v.    )

6

    )

7

UNITED STATES OF AMERICA,    )

8

    *Defendant.*    )

9

Miscellaneous No. _____
Civ. No. 07-3432-MB
Eastern District of Pennsylvania

**DECLARATION OF SERVICE**

Person Served:
Arthur Alan Wolk

Date Served:
April 7, 2008

10

11

12

13

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:  Responses and Objections of General Atomics to Plaintiffs' Subpoena Duces Tecum, in the following manner: (check one)

14

    1.  ☐  By personally delivering copies to the person served.

15

16

    2.  ☐  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

17

18

19

    3.  ☐  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

20

21

22

    4.  **X**  By placing two copies in separate envelopes, each with postage fully prepaid and addressed to the addressee listed below, and depositing one copy in the U.S. Mail via certified mail, return receipt requested, and one copy in the U.S. Mail via first class mail, both at 6:30 p.m. EST on April 7, 2008, and by transmitting one copy via electronic mail at 6:30 p.m. EST on April 7, 2008.

23

24

25

                Arthur Alan Wolk, Esq.
                *arthurwolk@airlaw.com*
                1710-12 Locust Street
                Philadelphia, PA  19103

26

Executed on    6:30 p.m. EST  on  April 7, 2008.

27

28

                Sarah E. Goodstine

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS TO PLAINTIFFS' SUBPOENA DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)

1449584v.1

# Exhibit "J"

1   Paul A. Tyrell (Bar No. 193798)
     Sahyeh S. Fattahi (Bar No. 223938)
2   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
     530 B Street, Suite 2100
3   San Diego, California 92101
     Telephone: 619.238.1900
4   Facsimile: 619.235.0398
     *pat@procopio.com*
5   *ssf@procopio.com*
6
7   OF COUNSEL:
     Daniel A. Lowenthal
8   Sarah E. Goodstine
     PATTERSON BELKNAP WEBB & TYLER LLP
9   1133 Avenue of the Americas
     New York, New York 10036
10  Telephone: 212.336.2000
     Facsimile: 212.336.2222
11  *dalowenthal@pbwt.com*
     *sgoodstine@pbwt.com*
12

13  *Attorneys for Nonparty General Atomics Aeronautical Systems, Inc.*

14

15          **IN THE UNITED STATES DISTRICT COURT**

16         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

17

18  *Concerning a subpoena issued in the matter of:*

19

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, | Miscellaneous No._____ |
|              *Plaintiffs,* | Civ. No.: 07-3432-MMB<br>Eastern District of Pennsylvania |
|        v. | **RESPONSES AND OBJECTIONS OF** |
| UNITED STATES OF AMERICA, | **NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS'** |
|              *Defendant.* | **SUBPOENA DUCES TECUM** |

1          Nonparty General Atomics Aeronautical Systems, Inc. ("GA-ASI") hereby responds and

2    objects to the April 4, 2008 subpoena duces tecum (the "Subpoena") issued by Plaintiffs Theodore and

3    Lois Koziol (the "Plaintiffs") in the United States District Court for the Southern District of California

4    in connection with the case captioned *Koziol v. United States of America*, Civ. No. 07-3432-MMB

5    (E.D. Pa.) (the "Action").  Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure and

6    within the time for compliance as set forth within the Subpoena, GA-ASI responds and objects as

7    follows:

8                             **GENERAL RESPONSES AND OBJECTIONS**

9          The following General Responses and Objections apply to and are incorporated by reference in

10   each and every response and objection, whether or not specifically stated:

11         1.      GA-ASI objects to the Subpoena, including the documents-and-things requests (each,

12   a "Request"), to the extent that they purport to impose obligations beyond those required by the

13   Federal Rules of Civil Procedure, and/or the Local Rules of the United States District Courts for the

14   Southern District of California and the Eastern District of Pennsylvania.

15         2.      GA-ASI objects to the Subpoena and each Request therein on the ground that the

16   Subpoena fails to allow reasonable time for compliance because it was served on April 4, 2008 and

17   mandates compliance at 12:00 p.m. (Pacific Standard Time) on April 10, 2008.

18         3.      GA-ASI objects to each Request of the Subpoena to the extent that it seeks

19   documents and things protected by the attorney-client privilege, the attorney work-product doctrine,

20   the military safety privilege or any other applicable privilege, doctrine, immunity, statute, regulation

21   or rule.  GA-ASI hereby invokes such privileges and protections to the extent implicated by each

22   Request, and excludes privileged and protected information from its responses.  Any inadvertent

23   disclosure of such information shall not be deemed a waiver of any privilege or protection with

24   respect to such information.

25         4.      GA-ASI objects to each Request of the Subpoena to the extent that it is oppressive,

26   overbroad, vague and would subject GA-ASI to undue burden and expense.

27         5.      GA-ASI objects to each Request of the Subpoena to the extent that it purports to

28   require the production of electronically stored information from sources that are not reasonably

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

1449633v.1

1    accessible because of undue burden and cost.

