Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
Sarah E. Goodstine (*Admitted Pro Hac Vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2720
Facsimile: (212) 336-2222

Paul A. Tyrell (CA Bar No. 193798)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, CA 92101
Telephone: (619) 238-1999
Facsimile: (619) 235-0398

*Attorneys for Non-Parties General Atomics
and General Atomics Aeronautical Systems, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE AND LOIS KOZIOL<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 08-CV-947 DMS (BLM)<br><br>Civ. No.: 07-3432<br>Eastern District of Pennsylvania<br><br>**NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Date:     August 13, 2008<br>Time:     1:30 p.m.<br>Judge:    Hon. Barbara L. Major<br>Courtroom: TBD |

1823108v.1

# TABLE OF CONTENTS

Page

I.     PRELIMINARY STATEMENT ............................................................................. 1

II.    BACKGROUND ................................................................................................... 1

       A.    The Subpoenas and GA and GA-ASI's Efforts to Resolve the Matter ........................ 1

       B.    The Documents Sought Are Not for the FOIA Action. ................................. 2

       C.    GA-ASI Has Confidential Documents.......................................................... 3

       D.    Plaintiffs Insist on Litigation, Not Resolution. ............................................ 4

III.   LEGAL ARGUMENT........................................................................................... 5

       A.    The Court Should Deny Plaintiffs' Motion to Compel on the Grounds that the
             Subpoena Requests Discovery Outside the Scope of Rules 26(b) and Rule 45
             of the Federal Rules of Civil Procedure.......................................................... 5

       B.    The Court Lacks Subject Matter Jurisdiction to Compel the Production of
             Documents Solely Relevant to an Action Residing in New Jersey State Court,
             and Plaintiffs' use of the Tools Provided in the Federal Rules of Civil
             Procedure to Circumvent Proper Process Under State Law Should Not Be
             Permitted. ......................................................................................................... 7

       C.    The Documents Requested by the Subpoenas Contain Confidential,
             Proprietary Information and Warrant the Entry of a Protective Order to
             Govern the Disclosure of their Contents...................................................... 9

       D.    Plaintiffs Have Failed to Abide by Local Rule 26.1's Meet and Confer
             Gateway Requirement to Filing a Motion to Compel and Have Failed to
             Cooperate in Discovery Pursuant to Rule 45. ............................................ 10

       E.    There Are No Legal or Factual Grounds to Support an Award of Sanctions
             Against the Non-Parties. .............................................................................. 11

IV.    CONCLUSION................................................................................................... 12

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                    i

# TABLE OF AUTHORITES

Page

## CASES

*Anderson v. Abercrombie & Fitch Stores, Inc.*,
    Civ. No. 06CV991-WQH, 2007 WL 1994059 (S.D. Cal. July 2, 2007) ...................................5, 6

*Campbell v. Eastland*,
    307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502 (1963) ...........................8

*Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329 (N.D. Cal. 1995) ................6

*Dove v. Atlantic Capital Corp.*, 963 F.2d 15 (2d Cir. 1992) ................................................8

*Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d 1474 (5th Cir. 1995)...........................7

*Fairview Dev. Corp. v. Aztex Custom Homebuilders, LLC*,
    No. CV-07-0337-PHX-SMM, 2008 WL 2113492 (D. Ariz. May 16, 2008) .......................10, 11

*Houston Business Journal, Inc. v. Office of Comptroller of Currency*,
    *U.S. Department of Treasury*, 86 F.3d 1208 (D.C. Cir. 1996) ...................................7, 8

*Rivera v. NIBCO*, 364 F.3d 1057 (9th Cir. 2004) ................................................7

*Schaffeld v. Scios, Inc.*, No. 07-121-S-EJLLMB, 2008 WL 1702065 (D. Idaho Apr. 10, 2008).........7

*Snap Lite Corp. v. Stewart Warner Corp.*, 40 F. Supp. 776 (S.D.N.Y. 1941)...................................8

*Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110 (5th Cir. 1994) ................................................11

*United States Catholic Conference v. Abortion Rights Mobilization, Inc.*,
    487 U.S. 72, 108 S.Ct. 2268 (1988)..........................................................................7

*United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357 (1950)...........................................8, 9

*Watson v. State of Montana*, No. CV-04-16-H-CSO, 2006 WL 2095420 (D. Mont. July 27,
    2006) .................................................................................................................11

## STATUTES

Fed. R. Civ. P. 26(b) .....................................................................................................*Passim*

Fed. R. Civ. P. 45.........................................................................................................*Passim*

Freedom of Information Act, 5 U.S.C. § 552 .....................................................................2, 6

Unif. Interstate & Int'l Proc. Act § 3.02(a), 13 U.L.A. 355, 391-92....................................8

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                    ii

1    **I.      PRELIMINARY STATEMENT**

2              In February and April, Plaintiffs served subpoenas (the "Subpoenas") on both

3    General Atomics ("GA") and General Atomics Aeronautical Systems, Inc., respectively. ("GA-

4    ASI," and collectively with GA, the "Non-Parties,").  The Subpoenas were issued from the above-

5    captioned action, a Freedom of Information Act case in Federal Court in Pennsylvania.  But the

6    documents sought in the Subpoenas are not relevant to that case.  Instead, Plaintiffs want the

7    subpoenaed documents for a State court case in New Jersey.  Even so, the Non-Parties agreed to

8    search for documents.  GA-ASI, but not GA, has documents to produce, and many of the

9    documents contain confidential information.  In early April, GA-ASI asked Plaintiffs to agree to a

10   protective order.  Plaintiffs' counsel summarily rejected the protective order and nearly two

11   months later filed this Motion.

12             On June 11, 2008, this Court held a conference call with the Plaintiffs' and Non-

13   Parties' counsel and encouraged resolution of this dispute.  The Non-Parties sent a revised

14   protective order to Plaintiffs' counsel.  This time, Plaintiffs' counsel considered the draft.  After

15   discussion, counsel for the parties resolved all but three issues, at least one of which required

16   consent from GA-ASI.  Rather than let GA-ASI's counsel consult with their client, Plaintiffs'

17   counsel shut down the talks and insisted that the Non-Parties file their opposition to the Motion.

18   Therefore, the Non-Parties are compelled to file this Opposition and brief the relevant legal issues.

19   **II.     BACKGROUND**

20             **A.      The Subpoenas and GA and GA-ASI's Efforts to Resolve the Matter**

21             The Rule 45 Subpoenas issued to Non-Parties GA and GA-ASI seek documents

22   containing confidential research and development, and proprietary information that is irrelevant to

23   the action underlying the Subpoenas.  Plaintiffs acknowledge the documents commanded through

24   the federal subpoena power under the Pennsylvania action captioned above (the "Pennsylvania

25   Federal Action") are not for that action, but rather for a State court case in New Jersey.

26   (Declaration of Daniel A. Lowenthal at ¶¶ 9, 10 hereinafter "Lowenthal Decl.".)  Despite

27   Plaintiffs' circumvention of the New Jersey Court Rules governing State subpoenas, GA-ASI

28   agreed to produce confidential documents pursuant to a protective order (GA does not have

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                          1

1  responsive documents).  (Lowenthal Decl. at ¶ 19.)

2            The Non-Parties first proposed a protective order in early April, before this Motion

3  was filed.  Plaintiffs' counsel rejected it.  (Lowenthal Decl. at ¶ 16.)  After the Motion was filed,

4  the Non-Parties proposed a second protective order.  Id. at ¶ 21.  This time, counsel for both sides

5  negotiated the terms of the protective order through Friday night, June 27, 2008.  Id. at ¶¶ 23-26.

6  Just three issues remained unresolved by 9:00 p.m. that night:  (1)  Plaintiffs' lead counsel, Arthur

7  Wolk, requested to insert a provision that excuses him and other parties from breach of the

8  protective order if he or they use the information in a brief or in a filing without "trying" to breach

9  the protective order.  He explained that "sometimes people in [his] office screw things up."  (2)

10  Mr. Wolk requested to strike a provision that requires a party wishing to use confidential

11  information in a courtroom to request that the courtroom be closed during such use (this provision

12  provides that if the court refuses, that party may nevertheless proceed).  (3)  Mr. Wolk requested

13  provisions that would enable the New Jersey State court to overrule or disregard the protective

14  order.   Non-Parties' counsel informed Plaintiffs' counsel that GA-ASI would need to consider the

15  second request before an agreement could be finalized.  Rather than wait for GA-ASI's response

16  on Monday, June 30, 2008 (the day before Non-Parties' opposition to the Motion to Compel was

17  due), Plaintiffs' counsel broke off further discussions, refused to jointly propose to adjourn the

18  briefing schedule before this Court in order to come to a compromise, rejected further cooperation,

19  and instead insisted that this Court do Plaintiffs' work to resolve this dispute.  Id. at ¶¶ 25-27.

20            **B.    The Documents Sought Are Not for the FOIA Action.**

21            The action underlying Plaintiffs' Subpoenas is brought under the Freedom of

22  Information Act, 5 U.S.C. § 552 ("FOIA").  See Koziol v. United States of America, Civ. No.

23  07-3432 (E.D. Pa.) (Docket No. 1) (Lowenthal Decl. at ¶ 6.)  Plaintiffs assert a single claim, that

24  the Government did not timely respond to a FOIA request under 5 U.S.C. § 552(a)(6)(A) with

25  respect to information about the Government's service of process on certain Austrian corporate

26  entities.  Id.  (The Austrian corporations apparently manufacture engines.  They are unaffiliated

27  with either GA or GA-ASI, even though Plaintiffs' counsel mistakenly has asserted that they are

28  subcontractors of GA and GA-ASI.)  Plaintiffs seek an order requiring the Government to process

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                    2

1   Plaintiffs' FOIA request and to permit service of a subpoena on the Embassy of Austria.  Id.  The

2   Government has not yet asserted a defense to the FOIA claim; in the nearly 11 months since the

3   Complaint was filed, Plaintiffs have adjourned the Government's time to answer four times.  Id. at

4   ¶ 7.

5           The evident purpose of the Pennsylvania Federal Action is to serve as a platform

6   for Plaintiffs to obtain discovery for a sealed New Jersey State case,  Koziol v. Bombardier, Inc.,

7   No. OC-NL-2749-07 (N.J. Super. Ocean County).  Plaintiffs' counsel, Mr. Wolk, has stated that

8   the documents subpoenaed are demanded for that case.  Before this Motion was filed, he refused

9   to reveal more than vague details about the case to GA and GA-ASI's counsel.  (Lowenthal Decl.

10  at ¶ 10.)  After the Motion was filed, GA and GA-ASI finally learned the name of the case, its

11  docket number, and that the case is pending in State court in New Jersey.  Attorney Wolk admitted

12  during the June 11, 2008 conference call with this Court and in an e-mail to GA and GA-ASI's

13  counsel that the documents he seeks are "useless" to the Pennsylvania Federal Action, and that he

14  does not intend to file any of the requested documents in that Action.  Id. at ¶ 9.

15          **C.    GA-ASI Has Confidential Documents.**

16          Contrary to attorney Wolk's assertion (Pl.'s Mot. to Compel at p. 7), the

17  Non-Parties did not at any time represent that there were no documents responsive to the

18  Subpoenas.  Instead, in an effort to facilitate production, counsel for GA and GA-ASI informed

19  the Plaintiffs that the first Subpoena was served on the wrong entity, GA, and offered to accept

20  service on behalf of GA-ASI to avoid undue expense.  Id. at ¶ 4.  Plaintiffs' counsel perhaps

21  misreads the two sets of Objections and Responses served by the Non-Parties (or perhaps in an

22  effort to bolster his thin argument for sanctions misconstrues such plain written statements), yet

23  the Objections and Responses are straightforward:  The set of Objections and Responses served by

24  GA states that it has no responsive documents, and the set of Objections and Responses by GA-

25  ASI makes no such representation.  (Compare GA's Objections and Responses, Pl.'s Not. of

26  Lodgment at Exhibit I, p. 4, lines 6-8 with GA-ASI's Objections and Responses, Pl.'s Not. of

27  Lodgment at Exhibit J, p. 4, lines 12-26.)  The two sets of Objections and Responses are consistent

28  with what GA and GA-ASI's counsel has stated throughout, namely that the documents Plaintiffs

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                    3

1    seek are in GA-ASI's possession, not GA's possession.

2              The documents requested by the Subpoenas contain confidential research and

3    development, and proprietary information.  (Declaration of Frank Pace at ¶¶ 4-6, hereinafter "Pace

4    Decl.".)  At the onset of negotiations with Plaintiffs' counsel to narrow and refine the scope of the

5    Subpoenas, Plaintiffs' counsel offered to stipulate to a protective order to maintain the

6    confidentiality of the Non-Parties' documents.  (Lowenthal Decl. at ¶ 13.)  In early April, GA and

7    GA-ASI's counsel drafted and sent Plaintiffs' counsel a proposed protective order.  Id. at ¶ 14.  But

8    Plaintiffs' counsel summarily rejected it and broke off discussions with GA and GA-ASI's counsel.

9    Nearly two months later, on May 29, 2008, Plaintiffs filed the Motion without even having a meet

10   and confer.

11             **D.        Plaintiffs Insist on Litigation, Not Resolution.**

12             Since the Motion was filed, counsel for GA and GA-ASI have still tried to reach

13   agreement with Plaintiffs' counsel on the terms of production.  In fact, counsel for GA and GA-

14   ASI have drafted four versions of a protective order; each version added new provisions requested

15   by Plaintiffs' counsel.  (Lowenthal Decl. at ¶¶ 25, 26.)  Confusingly, Plaintiffs' counsel somehow

16   views this conciliatory behavior and Non-Parties' attempt to lawfully protect their data as an

17   attempt to "sandbag" his efforts.  Id. at ¶ 27.

18             As noted above, Non-Parties' counsel worked late on Friday, June 27, 2008 to reach

19   agreement on the terms of the protective order.  The three issues identified above remained

20   unresolved.  Non-Parties' counsel informed Plaintiffs' counsel that they would consult with GA

21   and GA-ASI about the updated draft and suggested that the discussions with Plaintiffs' counsel

22   resume on Monday, June 29, 2008.  After initially agreeing to do so, Plaintiffs' counsel sent

23   Non-Parties' counsel an email at 12:46 a.m. on Saturday June 28, 2008, that said, "I think you need

24   to brief the motion and we will do the same."  Id.

25             In light of these developments, and left with no reasonable alternative, Non-Parties

26   respectfully request that the Court deny Plaintiffs' Motion to Compel on the following grounds:

27   (1) the Subpoenas issued to GA and GA-ASI seek documents irrelevant to the underlying

28   Pennsylvania Federal Action, and as such pose an undue burden on the Non-Parties; (2) the

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1  Subpoenas are void, and the Court lacks subject matter jurisdiction to enforce the Subpoenas,

2  because the Subpoenas were drawn to command documents for an underlying State court action

3  and not the Pennsylvania Federal Action; and (3) that the Subpoenas seek documents that contain

4  confidential research and development, and proprietary information, unlimited disclosure of which

5  will cause harm to the Non-Parties.

6         Non-Parties have simultaneously submitted a Cross-Motion to Quash or for a

7  Protective Order, wherein the proposed protective order and legal grounds for entry of such an

8  order are discussed in greater detail.

9  **III.    LEGAL ARGUMENT**

10       **A.    The Court Should Deny Plaintiffs' Motion to Compel on the Grounds
11           that the Subpoena Requests Discovery Outside the Scope of Rules 26(b)
          and 45 of the Federal Rules of Civil Procedure.**

12        Under Rule 45 of the Federal Rules of Civil Procedure, a party may serve a

13 subpoena commanding a non-party "to produce and permit inspection [and] copying" of

14 documents.  Fed. R. Civ. P. 45(a)(1)(C).  This Court has held that "[a]ny such subpoena is subject

15 to the relevance requirements set forth in Rule 26(b)." <u>Anderson v. Abercrombie and Fitch Stores,</u>

16 <u>Inc.</u>, Civ. No. 06CV991-WQH, 2007 WL 1994059, at *2  (S.D. Cal. July 2, 2007) (Major, J.).

17        Rule 26(b)(1) confines the scope of permissible discovery to any "nonprivileged

18 matter that is relevant to any party's claim or defense," and only after a showing of "good cause"

19 may the Court expand the scope of discovery to matters relevant to the "subject matter" of the

20 action.  Fed. R. Civ. P. 26(b)(1).  According to the Advisory Committee Notes to Rule 26(b)(1),

21 the 2000 Amendments to the Federal Rules of Civil Procedure abrogated the former entitlement to

22 discovery related to any "subject matter" because "[t]he Committee intend[ed] that the parties and

23 the court focus on the actual claims and defenses involved in the action."  Advisory Committee

24 Notes.  <u>See also</u> WILLIAM W. SCHWARZER ET AL., RUTTER GROUP PRACTICE GUIDE:  FEDERAL

25 CIVIL PROCEDURE BEFORE TRIAL, 11(III)-B (9th ed. 2008) at ¶ 11:610 (quoting Fed. R. Civ. P.

26 26(b)(1) ("A subpoena may command production only of documents and other things that are . . .