2    6.    GA-ASI objects to each Request of the Subpoena to the extent that it seeks the

3    production of documents, information, and things that are not relevant to any claim or defense of any

4    party and to the extent that each Request does not appear reasonably calculated to lead to the

5    discovery of admissible evidence.

6    7.    GA-ASI objects to each Request of the Subpoena to the extent that it seeks

7    documents, information and things that are outside its possession, custody, and/or control.

8    8.    GA-ASI objects to each Request of the Subpoena to the extent that it seeks the

9    production of documents, information, and/or things that contain trade secrets or other confidential

10   research, development, proprietary and/or commercial information.

11   9.    GA-ASI objects to each Request of the Subpoena to the extent that it seeks the

12   production of documents, information, and things that have already been obtained or that may be

13   obtained from other sources, including the parties to the Action, rendering the Subpoena duplicative

14   and unduly burdensome.

15   10.   GA-ASI objects to each Request of the Subpoena to the extent that it is not submitted

16   for the purpose of obtaining production or disclosure of documents, information or things that are

17   relevant to the Action, but instead is submitted for the purposes of harassment and abuse against GA-

18   ASI, which is not a party to the Action.

19   11.   Any response by GA-ASI to any Request does not constitute an acceptance by GA-

20   ASI of the factual assertions or characterizations made by Plaintiffs in the Request, an acceptance by

21   GA-ASI of Plaintiffs' definitions of the terms used in the Request, or an admission that the

22   information Requested is relevant, material or admissible. GA-ASI's responses to these Requests are

23   made subject to, and without in any way waiving or intending to waive, any future objections as to

24   competency, relevance, materiality, privilege, admissibility and/or any other proper grounds.

25   12.   The General and Specific Responses and Objections to the Requests are based on

26   information currently known to GA-ASI following a reasonable search and inquiry, with the time

27   and resources available, and GA-ASI reserves the right to supplement, amend, modify, or correct its

28   Responses and/or Objections based on GA-ASI's further investigation and/or discovery, or on facts

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

2

1449633v.1

1    and circumstances which may come to GA-ASI's knowledge.

2        13.    GA-ASI has responded to each Request as it interprets and understands the Request.

3    GA-ASI reserves the right to amend or supplement the General and Specific Responses and

4    Objections to the Requests if Plaintiffs subsequently assert an interpretation that differs from GA-

5    ASI's interpretation or understanding of the Requests.

6        14.    All Specific Responses and Objections are made on express reservation of objections

7    and subject to each General Response and Objection. No response or objection shall be deemed, and

8    is specifically stated not to be, a waiver of these objections, whether or not these objections are

9    referred to in any Specific Response or Objection.

10        15.    GA-ASI objects to each Request of the Subpoena as imposing undue burden and

11    expense on a nonparty to the Action, and requests and preserves all rights to compensation for all

12    fees (including attorneys fees) and other expenses and costs associated with responding to the

13    Subpoena.

14                    **SPECIFIC RESPONSES AND OBJECTIONS**

15        Without conceding that any documents exist responsive to any Request or that documents are

16    properly discoverable, relevant to any claim or defense of any party in the Action, or admissible in

17    evidence, GA-ASI makes the following Specific Responses and Objections:

18    **REQUEST FOR PRODUCTION NO. 1:**

19        "Any and all records of visits to the respondent by officers, employees or representatives of

20    Bombardier-Rotax GmbH; BRP-Rotax GmbH & CO. KG; Bombardier-Rotax GmbH & CO. KG;

21    and/or Bombardier-Rotax GmbH & CO."

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

23        GA-ASI hereby incorporates the General Responses and Objections stated above. In addition,

24    GA-ASI specifically objects to this Request on the grounds that the time provided for compliance with

25    the Subpoena is insufficient, and that this Request is vague, overbroad and unduly burdensome to the

26    extent that it is not limited to a specific time period and to the extent that it seeks "any and all"

27    records. GA-ASI further objects to this Request to the extent that it seeks the production of

28    documents, information, and things that are not relevant to any claim or defense of any party to the

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

3

1   Action and to the extent that it does not appear reasonably calculated to lead to the discovery of

2   admissible evidence. GA-ASI also objects to this Request as abusively drawn and harassing in that it

3   is not drawn for the purpose of seeking information relevant to any claim or defense of any party to

4   the Action. Additionally GA-ASI objects to this Request to the extent that it requires disclosure of a

5   trade secret, or other confidential research, development, commercial and/or proprietary information,

6   and that it may call for the production of documents, information, and things protected from discovery

7   by the attorney-client, work-product, military safety or other applicable privilege, law or rule.