27 'relevant to the claim or defense of any party' (or if the court has broadened the scope of discovery,

28 'relevant to the subject matter involved in the action').")  Further, parties have no entitlement to

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                    5

1  discovery to develop new claims or defenses that are not identified in the pleadings.  In re

2  REMEC, Inc. Sec. Litig., Civ. No. 04CV1948, 2008 WL 2282647, at *2 (S.D. Cal. May 30, 2008)

3  (citing Fed. R. Civ. P. 26(b)(1)).

4          This Court has recognized that relevancy is a threshold standard and has found that

5  "relevancy is not without 'ultimate and necessary boundaries.'"  Anderson, 2007 WL 1994059, at

6  *1 (quoting Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385 (1947)).  Moreover, this Court

7  held in Anderson, 2007 WL 1994059, at *2 (citing Mattel, Inc. v. Walking Mountain Prods.,

8  353 F.3d 792, 813-14 (9th Cir. 2003)), that "a subpoena is unduly burdensome where it seeks to

9  compel production of documents regarding topics unrelated to or beyond the scope of the

10  litigation."  If the "sought-after documents are not relevant nor calculated to lead to the discovery

11  of admissible evidence, then any burden whatsoever imposed upon [a non-party] would be by

12  definition 'undue.'"  Compaq Computer Corp. v. Packard Bell Elecs., Inc., 163 F.R.D. 329,

13  335-336 (N.D. Cal. 1995).

14          In the Pennsylvania Federal Action, Plaintiffs have asserted a single claim to enjoin

15  the Government from failing to adhere to its obligation under FOIA, 5 U.S.C. § 552 (6)(A), to

16  "determine within 20 days . . . after the receipt of [a FOIA request] whether to comply with such

17  request."  To prevail on such a claim, Plaintiffs would presumably set forth proof of a FOIA

18  request, and proof that the Government did not respond, or did not respond sufficiently to such  a

19  request.  The documents Plaintiffs seek relate to the maintenance and repair of Rotax engines,

20  accident investigations, Rotax engine fires, and the purchase of Rotax engines, and would not lead

21  to the discovery of evidence relevant to support or defend against the FOIA claim.  (See Subpoena

22  Issued to GA-ASI, Pl.'s Not. of Lodgment at Exhibit G.)  Plaintiffs want the documents for the

23  New Jersey State action.

24           Plaintiffs have set forth no "good cause" to expand the subject matter of their

25  FOIA claims to engulf the RICO and tort claims in the New Jersey State court.  There is no need

26  to contort Rule 26(b)(1) to such extremes.  The sovereign subpoena power of the State of New

27  Jersey is available to provide access to information that Plaintiffs may need.

28          That Plaintiffs' counsel has been deeply involved in the pursuit of Bombardier

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                6

1    and/or Rotax does not mean that Non-Parties should bear the expense of his pursuit.  The Ninth

2    Circuit Court of Appeals has held that "[d]istrict courts need not condone the use of discovery to

3    engage in 'fishing expeditions,'" <u>Rivera v. NIBCO</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) (citing

4    <u>Exxon Corp. v. Crosby-Mississippi Res., Ltd.</u>, 40 F.3d 1474, 1487 (5th Cir. 1995)).  Requesting

5    documents wholly irrelevant to a federal action, as Plaintiffs have done here, is such an expedition,

6    and courts in this Circuit "will not compel discovery that is wholly speculative."  <u>Schaffeld v.

7    Scios, Inc.</u>, No. 07-121-S-EJLLMB, 2008 WL 1702065, at *3 (D. Idaho Apr. 10, 2008).

8            The Court should deny Plaintiffs' attempt to compel production of documents that

9    are admittedly irrelevant to the Pennsylvania Federal Action, and thus outside the scope of

10    permissible discovery under Rule 26(b)(1), and which production causes an undue burden on the

11    Non-Parties under Rule 45.

12            **B.    The Court Lacks Subject Matter Jurisdiction to Compel the Production
                    of Documents Solely Relevant to an Action Residing in New Jersey State
13                   Court, and Plaintiffs' use of the Tools Provided in the Federal Rules of
                    Civil Procedure to Circumvent Proper Process Under State Law Should
14                   Not Be Permitted.**

15            It is well-settled that a non-party served with a subpoena duces tecum can defend

16    an action for non-compliance with the subpoena by challenging the federal court's subject-matter

17    jurisdiction to issue the subpoena.  <u>Houston Business Journal, Inc. v. Office of Comptroller of

18    Currency, U.S. Dept. of Treasury</u>, 86 F.3d 1208, 1213 (D.C. Cir. 1996) (citing <u>United States

19    Catholic Conference v. Abortion Rights Mobilization, Inc.</u>, 487 U.S. 72, 108 S.Ct. 2268 (1988)).

20    The Pennsylvania Federal Action may be the action in *form* underlying the Subpoenas, but in

21    *substance*, it is a transparent disguise for the actual case underlying the Subpoenas, Plaintiffs' New

22    Jersey State case.  In <u>Houston</u>,  86 F.3d at 1213, the court considered the "novel question":

23    "[w]hen the underlying litigation is in state court, can a litigant eager to avoid the limitations on

24    the state court's subpoena power obtain a federal-court subpoena instead?"  The court held that in

25    such circumstances the federal court lacks subject-matter jurisdiction to issue a subpoena, because

26    "the subpoena power of a court cannot be more extensive than its jurisdiction."  <u>Id.</u>  For this

27    reason, service of the subpoena was void and the court refused to compel compliance with a

28    subpoena in aid of the movant's action in Texas State court.  <u>Id.</u>

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                    7

1    Plaintiffs' effort to use a FOIA action against the Government to obtain discovery

2    from the Non-Parties for an unrelated state case must fail due to the obvious jurisdictional defect.

3    (It is even questionable whether a case or controversy exists in the Pennsylvania Federal Action

4    because no answer to the complaint has been filed in nearly a year.)  (Lowenthal Decl. at ¶ 7.)  As

5    the court in Houston, 86 F.3d at 1213, observed, a "state-court litigant seeking to compel a non-

6    party to produce documents must use the state court's subpoena power or, if the non-party is

7    beyond the jurisdiction of such court, use whatever procedures another state may provide."

8    (citing Unif. Interstate & Int'l Proc. Act § 3.02(a), 13 U.L.A. 355, 391-92 (1986)).

9    In Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992), the court held

10    that where a party seeks documents in bad faith under the caption of a particular litigation, but

11    intends not to use the documents within that case, it is proper for a court to issue a protective order

12    restricting the use of the documents to the case under which they were requested.  The court

13    reasoned that such use of a federal caption in an effort to avoid the mandates of the Federal Rules

14    would exploit the "liberal discovery devices available in federal civil actions" and is

15    impermissible.  THE RUTTER GUIDE 11(III)-C ¶11:1125 (quoting Dove, 963 F.2d at 19).  See also,

16    e.g., Campbell v. Eastland, 307 F.2d 478, 480, 483 (5th Cir. 1962) (discovery not permitted where

17    federal civil action was initiated as tactic to enable plaintiff to gain otherwise unavailable

18    information on criminal case), cert. denied, 371 U.S. 955, 83 S.Ct. 502 (1963); Snap Lite Corp. v.

19    Stewart Warner Corp., 40 F. Supp. 776, 776 (S.D.N.Y. 1941) (discovery not permitted for federal

20    action initiated to obtain discovery for use in state court).  Moreover, as the court in Houston, 86

21    F.3d 1213, recognized, "federal courts are not free-standing investigative bodies whose coercive

22    power may be brought to bear at will in demanding documents from others.  Rather, the discovery

23    devices in federal court stand available to facilitate the resolution of actions cognizable in federal

24    court."

25    Plaintiffs have issued the Subpoenas to obtain documents for their New Jersey

26    State action.  (Lowenthal Decl. at ¶¶ 9, 10.)  As the Supreme Court held in United States v.

27    Morton Salt Co., 338 U.S. 632, 642, 70 S.Ct. 357, 363 (1950), "[t]he judicial subpoena power not

28    only is subject to specific constitutional limitations, . . . but also is subject to those limitations

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                              8

1   inherent in the body that issues them because of the provisions of the Judiciary Article of the

2   Constitution."  This Court should not condone Plaintiffs' request for it to be complicit in evading

3   the rules and sovereignty of the State of New Jersey, and without subject matter jurisdiction,

4   compel production of documents into the New Jersey State courts.

5              **C.    The Documents Requested by the Subpoenas Contain Confidential,**
                       **Proprietary Information and Warrant the Entry of a Protective Order to**
6                      **Govern the Disclosure of their Contents.**

7              In the interest of judicial economy, the Non-Parties incorporate by reference the

8   legal and factual argument on this point set forth at pages 4 to 6 of their Memorandum of Points

9   and Authorities in Support of the Motion to Quash or for a Protective Order, and respectfully

10  submit that the nature of the information in the documents – engineering schematics, non-

11  conformity reports, test designs and test data, detailed descriptions on custom variations to

12  company aircraft and aircraft parts – constitutes confidential research and development and

13  proprietary information under Federal Rules 26(c) and 45 that warrants entry of a protective order

14  to limit disclosure.  Should the Court require GA-ASI to produce documents, then GA-ASI

15  respectfully requests entry of the proposed protective order annexed to the Non-Parties' Notice of

16  Lodgment at Exhibit P.

17             **D.    Plaintiffs Have Failed to Abide by Local Rule 26.1's Meet and Confer**
                       **Gateway Requirement to Filing a Motion to Compel and Have Failed to**
18                     **Cooperate in Discovery Pursuant to Rule 45.**

19             Non-Parties GA and GA-ASI worked hard to reach agreement with Plaintiffs'

20  counsel on the scope and timing of production as well the terms of a protective order, even though,

21  as the legal analysis above demonstrates, GA and GA-ASI have no obligation to produce

22  documents because the documents sought are not relevant to the Pennsylvania Federal Action.  In

23  early April, GA and GA-ASI drafted a protective order to govern the production of documents.

24  However, Plaintiffs' counsel summarily rejected that draft and subsequently filed this Motion

25  without even complying with Local Rule 26.1's requirement to meet and confer.

26             The actions of Plaintiffs' counsel are particularly puzzling since Non-Party GA-ASI

27  has been, and remains ready, to produce the confidential documents Plaintiffs requested, subject to

28  a standard protective order.

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                          9

1    Without expounding upon the history of interactions among counsel, a prime

2    example of Plaintiffs' counsel's uncooperative conduct occurred on Friday, June 27, 2008.  Upon

3    the insistence of Non-Parties' counsel that Plaintiffs' counsel continue to negotiate, counsel for the

4    Non-Parties spent three hours on Friday night fielding Plaintiffs' requested changes to the

5    protective order, and drafting and redrafting the order.  (Lowenthal Decl. at ¶ 25.)  The Non-

6    Parties complied with all but three of Attorney Wolk's requests (for one of which client approval

7    was required), and the end of the evening it appeared as if a compromise was near.  Id. at ¶ 26.

8    Nevertheless, in response to the last draft protective order containing Mr. Wolk's

9    requested changes, Mr. Wolk sent an e-mail that contained the following statement that had no

10    relevance to the two unresolved issues:

11    None of the documents in the categories I reduced the scope to can
       prejudice anyone but Rotax thus much of what you are requesting is
12    curiously for its benefit only. I am becoming increasingly concerned
       and am appropriately suspicious. How could a communication or
13    confirmation of appointment with Rotax reps. for example in this
       country have any bearing on the business of General Atomics? So
14    what's the concern about Dan? What's confidential here Dan? Is it
       because Rotax and its lawyers took affidavits and gave depositions of
15    Rotax and Bombardier witnesses in courts all over the country saying
       they didn't do business in the States? Why should General Atomics be
16    concerned about that especially since even the Air Force makes no
       bones about its displeasure with the Rotax engine and the fires,
17    accidents and investigations that led to that request to General Atomics
       that it provide another engine choice.

18    Id. at ¶ 27.  Later that night, Attorney Wolk closed down further discussions, and told Non-Parties'

19    counsel to brief its response to this Motion, rendering the night's work to be worthless.  Id.

20

21    **E.    There Are No Legal or Factual Grounds to Support an Award of
              Sanctions Against the Non-Parties.**

22

23    Plaintiffs request attorneys' fees in connection with its Motion to Compel.  The law

24    does not permit such an award.  The court in Fairview Dev. Corp. v. Aztex Custom Homebuilders,

25    LLC, No. CV-07-0337-PHX-SMM, 2008 WL 2113492, at *2 (D. Ariz. May 16, 2008), recognized

26    that "the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions

27    against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(e)."  Once a non-

28    party objects to production, it is not obligated to produce the subpoenaed documents pursuant to a

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                          10

1    subpoena until the Court issues an order directing compliance. Id. (citing Fed. R. Civ. P.

2    45(c)(2)(B)).   GA and GA-ASI have objected to Plaintiffs' subpoena, and the Court has not

3    entered such an order compelling production.  Thus, unless and until the Court enters an order

4    requiring production and GA-ASI does not comply with such order, there is no basis for GA-ASI

5    to be sanctioned.  (As noted above, GA has no documents to produce.)

6             Moreover, courts have found that the provision for sanctions apparent in other

7    Rules should not be interposed on Rule 45 disputes because Rule 45 has adequate enforcement

8    provisions. See e.g.,  Watson v. State of Montana, No. CV-04-16-H-CSO, 2006 WL 2095420, at

9    *2 (D. Mont. July 27, 2006) (citing Tiberi v. CIGNA Ins. Co., 40 F.3d 110, 112 (5th Cir.1994)), in

10   which the Fifth Circuit Court of Appeals held that "there is neither warrant nor need to strain the

11   express language of [Rules 26 and 37] given the ready applicability of another rule.  Rule 45(c)(1)

12   specifically provides for sanctions, including 'lost earnings and reasonable attorneys' fees against

13   one issuing a vexatiously overbroad subpoena."

14            Even if there were some legal authority to support the award of fees, which there is

15   not, there are no facts to warrant such sanctions.  The Non-Parties have made every effort to

16   cooperate with the Plaintiffs and facilitate production: from the very first interaction with

17   Plaintiffs, Non-Parties' counsel informed Plaintiffs' counsel that they had served their initial

18   Subpoena on the wrong company and then offered to accept service of a new subpoena to

19   GA-ASI; GA-ASI scoped the document request and collected documents without a concrete

20   understanding of the New Jersey action for which its documents are allegedly relevant and without

21   a legal requirement to take these efforts; Non-Parties' counsel drafted four versions of a protective

22   order to confine the use and disclosure of GA-ASI's confidential information (which protection

23   Mr. Wolk had agreed he would support) and attempted to resolve the matter through 9:00 p.m.,

24   Friday, June 27, even though the Non-Parties conceded to (and accordingly revised the protective

25   order to reflect) all but three of Plaintiffs' counsel's demands (which Non-Parties' counsel did not

26   reject, but needed time to review one of those issues with the Non-Parties).

27            For the foregoing reasons, the Non-Parties respectfully submit that Plaintiffs'

28   requests for sanctions is invalid and unfounded and must be denied.

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                                    11

**IV.    CONCLUSION**

The Subpoenas issued to the Non-Parties are an invalid.  Plaintiffs cannot employ the federal courts to gather documents on their behalf only to enter them through a back door into a State court action.  The document requests have no relevance to the Pennsylvania Federal Action, and as such they impose an undue burden on the Non-Parties pursuant to Federal Rule 45 and are not subjects for which this Court has jurisdiction to enforce.

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                    12

1        Should the Court find that production of documents is warranted, which the Non-

2    Parties respectfully submit that it is not, the Non-Parties request that pursuant to the Federal Rule

3    45(c)(2), the Court order Plaintiffs to pay all of the legal fees and expenses of production incurred

4    by the Non-Parties.  As set forth in greater detail within the Cross-Motion to Quash and Enter a

5    Protective Order accompanying submission of this Opposition, Non-Parties cross-move for

6    sanctions under Federal Rule 45(c)(1) for causing undue burden, abuse, and harassment of the

7    Non-Parties and for failing to cooperate in discovery.

8

9

10                                Respectfully Submitted,

11

12   Dated:  July 1, 2008               By:    /s/ Daniel A. Lowenthal
                                        Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
13                                      Sarah E. Goodstine (*Admitted Pro Hac Vice*)
                                        PATTERSON BELKNAP WEBB & TYLER LLP
14                                      1133 Avenue of the Americas
                                        New York, New York 10036
15                                      Telephone:  (212) 336-2720
                                        Facsimile:   (212) 336-2222
16
                                        Paul A. Tyrell (CA Bar No. 193798)
17                                      PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
                                        530 B Street, Suite 2100
18                                      San Diego, CA 92101
                                        Telephone:  (619) 238-1999
19                                      Facsimile:   (619) 235-0398

20                                      *Attorneys for Non-Parties General Atomics and*
                                        *General Atomics Aeronautical Systems, Inc.*
21

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

1823108v.1                          13

1  Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   Sarah E. Goodstine (*Admitted Pro Hac Vice*)
2  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
3  New York, New York 10036
   Telephone:  (212) 336-2720
4  Facsimile:   (212) 336-2222

5  Paul A. Tyrell (CA Bar No. 193798)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
6  530 B Street, Suite 2100
   San Diego, CA 92101
7  Telephone:  (619) 238-1999
   Facsimile:   (619) 235-0398

8
   *Attorneys for Non-Parties General Atomics*
9  *and General Atomics Aeronautical Systems, Inc.*

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12                                          | Case No.: 08-CV-947 DMS (BLM)
   THEODORE AND LOIS KOZIOL
13                                          | Civ. No.: 07-3432
                   Plaintiffs,             | Eastern District of Pennsylvania
14
                                           | **DECLARATION OF DANIEL A. LOWENTHAL**
15       v.                                | **IN SUPPORT THE OPPOSITION TO**
                                           | **PLAINTIFFS' MOTION TO COMPEL AND IN**
16  UNITED STATES OF AMERICA,              | **SUPPORT OF THE CROSS-MOTION TO**
                                           | **QUASH**
17                   Defendant.
                                           | Date:       August 13, 2008
18                                         | Time:       1:30 p.m.
                                           | Judge:      Hon. Barbara L. Major
19                                         | Courtroom: TBD

20
               I, Daniel A. Lowenthal, declare:
21
               1.      I am an attorney licensed to practice in the State of New York and before the
22
   United States District Court for the Southern District of New York, and a partner in the law firm
23
   Patterson Belknap Webb & Tyler LLP.
24
               2.      I am counsel *pro hac vice* representing Non-Parties General Atomics ("GA")
25
   and General Atomics Aeronautical Systems, Inc. ("GA-ASI"), in this action.
26
               3.      Plaintiffs' attorney, Arthur Alan Wolk, issued a subpoena to GA, dated
27
   February 21, 2008, under the action captioned <u>Koziol v. United States of America</u>, (Civ. No.
28
   07-3432) (the "Pennsylvania Federal Action").