8   **REQUEST FOR PRODUCTION NO. 2:**

9       "Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes,

10   correspondence, electronic data, and/or other documents exchanged between you and the United

11   States government which involve the sale, shipment, purchase and/or receipt of Rotax engines."

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

13       GA-ASI hereby incorporates the General Responses and Objections stated above. In addition,

14   GA-ASI specifically objects to this Request on the grounds that the time provided for compliance with

15   the Subpoena is insufficient, and that this Request is vague, overbroad and unduly burdensome to the

16   extent that it is not limited to a specific time period and to the extent that it seeks "any and all"

17   documents in the categories listed in the Request. GA-ASI further objects to this Request to the extent

18   that it seeks the production of documents, information, and things that are not relevant to any claim or

19   defense of any party to the Action and to the extent that it does not appear reasonably calculated to

20   lead to the discovery of admissible evidence. GA-ASI also objects to this Request as abusively drawn

21   and harassing in that it is not drawn for the purpose of seeking information relevant to any claim or

22   defense of any party to the Action. Additionally GA-ASI objects to this Request to the extent that it

23   requires disclosure of a trade secret, or other confidential research, development, commercial and/or

24   proprietary information, and that it may call for the production of documents, information, and things

25   protected from discovery by the attorney-client, work-product, military safety or other applicable

26   privilege, law or rule.

27

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

4

1449633v.1

1  **REQUEST FOR PRODUCTION NO. 3:**

2         "Any and all documents sent to or received from the manufacturer and/or distributor of Rotax

3  engines that refer and/or relate to maintenance, repair and or overhaul of Rotax engines."

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

5         GA-ASI hereby incorporates the General Responses and Objections stated above.  In addition,

6  GA-ASI specifically objects to this Request on the grounds that the time provided for compliance with

7  the Subpoena is insufficient, and that this Request is vague, overbroad and unduly burdensome to the

8  extent that it is not limited to a specific time period and to the extent that it seeks "any and all"

9  documents listed in the Request.  GA-ASI further objects to this Request to the extent that it seeks the

10  production of documents, information, and things that are not relevant to any claim or defense of any

11  party to the Action and to the extent that it does not appear reasonably calculated to lead to the

12  discovery of admissible evidence.   GA-ASI also objects to this Request as abusively drawn and

13  harassing in that it is not drawn for the purpose of seeking information relevant to any claim or

14  defense of any party to the Action.  Additionally GA-ASI objects to this Request to the extent that it

15  requires disclosure of a trade secret, or other confidential research, development, commercial and/or

16  proprietary information, and that it may call for the production of documents, information, and things

17  protected from discovery by the attorney-client, work-product, military safety or other applicable

18  privilege, law or rule.

19  **REQUEST FOR PRODUCTION NO. 4:**

20         "Any and all documents sent to or received from the manufacturer and/or distributor of Rotax

21  engines that refer and/or relate to malfunctions or failures of Rotax engines."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23         GA-ASI hereby incorporates the General Responses and Objections stated above.  In addition,

24  GA-ASI specifically objects to this Request on the grounds that the time provided for compliance with

25  the Subpoena is insufficient, and that this Request is vague, overbroad and unduly burdensome to the

26  extent that it is not limited to a specific time period and to the extent that it seeks "any and all"

27  documents listed in the Request.  GA-ASI further objects to this Request to the extent that it seeks the

28  production of documents, information, and things that are not relevant to any claim or defense of any

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

5

1449633v.1

1  party to the Action and to the extent that it does not appear reasonably calculated to lead to the

2  discovery of admissible evidence.  GA-ASI also objects to this Request as abusively drawn and

3  harassing in that it is not drawn for the purpose of seeking information relevant to any claim or

4  defense of any party to the Action.  Additionally GA-ASI objects to this Request to the extent that it

5  requires disclosure of a trade secret, or other confidential research, development, commercial and/or

6  proprietary information, and that it may call for the production of documents, information, and things

7  protected from discovery by the attorney-client, work-product, military safety or other applicable

8  privilege, law or rule.

9  **REQUEST FOR PRODUCTION NO. 5:**

10        "Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes,

11  correspondence, electronic data, and/ or other documents regarding the sale and/or shipment of Rotax

12  engines to The Naval Air Warfare Center Aircraft Division, Lakehurst, New Jersey."

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

14        GA-ASI specifically objects to this Request on the grounds that the time provided for

15  compliance with the Subpoena is insufficient, and that this Request is vague, overbroad and unduly

16  burdensome to the extent that it is not limited to a specific time period and to the extent that it seeks

17  "any and all" documents and things in the categories listed in the Request.  GA-ASI further objects to

18  this Request to the extent that it seeks the production of documents, information, and things that are

19  not relevant to any claim or defense of any party to the Action and to the extent that it does not appear

20  reasonably calculated to lead to the discovery of admissible evidence.  GA-ASI also objects to this

21  Request as abusively drawn and harassing in that it is not drawn for the purpose of seeking

22  information relevant to any claim or defense of any party to the Action.  Additionally GA-ASI objects

23  to this Request to the extent that it requires disclosure of a trade secret, or other confidential research,

24  development, commercial and/or proprietary information, and that it may call for the production of

25  documents, information, and things protected from discovery by the attorney-client, work-product,

26  military safety or other applicable privilege, law or rule.

27

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)  MISCELLANEOUS NO. _____

6

1449633v.1

1  **REQUEST FOR PRODUCTION NO. 6:**

2        "Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports, notes,

3  correspondence, electronic data, and/ or other documents regarding the sale and/or shipment of Rotax

4  engines to The Naval Air Warfare Center Aircraft Division in Lakehurst, New Jersey."