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS- MOTION TO QUASH

1822617v.1                                   1

1      4.      On March 5, 2008, I contacted Mr. Wolk to begin discussions about the scope

2  of the Subpoena and the timing for response.  During this telephone call, I volunteered to Mr. Wolk

3  that he had subpoenaed to the incorrect company.  I told him that General Atomics Aeronautical

4  Systems, Inc. ("GA-ASI") was the entity to which he should direct his Subpoena, and subsequently,

5  I, and my associate, Sarah Goodstine, offered to accept service on behalf of GA-ASI in order to save

6  Plaintiffs time and expense.  (See Non-Parties' Notice of Lodgment at Exhibit A.)

7      5.      Plaintiffs declined my offer to accept service of a subpoena addressed to

8  GA-ASI, and instead Plaintiffs served a Subpoena, dated April 3, 2008, directly on GA-ASI.

9      6.      Plaintiffs initiated the Pennsylvania Federal Action on August 17, 2007.  The

10  Complaint is made under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Plaintiffs

11  allege that the United States Government failed to timely respond to Plaintiffs' FOIA request, and

12  seek an order directing the Government to respond to the FOIA request.  (See Non-Parties' Notice of

13  Lodgment at Exhibit B.)

14      7.      Upon information and belief, Plaintiffs have adjourned the Government's

15  deadline to answer the Complaint in the Pennsylvania Federal Action four times.  To date, no answer

16  has been filed.  (See Non-Parties' Notice of Lodgment at Exhibit C.)

17      8.      At no time has Plaintiffs' counsel explained to me or to Ms. Goodstine how

18  the documents requested under the Subpoena are relevant to the Pennsylvania Federal Action.

19      9.      During a June 11, 2008 call with this Court and in an e-mail, Plaintiffs'

20  counsel has stated that the subpoenaed documents are "useless" to the Pennsylvania Federal Action.

21  (See Non-Parties' Notice of Lodgment at Exhibit D.)

22      10.      Plaintiffs' counsel has stated that the subpoenaed documents are important to a

23  sealed action in New Jersey State court.  Until Plaintiffs identified the docket number of the New

24  Jersey action in their present Motion papers, namely Koziol v. Bombardier, Inc., No. OC-NL-2749-

25  07 (N.J. Super. Court Ocean County), the Non-Parties were not aware of the name of the case, the

26  index number, or that the action is pending in State court in New Jersey.

27      11.      A member of the Patterson Belknap Webb & Tyler managing clerk's office

28  contacted the New Jersey Superior Court to obtain further information about the New Jersey State

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH

1822617v.1                                    2

1   action.  The Non-Parties were not able to discover further information about the New Jersey State

2   action because it is sealed.

3          12.     Before the Motion to Compel was filed, Mr. Wolk told me that the New

4   Jersey State action involved "RICO" claims against a company called Rotax for conspiring to hide

5   business activities in the United States in order to avoid jurisdiction.  Mr. Holsenback also recently

6   informed me that the case also included products liability claims and that Bombardier and certain

7   lawyers are defendants in the case.  (See Non-Parties' Notice of Lodgment at Exhibit E.)

8          13.     On March 19, 2008, Ms. Goodstine requested that Mr. Wolk provide us with a

9   draft protective order.  Mr. Wolk agreed both to draft such an order, and that any production of

10  documents by Non-Parties GA and GA-ASI would be made pursuant to a blanket protective order.

11  (See Non-Parties' Notice of Lodgment at Exhibit F.)

12         14.     At 8:45 p.m. on March 19, 2008, Mr. Wolk sent Ms. Goodstine a draft blanket

13  confidentiality agreement, not an order to be approved by the Court.  (See Non-Parties' Notice of

14  Lodgment at Exhibit G.)

15         15.     Plaintiffs' local counsel, J. Daniel Holsenback, attached to Plaintiffs' Notice of

16  Lodgment as Exhibit E an e-mail supposedly sent by attorney Wolk to Ms. Goodstine at 10:16 p.m.

17  on March 19, 2008, explaining his reasons for sending a confidentiality agreement rather than a

18  protective order.  Upon close examination, it is apparent from the header of that e-mail that Mr.

19  Wolk sent this e-mail to himself and not to Ms. Goodstine.  Neither Ms. Goodstine nor I received the

20  e-mail attached as Exhibit E to Plaintiffs' Notice of Lodgment.

21         16.     In response to the confidentiality agreement, Non-Parties drafted a proposed

22  protective order.  The first draft of the protective order restricted use of produced documents to the

23  action under which the documents were subpoenaed, the Pennsylvania Federal Action.  (See

24  Non-Parties' Notice of Lodgment at Exhibit H.)

25         17.     Attorney Wolk responded that the proposed protective order was unacceptable

26  because he required the documents for the New Jersey State case.  Attorney Wolk declined to make

27  a counterproposal, and unilaterally cut off negotiations.  (See Non-Parties' Notice of Lodgment at

28  Exhibit D.)

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH

1822617v.1                                    3

18.    Almost two months after unilaterally ending discussions, Plaintiffs counsel filed the present Motion to Compel without requesting to meet and confer.

19.    Throughout the negotiation process, Ms. Goodstine and I worked with GA and GA-ASI to search for and collect responsive documents to the Subpoenas.  GA has informed us that it has no responsive documents.  GA-ASI has provided us with three boxes of documents.

20.    On June 24, 2008, Mr. Holsenback sent me an e-mail asking whether the Non-Parties would agree to permit Plaintiffs to use the subpoenaed documents just in the Pennsylvania Federal Action and in the New Jersey State case.  (<u>See</u> Non-Parties' Notice of Lodgment at <u>Exhibit I</u>.)

21.    After communicating with my clients, on June 25, 2008, I telephoned Mr. Holsenback and told him that GA-ASI would agree to permit Plaintiffs to use the documents in the New Jersey State case.  Ms. Goodstine and I revised the draft protective order to permit such use, and on June 26, 2008, we e-mailed the new draft to Attorneys Holsenback and Wolk.  (<u>See</u> Non-Parties' Notice of Lodgment at <u>Exhibit J</u>.)

22.    Mr. Holsenback informed us that Mr. Wolk still rejected the draft protective order because it contained a one-page confidentiality undertaking to be signed by recipients of confidential information.   According to Mr. Holsenback, Mr. Wolk believed he could not ask his opponents in the New Jersey State case to sign such an undertaking.  (<u>See</u> Non-Parties' Notice of Lodgment at <u>Exhibit K</u>.)

23.    On June 27, 2008, GA-ASI agreed to remove the requirement for a confidentiality undertaking from the draft protective order, and I e-mailed an updated draft of the order to Mr. Wolk.  I telephoned Mr. Wolk shortly thereafter to confirm that we had addressed his concerns in full.  I informed him I thought we could reach agreement and produce documents to him following the entry of a protective order and the normal Bates stamping and production procedures. (<u>See</u> Non-Parties' Notice of Lodgment at <u>Exhibit L</u>.)

24.    At the outset of the telephone call Mr. Wolk characterized the protective order as "onerous" and said we would have to litigate.  I remained steadfastly fixed on finding a resolution to the dispute and insisted that Mr. Wolk walk through the draft protective order with Ms. Goodstine

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH

1822617v.1                                           4

1  and me paragraph by paragraph.  (See Non-Parties' Notice of Lodgment at Exhibit M.)

2        25.     Between 5:30 p.m. and almost 9:00 p.m. on Friday, June 27, 2008,

3  Ms. Goodstine and I walked through each paragraph of the draft protective order with Mr. Wolk and

4  edited the order according to Mr. Wolk's requests.  As of 9:00 p.m., three issues remained:

5  (1) Mr. Wolk requested to insert a provision that excuses him and other parties from breach of the

6  protective order if he or they use the information in a brief or in a filing without "trying" to breach

7  the protective order.  He explained that "sometimes people in [his] office screw things up."

8  (2) Mr. Wolk requested to strike a provision that requires a party wishing to use confidential

9  information in a courtroom to request that the courtroom be closed during such use (this provision

10 provides that if the court refuses, that party may nevertheless proceed).  (3) Mr. Wolk requested

11 provisions that would enable the New Jersey State Court to overrule or disregard the protective

12 order.

13       26.     With respect to the second request, I told Mr. Wolk that I would have to speak

14 to my clients.  However, I suggested to Mr. Wolk that we were almost at resolution, and that we

15 jointly call the Court to adjourn the briefing schedule, to avoid further expense and delay.  After

16 more than three long hours of work to find a resolution, I sent Mr. Wolk another revised draft of the

17 protective order.  I noted in an e-mail that the parties almost had an agreement and that we could

18 continue our discussion on Monday, June 30.  (See Non-Parties' Notice of Lodgment at Exhibit N.)

19       27.     In response, Mr. Wolk sent me e-mails that contained, among other things,

20 unfounded accusations that I and the Non-Parties were attempting to "sandbag" Plaintiffs, and

21 claimed he was "suspicious" about my clients' relationship with the defendants in the New Jersey

22 State case.  With respect to the provision that required a party to request to seal a courtroom before

23 using GA-ASI confidential information, Mr. Wolk explained that "if I ask the Court to do that he is

24 going to look at me like I have two heads. . . ."  In an e-mail received at 12:46 a.m. on June 28, 2008,

25 Mr. Wolk discontinued negotiations and told us to "brief the Motion".  (See Non-Parties' Notice of

26 Lodgment at Exhibit O.)

27       28.     During the telephone call described in paragraphs 23-27 above, Mr. Wolk

28 asked me if I had provided any documents responsive to his Subpoenas to defense counsel in the

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH

1822617v.1                                5

1   New Jersey State case.  I informed him that I had not done so.

2           29.     On June 12, 2008, William Gibson, counsel for Rotax in the New Jersey

3   action, telephoned Ms. Goodstine.  Ms. Goodstine and I spoke to Mr. Gibson on June 16, 2008.

4   During that conversation, Mr. Gibson informed us that his client's in-house counsel had come across

5   Plaintiffs' Motion in this Court on PACER.  Mr. Gibson did not ask for documents, and we did not

6   give GA-ASI documents to him or anyone else involved in the New Jersey State action.  We have

7   not spoken with Mr. Gibson again.  I informed Mr. Holsenback of this conversation on June 25,

8   2008.

9           30.     I certify that in accordance with Local Rule 26.1, on behalf of GA and GA-

10  ASI, I called Plaintiffs' counsel several times during the week of June 22, 2008 to meet and confer

11  come to a resolution of the issues in dispute without resorting to filing an Opposition to the Motion

12  to Compel and a Cross-Motion to Quash or Enter a Protective Order.  As noted above, on Saturday

13  morning, June 28, 2008, Plaintiffs counsel said we would have to brief the issues.  Even so, I again

14  called Plaintiffs' counsel today to meet and confer and left messages, but have not heard back from

15  Plaintiffs' counsel.

16

17           I declare under penalty of perjury under the laws of the United States of America

18  that the foregoing is true and correct.

19

20  New York, New York              By:     /s/ Daniel A. Lowenthal

21  Dated:  July 1, 2008                             Daniel A. Lowenthal

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH

1822617v.1                                    6

Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2720
Facsimile:  (212) 336-2222

Sarah E. Goodstine (*Admitted Pro Hac Vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2476
Facsimile:  (212) 336-7952

Paul A. Tyrell (CA Bar No. 193798)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, CA 92101
Telephone:  (619) 238-1999
Facsimile:  (619) 235-0398

*Attorneys for Non-Parties General Atomics
and General Atomics Aeronautical Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| THEODORE AND LOIS KOZIOL<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 08-CV-947 DMS (BLM)<br><br>Civ. No.: 07-3432<br>Eastern District of Pennsylvania<br><br>**DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO THE MOTION TO COMPEL AND THE CROSS-MOTION TO QUASH**<br><br>Date:      August 13, 2008<br>Time:     1:30 p.m.<br>Judge:    Hon. Barbara L. Major<br>Courtroom:  TBD |

I, Frank Pace, declare:

1.      I am the Executive Vice President of General Atomics Aeronautical Systems, Inc. ("GA-ASI")

2.      GA-ASI is a leading manufacturer of unmanned aircraft systems (UAVs) and high resolution surveillance and radar imaging systems, including the Predator® UAV series and the Lynx® SAR/GMTI sensor systems.  The company provides comprehensive solutions for military

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO
THE MOTION TO COMPEL AND CROSS-MOTION TO QUASH

1815022v.3                                              1

1   and commercial applications worldwide.

2          3.    I directed the document collection by GA-ASI pursuant to the April 3, 2008

3   Subpoena issued by Arthur Wolk and Plaintiffs Theodore and Lois Koziol.

4          4.    The documents I and my colleagues collected in response to the Subpoena

5   contain confidential research and development and proprietary information that would cause harm to

6   GA-ASI's competitive position, if disclosed.

7          5.    The documents GA-ASI has collected in response to the Subpoena contain the

8   following types of confidential research and development and proprietary information:  (1)

9   hypotheses for mechanical failures, test designs, test data, and test results; (2) reports of non-

10  conformities in aircraft and aircraft engines; (3) reports of variations in mechanical design and

11  performance of aircraft; (4) engineering schematics and source control drawings, authored by

12  employees of GA-ASI, that contain custom design changes to be made to aircraft engines with

13  respect to variations based on test data and/or non-conformities.

14         6.    GA-ASI's processes and methods for assessing, investigating, maintaining,

15  repairing, and testing the aircraft, and the individual equipment within the aircraft, have originated

16  within GA-ASI and are proprietary.  GA-ASI has expended significant sums in researching and

17  developing solutions and designs to produce a superior product, and these solutions and designs are

18  critical to GA-ASI's competitive advantage.

19         7.    GA-ASI safeguards the documents listed in paragraph 5 from disclosure.

20  Many of the documents within the categories listed in paragraph 5 are marked with a  "proprietary"

21  legend.  They are kept in locked filing cabinets within GA-ASI's facilities.  GA-ASI's facilities are

22  secured and access is limited to employees and authorized visitors.

23         8.    GA-ASI is not affiliated with any of the Bombardier / Rotax entities and these

24  entities are not subcontractors to GA-ASI.  GA-ASI purchases certain Bombardier / Rotax products

25  through Kodiak.

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO
THE MOTION TO COMPEL AND CROSS-MOTION TO QUASH

1815022v.3                                2

1

2

3          I declare under penalty of perjury the foregoing is true and correct.

4

5    San Diego, California

6    Dated:  June 30, 2008                    By: _____
                                                  Frank Pace
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO
THE MOTION TO COMPEL AND CROSS-MOTION TO QUASH

1 | Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
Sarah E. Goodstine (*Admitted Pro Hac Vice*)
2 | PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
3 | New York, New York 10036
Telephone:  (212) 336-2720
4 | Facsimile:   (212) 336-2222

5 | Paul A. Tyrell (CA Bar No. 193798)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
6 | 530 B Street, Suite 2100
San Diego, CA 92101
7 | Telephone:  (619) 238-1999
Facsimile:   (619) 235-0398

8 |
9 | *Attorneys for Non-Parties General Atomics
and General Atomics Aeronautical Systems, Inc.*

10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13 |

| THEODORE AND LOIS KOZIOL | Case No.: 08-CV-947 DMS (BLM) |
| | |
| Plaintiffs, | Civ. No.: 07-3432 |
| | Eastern District of Pennsylvania |
| v. | **NON-PARTIES' NOTICE OF LODGMENT IN** |
| | **SUPPORT OF THE OPPOSITION TO THE** |
| UNITED STATES OF AMERICA, | **MOTION TO COMPEL AND IN SUPPORT OF** |
| | **THE CROSS-MOTION TO QUASH OR FOR A** |
| Defendant. | **PROTECTIVE ORDER AND SANCTIONS** |
| | |
| | Date:       August 13, 2008 |
| | Time:       1:30 p.m. |
| | Judge:      Hon. Barbara L. Major |
| | Courtroom: TBD |

22 | **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

23 | **PLEASE TAKE NOTICE** that Non-Parties General Atomics and General

24 | Atomics Aeronautical Systems, Inc. have lodged true and correct copies of the following exhibits

25 | in support of both their Opposition to Plaintiffs' Motion to Compel and their Cross-Motion to

26 | Quash or For a Protective Order and Sanctions:

27 |

28 |

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL
AND IN SUPPORT OF THE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS

1822624v.1                                          1

**A.**    E-Mail from Sarah Goodstine to Arthur Wolk, dated April 2, 2008

**B.**    Complaint filed in <u>Koziol v. United States of America</u>, Civ. No. 07-3432

(E.D. Pa.)