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6        GA-ASI specifically objects to this Request on the grounds that the time provided for

7  compliance with the Subpoena is insufficient, and that this Request is vague, overbroad and unduly

8  burdensome to the extent that it is not limited to a specific time period and to the extent that it seeks

9  "any and all" documents and things in the categories listed in the Request. GA-ASI further objects to

10  this Request to the extent that it seeks the production of documents, information, and things that are

11  not relevant to any claim or defense of any party to the Action and to the extent that it does not appear

12  reasonably calculated to lead to the discovery of admissible evidence. GA-ASI also objects to this

13  Request as abusively drawn and harassing in that it is not drawn for the purpose of seeking

14  information relevant to any claim or defense of any party to the Action. Additionally GA-ASI objects

15  to this Request to the extent that it requires disclosure of a trade secret, or other confidential research,

16  development, commercial and/or proprietary information, and that it may call for the production of

17  documents, information, and things protected from discovery by the attorney-client, work-product,

18  military safety or other applicable privilege, law or rule.

19  **REQUEST FOR PRODUCTION NO. 7:**

20        "Any and all contracts, specifications, purchase orders, invoices, bills of lading, reports,

21  notes, correspondence, electronic data, and/or other documents regarding the sale and/or shipment of

22  Rotax engines to The U.S. Army Communications Electronics Command in Fort Monmouth, New

23  Jersey."

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25        GA-ASI specifically objects to this Request on the grounds that the time provided for

26  compliance with the Subpoena is insufficient, and that this Request is vague, overbroad and unduly

27  burdensome to the extent that it is not limited to a specific time period and to the extent that it seeks

28  "any and all" documents and things in the categories listed in the Request. GA-ASI further objects to

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

7

1   this Request to the extent that it seeks the production of documents, information, and things that are

2   not relevant to any claim or defense of any party to the Action and to the extent that it does not appear

3   reasonably calculated to lead to the discovery of admissible evidence. GA-ASI also objects to this

4   Request as abusively drawn and harassing in that it is not drawn for the purpose of seeking

5   information relevant to any claim or defense of any party to the Action. Additionally GA-ASI objects

6   to this Request to the extent that it requires disclosure of a trade secret, or other confidential research,

7   development, commercial and/or proprietary information, and that it may call for the production of

8   documents, information, and things protected from discovery by the attorney-client, work-product,

9   military safety or other applicable privilege, law or rule.

10  **REQUEST FOR PRODUCTION NO. 8:**

11       "Any and all reports, photographs, notes, letters, electronic data, and/or other documents

12  related to investigations of aircraft accidents which involved Rotax engines."

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14       GA-ASI specifically objects to this Request on the grounds that the time provided for

15  compliance with the Subpoena is insufficient, and that this Request is vague, overbroad and unduly

16  burdensome to the extent that it is not limited to a specific time period and to the extent that it seeks

17  "any and all" documents and things in the categories listed in the Request. GA-ASI further objects to

18  this Request to the extent that it seeks the production of documents, information, and things that are

19  not relevant to any claim or defense of any party to the Action and to the extent that it does not appear

20  reasonably calculated to lead to the discovery of admissible evidence. GA-ASI also objects to this

21  Request as abusively drawn and harassing in that it is not drawn for the purpose of seeking

22  information relevant to any claim or defense of any party to the Action. Additionally GA-ASI objects

23  to this Request to the extent that it requires disclosure of a trade secret, or other confidential research,

24  development, commercial and/or proprietary information, and that it may call for the production of

25  documents, information, and things protected from discovery by the attorney-client, work-product,

26  military safety or other applicable privilege, law or rule.

27

28

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

8

1449633v.1

1  **REQUEST FOR PRODUCTION NO. 9:**

2      "Any and all reports, photographs, notes, letters, electronic data, and/or other documents

3  related to the design., manufacture and/or sale of the Rotax engines installed in military aircraft you

4  manufactured."

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6      GA-ASI specifically objects to this Request on the grounds that the time provided for

7  compliance with the Subpoena is insufficient, and that this Request is vague, overbroad and unduly

8  burdensome to the extent that it is not limited to a specific time period and to the extent that it seeks

9  "any and all" documents and things in the categories listed in the Request. GA-ASI further objects to

10  this Request to the extent that it seeks the production of documents, information, and things that are

11  not relevant to any claim or defense of any party to the Action and to the extent that it does not appear

12  reasonably calculated to lead to the discovery of admissible evidence. GA-ASI also objects to this

13  Request as abusively drawn and harassing in that it is not drawn for the purpose of seeking

14  information relevant to any claim or defense of any party to the Action. Additionally GA-ASI objects

15  to this Request to the extent that it requires disclosure of a trade secret, or other confidential research,

16  development, commercial and/or proprietary information, and that it may call for the production of

17  documents, information, and things protected from discovery by the attorney-client, work-product,

18  military safety or other applicable privilege, law or rule.