**C.**    Docket Report for <u>Koziol v. United States of America</u>, Civ. No. 07-3432

(E.D. Pa.)

**D.**    E-Mail from Arthur Wolk to Sarah Goodstine, dated April 4, 2008

**E.**    E-Mail from J. Daniel Holsenback to Daniel Lowenthal dated June 25, 2008

**F.**    E-Mail from Arthur Wolk to Sarah Goodstine, dated March 19, 2008

**G.**    E-Mail from Arthur Wolk to Sarah Goodstine, dated March 19, 2008

**H.**    E-Mail from Sarah Goodstine to Arthur Wolk, dated April 4, 2008

**I.**    E-Mail from J. Daniel Holsenback, to Daniel Lowenthal, dated June 24, 2008

**J.**    E-Mail from Daniel Lowenthal to J. Daniel Holsenback and Arthur Wolk,

dated June 26, 2008

**K.**    E-Mail from J. Daniel Holsenback to Daniel Lowenthal, dated June 26, 2008

**L.**    E-Mail from Daniel Lowenthal to Arthur Wolk, dated June 27, 2008

**M.**    E-Mail from Daniel Lowenthal to Arthur Wolk, dated June 26, 2008

**N.**    E-Mail from Daniel Lowenthal to Arthur Wolk, dated June 27, 2008

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL
AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS

1822624v.1                                   2

1

2

**O.**    E-Mails from Arthur Wolk, dated June 27, 2008 and June 28, 2008

3

4    **P.**    [Proposed] Protective Order

5    Respectfully Submitted,

6

Dated:  July 1, 2008    By:  ___/s/  Daniel A. Lowenthal_____

7    Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
     Sarah E. Goodstine (*Admitted Pro Hac Vice*)

8    PATTERSON BELKNAP WEBB & TYLER LLP

9    1133 Avenue of the Americas
     New York, New York 10036

10    Telephone:  (212) 336-2720
      Facsimile:   (212) 336-2222

11

12    Paul A. Tyrell (CA Bar No. 193798)
      PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

13    530 B Street, Suite 2100
      San Diego, CA 92101

14    Telephone:  (619) 238-1999
      Facsimile:   (619) 235-0398

15

16    *Attorneys for Non-Parties General Atomics and*
      *General Atomics Aeronautical Systems, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL
AND IN SUPPORT OF THE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS

1822624v.1                                        3

# EXHIBIT A

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, April 02, 2008 4:49 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena


Dear Arthur:

Further to my e-mail dated March 19, 2008, I write to update you on the timeframe within which we anticipate that we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exist for each request.

We have received documents and are well into the process of our review of the documents. We will provide you with a draft protective order to govern the production of the documents in the near future.

As we discussed previously, in an effort to facilitate the process of responding to your subpoena, we have initiated efforts to collect documents from General Atomics Aeronautical Systems, Inc. ("GA-ASI") even though the operative subpoena dated February 21, 2008 was issued to General Atomics ("GA") and is not, as a matter of law, applicable to GA-ASI. Because GA is not synonymous with GA-ASI, please serve a separate subpoena on GA-ASI, pursuant to which GA-ASI may produce documents. In an effort to avoid additional expense, we agree to accept service of the subpoena on behalf of GA-ASI.

Regards,
Sarah


**Sarah Goodstine, Esq.**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

```
-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication
(including
any attachments or enclosures) was not intended or written to be used, and
cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii)
promoting, marketing or recommending to another party any transaction or
matter addressed
in this communication.  (The foregoing disclaimer has been affixed pursuant
to U.S.
Treasury regulations governing tax practitioners.)

==========================================================================
=
```

# EXHIBIT B

MMB

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THEODORE AND LOIS KOZIOL, :
24 Seagoin Road :
Brick Town, NJ 08723 :
 :
 Plaintiffs :
 :
 :
 v. : CIVIL ACTION
 : No. ___ 07 3432
THE UNITED STATES OF AMERICA :
The Executive Office :
Office of the Legal Adviser : **FILED**
Room 5519 :
United States Department of State : AUG 1 7 2007
2201 C Street, NW :
Washington, DC 20520-6310 : MICHAEL E. KUNZ, Clerk
 : By_____Dep. Clerk
 Defendant :

## COMPLAINT FOR INJUNCTIVE RELIEF

### Parties

1. Plaintiffs, Theodore and Lois Koziol, are residents of the state of New Jersey residing at 24 Seagoin Road, Brick Town, New Jersey 08723. Plaintiffs are represented by The Wolk Law Firm, which is headquartered at 1710-12 Locust Street, Philadelphia, Pennsylvania. By and through their Philadelphia counsel, Plaintiffs submitted documents to the United States Department of State in an effort to effectuate service on the Austrian Defendant, Bombardier-Rotax GmbH, pursuant to rules governing service abroad.

2. Defendant, the United States Department of State, is an agency of the United States which has the authority to transmit a letter rogatory to the foreign officials in Austria for the purpose of effectuating service on an Austrian citizen. The Defendant agency has possession of records to which Plaintiffs seek access.

5

**Jurisdiction**

3.     This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B). Since this request was made by The Wolk Law Firm, as Plaintiffs' agent, which maintains a principal place of business in Philadelphia County, Philadelphia, venue is also appropriate to this forum pursuant to 5 U.S.C. §552(a)(4)(B).

**Nature of the Action**

4.     This is an action brought under the Freedom of Information Act, 5 U.S.C. §552 (the "Act"), as amended, to enjoin Defendant to retrieve, review, and release the documents which Plaintiffs, by and through their Philadelphia counsel, requested from the Department of State, which are within its possession and control.

**Background**

5.     Plaintiffs' Philadelphia counsel served the Defendant Department of State on April 13, 2007 a letter requesting access to certain documents under the Freedom of Information Act, 5 U.S.C. §552. (A copy of this letter is attached as Exhibit "A"). Plaintiffs' request sought records pertaining to service of process on the Austrian Defendant in the case *Koziol, et al. v. Bombardier-Rotax GmbH, Motorenfabrik, et al.*, No. 00-1938, United States District Court for the District of New Jersey, which were in the custody of the United States Embassy in Vienna, Austria.

6.     By letter dated June 15, 2007, Defendant indicated that it has received this request, and would contact Plaintiffs' counsel when the material sought had been retrieved and reviewed. However, this letter does not indicate when the FOIA request would be processed, nor does it identify any "unusual circumstances" which would prevent Defendant from processing Plaintiffs' request.

7.     Under the Freedom of Information Act, 5 U.S.C. §552(a)(6)(A)(i), Defendant shall determine whether to comply with the request, and notify the requester of the determination within twenty (20) business days from the date the request was received by the agency.

8.   Under the Act, if the agency encounters "unusual" circumstances which require an extended period of time to process the request, the agency must provide the requester with written notice "setting forth the unusual circumstances for such an extension and the date on which a determination is expected to dispatched.  No such notice shall specify a date that would result in an extension for more than ten days." 5 U.S.C. §552(a)(6)(B)(i).

9.   As of the date of the filing of this complaint, nearly two months after the statutorily mandated deadline has passed, Defendant has not processed Plaintiffs' request, indicated any unusual circumstances for the delay, or indicated a projected date when Plaintiffs' request will be processed.

10.   Section 552(a)(6)(C) of the Act states that "[a]ny person making a request to any agency for records … shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

11.   Plaintiffs have exhausted the administrative remedies provided by the Freedom of Information Act and agency regulations.

WHEREFORE, Plaintiffs pray this Court:

1.   To order Defendant to process, request, and permit Plaintiffs access to the requested documents; and

2.   To grant such other and further relief as the Court may deem just and proper.

3.   To allow the issuance of a subpoena on the Embassy of the country of Austria to obtain the responsive records.

Dated:  August 17, 2007

Arthur Alan Wolk, Esquire
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
*Attorneys for Plaintiffs*

– 3 –

-----Original Message-----
From: FOIA Request [mailto:FOIA@state.gov]
Sent: Friday, April 13, 2007 5:00 PM
To: Cheryl DeLisle
Subject: FOIA Request Letter B5142

Thank you for filing your FOIA request online on 4/13/2007.  The
process for completing your request will now begin. Here is a review of
your request.

I am willing to pay $500 for my request.

I am affiliated with a private corporation and am seeking information
for use in the company's business.

The time period of my request is from 1/1/1999 to the present.

The records I request can be described as follows:

(1)  All documents, correspondence, and any other record of a
transaction related to the service of process on the following in
relation to the case of Koziol, et al. v. Bombardier-Rotax GmbH,
Motorenfabrik, et al., No. 00-1938,  United States District Court for
the District of New Jersey:

Mr. Hans Goacin Lucai, Director
Bombardier-Rotax GmbH
Motoren Fabrik
A-4623 Gunskirchen, AUSTRIA


Bombardier-Rotax GmbH
Motoren Fabrik
A-4623 Gunskirchen, AUSTRIA



BRP-ROTAX GmbH & CO. KG, a/k/a, d/b/a, and/or
f/k/a BOMBARDIER-ROTAX GmbH & CO. KG,
BOMBARDIER-ROTAX GmbH & CO. and/or
BOMBARDIER-ROTAX GmbH, Individually,
and as a Joint Venturer,
Postfach 5, Wesler Str. 32, A-4623
Gunskirchen, Austria

(2)  All documents, correspondence, and any other record of a
transaction related to the service of process in the case of Koziol, et
al. v. Bombardier-Rotax GmbH, Motorenfabrik, et al., No. 00-1938,
United States District Court for the District of New Jersey, which was
sent to the United States Embassy in Vienna for service of process.

Arthur Alan Wolk
cheryl@airlaw.com
1710-12 Locust Street
Philadelphia
PA

```
19103
2155454220
2155455252
Reference Number: B5142
```

# EXHIBIT C

STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:07-cv-03432-MMB

KOZIOL et al v. THE UNITED STATES OF AMERICA
Assigned to: HONORABLE MICHAEL M. BAYLSON
Cause: 05:552 Freedom of Information Act

Date Filed: 08/17/2007
Jury Demand: None
Nature of Suit: 895 Freedom of Information Act
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**THOMAS KOZIOL**

represented by **ARTHUR ALAN WOLK**
WOLK & GENTER
1710-12 LOCUST ST
PHILADELPHIA, PA 19103
215-545-4220
Email: courtfilings@airlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LOIS KOZIOL**

represented by **ARTHUR ALAN WOLK**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**THE UNITED STATES OF AMERICA**

represented by **VIVECA D PARKER**
US ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
215/861-8443
Email: VIVECA.PARKER@USDOJ.GOV
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2007 | 1 | COMPLAINT against THE UNITED STATES OF AMERICA ( Filing fee $ |

| | | |
|---|---|---|
| | | 350 receipt number 941593.), filed by THOMAS KOZIOL, LOIS KOZIOL. (ti, ) Additional attachment(s) added on 8/20/2007 (ti, ). (Entered: 08/20/2007) |
| 08/17/2007 | | Summons Issued as to THE UNITED STATES OF AMERICA, One Original Given to the U.S. Attorney and Two Originals Forwarded To: Counsel on 8/20/07 (ti, ) (Entered: 08/20/2007) |
| 08/21/2007 | 2 | Acceptance of Service filed by U.S. Attorney Re: accepted summons and complaint for THE UNITED STATES OF AMERICA on 8/21/2007, answer due 10/22/2007. (mac, ) (Entered: 08/21/2007) |
| 09/04/2007 | 3 | AFFIDAVIT of Service by United States Post Office re: served Complaint upon Attorney General of the United States by Certified Mail on August 27, 2007 (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 09/04/2007 | 4 | CERTIFICATE OF SERVICE by THOMAS KOZIOL, LOIS KOZIOL re 3 Affidavit of Service (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 09/04/2007 | 5 | AFFIDAVIT of Service by United States Post Office re: served Complaint upon Legal Advisor, United States Department of State by Certified Mail on August 29, 2007 (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 09/04/2007 | 6 | CERTIFICATE OF SERVICE by THOMAS KOZIOL, LOIS KOZIOL re 5 Affidavit of Service (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 10/24/2007 | 7 | MOTION for Extension of Time to File Answer re 1 Complaint filed by THE UNITED STATES OF AMERICA.Certificate of Counsel and Certificate of Service.(PARKER, VIVECA) (Entered: 10/24/2007) |
| 10/26/2007 | 8 | ORDER THAT THE STIPULATED MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT FOR INJUNCTIVE RELIEF IS GRANTED AND THE GOVERNMENT HAS UNTIL NOVEMBER 30, 2007, IN WHICH TO RESPOND TO THE COMPLAINT. SIGNED BY JUDGE MICHAEL M. BAYLSON ON 10/26/07.10/26/07 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 10/26/2007) |
| 11/29/2007 | 9 | Joint MOTION for Extension of Time to File Answer filed by THOMAS KOZIOL, LOIS KOZIOL.. (Attachments: # 1 Certificate of Service# 2 Text of Proposed Order)(WOLK, ARTHUR) (Entered: 11/29/2007) |
| 12/13/2007 | 10 | ORDER THAT THE DEADLINE FOR DEFENDANT TO FILE A RESPONSE TO THE COMPLAINT IS EXTENDED TO MARCH 12, 2008. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 12/13/07.12/13/07 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 12/13/2007) |
| 01/30/2008 | 11 | Minute Entry for proceedings held before HONORABLE MICHAEL M. BAYLSON: Telephone Conference held on 12/12/2007 (ap, ) (Entered: 01/31/2008) |
| 03/10/2008 | 12 | Joint MOTION for Extension of Time to File Response/Reply *to Complaint* filed by THOMAS KOZIOL, LOIS KOZIOL.Motion, Proposed Order, & Certificate of Service.(WOLK, ARTHUR) (Entered: 03/10/2008) |
| | | |

| 03/13/2008 | 13 | ORDER THAT THE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO COMPLAINT IS GRANTED. THE DEADLINE FOR DEFENDANT TO FILE A RESPONSE IS APRIL 28, 2008. (RESPONSES DUE BY 4/28/2008.). SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 3/12/2008.3/13/2008 ENTERED AND COPIES E-MAILED AND FAXED.(ap, ) (Entered: 03/13/2008) |
| 04/29/2008 | 14 | ORDER THAT THE DEADLINE FOR DEFENDANT TO FILE A RESPONSE TO THE COMPLAINT IS JUNE 23, 2008. UNITED STATES OF AMERICA answer due 6/23/2008.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 4/29/2008. 4/30/2008 ENTERED AND COPIES E-MAILED AND FAXED.(ap, ) (Entered: 04/30/2008) |
| 06/09/2008 | 15 | ORDER THAT THE UNITED STATES OF AMERICA SHALL HAVE UNTIL AUGUST 22, 2008 UTO FILE ITS RESPONSE TO PLAINTIFFS' COMPLAINT. answer due 8/22/2008.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 6/9/2008. 6/10/2008 ENTERED AND COPIES E-MAILED AND FAXED.(ap, ) (Entered: 06/10/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/29/2008 11:44:30 | | | |
| PACER Login: | tc0739 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:07-cv-03432-MMB |
| Billable Pages: | 2 | Cost: | 0.16 |

# EXHIBIT D

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Friday, April 04, 2008 1:20 PM |
| **To:** | Goodstine, Sarah (x2476) |
| **Cc:** | Paul Rosen |
| **Subject:** | RE: Protective Order |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Dear Sarah,

This was not the deal and the information was also to be used in the New Jersey litigation. Kindly respond to the subpoena so we can litigate how this non trade secret information should be handled.
Sorry but I am not going to be in a position that what is produced is useless. This is misleading a court by a company that makes billions in this country and claims it does no business here. This was a simple task. Kindly respond by Monday so I can file a motion next week.
Thank you,

Arthur Wolk

---

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Friday, April 04, 2008 10:53 AM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Protective Order

Dear Arthur:

I have attached below a draft protective order which will govern the production of documents pursuant to the subpoena dated February 21, 2008 you served on General Atomics, and the subpoena you have agreed to serve (via electronic mail to us) on General Atomics Aeronautical Systems, Inc.

Please let me know if you have any questions.

Sarah

<<GA and GA-ASI Protective Order.DOC>>

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

-------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.