19  **REQUEST FOR PRODUCTION NO. 10:**

20      "Any and all reports, photographs, notes, letters, electronic data, and/or other documents

21  related to the accident investigation of other accidents where there has been an engine fire involving

22  Rotax engines."

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24      GA-ASI specifically objects to this Request on the grounds that the time provided for

25  compliance with the Subpoena is insufficient, and that this Request is vague, overbroad and unduly

26  burdensome to the extent that it is not limited to a specific time period and to the extent that it seeks

27  "any and all" documents and things in the categories listed in the Request. GA-ASI further objects to

28  this Request to the extent that it seeks the production of documents, information, and things that are

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

9

1449633v.1

1   not relevant to any claim or defense of any party to the Action and to the extent that it does not appear

2   reasonably calculated to lead to the discovery of admissible evidence.  GA-ASI also objects to this

3   Request as abusively drawn and harassing in that it is not drawn for the purpose of seeking

4   information relevant to any claim or defense of any party to the Action.  Additionally GA-ASI objects

5   to this Request to the extent that it requires disclosure of a trade secret, or other confidential research,

6   development, commercial and/or proprietary information, and that it may call for the production of

7   documents, information, and things protected from discovery by the attorney-client, work-product,

8   military safety or other applicable privilege, law or rule.

9                                          **GENERAL ATOMICS AERONAUTICAL**
                                        **SYSTEMS, INC.**
10

11                                          By its attorneys,

12

13  DATED:  April 10, 2008                  _____

14                                          PROCOPIO, CORY, HARGREAVES & SAVITCH
                                        LLP
15
                                        Paul A. Tyrell (Bar No. 193798)
16                                          Sahyeh S. Fattahi (Bar No. 223938)
                                        *pat@procopio.com*
17                                          *ssf@procopio.com*
                                        530 B Street, Suite 2100
18                                          San Diego, California  92101
                                        Telephone: 619.238.1900
19                                          Facsimile: 619.235.0398

20
                                        OF COUNSEL:
21                                          PATTERSON BELKNAP WEBB & TYLER LLP
                                        Daniel A. Lowenthal
22                                          *dalowenthal@pbwt.com*
                                        Sarah E. Goodstine
23                                          *sgoodstine@pbwt.com*
                                        1133 Avenue of the Americas
24                                          New York, New York 10036
                                        Telephone: 212.336.2000
25                                          Facsimile:  212.336.2222

26

27

28
    RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
    DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.) MISCELLANEOUS NO. _____

                                                                                              10

    1449633v.1

1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2

3

*Concerning a subpoena issued in the matter of:*

4

THEODORE AND LOIS KOZIOL,                          )

)          Miscellaneous No. _____

)          Civ. No.  07-3432-MMB

5              *Plaintiffs,*                                 )          Eastern District of Pennsylvania

)

6                    v.                                       )          **DECLARATION OF SERVICE**

)

7                                                             )          Person Served:

UNITED STATES OF AMERICA,                          )          Arthur Alan Wolk

)

8              *Defendant.*                               )          Date Served:

)          April 10, 2008

9                                                             )

10

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a

11

party to this action; that I served the above named person the following documents:  Responses and

12

Objections of Nonparty General Atomics Aeronautical Systems, Inc. to Plaintiffs' Subpoena Duces

13

Tecum, in the following manner: (check one)

14
      1.  ☐  By personally delivering copies to the person served.

15
      2.  ☐  By leaving, during usual office hours, copies in the office of the person served with the

16
person who apparently was in charge and thereafter mailing (by first-class mail, postage
prepaid) copies to the person served at the place where the copies were left.

17
      3.  ☐  By leaving copies at the dwelling house, usual place of abode, or usual place of

18
business of the person served in the presence of a competent member of the household or a
person apparently in charge of his office or place of business, at least 18 years of age,

19
who was informed of the general nature of the papers, and thereafter mailing (by first-class
mail, postage prepaid) copies to the person served at the place where the copies were left.

20
      4.  **X**  By placing two copies in separate envelopes, each with postage fully prepaid and

21
addressed to the addressee listed below, and depositing one copy in the U.S. Mail via
certified mail, return receipt requested, and one copy in the U.S. Mail via first class mail,

22
both at 2:00 p.m. (EST) on April 10, 2008, and by transmitting one copy via electronic mail
at 2:30 p.m. (EST) on April 10, 2008.

23

24
                         Arthur Alan Wolk, Esq.
                         The Wolk Law Firm

25
                      *arthurwolk@airlaw.com*
                        1710-12 Locust Street
                        Philadelphia, PA 19103

26
Executed at  1:55 p.m. (EST) on  April 10, 2008.

27

28
                       Sarah E. Goodstine

RESPONSES AND OBJECTIONS OF NONPARTY GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC. TO PLAINTIFFS' SUBPOENA
DUCES TECUM ISSUED IN THE MATTER OF CIV. NO. 07-3432-MMB (E.D. Pa.)  MISCELLANEOUS NO. _____