-------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

================================================================================

# EXHIBIT E

## Lowenthal, Daniel A. (x2720)

**From:**     Dan Holsenback [Dan@holsenbackapc.com]
**Sent:**     Wednesday, June 25, 2008 3:50 PM
**To:**       Lowenthal, Daniel A. (x2720)
**Subject:**  RE: General Atomics Discovery Issue

Dan,

Art reports that the New Jersey action is sealed and he cannot divulge the content except that it arises among other things about false statements made to courts by Rotax about its activities in the United States and a products liability action against it for a defective engine.  The defendants are Rotax, Bombardier and lawyers. Neither GA nor anyone they are owned or affiliated with by ownership or control are defendants.

Dan

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Wednesday, June 25, 2008 7:15 AM
**To:** Dan Holsenback
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: General Atomics Discovery Issue

Dan,

I plan to speak with my clients later this morning.  I'd then like to have a call with you.  Is there a time you are available for a call today after 11:00 am (SD time)/2:00 pm (NY time)?

Dan


Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

---

**From:** Dan Holsenback [mailto:Dan@holsenbackapc.com]
**Sent:** Tuesday, June 24, 2008 4:28 PM
**To:** Lowenthal, Daniel A. (x2720)

**Subject:** General Atomics Discovery Issue

Counselor,

Would an agreement to use the responsive documents only in the ED Penn action and the New Jersey action be a possible solution path for resolving the document production impasse?  (Art's 3/19/08 proposed confidentiality agreement referred more broadly to "litigation between certain parties and Bombardier-Rotax entities . . . .")

Sincerely,

J. Daniel Holsenback
HOLSENBACK APC
Attorneys at Law
625 Broadway, Suite 906
San Diego, CA 92101
o] 619.269.4634
f] 619.269.4635
www.holsenbackapc.com

-----------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

===============================================================================

# EXHIBIT F

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Wednesday, March 19, 2008 6:38 PM |
| **To:** | Goodstine, Sarah (x2476) |
| **Subject:** | RE: Koziol Subpoena |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Sarah

Thanks, working on it.

Arthur

---

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, March 19, 2008 6:27 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena

Dear Arthur:

We write to let you know the timeframe within which we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exist for each request.

We understand that GA and GA-ASI are in the process of collecting documents and we anticipate that we will be able to produce a sample of documents from the categories from which documents are available by April 5, 2008.

As stated previously, a protection order must be in place prior to production of any documents. Please provide to us a proposed draft protective order.

Sarah

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

<<Goodstine, Sarah (x2476).vcf>>

------------------------------------------------

Privileged/Confidential Information may be contained in this message. If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone. In such case, you

should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

==============================================================================

# EXHIBIT G

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Wednesday, March 19, 2008 8:45 PM |
| **To:** | Goodstine, Sarah (x2476) |
| **Subject:** | RE: Koziol Subpoena |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Dear Sarah,

See if this works for your client. It is simple but accomplishes I think what you and your client will want but let me know what additional terms are important and I will try to accommodate you.

Confidentiality Agreement

All documents produced pursuant to a subpoena issued against GA by the United States District Court for the Southern District of California and served upon responding entities GA and GA-SI shall be presumed confidential unless specifically waived in writing by the producing entity.
These documents may be used in litigation between certain parties and Bombardier-Rotax entities, Rotax entities, Kodiak Research or affiliates or subsdiaries thereof and others but only if such documents are placed in an envelope marked confidential and then supplied to the court with a request that they be treated as if produced under seal.
Copies of these documents may be provided to other litigants provided they agree with the terms of this confidentiality agreement.
Once the litigation and related actions are over and all appeals have been exhausted, these documents shall be returned to the responding parties' counsel or destroyed upon his direction.
Nothing in this agreement shall prevent recipients from utilizing the documents for all purposes permitted by the Rules of Civil Procedure of the relevant Court.
If in the event, the relevant court decides that the documents produced may not be filed under seal, nonetheless the recipients shall file such documents in an envelope as if they were and shall treat them as such to the extent practicable.
Even if the relevant court were to determine that the documents were either not worthy of protection as confidential or were compromised, they shall nonetheless be returned or destroyed at the end of proceedings as if their were under seal and confidential.
In the event copies of the produced documents are supplied to experts or other consultants, they shall be required to see this agreement and accede to its terms. At the close of proceedings experts or consultants shall return or destroy all copies of the documents as counsel for the producing entity directs.

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, March 19, 2008 6:27 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena

Dear Arthur:

We write to let you know the timeframe within which we can produce a sample of documents sufficient

to show each of the requests within your subpoena, to the extent documents exist for each request.

We understand that GA and GA-ASI are in the process of collecting documents and we anticipate that we will be able to produce a sample of documents from the categories from which documents are available by April 5, 2008.

As stated previously, a protection order must be in place prior to production of any documents. Please provide to us a proposed draft protective order.

Sarah

**Sarah Goodstine, Esq.**
**Patterson Belknap Webb & Tyler LLP**
**1133 Avenue of the Americas, NY, NY 10036**
**P: 212.336.2476**
**E: sgoodstine@pbwt.com**
**F: 212.336.7952**

<<Goodstine, Sarah (x2476).vcf>>

------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.


------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

==========================================================================

# EXHIBIT H

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Goodstine, Sarah (x2476) |
| **Sent:** | Friday, April 04, 2008 10:53 AM |
| **To:** | 'arthurwolk@airlaw.com' |
| **Cc:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | Protective Order |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Blue |
| **Attachments:** | GA and GA-ASI Protective Order.DOC |

Dear Arthur:

I have attached below a draft protective order which will govern the production of documents pursuant to the subpoena dated February 21, 2008 you served on General Atomics, and the subpoena you have agreed to serve (via electronic mail to us) on General Atomics Aeronautical Systems, Inc.

Please let me know if you have any questions.

Sarah



GA and GA-ASI
Protective Order...

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

COUNSEL LISTED ON LAST PAGE

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

|  |  |
|---|---|
| THEODORE AND LOIS KOZIOL, | ) Miscellaneous No._____ |
| | ) |
| Plaintiffs, | ) Civ. No.: 07-3432 |
| | ) Eastern District of Pennsylvania |
| v. | ) |
| | ) **JOINT MOTION FOR** |
| | ) **STIPULATED** |
| | ) **PROTECTIVE ORDER** |
| UNITED STATES OF AMERICA, | ) **REGARDING** |
| | ) **CONFIDENTIAL MATERIALS** |
| Defendant. | ) **REQUESTED BY SUBPOENA** |
| | ) **TO NON-PARTIES** |
| | ) **GENERAL ATOMICS AND** |
| | ) **GENERAL ATOMICS** |
| | ) **AERONAUTICAL SYSTEMS, INC.** |
| | ) |
| | ) Date: |
| | ) Time: |
| | ) Dept: |
| | ) Judge: |

**WHEREAS,** non-parties General Atomics ("GA") and General Atomics Aeronautical

Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the "Producing Non-

Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned <u>Koziol v. United</u>

<u>States of America</u>, Civ. No. 07-3432 (E.D. Pa.) (the "Action") believe that the information

encompassed by the subpoenas dated February 21, 2008 and [_____] issued

by Plaintiffs Koziol to GA and GA-ASI in connection with the Action (the "Subpoenas"), may

constitute trade secrets or other confidential research, development and/or proprietary

commercial information within the meaning of Rules 26 and 45 of the Federal Rules of Civil

Procedure and/or any other applicable Local Rule of the Court, GA, GA-ASI and Plaintiffs

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        1        CASE NO. 07-3432 (E.D. Pa.)
MISCELLANEOUS NO. _____

1445114v.4

Koziol, by their respective counsel, hereby agree and stipulate to the following provisions concerning the confidentiality of certain documents, information and/or testimony exchanged or obtained pursuant to the Subpoenas in the Action; and

**IT IS HEREBY ORDERED** that:

1.         This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.         All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Action, and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph [6] (the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Action.

3.         All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information, and will be deemed "Confidential" and subject to this Protective Order.

4.         All documents (including copies, portions or summaries thereof ) and physical objects produced or disclosed by any Producing Non-Party shall be deemed in their entirety to be "Confidential" and will be subject to this Protective Order without any requirement for

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        2        CASE NO. 07-3432 (E.D. Pa.)
                                                                 MISCELLANEOUS NO. _____

1445114v.4

the Producing Non-Parties to stamp or affix a specific designation to any documents or physical objects identifying such documents or physical objects as "Confidential."

5.        Testimony or information disclosed at a deposition may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.

6.        Confidential Information may be disclosed only in accordance with Paragraph [7] below, and only to the following persons:

     (a)        Counsel of record in the Action;

     (b)        The Court, Court reporters, stenographers, videographers, and/or Court personnel;

     (c)        Deponents noticed or subpoenaed in the Action, to the extent necessary to examine such deponents or to prepare them for deposition;

     (d)        Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Action; and

     (e)        Any other person to whom the Producing Non-Party agrees in writing.

7.        Any person being given access to Confidential Information shall, prior to being given such access, be advised of the terms of this Protective Order and shall thereby become subject to such terms, including, without limitation, the provision that such Confidential Information may not be disclosed to any person or in any manner other than as described

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        3        CASE NO. 07-3432 (E.D. Pa.)
                                        MISCELLANEOUS NO. _____

above, and shall be used solely for the purpose of the Action. In addition, no person described

in Paragraph [6] above may be given access to Confidential Information, until and unless such

person has executed an undertaking in the form attached as Exhibit A (the "Confidentiality

Undertaking"), which undertaking shall be obtained and maintained by the attorney of record

who provides such Confidential Information. If a party to the Action wishes to examine such a

person with respect to Confidential Information, but such person refuses to execute the

Confidentiality Undertaking, the party may not use the Confidential Information for the

examination without an Order from the Court requiring the person to treat the Confidential

Information subject to the terms of this Protective Order.

8.       Any Receiving Party who wishes to file Confidential Information with the Court

as part of any motion, paper or other filing with the Court shall move for permission to file

such documents under seal. Such motion shall accompany the filing that includes Confidential

Information. Any filing that is to be kept in whole or in part under seal pursuant to this Order

shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on

which shall be endorsed the title and docket number of this action, an identification of the

nature of the contents of the sealed envelope or container, and a statement substantially in the

following form:

> CONFIDENTIAL (OR Highly Confidential) INFORMATION SUBJECT TO
> PROTECTIVE ORDER ENTERED IN CIVIL ACTION NO.
> _____. This envelope, containing documents that are filed in this
> case by [name of person], is not to be opened nor are the contents thereof to be
> displayed or revealed except by Order of the Court.

If the Court decides that the Material may not be filed under seal, the Receiving Party shall

nonetheless file such documents in an envelope as if they were and shall treat them as such to

the extent practicable.

9.       Any Producing Non-Party may redact or excise information subject to the

attorney-client and/or work product privileges. Documents and things that have been redacted

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.       4       CASE NO. 07-3432 (E.D. Pa.)
                                                          MISCELLANEOUS NO. _____

1445114v.4

shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted. If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.      If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.      Any person who receives Confidential Information shall be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph [6] above or uses such Confidential Information for any other purpose than the Action.

12.      Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein. However, the Receiving Party using such Confidential Information must do the following:

(a)      Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and

(b)      Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.          5          CASE NO. 07-3432 (E.D. Pa.)
                                                                                          MISCELLANEOUS NO. _____

1445114v.4

Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph [8], with access thereto limited to persons entitled to access under this Protective Order.

13.     Nothing in this Protective Order in any manner:

(a)     may be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)     waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)     waives any claims or defenses that may apply; or

(d)     defines the scope of material to be produced in response to the Subpoenas.

14.     Neither the entry into this Stipulation and Protective Order nor the designation of any information, document, or the like as Confidential Information hereunder shall constitute evidence with respect to any issue in any action.

15.     If any Producing Non-Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

16.     Within sixty (60) days after the final conclusion of the Action, all documents, objects, and other materials produced or designated as Confidential Information, and all

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        6      CASE NO. 07-3432 (E.D. Pa.)
                                                          MISCELLANEOUS NO. _____

1445114v.4

reproductions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party of Confidential Information.

17.        This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court, to impose additional restrictions on the disclosure of any information or material produced.

18.        The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, partnership or individual.

19.        If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid, or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect.

20.        The provisions of this Protective Order shall continue to be binding and survive termination of the Action.

        All counsel have agreed to the form and entry of this Order.

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        7        CASE NO. 07-3432 (E.D. Pa.)
                                                            MISCELLANEOUS NO. _____

1445114v.4

1

**IT IS SO STIPULATED:**

2

3   Dated: _____    By: _____
                                    Arthur Alan Wolk
4
                                THE WOLK LAW FIRM
5                               1710-12 Locust Street
                                Philadelphia, PA 19103
6                               (215) 545-4220
                                (215) 545-5252
7                               *Attorneys for Plaintiffs Theodore and Lois Koziol*

8

9   Dated: _____    By: _____
                                    Paul A. Tyrell
10
                                PROCOPIO, CORY, HARGREAVES & SAVITCH   LLP
11                              530 B Street, Suite 2100
                                San Diego, CA 92101
12                              (619) 238-1999
                                (619) 235-0398 facsimile
13

14  Dated: _____    By: _____
                                    Daniel A. Lowenthal (*pro hac vice* admission pending)
15
                                PATTERSON BELKNAP WEBB & TYLER LLP
16                              1133 Avenue of the Americas
                                New York, New York 10036
17                              Telephone:  (212) 336-2720
                                Facsimile:  (212) 336-2222
18

19                              *Attorneys for General Atomics and General Atomics
                                Aeronautical Systems, Inc.*
20

21

22

23

24

25

26

27

28  JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
    REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
    SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
    GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.      8    CASE NO. 07-3432 (E.D. Pa.)
                                                          MISCELLANEOUS NO. _____

1445114v.4

1

**It Is So Ordered.**

2

3

4 _____        _____
  Hon.                                    Date
  Judge of the District Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
     REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
     SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
     GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.         9    CASE NO. 07-3432 (E.D. Pa.)
                                                             MISCELLANEOUS NO. _____

## EXHIBIT A TO PROTECTIVE ORDER

| | |
|---|---|
| THEODORE AND LOIS KOZIOL,       ) | Miscellaneous No._____ |
| *Plaintiffs*,      ) | |
|      ) | Civ. No. 07-3432 |
| v.      ) | Eastern District of Pennsylvania |
|      ) | |
| UNITED STATES OF AMERICA,      ) | **CONFIDENTIALITY** |
|      ) | **UNDERTAKING** |
| *Defendant*.      ) | |
|      ) | |

### CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and understand the Protective Order dated

[_____], entered by the Court on [_____], and agree to abide without

exception by its terms and conditions. I fully understand that violation of the terms of that

Protective Order by me or anyone acting under my directions may subject me to penalties. I

hereby submit to the jurisdiction of the above Court (and any Court to which appeals may be

taken with respect to proceedings in such Court) with respect to the enforcement of this

Undertaking and the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

Executed on _____

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.
                    CASE NO. 07-3432 (E.D. Pa.)
                    MISCELLANEOUS NO. _____

1445114v.4

# EXHIBIT I

## Lowenthal, Daniel A. (x2720)

**From:**    Dan Holsenback [Dan@holsenbackapc.com]
**Sent:**    Tuesday, June 24, 2008 4:28 PM
**To:**      Lowenthal, Daniel A. (x2720)
**Subject:** General Atomics Discovery Issue

Counselor,

Would an agreement to use the responsive documents only in the ED Penn action and the New Jersey action be a possible solution path for resolving the document production impasse?  (Art's 3/19/08 proposed confidentiality agreement referred more broadly to "litigation between certain parties and Bombardier-Rotax entities . . . .")

Sincerely,

J. Daniel Holsenback
HOLSENBACK APC
Attorneys at Law
625 Broadway, Suite 906
San Diego, CA 92101
o] 619.269.4634
f] 619.269.4635
www.holsenbackapc.com

# EXHIBIT J

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Thursday, June 26, 2008 12:51 PM |
| **To:** | 'dan@holsenbackapc.com' |
| **Cc:** | Goodstine, Sarah (x2476); 'arthurwolk@airlaw.com' |
| **Subject:** | Revised GA and GA-ASI Protective Order |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| | |
| **Categories:** | Filed To Worksite |
| **Attachments:** | GA and GA-ASI Protective Order.DOC |
| **File:** | -1 |
| **Move:** | -1 |
| **OptionMode:** | 1 |
| **Processed:** | 1 |

Dan,

Attached below is a revised Protective Order.  This version provides that the documents our clients produce can be used in both the Pennsylvania and New Jersey actions.  Please let us know if this addresses your clients' concerns.

I have also called and left a message for you and called Arthur Wolk as well.  I understand that Mr. Wolk is out of his office.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com



GA and GA-ASI
Protective Order...