1449633v.1

# Exhibit "K"

# Study on Impact of Foreign Sourcing of Systems



## January 2004

## Office of the Deputy Under Secretary of Defense for Industrial Policy

## 2.8.  Predator Unmanned Aerial Vehicle



General Atomics Aeronautical Systems is the prime contractor for the Predator Unmanned Aerial Vehicle (UAV) for the U.S. Air Force and the Italian Air Force. Predator is a semi-autonomous, retaskable, unmanned aerial vehicle reconnaissance system providing reconnaissance, surveillance, target acquisition and direct strike capability to theater commanders. Flying at medium altitudes (15-20K ft), Predator has endurance in excess of 24 hours and can provide real-time full motion video, synthetic aperture radar, and limited laser designation for precision guided munitions. Some Predators, and all Predators currently in production, can carry two Hellfire laser-guided missiles for ground attack. Predator has supported numerous operational deployments to EUCOM and CENTCOM. During the height of fighting in Operations Iraqi Freedom, four Predators were airborne at the same time, a first, with command and control for most Predators being maintained by units located in the CONUS.

### Extent of Foreign Sourcing

The value of the prime contract is $30.6 million.  The value of subcontract effort identified for this program totaled $7.1 million.  Of this amount, foreign-sourced subcontracts totaled $1.1 million (about 15 percent of the value of all subcontracts and less than 4 percent of the value of the prime contract).  Respondents identified a total of 29 first tier subcontractors (3 of which were foreign), nine second tier subcontractors (2 were foreign), and no third tier foreign subcontractors.  Foreign subcontractors are from Belgium, Austria, the United Kingdom, Switzerland, and Japan.

### Predator Foreign Subcontractors

| TIER | ITEM(S) | APPLICATION | COUNTRY |
|------|---------|-------------|---------|
| 1 | Heads up Display System | Ground Control Station | Belgium |
| 1 | Rotax Engine | Engine | Austria |
| 1 | CRU and PMC Computer Boards | Vehicle Avionics | United Kingdom |
| 2 | SATCOM Data Terminals | Ground Station and Air Vehicle | Switzerland |
| 2 | VCR and Hi-8mm | Ground Station and Air Vehicle | Japan |

### Availability and Foreign Vulnerability

*Availability*: Demonstrated and projected availability is not a concern.  All identified foreign subcontractors have demonstrated the ability to meet performance, schedule, and cost requirements in the past, including during the active combat phases of

Operations Enduring Freedom and Iraqi Freedom.  All are projected to continue to do so in the future.

***Foreign Vulnerability:*** Utilization of the identified foreign suppliers does not constitute a foreign vulnerability.  Foreign suppliers are located in Belgium, Austria, the United Kingdom, Switzerland, and Japan.  Of the five foreign subcontractors identified, none were identified as a sole source.  Supply disruption is not likely since the current suppliers have demonstrated reliability in the past and  multiple domestic suppliers are available should the current suppliers falter.  In any event, none of the foreign-sourced items is classified or offers unique military superiority.

## Impact on National Technology and Industrial Base

The economic viability of the national technology and industrial base is not endangered by use of the identified foreign sources for this program.  The value of all foreign subcontracts is only $7.1 million.  Domestic electronics, engine, and avionics suppliers are capable, competitive, and will continue to be capable of competing for this and similar business.

## Availability of Domestic Sources

Although domestic suppliers are not now utilized for certain items for this program, multiple domestic suppliers with comparable capabilities are available to produce the foreign-sourced items, given some additional qualification time and cost.  The satellite communication (SATCOM) data terminals are commercial-off-the-shelf (COTS) hardware and the Swiss vendor was chosen due to the technical capability of its product.  Customers (prime contractors and first tier subcontractors) reported that foreign subcontractors were selected for price, performance, and/or schedule considerations.

### Predator

| TIER | ITEM(S) | COUNTRY | DOMESTIC SUPPLIERS? |
|------|---------|---------|---------------------|
| 1 | Heads up Display System | Belgium | Many |
| 1 | Rotax Engine | Austria | Many |
| 1 | CRU and PMC Computer Boards | United Kingdom | Many |
| 2 | SATCOM Data Terminals | Switzerland | Many |
| 2 | VCR and Hi-8mm | Japan | Many |

# Exhibit "L"

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

| | | |
|---|---|---|
| CHRIS BARKLAGE, et al. | ) | |
| | ) | Cause Number: 002-00772 |
| Plaintiffs, | ) | Division Number: 1 |
| | ) | |
| vs. | ) | |
| | ) | |
| BOMBARDIER-ROTAX, GmbH, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| THOMAS KARDOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Cause Number: 002-07063 |
| BOMBARDIER-ROTAX, GmbH, | ) | Division Number: 1 |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| NELDA BURSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | Cause Number: 002-07064 |
| BOMBARDIER-ROTAX, GmbH, | ) | Division Number: 1 |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| THOMAS BIHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Cause Number: 992-08797 |
| BOMBARDIER-ROTAX, GmbH, | ) | Division Number: 1 |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

REPLY APP- 00108

## AFFIDAVIT OF LT. COL. DWIGHT C. SCHMIDT

I, LT. COL. DWIGHT C. SCHMIDT, declare and affirm as follows:

1.  I am over the age of 18, and I am competent to testify to, and have personal knowledge of, the matters contained in this affidavit.