COUNSEL LISTED ON LAST PAGE

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THEODORE AND LOIS KOZIOL, | Case No. 08-CV-947 DMS (BLM) |
| *Plaintiffs,* | Civ. No.: 07-3432 |
| | Eastern District of Pennsylvania |
| v. | **JOINT MOTION FOR STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.** |
| UNITED STATES OF AMERICA, | |
| *Defendant.* | |
| | Hon.: Barbara L. Major |
| | Date: July 15, 2008 |
| | Time: 1:30 p.m. |
| | **[FRCP 26 and 45]** |

**WHEREAS**, non-parties General Atomics ("GA") and General Atomics Aeronautical Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the "Producing Non-Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned <u>Koziol v. United States of America</u>, Civ. No. 07-3432 (E.D. Pa.) (the "Pennsylvania Action") believe that the information encompassed by the subpoenas dated February 21, 2008 and April 3, 2008 issued by Plaintiffs Koziol to GA and GA-ASI in connection with the Pennsylvania Action (the "Subpoenas"), may constitute trade secrets or other confidential research, development and/or proprietary commercial information within the meaning of Rules 26 and 45 of the Federal Rules of Civil Procedure and/or any other applicable Local Rule of the Court, GA, GA-ASI and Plaintiffs Koziol, by their respective counsel, hereby agree and stipulate to the following

provisions concerning the confidentiality of certain documents, information and/or testimony exchanged or obtained pursuant to the Subpoenas; and

**IT IS HEREBY ORDERED** that:

1.      This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.      All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned Koziol v. Bombardier Inc., et al., No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever. All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3.      All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4.      All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the

Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential."

5.        Testimony or information disclosed at a deposition may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.

6.        Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

(a)        Counsel of record in the Actions;

(b)        The Court, Court reporters, stenographers, videographers, and/or Court personnel;

(c)        Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

(d)        Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

(e)        Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

(f)        Any other person to whom the Producing Non-Party agrees in writing.

7.        Any person being given access to Confidential Information shall, prior to being given such access, be advised of the terms of this Protective Order and shall thereby become

subject to such terms, including, without limitation, the provision that such Confidential

Information may not be disclosed to any person or in any manner other than as described

above, and shall be used solely for the purpose of the Actions.  In addition, no person described

in Paragraph 6 above may be given access to Confidential Information, until and unless such

person has executed an undertaking in the form attached as <u>Exhibit A</u> (the "Confidentiality

Undertaking").  The attorney of record or person who provides access to any Confidential

Information shall obtain and maintain the executed Confidentiality Undertaking, and shall

provide copies of the executed Confidentiality Undertaking to the Producing-Non Party or

Producing Non-Parties.  If a party to the Actions wishes to examine any person with respect to

Confidential Information, but such person refuses to execute the Confidentiality Undertaking,

the party may not use the Confidential Information for the examination without an Order from

the Court requiring the person to treat the Confidential Information subject to the terms of this

Protective Order.  Once a person has been provided access to Confidential Information in

accordance with this Order, that person shall be deemed a Receiving Party.

8.       Any Receiving Party who wishes to file Confidential Information with the Court

as part of any motion, paper or other filing with the Court shall move for permission to file

such documents under seal.  Such motion shall accompany the filing that includes Confidential

Information.  Any filing that is to be kept in whole or in part under seal pursuant to this Order

shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on

which shall be endorsed the title and docket number of the Actions, an identification of the

nature of the contents of the sealed envelope or container, and a statement substantially in the

following form:

> CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER
> ENTERED IN CASE NO. 08-CV-947 DMS (BLM) (S.D. Cal.).  This
> envelope, containing documents that are filed in this case by [name of person],
> is not to be opened nor are the contents thereof to be displayed or revealed
> except by Order of the Court.

If the Court decides that the Material may not be filed under seal, the Receiving Party shall nonetheless file such documents in an envelope as if they were and shall treat them as such to the extent practicable.

9.          Any Producing Non-Party may redact or excise information subject to the attorney-client, military safety and/or work product privileges.  Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted.  If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.          If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.          Any person who receives Confidential Information shall be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions.

12.          Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein.  However, the Receiving Party using such Confidential Information must do the following:

          (a)          Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom

during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and

(b)     Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 8, with access thereto limited to persons entitled to access under this Protective Order.

13.     Nothing in this Protective Order in any manner:

(a)     May be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)     Waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)     Waives any claims or defenses that may apply; or

(d)     Defines the scope of material to be produced in response to the Subpoenas.

14.     Neither the entry into this Stipulation and Protective Order nor the designation of any information, document, or the like as Confidential Information hereunder shall constitute evidence with respect to any issue in any action.

15.     If any Producing Non-Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall immediately

gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

16.      Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all documents, objects, and other materials produced or designated as Confidential Information, and all reproductions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party of Confidential Information.

17.      This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court, to impose additional restrictions on the disclosure of any information or material produced.

18.      The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual.

19.      If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid, or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect, and the undersigned counsel agree, promptly upon the request of any Producing Non-Party, to execute a new Protective Order that is enforceable.

20.      The provisions of this Protective Order shall continue to be binding and survive termination of the Actions.

All counsel have agreed to the form and entry of this Order.

**IT IS SO STIPULATED:**

Dated: _____    By: _____
                                    Arthur Alan Wolk

                                    THE WOLK LAW FIRM
                                    1710-12 Locust Street
                                    Philadelphia, PA 19103
                                    Telephone: (215) 545-4220
                                    Facsimile: (215) 545-5252

                                By: _____
                                    J. Daniel Holsenback (SBN 145640)

                                    J. DANIEL HOLSENBACK, APC
                                    625 Broadway, Suite 906
                                    San Diego, California 92101
                                    Telephone: (619) 269-4634
                                    Facsimile: (619) 269-4635

                                *Attorneys for Plaintiffs Theodore and Lois Koziol*

Dated: _____    By: _____
                                    Daniel A. Lowenthal (Admitted *Pro Hac Vice*)

                                    PATTERSON BELKNAP WEBB & TYLER LLP
                                    1133 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone: (212) 336-2720
                                    Facsimile: (212) 336-2222

                                *Attorney for General Atomics and General Atomics
                                Aeronautical Systems, Inc.*

1    **IT IS SO ORDERED:**

2

3    _____        _____
     Hon.    Barbara L. Major                Date

4

5    United States Magistrate Judge
     United States District Court for the Southern
6    District of California

7

8    

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROTECTIVE ORDER**

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, ) | Case No. 08-CV-947 DMS (BLM) |
| ) | Southern District of California |
| *Plaintiffs,* ) | |
| ) | Civ. No.: 07-3432 |
| v. ) | Eastern District of Pennsylvania |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **CONFIDENTIALITY** |
| ) | **UNDERTAKING** |
| *Defendant.* ) | |
| ) | |
| ) | |

## CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and understand the Protective Order dated

[_____], entered by the Court on [_____], and agree to abide without

exception by its terms and conditions. I fully understand that violation of the terms of that

Protective Order by me or anyone acting under my directions may subject me to penalties. I

hereby submit to the jurisdiction of the above Court (and any Court to which appeals may be

taken with respect to proceedings in such Court) with respect to the enforcement of this

Undertaking and the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

Executed on _____

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.       CASE NO. 08-CV-947 DMS (BLM)

1445114v.5

# EXHIBIT K

## Lowenthal, Daniel A. (x2720)

**From:**     Dan Holsenback [Dan@holsenbackapc.com]
**Sent:**     Thursday, June 26, 2008 11:35 AM
**To:**       Lowenthal, Daniel A. (x2720)
**Subject:**  RE: General Atomics Discovery Issue

Art believes he cannot ask the defendants in the New Jersey Action to sign a protective agreement. My thought: his earlier offer of a confidentiality agreement between your clients and he and his might be the way to go, there.

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Wednesday, June 25, 2008 3:31 PM
**To:** Dan Holsenback
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: General Atomics Discovery Issue

Dan,

I just called you to follow-up on our settlement discussions today. I left you a detailed message and then called Arthur Wolk but did not reach him. I left him a message as well.

As you and I discussed earlier today, I think we are close to resolving the outstanding issues. We still need to hear from your side on the remaining issues we raised with you. (I had hoped that you would have had a response for me today.) In any event, it would be good if we can resolve the matter early tomorrow and notify chambers. Otherwise, Sarah and I will need to start drafting papers in opposition to your motion to compel, which are due on July 1.

Dan


Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com


**From:** Dan Holsenback [mailto:Dan@holsenbackapc.com]
**Sent:** Wednesday, June 25, 2008 3:50 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** RE: General Atomics Discovery Issue

Dan,

Art reports that the New Jersey action is sealed and he cannot divulge the content except that it arises among other things about false statements made to courts by Rotax about its activities in the United States and a products liability action against it for a defective engine.  The defendants are Rotax, Bombardier and lawyers.
Neither GA nor anyone they are owned or affiliated with by ownership or control are defendants.


Dan



**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Wednesday, June 25, 2008 7:15 AM
**To:** Dan Holsenback
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: General Atomics Discovery Issue

Dan,

I plan to speak with my clients later this morning.  I'd then like to have a call with you.  Is there a time you are available for a call today after 11:00 am (SD time)/2:00 pm (NY time)?

Dan


Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com



**From:** Dan Holsenback [mailto:Dan@holsenbackapc.com]
**Sent:** Tuesday, June 24, 2008 4:28 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** General Atomics Discovery Issue

Counselor,

Would an agreement to use the responsive documents only in the ED Penn action and the New Jersey action be a possible solution path for resolving the document production impasse?  (Art's 3/19/08 proposed confidentiality agreement referred more broadly to "litigation between certain parties and Bombardier-Rotax entities . . . .")

Sincerely,

J. Daniel Holsenback
HOLSENBACK APC
Attorneys at Law
625 Broadway, Suite 906
San Diego, CA 92101
o] 619.269.4634
f] 619.269.4635
www.holsenbackapc.com

------------------------------------------------

Privileged/Confidential Information may be contained in this message.  If you a
the addressee indicated in this message (or responsible for delivery of the mes
such person), you may not copy or deliver this message to anyone.  In such case
should destroy this message and kindly notify the sender by reply email.  Pleas
immediately if you or your employer do not consent to Internet email for messag
kind.

------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (i
any attachments or enclosures) was not intended or written to be used, and cann
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code
promoting, marketing or recommending to another party any transaction or matter
in this communication.  (The foregoing disclaimer has been affixed pursuant to
Treasury regulations governing tax practitioners.)

=============================================================================
------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

=============================================================================

# EXHIBIT L

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Friday, June 27, 2008 4:51 PM |
| **To:** | 'Arthur Alan Wolk' |
| **Cc:** | Goodstine, Sarah (x2476); dan@holsenbackapc.com |
| **Subject:** | Koziol - Joint Motion for Protective Order |
| | |
| **Attachments:** | Joint Motion for Protective Order.DOC |
| **File:** | 0 |

Arthur,

We have revised the draft Protective Order based on your comments. Our clients agree that (i) you can use the documents in both the Pennsylvania and New Jersey actions, and (ii) a written undertaking will not be required by recipients of the documents. Instead, as we both agree, the Protective Order will be provided to the recipients and violations of the Order may be punishable by contempt.

It appears that the parties are close to an agreement on the terms governing production. I suggest again that we have a call today. It should be beneficial for us to review the updated draft Protective Order together paragraph by paragraph. I also think it makes sense for us to inform the Court that we are close to agreement and thus to seek an adjournment of the briefing and hearing schedule.

Dan



Joint Motion for
Protective Or...

1

1

2   Arthur Alan Wolk
    THE WOLK LAW FIRM
3   1710-12 Locust Street
    Philadelphia, PA 19103
4   Telephone:  (215) 545-4220
    Facsimile:  (215) 545-5252
5

6   J. Daniel Holsenback (SBN 145640)
    J. DANIEL HOLSENBACK, APC
7   625 Broadway, Suite 906
    San Diego, California 92101
8   Telephone:  (619) 269-4634
    Facsimile:  (619) 269-4635
9   *Attorneys for Plaintiffs Theodore and Lois Koziol*

10
    Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
11  PATTERSON BELKNAP WEBB & TYLER LLP
    1133 Avenue of the Americas
12  New York, New York 10036
    Telephone:  (212) 336-2720
13  Facsimile:  (212) 336-2222
    *Attorney for General Atomics*
14  *and General Atomics Aeronautical Systems, Inc.*

15
                  **UNITED STATES DISTRICT COURT**
16
            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
17
    THEODORE AND LOIS KOZIOL,        ) Case No. 08-CV-947 DMS (BLM)
18                                   )
                         *Plaintiffs,*  ) Civ. No.: 07-3432
19                                   ) Eastern District of Pennsylvania
                  v.                 )
20                                   ) **JOINT MOTION FOR  ENTRY OF A**
                                     ) **PROTECTIVE ORDER**
21  UNITED STATES OF AMERICA,        ) **REGARDING CONFIDENTIAL**
                                     ) **INFORMATION REQUESTED BY**
22                       *Defendant.* ) **SUBPOENA TO NON-PARTIES**
                                     ) **GENERAL ATOMICS AND GENERAL**
23                                   ) **ATOMICS AERONAUTICAL SYSTEMS, INC.**
                                     )
24                                   )
                                     ) Hon.:  Barbara L. Major
25                                   ) Date:  July 15, 2008
                                     ) Time:  1:30 p.m.
26                                   )
27                                   ) **[FRCP 26 and 45]**

28
    JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER              CASE NO. 08-CV-047 DMS (BLM)
    REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA
    TO NON-PARTIES GENERAL ATOMICS AND
    GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.      1
    1814065v.1

**WHEREAS**, non-parties General Atomics ("GA") and General Atomics Aeronautical Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the "Producing Non-Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned Koziol v. United States of America, Civ. No. 07-3432 (E.D. Pa.) (the "Pennsylvania Action") agree that the information encompassed by the subpoenas dated February 21, 2008 and April 3, 2008 issued by Plaintiffs Koziol to GA and GA-ASI in connection with the Pennsylvania Action (the "Subpoenas"), may constitute trade secrets or other confidential research, development, financial, commercial and/or proprietary information within the meaning of Rules 26 and 45 of the Federal Rules of Civil Procedure and/or any other applicable Local Rule of the Court, GA, GA-ASI and Plaintiffs Koziol, by their respective counsel, hereby stipulate and jointly request that the Court enter a protective order which will facilitate and protect the disclosure of information.

The proposed form of Protective Order attached hereto as Exhibit A has been separately and concurrently submitted pursuant to the Court's ECF Administrative Policies and Procedures Manual § 2(h).

Dated:  June [30], 2008        By: _____
                                   Arthur Alan Wolk

                               THE WOLK LAW FIRM
                               1710-12 Locust Street
                               Philadelphia, PA 19103
                               Telephone:  (215) 545-4220
                               Facsimile:  (215) 545-5252


                               By: _____
                                   J. Daniel Holsenback (SBN 145640)

                               J. DANIEL HOLSENBACK, APC
                               625 Broadway, Suite 906
                               San Diego, California 92101
                               Telephone:  (619) 269-4634
                               Facsimile:  (619) 269-4635

                               *Attorneys for Plaintiffs Theodore and Lois Koziol*

1   Dated: _____   By: _____
                                      Daniel A. Lowenthal (Admitted *Pro Hac Vice*)

2

3                                   PATTERSON BELKNAP WEBB & TYLER LLP
                                    1133 Avenue of the Americas
4                                   New York, New York 10036
                                    Telephone:  (212) 336-2720
5                                   Facsimile:  (212) 336-2222

6
                                    *Attorney for General Atomics and General Atomics*
7                                   *Aeronautical Systems, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT A

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Arthur Alan Wolk
2    THE WOLK LAW FIRM
     1710-12 Locust Street
3    Philadelphia, PA 19103
     Telephone:  (215) 545-4220
4    Facsimile:  (215) 545-5252

5    J. Daniel Holsenback (SBN 145640)
     J. DANIEL HOLSENBACK, APC
6    625 Broadway, Suite 906
7    San Diego, California 92101
     Telephone:  (619) 269-4634
8    Facsimile:  (619) 269-4635
     *Attorneys for Plaintiffs Theodore and Lois Koziol*
9

10   Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
     PATTERSON BELKNAP WEBB & TYLER LLP
11   1133 Avenue of the Americas
     New York, New York 10036
12   Telephone:  (212) 336-2720
     Facsimile:  (212) 336-2222
13   *Attorney for General Atomics*
     *and General Atomics Aeronautical Systems, Inc.*
14

15           **UNITED STATES DISTRICT COURT**

16       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, | ) Case No. 08-CV-947 DMS (BLM) |
| | ) |
| *Plaintiffs,* | ) Civ. No.: 07-3432 |
| | ) Eastern District of Pennsylvania |
| v. | ) |
| | ) **[PROPOSED]** |
| | ) **PROTECTIVE ORDER** |
| UNITED STATES OF AMERICA, | ) **REGARDING CONFIDENTIAL** |
| | ) **INFORMATION REQUESTED BY** |
| *Defendant.* | ) **SUBPOENA TO NON-PARTIES** |
| | ) **GENERAL ATOMICS AND GENERAL** |
| | ) **ATOMICS AERONAUTICAL SYSTEMS, INC.** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1.    This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.    All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned Koziol v. Bombardier Inc., et al., No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3.    All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4.    All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential."

5.    Testimony or information disclosed at a deposition may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition

the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order. Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.

6.    Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

(a)    Counsel of record in the Actions;

(b)    The Court, Court reporters, stenographers, videographers, and/or Court personnel;

(c)    Consultants and experts in connection with the Actions, whether or not they testify at trial or otherwise;

(d)    Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

(e)    Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

(f)    Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

(g)    Any other person to whom the Producing Non-Party agrees in writing.