2.  I have been retained by the law firm of Speiser Krause, counsel of record for Plaintiffs in the above-captioned actions.

3.  Attached hereto is a true and correct copy of a list I compiled through research on the Internet of Unmanned Aerial Vehicles ("UAV") -- Military Aircraft that employ the Rotax engine

I swear under penalty of perjury that the foregoing is true and correct.

_____
Lt. Col. Dwight C. Schmidt

Lt. Col. Dwight C. Schmidt, who being duly sworn, and said that he is Lt. Col. Dwight C. Schmidt, that he executed the foregoing instrument for the purposes and consideration therein expressed and that each warranty and representation, as well as the other contents of and statements in the foregoing instrument, are true and correct.

SUBSCRIBED AND SWORN TO ME on this the 27 day of October 2005.

_____
Notary Public

My Comm. Exps. 1/31 .2008

2

REPLY APP- 00109

| Company Name | Country | Name of UAV | Engine |
|---|---|---|---|
| Denel (PTY) | Pretoria, South Africa | Bateleur | Rotax 914 |
| EADS Defense & Communications Systems | DS SA, France | Eagle 1 | Rotax 914 |
| EADS Defense & Communications Systems | DS SA, France | Surveyor 2500 | Rotax 914 |
| Elbit, Silver Arrow | Rishon-Lezion, Israel | Hermes 1500 | 2 x Rotax 914 |
| Freewing Aerial Robotics Corp | College Park MD, USA | Scorpion 100 | Rotax 52 Hp. |
| General Atomics Aeronautical Systems Inc | San Diego, CA USA | Altus 1 | Rotax Turbo-Charged Gasoline |
| General Atomics Aeronautical Systems Inc | San Diego, CA USA | Altus 2 | Rotax Twin Turbocharged Gas |
| General Atomics Aeronautical Systems Inc | San Diego, CA USA | GNAT 750 | Rotax 582 |
| General Atomics Aeronautical Systems Inc | San Diego, CA USA | I-GNAT | Rotax 914 Turbo-Charged Gas |
| General Atomics Aeronautical Systems Inc | San Diego, CA USA | Predator (M/RQ-1) | Rotax 914 Turbo-Charged Gas |
| General Atomics Aeronautical Systems Inc | San Diego, CA USA | Predator B (MQ-9A) | Rotax 912 Pusher |
| General Atomics Aeronautical Systems Inc | San Diego, CA USA | Prowler 2 | Rotax 582 (Heavy Fuel Options) |
| ISL Inc, Bosch Aerospace Div | Brownsboro, AL, USA | Sass Lite | 2 x Rotax 912, 4 Cycle, 80 Hp |
| ISL Inc, Bosch Aerospace Div | Brownsboro, AL, USA | Sass Lite | 2 x Rotax 912, 4 Cycle, 80 Hp |
| IAI Malat | Israel | Heron MALE System | Rotax 914 |
| Scaled Composites (Yes it is Burt Rutan's company) | Mojave, CA USA | Raptor | Rotax 912 Two-Stage Turbo Charged |
| Scaled Composites (Yes it is Burt Rutan's company) | Mojave, CA USA | Freewing Scorpion | |
| Aurora Flight Sciences Corp | Manassas VA, USA | Perseus | Rotax 912 |

REPLY APP- 00110

Exhibit "M"



# Forum

---

# AGENDA & PRESENTATIONS

### Public Forum on Unmanned Aircraft Systems
Forum
April 29-30, 2008
Washington, DC

The goal of the public forum is to gather information about Unmanned Aircraft Systems safety.

### Day One - Tuesday, April 29, 2008

| Time | Topic |
|------|-------|
| 8:00 am | **Opening Statement**<br>- NTSB Board Member Kitty Higgins - (PDF, 30.04 KB) |
| 8:10 am | **Current and Future Unmanned Aircraft Systems Application**<br>- Andrew Hahn, NASA Langley Research Center - (PDF, 495 KB) |
| 8:25 am | **Overview:Purpose and Focus of Safety Forum**<br>- Dana Schulze, NTSB |
| 8:35 am | **Panel: Regulatory Issues**<br>Moderator: Dan Bartlett, NTSB<br><br>- Current National Airspace System (NAS) requirements<br>- Roadmap and rulemaking for large and small UAS applications<br>- Public verses civil use<br><br>Presenters:<br><br>&bull; Doug Davis, FAA Unmanned Aircraft Program Office - (PDF, 469 KB)<br><br>QUESTION & ANSWER SESSION |
| 10:20 am | **Morning Break** |
| 10:35 am | **Panel: Integration of UAS into the National Airspace System**<br>Moderator: Dan Bartlett, NTSB<br><br>- Air Traffic Control (ATC) procedures and training for manned and unmanned aircraft, data links and lost link emergency procedures<br>- Concurrent use of manned and unmanned aircraft in proximate airspace<br><br>Presenters:<br><br>&bull; Ardy Williams, FAA Unmanned Aircraft Program Office |