7.    Any person, prior to being given access to Confidential Information, shall be advised by the person disclosing such Confidential Information (a) of the terms of this Protective Order; and (b) that violation of this Protective Order my be punishable by contempt of Court. Once a person has been provided access to Confidential Information in accordance with this

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA
TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.    7
CASE NO. 08-CV-047 DMS (BLM)

1814065v.1

Order, that person shall be deemed a Receiving Party and shall thereupon become subject to the terms of this Protective Order, including, without limitation, the provision that Confidential Information may not be disclosed to any person or in any manner other than as described in Paragraph 6 above and shall be used solely for the purpose of the Actions.

8.    Any Receiving Party who wishes to file Confidential Information in the Actions as part of any motion, paper or other filing with the Court shall first move in accordance with Rule 79.2 of the Local Rules of the United States District Court for the Southern District of California and/or any other applicable rules and procedures for permission to file such documents under seal.  Any filing that is to be kept in whole or in part under seal shall be filed with the applicable Clerk's Office in a sealed envelope or other sealed container on which shall be endorsed the title and docket number of the applicable Action, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

> CONFIDENTIAL INFORMATION SUBJECT TO
> PROTECTIVE ORDER ENTERED IN CASE NO. 08-CV-
> 947 DMS (BLM) (S.D. Cal.).  This envelope, containing
> documents that are filed in this case by [name of person], is
> not to be opened nor are the contents thereof to be
> displayed or revealed except by Order of the Court.

In accordance with Local Rule 79.2 and/or any other applicable rules and procedures, all Material filed under seal in the Actions will be returned to the party submitting such Material upon entry of the final judgment or termination of the appeal, if any, unless otherwise ordered by the Court.

9.    Any Producing Non-Party may redact or excise information that is non-responsive or subject to the attorney-client, military safety and/or work product privileges. Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted.  If produced copies

have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.  If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.  Any person who receives Confidential Information may be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions.

12.  Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein.  However, the Receiving Party using such Confidential Information must do the following:

    (a)        Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and

    (b)        Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 8, with access thereto limited to persons entitled to access under this Protective Order.

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA
TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.    9

CASE NO. 08-CV-047 DMS (BLM)

1814065v.1

13.    Nothing in this Protective Order in any manner:

(a)    May be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)    Waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)    Waives any claims or defenses that may apply; or

(d)    Defines the scope of material to be produced in response to the Subpoenas.

14.    If any Producing Non-Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall within three (3) business days shall gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

15.    Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all Material produced or otherwise disclosed and all Material designated as Confidential Information, and all reproductions and transcriptions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party.

16.    This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court to impose additional restrictions on the disclosure of any information or Material.

17.    The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual.

18.    The provisions of this Protective Order will continue to be binding and survive termination of the Actions.  This Court retains jurisdiction over all affected persons with respect to any matters, claims or rights from or related to this Protective Order and the disclosure and production of Confidential Information until all Material is destroyed or returned in accordance with Paragraph 15.

19.    The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations.  This Order is without prejudice to the right to move at any time for modification of this Order or for an order to free any Confidential Information from the above restrictions upon a showing of good cause.

20.    Notices hereunder shall be made in writing by electronic and overnight mail, sent to the offices of the undersigned counsel.

**IT IS SO ORDERED:**

_____          _____
Hon.    Barbara L. Major                                    Date

United States Magistrate Judge
United States District Court for the Southern
District of California

# EXHIBIT M

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Thursday, June 26, 2008 7:52 PM |
| **To:** | 'arthurwolk@airlaw.com' |
| **Cc:** | Goodstine, Sarah (x2476); 'dan@holsenbackapc.com' |
| **Subject:** | Koziol - General Atomics |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |

| | |
|---|---|
| **Categories:** | Filed To Worksite |
| **Attachments:** | Fax-Jun-26-2008-18-52-37-12489.pdf |
| **File:** | -1 |
| **Move:** | -1 |
| **OptionMode:** | 1 |
| **Processed:** | 1 |

Arthur,

I received your fax attached to this email just before 7 pm tonight and have reviewed your comments to the proposed Protective Order. I understand that you think our proposed Protective Order is too onerous, but it also appears that you believe some revisions can help make it work. At your earliest convenience, please mark up the draft Protective Order as you think necessary. We will then continue to work to reach terms to resolve this. In the meantime, I will forward your comments to my clients, so that they are aware of how you think the draft Protective Order can be modified. Both Sarah Goodstine and I will be available this evening and throughout the day tomorrow to move this forward to resolution.

Thanks.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

| | |
|---|---|
| **From:** | UnknownFaxMachine [mailto:unknownfaxmachine] |
| **Sent:** | Thursday, June 26, 2008 6:53 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | Fax Receipt From UnknownFaxMachine on 6/26/2008 at 6:53:04 PM. |

```
*****************************************************
                INBOUND FAX NOTIFICATION
*****************************************************

You have received an inbound fax.

      Date: 6/26/2008
      Time: 6:53:04 PM

Pages rcvd: 2

Recipient's Number:  1253
```

# EXHIBIT N

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Friday, June 27, 2008 8:50 PM |
| **To:** | 'Arthur Alan Wolk' |
| **Cc:** | Goodstine, Sarah (x2476) |
| **Subject:** | Koziol - Updated Draft Protective Order |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| | |
| **Categories:** | Filed To Worksite |
| **Attachments:** | v.3 Joint Motion for Protective Order.DOC |
| **File:** | -1 |
| **Move:** | -1 |
| **OptionMode:** | 1 |
| **Processed:** | 1 |

Arthur,

Here's a new draft.  We have accepted most of your changes.  Paragraph 12(a) is still in the document because we need to review your request to delete it with our clients.

It appears that we have just that issue and perhaps one or two others to resolve.  We can reconvene on Monday morning.

Please confirm by reply email that we will jointly call the Court on Monday to adjourn the briefing schedule.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com



v.3 Joint Motion for
Protectiv...

1

1   J. Daniel Holsenback (SBN 145640)
    J. DANIEL HOLSENBACK, APC
2   625 Broadway, Suite 906
3   San Diego, California 92101
    Telephone:  (619) 269-4634
4   Facsimile:  (619) 269-4635
    *Attorneys for Plaintiffs Theodore and Lois Koziol*
5
    Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
6   PATTERSON BELKNAP WEBB & TYLER LLP
7   1133 Avenue of the Americas
    New York, New York 10036
8   Telephone:  (212) 336-2720
    Facsimile:  (212) 336-2222
9   *Attorney for General Atomics*
    *and General Atomics Aeronautical Systems, Inc.*
10

11              **UNITED STATES DISTRICT COURT**

12        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  THEODORE AND LOIS KOZIOL, | )  Case No. 08-CV-947 DMS (BLM) |
|                             | ) |
| 14             *Plaintiffs,* | )  Civ. No.: 07-3432 |
|                             | )  Eastern District of Pennsylvania |
| 15          v.              | ) |
|                             | )  **JOINT MOTION FOR  ENTRY OF A** |
| 16                          | )  **PROTECTIVE ORDER** |
|   UNITED STATES OF AMERICA, | )  **REGARDING CONFIDENTIAL** |
| 17                          | )  **INFORMATION REQUESTED BY** |
|             *Defendant.*    | )  **SUBPOENA TO NON-PARTIES** |
| 18                          | )  **GENERAL ATOMICS AND GENERAL** |
| 19                          | )  **ATOMICS AERONAUTICAL SYSTEMS, INC.** |
|                             | ) |
| 20                          | )  Hon.:  Barbara L. Major |
|                             | )  Date:  July 15, 2008 |
| 21                          | )  Time:  1:30 p.m. |
| 22                          | ) |
|                             | )  **[FRCP 26 and 45]** |

23       **WHEREAS**, non-parties General Atomics ("GA") and General Atomics

24   Aeronautical Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the

25   "Producing Non-Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned

26   Koziol v. United States of America, Civ. No. 07-3432 (E.D. Pa.) (the "Pennsylvania Action")

27   agree that the information encompassed by the subpoenas dated February 21, 2008 and April 3,

28

2008 issued by Plaintiffs Koziol to GA and GA-ASI in connection with the Pennsylvania Action

(the "Subpoenas"), may constitute trade secrets or other confidential research, development,

financial, commercial and/or proprietary information within the meaning of Rules 26 and 45 of

the Federal Rules of Civil Procedure and/or any other applicable Local Rule of the Court, GA,

GA-ASI and Plaintiffs Koziol, by their respective counsel, hereby stipulate and jointly request that

the Court enter a protective order which will facilitate and protect the disclosure of information.

The proposed form of Protective Order attached hereto as <u>Exhibit A</u> has been

separately and concurrently submitted pursuant to Rule 7.2 c. of the Local Rules of the United

States District Court for the Southern District of California and the Court's ECF Administrative

Policies and Procedures Manual § 2(h).


Dated: June [__], 2008           By: _____
                                    J. Daniel Holsenback (SBN 145640)

                                    J. DANIEL HOLSENBACK, APC
                                    625 Broadway, Suite 906
                                    San Diego, California 92101
                                    Telephone:  (619) 269-4634
                                    Facsimile:  (619) 269-4635

                                    *Attorneys for Plaintiffs Theodore and Lois Koziol*

Dated: _____           By: _____
                                    Daniel A. Lowenthal (Admitted *Pro Hac Vice*)

                                    PATTERSON BELKNAP WEBB & TYLER LLP
                                    1133 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone:  (212) 336-2720
                                    Facsimile:  (212) 336-2222

                                    *Attorney for General Atomics and General Atomics Aeronautical Systems, Inc.*

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING      CASE NO. 08-CV-047 DMS (BLM)
CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO NON-PARTIES
GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.
1814488v.2                                   2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

J. Daniel Holsenback (SBN 145640)
J. DANIEL HOLSENBACK, APC
625 Broadway, Suite 906
San Diego, California 92101
Telephone:  (619) 269-4634
Facsimile:   (619) 269-4635
*Attorneys for Plaintiffs Theodore and Lois Koziol*

Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2720
Facsimile:   (212) 336-2222
*Attorney for General Atomics
and General Atomics Aeronautical Systems, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE AND LOIS KOZIOL,<br><br>        *Plaintiffs,*<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>        *Defendant.* | ) Case No. 08-CV-947 DMS (BLM)<br>)<br>) Civ. No.: 07-3432<br>) Eastern District of Pennsylvania<br>)<br>) **[PROPOSED]**<br>) **PROTECTIVE ORDER**<br>) **REGARDING CONFIDENTIAL**<br>) **INFORMATION REQUESTED BY**<br>) **SUBPOENA TO NON-PARTIES**<br>) **GENERAL ATOMICS AND GENERAL**<br>) **ATOMICS AERONAUTICAL SYSTEMS, INC.**<br>)<br>)<br>)<br>)<br>)<br>) |

1.    This Protective Order shall govern the receipt, use and handling of all

information, including documents (including graphic and electronically stored information) that

is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in

response to the Subpoenas (the "Material").

2.      All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned <u>Koziol v. Bombardier Inc., et al.</u>, No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3.      All Material produced or disclosed by any Producing Non-Party shall be treated as consisting entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4.      All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential." All documents produced by any Producing Non-Party shall bear a Bates number for identification in a place that does not interfere with the legibility of the document.

5.      Testimony or information disclosed at a deposition of any employee of any Producing Non-Party may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order. Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and

lines of the transcript that are to be so designated.  Whether or not designation is made at the time of a deposition, all depositions of employees of the Producing Non-Parties shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.   Receiving Parties may dispute the designation of such deposition testimony as "Confidential"  by providing notice to the Producing Non-Party, and thereafter, by submitting any such dispute to this Court.

6.    Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

(a)    Counsel of record in the Actions;

(b)    The parties to the Actions;

(c)    The Court, Court reporters, stenographers, videographers, and/or Court personnel;

(d)    Consultants and experts in connection with the Actions, whether or not they testify at trial or otherwise;

(e)    Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

(f)    Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

(g)    Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

(h)    Any mediator or arbitrator presiding over the New Jersey Action;

(i)    And, upon providing notice to the Producing Non-Party, to persons ordered to be recipients by a Court presiding over the Actions or this Court; and

(j)    Any other person to whom the Producing Non-Party agrees in writing.

7.    Any person, prior to being given access to Confidential Information, shall be provided with a copy of the Protective Order by the person disclosing such Confidential

Information, and shall be advised by the disclosing person (unless it is the Court or a tribunal in the New Jersey Action being given access) that violation of this Protective Order may be punishable by contempt of Court. Once a person has been provided access to Confidential Information in accordance with this Order, that person shall be deemed a Receiving Party and shall thereupon become subject to the terms of this Protective Order, including, without limitation, the provision that Confidential Information may not be disclosed to any person or in any manner other than as described in Paragraph 6 above and shall be used solely for the purpose of the Actions.

8.      Any Receiving Party who wishes to file Confidential Information in the Actions as part of any motion, paper or other filing with the Court shall (a) move to file the Confidential Information under seal in accordance with Rule 79.2 of the Local Rules of the United States District Court for the Southern District of California and/or any other applicable rules; or (b) with respect to the New Jersey Action, file the Confidential Information in a sealed envelope and take any other action required by applicable rules to request sealing of the Confidential Information. In accordance with Local Rule 79.2 and/or any other applicable rules and procedures, all Material furnished by any Producing Non-Party filed under seal in the Actions will be returned to the person submitting such Material upon entry of the final judgment or termination of the appeal, if any, unless otherwise ordered by the Court.

9.      Any Producing Non-Party may redact or excise information that is non-responsive or subject to the attorney-client, military safety and/or attorney work product privileges. Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted. If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be made available to the Court if requested by the Court. The Receiving Party has the right to request the Court to review any redacted Material, and upon the request of the Receiving Party, the Producing Non-Party will provide the Court with the applicable redacted Material for *in camera* review.

10.    If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.    Any person who receives Confidential Information may be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions.

12.    Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein.  However, the Receiving Party using such Confidential Information must do the following:

(a)        [Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and]

(b)        Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 8, with access thereto limited to persons entitled to access under this Protective Order.

13.    Nothing in this Protective Order in any manner:

(a)     May be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)     Waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)     Waives any claims or defenses that may apply;

(d)     Defines the scope of material to be produced in response to the Subpoenas; or

(e)     Relieves any Producing Non-Party from its obligation to comply with the requirements of Rules 26 and 45 of the Federal Rules of Civil Procedure, including any obligation to produce responsive, non-privileged, relevant documents pursuant to the Subpoenas.

Disclosure of Confidential Information by a Court in any opinion or published document shall not constitute a breach or contempt of this Order by any Receiving Party or person.

14.    If any Producing Non-Party, through inadvertence, produces or discloses any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or attorney work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall within three (3) business days gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party. However, if the Receiving Party in good faith disputes the Producing Non-Party's written notice characterizing produced Material as subject to attorney-client,

attorney work product or military safety privilege, the Receiving Party and Producing Non-Party will submit the dispute to the Court.

15.    Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all Material produced or otherwise disclosed and all Material designated as Confidential Information, and all reproductions and transcriptions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party.

16.    The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual, but not a Judge or tribunal.

17.    The provisions of this Protective Order will continue to be binding and survive termination of the Actions.  This Court retains jurisdiction over all affected persons with respect to any matters, claims or rights from or related to this Protective Order and the disclosure and production of Confidential Information until all Material is destroyed or returned in accordance with Paragraph 15.

18.    The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations.  This Order is without prejudice to the right to move at any time for modification of this Order or for an order to free any Confidential Information from the above restrictions upon a showing of good cause.

19.    Notices hereunder shall be made in writing by electronic and overnight mail, sent to the offices of the undersigned counsel.

**IT IS SO ORDERED:**

_____          _____
Hon.    Barbara L. Major                                Date

United States Magistrate Judge
United States District Court for the Southern
District of California

# EXHIBIT O

## Lowenthal, Daniel A. (x2720)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Friday, June 27, 2008 9:44 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | RE: Koziol - Updated Draft Protective Order |

Dan,

You are correct that 12 (a) is a problem because if I ask the Court to do that he is going to look at me like I have two heads and I am not prejudicing my client by asking for something that is hardly called for by any documents you are likely producing.

Also the provision relating to inadvertent disclosure is important as although I think it is remote anything can happen and since there are no trade secrets, processes or other documents that will disclose the business of General Atomics I am not taking the risk that an inadvertent disclosure is seized upon for sanctions or attorneys fees especially when you are asking me to relieve you of sanctions and attorneys fees. I have a sense you will not be as generous as you are asking me to be.

None of the documents in the categories I reduced the scope to can prejudice anyone but Rotax thus much of what you are requesting is curiously for its benefit only. I am becoming increasingly concerned and am appropriately suspicious. How could a communication or confirmation of appointment with Rotax reps. for example in this country have any bearing on the business of General Atomics? So what's the concern about Dan? What's confidential here Dan? Is it because Rotax and its lawyers took affidavits and gave depositions of Rotax and Bombardier witnesses in courts all over the country saying they didn't do business in the States? Why should General Atomics be concerned about that especially since even the Air Force makes no bones about its displeasure with the Rotax engine and the fires, accidents and investigations that led to that request to General Atomics that it provide another engine choice.
Just so we understand each other Dan, I haven't been waiting for General Atomics to decide when and if and whether it would comply with the subpoena.