- Lt. Col. Charles Kowitz, U.S. Air Force Safety Center - (PDF, 560 KB)
- Darren Gaines, National Air Traffic Controllers Association - (PDF, 121 KB)
- Lt. Col. Dallas Brooks, Department of Defense/Policy Board and Federal Aviation - (PDF, 1.75 MB)
- Capt. Ellis Chernoff, Air Line Pilots Association - (PDF, 230 KB)
- Bruce Tarbert, FAA Unmanned Aircraft Program Office - (PDF, 146 KB)

QUESTION & ANSWER SESSION

| 12:20 pm | **Lunch Break** |
|---|---|
| 1:20 pm | **Panel: Current Certificate of Authorization Operations and Lessons Learned**<br>Moderator: Dana Schulze, NTSB<br><br>- Safety requirements<br>- Public use operations: safety policy and oversight<br>- Accidents, incidents, and resulting lessons learned<br><br>Presenters:<br><br>• Brent Cobleigh, NASA - (PDF, 1.22 MB)<br>• Randy Stewart, Department of Energy - (PDF, 529 KB)<br>• Maj. Gen. Michael Kostelink (Ret.), U.S. Customs and Border Protection<br>• Janet Dobbs, Interagency Committee for Aviation Policy - (PDF, 332 KB)<br>• Capt. Thomas Runyan, Houston Police Department - (PDF, 783 KB)<br><br>QUESTION & ANSWER SESSION |
| 3:05 pm | **Afternoon Break** |
| 3:20 pm | **Panel: Perspectives of Other National Airspace Systems Users**<br>Moderator: Dan Bartlett, NTSB<br><br>- Impact of UAS on manned aircraft operations<br>- Safety concerns<br>- Mitigation strategies<br><br>Presenters:<br><br>• Mont Smith, Air Transport Association - (PDF, 258 KB)<br>• Capt. Ellis Chernoff, Air Line Pilots Association<br>• Melissa Rutinger, Aircraft Owners and Pilots Association - (PDF, 431 KB)<br><br>QUESTION & ANSWER SESSION |

**Day Two - Wednesday, April 30, 2008**

| Time | Topic |
|------|-------|
| 8:00 am | **Panel: UAS Equipment Design Standards, Airworthiness, and Maintenance** <br> Moderator: Steve Magladry, NTSB <br><br> - Design requirements and standards <br> - Determining design airworthiness <br> - Manufacturing quality <br> - Maintenance programs <br><br> <u>Presenters:</u> <br><br> • Thomas Bachman, AAI Corporation - (<u>PDF</u>, 1.92 MB) <br> • James Martin, Boeing Company - (<u>PDF</u>, 534 KB) <br> • Frank Grimsley, U.S. Air Force - (<u>PDF</u>, 306 KB) <br> • Alfredo Ramirez, Northrop Grumman - (<u>PDF</u>, 1.88 MB) <br> • Sam Richardson, General Atomics - (<u>PDF</u>, 3.26 MB) <br> • Bernard Acker, U.S. Army - (<u>PDF</u>, 226 KB) <br> • Peter Heasley, U.S. Navy - (<u>PDF</u>, 1.52 MB) <br><br> QUESTION & ANSWER SESSION |
| 11:30 am | **Lunch Break** |
| 12:30 pm | **Panel: Human Factors** <br> Moderator: Dr. Evan Byrne, NTSB <br><br> - Pilot selection, certification, and training <br> - Human – machine interface <br> - Teamwork/communication and coordinatio <br><br> <u>Presenters:</u> <br><br> • Mark Pestana, NASA Flight Research Cente - (<u>PDF</u>, 4.1 MB) <br> • Dr. Nancy Cooke, Arizona State University - (<u>PDF</u>, 991 KB) <br> • Dr. Kevin Williams, FAA Civil Aerospace Medical Institute - (<u>PDF</u>, 1.27 MB) <br> • Dr. Glen MacPherson, U.S. Air Force - (<u>PDF</u>, 1.22 MB) <br><br> QUESTION & ANSWER SESSION |
| 2:15 pm | **Afternoon Break** |
| 2:30 pm | **Panel: Case Study: NASA's Ikhana Fire Mission** <br> Moderator: Dan Bartlett, NTSB <br><br> - Safety planning and preparation <br> - Lessons learned <br><br> <u>Presenters:</u> <br><br> • Brent Cobleigh, NASA - (<u>PDF</u>, 4.58 MB) <br> • Julie Stewart, U.S. Forest Service - (<u>PDF</u>, 18.01 MB) |

- John Mann, FAA Air Traffic Control - (PDF, 1 MB)
- Ardy Williams, FAA Air Traffic Western Service Area

QUESTION & ANSWER SESSION

| 4:15 pm | **Closing Remarks**<br>- NTSB Board Member Kitty Higgins - (PDF, 30,66 KB) |

Public Forums & Symposia | Motorcycle Safety | News & Events

NTSB Home | Contact Us | Search | About the NTSB | Policies and Notices | Related Sites