I believe your Confidentiality Order is not for your client's protection but for your client's vendor's protection and I will think about it this weekend whether I am interested in protecting Rotax or Bombardier from anything.
I also wish to confirm that you told me you have had no discussions with Rotax or Bombardier's counsel about these subpoenas and have not shared with them the documents or substance of them. I intend to depose them on that subject.

Thanks and I will speak to you Monday.

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]

**Sent:** Friday, June 27, 2008 5:50 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** Koziol - Updated Draft Protective Order

Arthur,

Here's a new draft. We have accepted most of your changes. Paragraph 12(a) is still in the document because we need to review your request to delete it with our clients.

It appears that we have just that issue and perhaps one or two others to resolve. We can reconvene on Monday morning.

Please confirm by reply email that we will jointly call the Court on Monday to adjourn the briefing schedule.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

<<v.3 Joint Motion for Protective Order.DOC>>

----------------------------------------------------
Privileged/Confidential Information may be contained in this message. If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

----------------------------------------------------

IRS Circular 230 disclosure: Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication. (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

====================================================================

## Lowenthal, Daniel A. (x2720)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Saturday, June 28, 2008 12:46 AM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | RE: Koziol - Updated Draft Protective Order |

Dan,

I know what I heard. I think you need to brief the Motion and we will do the same. I suspect and with good reason that you are just wasting our time our money and you intend along with your patron, Rotax to sandbag us as you have since the inception of this journey.
We can discuss what we will agree to after I see the documents.
You have wasted far more time than this deserves and I intend to request the court to award counsel fees for these two days of continued wasted effort and ask our New Jersey counsel to add this charade of Rotax as an additional act in the RICO complaint. You are completely aware of the RICO litigation including the parties and allegations and your claim you couldn't find out anything about it was false.

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Friday, June 27, 2008 8:48 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: Koziol - Updated Draft Protective Order

Arthur,

I write solely to respond to the following language in your email below:

"I also wish to confirm that you told me you have had no discussions with Rotax or Bombardier's counsel about these subpoenas and have not shared with them the documents or substance of them. I intend to depose them on that subject."

During our call late this afternoon, you asked if I had given Rotax documents. I told you that I had not. I did not tell you that I had no discussions with Rotax or Bombardier's counsel. That is not something that you and I discussed. As your local counsel knows, a lawyer for Rotax phoned us about your motion to compel and the subpoenas. Rotax's counsel said he knew about the motion because someone at Rotax had seen it on PACER.

Dan

---

**From:** Arthur Alan Wolk [mailto:ArthurWolk@airlaw.com]
**Sent:** Fri 6/27/2008 9:44 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** RE: Koziol - Updated Draft Protective Order

Dan,

You are correct that 12 (a) is a problem because if I ask the Court to do that he is going to look at me like I have two heads and I am not prejudicing my client by asking for something that is hardly called for by any documents you are likely producing.

Also the provision relating to inadvertent disclosure is important as although I think it is remote anything can happen and since there are no trade secrets, processes or other documents that will disclose the business of General Atomics I am not taking the risk that an inadvertent disclosure is seized upon for sanctions or attorneys fees especially when you are asking me to relieve you of sanctions and attorneys fees. I have a sense you will not be as generous as you are asking me to be.

None of the documents in the categories I reduced the scope to can prejudice anyone but Rotax thus much of what you are requesting is curiously for its benefit only. I am becoming increasingly concerned and am appropriately suspicious. How could a communication or confirmation of appointment with Rotax reps. for example in this country have any bearing on the business of General Atomics? So what's the concern about Dan? What's confidential here Dan? Is it because Rotax and its lawyers took affidavits and gave depositions of Rotax and Bombardier witnesses in courts all over the country saying they didn't do business in the States? Why should General Atomics be concerned about that especially since even the Air Force makes no bones about its displeasure with the Rotax engine and the fires, accidents and investigations that led to that request to General Atomics that it provide another engine choice.
Just so we understand each other Dan, I haven't been waiting for General Atomics to decide when and if and whether it would comply with the subpoena.

I believe your Confidentiality Order is not for your client's protection but for your client's vendor's protection and I will think about it this weekend whether I am interested in protecting Rotax or Bombardier from anything.
I also wish to confirm that you told me you have had no discussions with Rotax or Bombardier's counsel about these subpoenas and have not shared with them the documents or substance of them. I intend to depose them on that subject.

Thanks and I will speak to you Monday.

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Friday, June 27, 2008 5:50 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** Koziol - Updated Draft Protective Order

Arthur,

Here's a new draft. We have accepted most of your changes. Paragraph 12(a) is still in the document because we need to review your request to delete it with our clients.

It appears that we have just that issue and perhaps one or two others to resolve. We can reconvene on Monday

morning.

Please confirm by reply email that we will jointly call the Court on Monday to adjourn the briefing schedule.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

<<v.3 Joint Motion for Protective Order.DOC>>

-----------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

================================================================================
-----------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

# EXHIBIT P

1  Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   PATTERSON BELKNAP WEBB & TYLER LLP
2  1133 Avenue of the Americas
   New York, New York 10036
3  Telephone: (212) 336-2720
   Facsimile: (212) 336-2222
4
   Sarah E. Goodstine (*Admitted Pro Hac Vice*)
5  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
6  New York, New York 10036
   Telephone: (212) 336-2476
7  Facsimile: (212) 336-7952
8  Paul A. Tyrell (CA Bar No. 193798)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
9  530 B Street, Suite 2100
   San Diego, CA 92101
10 Telephone: (619) 238-1999
   Facsimile: (619) 235-0398
11
   *Attorneys for Non-Parties General Atomics*
12 *and General Atomics Aeronautical Systems, Inc.*

13                  **UNITED STATES DISTRICT COURT**

14          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15 | THEODORE AND LOIS KOZIOL          | Case No.: 08-CV-947 DMS (BLM)

16 |                Plaintiffs,         | Civ. No.: 07-3432
                                        Eastern District of Pennsylvania
17 |
   |        v.                          | **[PROPOSED] PROTECTIVE ORDER
18 |                                    | REGARDING CONFIDENTIAL MATERIALS
   | UNITED STATES OF AMERICA,          | REQUESTED BY SUBPOENA TO NON-
19 |                                    | PARTIES
   |                Defendant.          | GENERAL ATOMICS AND GENERAL
20 |                                    | ATOMICS AERONAUTICAL SYSTEMS, INC.**
21 |                                    | Date:     August 13, 2008
22 |                                    | Time:     1:30 p.m.
   |                                    | Judge:    Hon. Barbara L. Major
23 |                                    | Courtroom: TBD

24        1.      This Protective Order shall govern the receipt, use and handling of all

25 information, including documents (including graphic and electronically stored information) that is

26 produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to

27 the Subpoenas (the "Material").

28        2.      All Material produced or disclosed pursuant to the Subpoenas shall be used

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                                    1

1  solely for the purposes of the Pennsylvania Action and the action captioned <u>Koziol v. Bombardier</u>

2  <u>Inc., et al.</u>, No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together

3  with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any

4  other legal proceeding, whether in the United States or elsewhere, or make any other use of the

5  Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph 6

6  (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such

7  Receiving Parties use the Material solely with respect to the conduct of the Actions.

8         3.     All Material produced or disclosed by any Producing Non-Party shall be

9  treated as consisting entirely of "Confidential Information," which may include, but is not limited to,

10  proprietary business information, trade secrets or other confidential research, development, personal,

11  manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management,

12  operations, product analysis or commercial information.

13         4.     All documents (including copies, portions or summaries thereof) and physical

14  objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and

15  subject to this Protective Order, without any requirement for the Producing Non-Parties to stamp,

16  affix, designate or otherwise identify the documents and physical objects as "Confidential."  All

17  documents produced by any Producing Non-Party shall bear a Bates number for identification in a

18  place that does not interfere with the legibility of the document.

19         5.     Testimony or information disclosed at a deposition of any employee of any

20  Producing Non-Party may be designated by a Producing Non-Party as Confidential Information by

21  indicating on the record at the deposition the specific testimony which contains the Confidential

22  Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a

23  Producing Non-Party may designate testimony or information disclosed at a deposition as

24  Confidential Information by notifying the recipient of the Confidential Information in writing within

25  thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript

26  that are to be so designated.  Whether or not designation is made at the time of a deposition, all

27  depositions of employees of the Producing Non-Parties shall be treated as Confidential Information

28  from the time of the taking of the depositions until thirty (30) days after receipt of the deposition

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                           2

1  transcript.    Receiving Parties may dispute the designation of such deposition testimony as

2  "Confidential" by providing notice to the Producing Non-Party, and thereafter, by submitting any

3  such dispute to this Court.

4        6.    Confidential Information may be disclosed only in accordance with

5  Paragraphs 2 and 7, and only to the following persons:

6      (a)    Counsel of record in the Actions;

7      (b)    The parties to the Actions;

8      (c)    The Court, Court reporters, stenographers, videographers, and/or Court

9  personnel;

10      (d)    Consultants and experts in connection with the Actions, whether or not

11  they testify at trial or otherwise;

12      (e)    Deponents noticed or subpoenaed in the Actions, to the extent

13  necessary to examine such deponents or to prepare them for

14  deposition;

15      (f)    Witnesses who will testify at trial in the Actions, to the extent

16  necessary to examine such witnesses or prepare them for trial;

17      (g)    Independent photocopying or litigation support services employed by

18  the persons or their counsel to assist in the Actions; and

19      (h)    Any mediator or arbitrator presiding over the New Jersey Action;

20      (i)    And, upon providing notice to the Producing Non-Party, to persons

21  ordered to be recipients by a Court presiding over the Actions or this

22  Court; and

23      (j)    Any other person to whom the Producing Non-Party agrees in writing.

24        7.    Any person, prior to being given access to Confidential Information, shall be

25  provided with a copy of the Protective Order by the person disclosing such Confidential Information,

26  and shall be advised by the disclosing person (unless it is the Court or a tribunal in the New Jersey

27  Action being given access) that violation of this Protective Order may be punishable by contempt of

28  Court. Once a person has been provided access to Confidential Information in accordance with this

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                3

1   Order, that person shall be deemed a Receiving Party and shall thereupon become subject to the

2   terms of this Protective Order, including, without limitation, the provision that Confidential

3   Information may not be disclosed to any person or in any manner other than as described in

4   Paragraph 6 above and shall be used solely for the purpose of the Actions.

5           8.      Any Receiving Party who wishes to file Confidential Information in the

6   Actions as part of any motion, paper or other filing with the Court shall (a) move to file the

7   Confidential Information under seal in accordance with Rule 79.2 of the Local Rules of the United

8   States District Court for the Southern District of California and/or any other applicable rules; or

9   (b) with respect to the New Jersey Action, file the Confidential Information in a sealed envelope and

10  take any other action required by applicable rules to request sealing of the Confidential Information.

11  In accordance with Local Rule 79.2 and/or any other applicable rules and procedures, all Material

12  furnished by any Producing Non-Party filed under seal in the Actions will be returned to the person

13  submitting such Material upon entry of the final judgment or termination of the appeal, if any, unless

14  otherwise ordered by the Court.

15          9.      Any Producing Non-Party may redact or excise information that is non-

16  responsive or subject to the attorney-client, military safety and/or attorney work product privileges.

17  Documents and things that have been redacted shall bear the identification "REDACTED" in the

18  locations on the documents and things where such matter has been redacted.  If produced copies

19  have been so redacted or excised, the Producing Non-Party will maintain complete originals which

20  will be made available to the Court if requested by the Court.  The Receiving Party has the right to

21  request the Court to review any redacted Material, and upon the request of the Receiving Party, the

22  Producing Non-Party will provide the Court with the applicable redacted Material for *in camera*

23  review.

24          10.     If Confidential Information is disclosed to any person other than in the manner

25  authorized by this Order, the person responsible for the disclosure shall immediately bring all

26  pertinent facts relating to such disclosure to the attention of all counsel of record and, without

27  prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to

28  obtain the return of the disclosed Confidential Information and prevent further disclosure of such

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                                      4

1  Confidential Information.

2         11.    Any person who receives Confidential Information may be subject to

3  contempt of court and discovery sanctions (including without limitation, an award of reasonable

4  attorneys' fees) in the event that such person discloses Confidential Information to persons not

5  authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than

6  the Actions.

7         12.    Nothing in this Order shall prevent a Receiving Party from using Confidential

8  Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions

9  herein.  However, the Receiving Party using such Confidential Information must do the following:

10              (a)    Prior to the use of the Confidential Information at a trial, hearing, or

11                     the like, the Receiving Party must request the Court to close the

12                     courtroom during the presentation of any Confidential Information

13                     disclosed in such motion, hearing, or trial; and

14              (b)    Following the use of the Confidential Information at a trial, hearing, or

15                     the like, the Receiving Party must request that the portion of the

16                     proceeding where said use is made shall be designated as

17                     "Confidential Information" and that the transcript of that portion of the

18                     proceeding be maintained under seal in accordance with Paragraph 8,

19                     with access thereto limited to persons entitled to access under this

20                     Protective Order.

21         13.    Nothing in this Protective Order in any manner:

22              (a)    May be construed as an agreement or admission that any information,

23                     document or the like, designated as Confidential Information is in fact

24                     confidential or a trade secret;

25              (b)    Waives any objection to the relevancy, materiality or admissibility of

26                     any Material or any other information or document or to the

27                     applicability of the Subpoenas to any Producing Non-Party;

28              (c)    Waives any claims or defenses that may apply;

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                              5

1               (d)     Defines the scope of material to be produced in response to the

2                       Subpoenas; or

3               (e)     Relieves any Producing Non-Party from its obligation to comply with

4                       the requirements of Rules 26 and 45 of the Federal Rules of Civil

5                       Procedure, including any obligation to produce responsive,

6                       non-privileged, relevant documents pursuant to the Subpoenas.

7 Disclosure of Confidential Information by a Court in any opinion or published document shall not

8 constitute a breach or contempt of this Order by any Receiving Party or person.

9        14.    If any Producing Non-Party, through inadvertence, produces or discloses any

10 document or information that it believes is immune from discovery pursuant to the attorney-client,

11 military safety or attorney work product privileges, such production shall not be deemed a waiver of

12 any privilege, and the Producing Non-Party may give written notice to the recipient that the

13 document or information produced is deemed privileged and that return of the document or

14 information is requested.  Upon receipt of such written notice, the recipient shall within three (3)

15 business days gather the original and all copies of the document or information of which the

16 Receiving Party is aware and shall immediately return the original and all such copies to the

17 Producing Non-Party.  However, if the Receiving Party in good faith disputes the Producing Non-

18 Party's written notice characterizing produced Material as subject to attorney-client, attorney work

19 product or military safety privilege, the Receiving Party and Producing Non-Party will submit the

20 dispute to the Court.

21        15.    Within sixty (60) days after the later of the final conclusion of the

22 Pennsylvania or New Jersey Actions, all Material produced or otherwise disclosed and all Material

23 designated as Confidential Information, and all reproductions and transcriptions thereof, shall be

24 returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing

25 Non-Party.

26        16.    The term "person" or "recipient" as used in this Protective Order will be

27 interpreted broadly to include, without limitation, any corporation, company, association, partnership

28 or individual, but not a Judge or tribunal.

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1           6

17. The provisions of this Protective Order will continue to be binding and survive termination of the Actions. This Court retains jurisdiction over all affected persons with respect to any matters, claims or rights from or related to this Protective Order and the disclosure and production of Confidential Information until all Material is destroyed or returned in accordance with Paragraph 15.

18. The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations. This Order is without prejudice to the right to move at any time for modification of this Order or for an order to free any Confidential Information from the above restrictions upon a showing of good cause.

19. Notices hereunder shall be made in writing by electronic and overnight mail, sent to the offices of the undersigned counsel.

**IT IS SO ORDERED:**

_____          _____
Hon. Barbara L. Major                                    Date

United States Magistrate Judge
United States District Court for the
Southern District of California

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

*Koziol v. United States of America, et al.*
**USDC, Southern District of California, Case No. 3:08-cv-00947-DMS-BLM**

1

2

### PROOF OF SERVICE

3   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101.  On July 1, 2008, I caused to be electronically filed the within documents:

4

5   **(1)   NON-PARTIES   GENERAL   ATOMICS   AND   GENERAL   ATOMICS AERONAUTICAL SYSTEMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL; (2) DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT THE OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH; (3) DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO MOTION TO COMPEL AND THE CROSS MOTION TO QUASH; AND (4) NON-PARTIES' NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS**

6

7

8

9

10          with the Clerk of the United States District Court for the Southern District of California,

11   using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the

12   foregoing filing to the following parties and counsel of record who are registered with the Court's

13   CM/ECF System:

14          J. Daniel Holsenback, dan@holsenbackapc.com
        United States Attorneys' Office, efile.dkt.civ@usdoj.gov
15          Daniel A. Lowenthal, dalowenthal@pbwt.com
        Sarah Goodstine, sgoodstine@pbwt.com

16

17   Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic

18   service through the Court's transmission facilities.

19          I declare under the penalty of perjury under the laws of the United States of America that

20   the foregoing is true and correct and that I executed this Certificate of Service on July 1, 2008 at

21   San Diego, California.

22

23                                        /s/  Marsha Amin
                                       Marsha Amin
24

25

26

27

28

- 1 -

114388/000000/938001.01