1   Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
    Sarah E. Goodstine (*Admitted Pro Hac Vice*)
2   PATTERSON BELKNAP WEBB & TYLER LLP
    1133 Avenue of the Americas
3   New York, New York 10036
    Telephone:  (212) 336-2720
4   Facsimile:   (212) 336-2222

5   Paul A. Tyrell (CA Bar No. 193798)
    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
6   530 B Street, Suite 2100
    San Diego, CA 92101
7   Telephone:  (619) 238-1999
    Facsimile:   (619) 235-0398

8
    *Attorneys for Non-Parties General Atomics*
9   *and General Atomics Aeronautical Systems, Inc.*

10

11                       **UNITED STATES DISTRICT COURT**

12                 **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13  | | |
    |---|---|
    | THEODORE AND LOIS KOZIOL | Case No.: 08-CV-947 DMS (BLM) |
14  | | Civ. No. 07-3432 |
    | Plaintiffs, | Eastern District of Pennsylvania |
15  | v. | **NOTICE AND CROSS-MOTION** |
16  | | **TO QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO THE** |
    | UNITED STATES OF AMERICA, | **SUBPOENAS ISSUED TO NON-PARTIES** |
17  | | **GENERAL ATOMICS AND GENERAL** |
    | Defendant. | **ATOMICS AERONAUTICAL SYSTEMS, INC.** |
18  | | |
19  | | Date:      August 13, 2008 |
    | | Time:      1:30 p.m. |
20  | | Judge:     Hon. Barbara L. Major |
    | | Courtroom: TBD |
21  | | **[FRCP 26 and 45]** |

22            **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

23        **PLEASE TAKE NOTICE** that on or about August 13, 2008 at 1:30 p.m. this

24  matter may be heard in a Courtroom to be determined by the Court, located at 940 Front Street,

25  San Diego, California, 92101, Non-Parties General Atomics ("GA") and General Atomics

26  Aeronautical Systems, Inc. ("GA-ASI") will and hereby do cross-move this Court pursuant to

27  Rules 45(c)(3) and 26(c) of the Federal Rules of Civil Procedure to quash the Subpoenas Duces

28  Tecum issued by Theodore and Lois Koziol ("Plaintiffs") to GA and GA-ASI, or in the alternative

CASE NO. 08-cv-947 DMS (BLM)
NOTICE AND CROSS-MOTION TO QUASH OR ENTER A PROTECTIVE ORDER
WITH RESPECT TO THE SUBPOENAS ISSUED TO  NON-PARTIES GENERAL ATOMICS
AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1822820v.1                                    1

enter a Protective Order governing the production of documents pursuant to the Subpoenas.

This Cross-Motion is supported by a Memorandum of Points and Authorities, the Declarations of Daniel A. Lowenthal and Frank Pace, and the Notice of Lodgment, with attached exhibits, that have been filed separately with this Court.

Before filing this Cross-Motion, counsel for GA and GA-ASI attempted to resolve the matters at issue with Plaintiffs in accordance with the meet and confer requirements of Local Rule 26.1 by requesting and participating in telephone calls with Plaintiffs' counsel.

This Cross-Motion is made on the following grounds, as set out in greater detail in the supporting Memorandum of Points and Authorities:

(1)  The documents Subpoenaed are wholly irrelevant to the claims and defenses asserted by the parties to the underlying action, Koziol v. United States of America, Civ. No. 07-3432 (E.D. Pa.), and thus outside of the scope of discovery permitted by Rules 45 and 26(b)(1) of the Federal Rules of Civil Procedure;

(2)  The Subpoenas are unduly burdensome under Rule 45(c)(3) inasmuch as they seek documents irrelevant to the action underlying the Subpoenas and are an attempt to use the liberal discovery tools of the Federal Rules of Civil Procedure to obtain discovery for a State court action, Koziol v. Bombardier, Inc., No. OC-NL-2749-07 (N.J. Super. Ct. Ocean Cty.);

(3) The Court lacks subject matter jurisdiction to compel production of documents irrelevant to any federal proceeding for use in a State court proceeding and the issuance of a federal subpoena seeking documents for a State court action is void;

(4) The documents subject of the Subpoenas contain proprietary and confidential research, development, and proprietary information and warrant the entry of a Protective Order governing disclosure of their contents.

Accordingly, Non-Parties GA and GA-ASI respectfully request that this Court grant this Cross-Motion and quash the Subpoenas, or in the alterative, enter a Protective Order to protect the confidentiality of the documents subject to the Subpoenas, and grant GA and GA-ASI such other and further relief as the Court deems just and proper.

CASE NO. 08-cv-947 DMS (BLM)
NOTICE AND CROSS-MOTION TO QUASH OR IN THE ALTERNATIVE ENTER A
PROTECTIVE ORDER WITH RESPECT TO THE SUBPOENAS ISSUED TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1822820v.1                                    2

1

2

3                                     Respectfully Submitted,

4

5   Dated:  July 1, 2008              By:  ___/s/ Daniel A. Lowenthal_____
                                      Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
6                                     Sarah E. Goodstine (*Admitted Pro Hac Vice*)
                                      PATTERSON BELKNAP WEBB & TYLER LLP
7                                     1133 Avenue of the Americas
                                      New York, New York 10036
8                                     Telephone:  (212) 336-2720
                                      Facsimile:   (212) 336-2222
9
                                      Paul A. Tyrell (CA Bar No. 193798)
10                                    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
                                      530 B Street, Suite 2100
11                                    San Diego, CA 92101
                                      Telephone:  (619) 238-1999
12                                    Facsimile:   (619) 235-0398
13
                                      *Attorneys for Non-Parties General Atomics and*
14                                    *General Atomics Aeronautical Systems, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
NOTICE AND CROSS-MOTION TO QUASH OR IN THE ALTERNATIVE ENTER A
PROTECTIVE ORDER WITH RESPECT TO THE SUBPOENAS ISSUED TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1822820v.1                              3

1  Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   Sarah E. Goodstine (*Admitted Pro Hac Vice*)
2  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
3  New York, New York 10036
   Telephone:  (212) 336-2720
4  Facsimile:   (212) 336-2222

5  Paul A. Tyrell (CA Bar No. 193798)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
6  530 B Street, Suite 2100
   San Diego, CA 92101
7  Telephone:  (619) 238-1999
   Facsimile:   (619) 235-0398

8
   *Attorneys for Non-Parties General Atomics*
9  *and General Atomics Aeronautical Systems, Inc.*

10            **UNITED STATES DISTRICT COURT**

11        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12                                    Case No.: 08-CV-947 DMS (BLM)
    THEODORE AND LOIS KOZIOL
13                                    Civ. No.: 07-3432
                   Plaintiffs,        Eastern District of Pennsylvania
14
                                      **MEMORANDUM OF POINTS AND**
15       v.                           **AUTHORITIES IN SUPPORT OF**
                                      **NON-PARTIES' CROSS-MOTION TO QUASH**
16  UNITED STATES OF AMERICA,         **OR FOR A PROTECTIVE ORDER AND FOR**
                                      **SANCTIONS**
17                 Defendant.
                                      Date:        August 13, 2008
18                                    Time:        1:30 p.m.
                                      Judge:       Hon. Barbara L. Major
19                                    Courtroom: TBD

20                                    **[FRCP 26 and 45]**

21

22  I.       **PRELIMINARY STATEMENT**

23              The Federal Rules of Civil Procedure and interpretive case law preclude a party

24  from serving a subpoena for documents with no relevance to the underlying action.  The Rules and

25  the law also invalidate federal subpoenas issued to command production of documents for use in a

26  State court action because the federal court is without subject matter jurisdiction to issue such

27  subpoenas.   Plaintiffs have served Subpoenas on non-parties General Atomics ("GA") and

28  General Atomics Aeronautical Systems, Inc. ("GA-ASI," and collectively with GA, the "Non-

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                                    1

1    Parties").  The Subpoenas were issued from the above-captioned case in the United States District

2    Court for the Eastern District of Pennsylvania (the "Pennsylvania Federal Action").  The

3    Complaint in that case asserts a claim against the United States Government for allegedly failing

4    to timely respond to a Freedom of Information Act ("FOIA") request.

5            By Plaintiffs' counsel's own admission, the documents sought in the Subpoenas

6    would be "useless" in that FOIA action.  (Declaration of Daniel A. Lowenthal at ¶ 9, hereinafter

7    "Lowenthal Decl.")  Instead, Plaintiffs want to use the documents, and seek this Court's

8    jurisdiction to compel production, in a State court case pending in New Jersey.  This Court should

9    enter an order quashing the Subpoenas at issue, on the grounds that (i) they are irrelevant to, and

10   thus beyond the scope of discovery for the Pennsylvania Federal Action, and have therefore

11   caused undue burden to the Non-Parties, and (ii) the Court does not have subject matter

12   jurisdiction to order the production of documents for use in a State court action in New Jersey.

13   (See Points II.A. and B., below.)

14           In the alternative, the Court should approve and enter the protective order proposed

15   by the Non-Parties' counsel to govern the production of documents by GA-ASI.  (See Non-Parties'

16   Notice of Lodgment, Exhibit P.)  The protective order would prevent GA-ASI from harm to its

17   competitive position that would result from the unlimited dissemination of confidential

18   information contained in certain of GA-ASI's documents that are responsive to the Subpoena.

19   (See Point II.C., below.)

20           Finally, GA and GA-ASI respectfully request that the Court award as a sanction

21   against Plaintiffs the amount of GA's and GA-ASI's attorneys' fees and costs incurred in

22   responding to Plaintiffs' Motion to Compel and the present Cross-Motion to Quash.  (See Point

23   II.D., below.)

24   **II.    LEGAL ARGUMENT**

25           A court must quash or modify a subpoena that subjects a person to undue burden.

26   Fed. R. Civ. P. 45(c)(3)(A)(iv).  This Court has held that "a subpoena is unduly burdensome where

27   it seeks to compel production of documents regarding topics unrelated to or beyond the scope of

28   the litigation."  Anderson v. Abercrombie & Fitch Stores, Inc., No. 06CV991-WQH (BLM), 2007

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                          2

1  WL 1994059, at \*2 (S.D. Cal. July 2, 2007) (Major, J.) (citing Mattel, Inc. v. Walking Mountain

2  Prods., 353 F.3d 792, 813-14 (9th Cir. 2003)).  See also Vol. 9A CHARLES ALAN WRIGHT &

3  ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008) (citing Wood v.

4  Vista Manor Nursing Center, No. C06-01682, JWPVJ, 2007 WL 832933 (N.D. Cal. Mar. 16,

5  2007)).

### A. Plaintiffs' Subpoenas Seek Documents By Admission Irrelevant To The Action Underlying Such Subpoenas And Must Be Quashed Pursuant To Rule 45(C)(3).

8  In the interest of judicial economy, the Non-Parties incorporate by reference the

9  legal and factual argument on this point set forth at pages 6 to 8 of their Opposition to Plaintiffs'

10  Motion to Compel.  The Pennsylvania Federal Action involves a claim under the FOIA, 5 U.S.C.

11  § 552.  Plaintiffs' counsel admitted in an e-mail to Non-Parties' counsel and conceded on a call

12  with this Court that the Non-Parties' documents responsive to the Subpoenas would be "useless" to

13  that action.  (Lowenthal Decl. at ¶ 9.)  The Non-Parties submit that the undue burden placed on

14  them by Plaintiffs' request for information with no relevance to the underlying action is sufficient

15  grounds to quash the Subpoenas.  See, e.g., Anderson, 2007 WL 1994059, at \*2.

### B. The Subpoenas Command Production Of Documents For An Underlying State Court Action, And Are Thus Invalidly Issued Without The Subject Matter Jurisdiction Of This Court.

18  Further in the interest of judicial economy, the Non-Parties incorporate by

19  reference the legal and factual argument on this point set forth at pages 8 to 9 of their Opposition

20  to Plaintiffs' Motion to Compel.  Plaintiffs seek documents from the Non-Parties to use in an

21  action pending in State court in New Jersey, Koziol v. Bombardier, Inc, No. OC-NL-2749-07 (N.J.

22  Super. Ocean Cty.).  However, the Subpoenas were issued in the Pennsylvania Federal Action.

23  Plaintiffs' effort to secure documents in that FOIA action where, as Plaintiffs admit, the documents

24  would be "useless," for use in a New Jersey State case is jurisdictionally defective.  This Court

25  should quash the Subpoenas in these circumstances.

### C. The Documents Commanded For Production By The Subpoena Contain Confidential And Proprietary Information And Warrant The Entry Of A Protective Order To Limit Their Disclosure.

28  If, however, the Court concludes that documents requested pursuant to Plaintiffs'

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                                      3

1    Subpoenas should be produced, then the confidential information contained in the documents

2    warrants protection by order of court under the Federal Rules of Civil Procedure.  Under Federal

3    Rules 26(c)(1)(G) and 45(c)(3), the Court may grant a protective order upon a showing of good

4    cause by "requiring that a trade secret or other confidential research, development, or commercial

5    information not be revealed or be revealed only in a specific way."  Fed. R. Civ. P. 26(c)(1)(G).

6             In Phillips ex rel. v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2003),

7    the Ninth Circuit Court of Appeals held that "the law . . . gives district courts broad latitude to

8    grant protective orders to prevent disclosure of materials for many types of information, *including*

9    *but not limited to,* trade secrets or other confidential research, development, or commercial

10   information."  (emphasis in original).  Further, it is now well-settled that it is for "the trial court to

11   decide when a protective order is appropriate and what degree of protection is required."

12   American Heavy Moving & Rigging Co. v. Robb Techs., L.L.C., No. 2:04-CV-00933-JDM

13   (GWF), 2006 WL 2085407, at *3 (D. Nev. July 25, 2006).  As the court found in Wood v. Vista

14   Manor Nursing Center, 2007 WL 832933, at *3 (N.D. Cal. Mar. 16, 2007) (citing Compaq

15   Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335 (N.D. Cal. 1995)),

16   consideration of the confidential nature of the information within Non-Parties' documents is

17   counseled by the "relevance of the subpoenaed information," which "has an important bearing

18   upon the determination of a claim that a subpoena duces tecum is unreasonable or oppressive, as

19   well as to a claim of confidentiality for the material sought to be produced . . . ."  A protective

20   order restricting the use of any discovery to the underlying lawsuit is also appropriate if "the

21   federal action had been brought chiefly for the purpose of exploiting liberal discovery devices

22   available in federal civil actions."  WILLIAM M. SCHWARZER, ET AL., RUTTER GROUP PRACTICE

23   GUIDE:  FEDERAL CIVIL PROCEDURE BEFORE TRIAL, 11(III)-C (9th ed. 2008) at ¶ 11:1125 (citing

24   Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)).

25             A protective order should be issued before GA-ASI produces documents to

26   Plaintiffs.  GA-ASI is a leading manufacturer of unmanned aircraft systems and high resolution

27   surveillance and radar imaging systems.  (Declaration of Frank Pace at ¶2, hereinafter "Pace

28   Decl.".)  The company provides comprehensive solutions for military and commercial applications

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                                              4

worldwide. Id. Plaintiffs have subpoenaed documents relating to malfunctions, reports of

accident investigations, and repair of the Rotax engines within certain of GA-ASI's aircraft. (Pl.'s

Not. of Lodgment at Exhibits A and G.) These documents contain non-conformity and variation

reports, engineering schematics, and source control drawings related to redesign and re-

engineering of aircraft engines and other components, and test designs and results data relating to

hypotheses for repair and redesign of the aircraft. (Pace Decl. at ¶ 5.) This is confidential

research and development and proprietary data. Id. at ¶ 4. These documents, like manufacturing

processes, see, e.g., DDS, Inc. v. Lucas Aerospace Power Transmission Corp., 182 F.R.D. 1, 5

(N.D.N.Y. 1998) (manufacturing process for production of pivoting device for mechanical

assemblies was a trade secret for discovery purposes), source codes (see, e.g., Dynamic

Microprocessor Assoc. v. EKD Computer Sales, 919 F. Supp. 101, 106 (E.D.N.Y. 1996), and

practice manuals detailing operations procedures (see e.g., Gohler v. Wood, 162 F.R.D. 691 (D.

Utah 1995)), enable GA-ASI to position itself in the marketplace. (Pace Decl. at ¶ 6.) GA-ASI

has invested significant resources in order to develop the processes and designs contained in the

documents, and unlimited disclosure of such information would offer competitors a free window

into the heart of GA-ASI's technological and mechanical capabilities. Id. For this reason, GA-

ASI operates a secured facility where only employees and authorized visitors are admitted, stores

confidential documents in a locked file, and includes a "Proprietary" legend on many of its

documents. (Pace Decl. at ¶ 7.)

Having shown good cause for protection, under Rule 26(c)(1)(G), the Court should

enter a protective order that limits the dissemination of GA-ASI's confidential information, as

proposed by GA-ASI, to disclosure solely for the purposes of the Pennsylvania Federal Action and

the New Jersey State action. A copy of the most recent version of the Protective Order discussed

by counsel for the parties is annexed to Non-Parties' Notice of Lodgment as Exhibit P.  The Non-

Parties respectfully request that the Court approve and enter that Protective Order before the Non-

Parties are to produce documents to plaintiffs.

**D.    Non-Parties Are Entitled To Sanctions For Plaintiffs' Blatant Imposition Of Undue Burden On The Non-Parties, And The Court Is Empowered By Federal Rule 45(C)(1) To Award Such Sanctions.**

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                    5

1    Rule 45(c)(1) states that an attorney responsible for issuing and serving a subpoena

2  has a "duty" to take reasonable steps to avoid imposing undue burden on a non-party.  The Rule

3  provides that an "issuing court must enforce this duty and impose an appropriate sanction. . . " for

4  its violation.  Fed. R. Civ. P. 45(c)(1).  In Watson v. State of Montana, No. CV-04-16-H-CSO,

5  2006 WL 2095420, at *2 (D. Mont. July 26, 2006) (citing Productos Mistolin, S.A. v. Mosquera,

6  141 F.R.D. 226, 228 (D.P.R. 1992));  Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374,

7  380 n. 9 (W.D. Pa. 2005)), the Court recognized that because an attorney is authorized to issue a

8  subpoena without court intervention, "an attorney also has an 'increased responsibility and liability

9  for the misuse of this power.'"

10    Plaintiffs' attorneys have misused this power.  They:

11    1.    Issued Subpoenas in a case where the requested documents would be, by their

12        own admission, "useless."  (Lowenthal Decl. at ¶ 9.)

13    2.    Invoked the jurisdiction of two Federal courts – this Court and the United

14        States District Court for the Eastern District of Pennsylvania – to obtain

15        documents for a case in State court in New Jersey.  Id. at ¶ 10.

16    3.    Rejected a reasonably-tailored protective order proposed by the Non-Parties

17        following service of the Subpoenas and thus forced the Non-Parties to spend

18        significant time and money responding to a Motion to Compel that never

19        should have been filed.  Id. at ¶¶ 25, 27.

20    4.    After the Motion to Compel was filed, agreed to use a protective order and

21        negotiated its terms with the Non-Parties' counsel through Friday night, June

22        27, 2008 close to 9:00 p.m., and then, with just three issues unresolved and the

23        Non-Parties' counsel needing to review one of those issues with GA-ASI,

24        informed the Non-Parties' counsel by email at 12:46 a.m. on June 28, 2008,

25        that the Non-Parties would have to file a brief opposing the Motion to

26        Compel.  Id.

27    The conduct by Plaintiffs' attorneys has been counterproductive to their own ends,

28  and has caused the Non-Parties significant expense.  Therefore, the Non-Parties respectfully

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                                    6

1  request that, pursuant to Rule 45(c)(1), the Court grant an award of attorneys' fees generated in

2  connection with this Cross-Motion and the Opposition to Plaintiffs' Motion to Compel, as well as

3  an award of costs.

4  **III.     CONCLUSION**

5          The right to discovery by virtue of Rule 45 is not unlimited.  The requirement of

6  the Federal Rules that a subpoena seek evidence *relevant* to claims and defenses is a clear

7  counterbalance to the rights of access provided to litigants, and it is critical to protect the

8  exploitation of the property of persons having no involvement in an underlying litigation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                                    7

GA and GA-ASI respectfully request that the Court quash the Subpoenas on the grounds that their issuance is null and void due to the defect in subject matter jurisdiction and that the subject of the Subpoenas is irrelevant to the underlying action, or in the alternative, that the Court order that the protections negotiated almost in full and memorialized in the proposed Protective Order be instated, and in both alternatives, that the Court award sanctions against Plaintiffs under Rule 45(c)(1).

Respectfully Submitted,

Dated:  July 1, 2008          By: ___/s/ Daniel A. Lowenthal_____
                              Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
                              Sarah E. Goodstine (*Admitted Pro Hac Vice*)
                              PATTERSON BELKNAP WEBB & TYLER LLP
                              1133 Avenue of the Americas
                              New York, New York 10036
                              Telephone:  (212) 336-2720
                              Facsimile:  (212) 336-2222

                              Paul A. Tyrell (CA Bar No. 193798)
                              PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
                              530 B Street, Suite 2100
                              San Diego, CA 92101
                              Telephone:  (619) 238-1999
                              Facsimile:   (619) 235-0398

                              *Attorneys for Non-Parties General Atomics and*
                              *General Atomics Aeronautical Systems, Inc.*

CASE NO. 08-cv-947 DMS (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS

1822657v.1                              8

1 | Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
Sarah E. Goodstine (*Admitted Pro Hac Vice*)
2 | PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
3 | New York, New York 10036
Telephone: (212) 336-2720
4 | Facsimile: (212) 336-2222

5 | Paul A. Tyrell (CA Bar No. 193798)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
6 | 530 B Street, Suite 2100
San Diego, CA 92101
7 | Telephone: (619) 238-1999
Facsimile: (619) 235-0398

8 |

9 | *Attorneys for Non-Parties General Atomics*
*and General Atomics Aeronautical Systems, Inc.*

10 | **UNITED STATES DISTRICT COURT**

11 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12 | Case No.: 08-CV-947 DMS (BLM)

THEODORE AND LOIS KOZIOL

13 | Civ. No.: 07-3432
Eastern District of Pennsylvania

Plaintiffs,

14 |

15 | v. | **DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT THE OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH**

16 | UNITED STATES OF AMERICA,

17 | Defendant.

18 | Date: August 13, 2008
Time: 1:30 p.m.
19 | Judge: Hon. Barbara L. Major
Courtroom: TBD

20 |

21 | I, Daniel A. Lowenthal, declare:

22 | 1. I am an attorney licensed to practice in the State of New York and before the

23 | United States District Court for the Southern District of New York, and a partner in the law firm

Patterson Belknap Webb & Tyler LLP.

24 |

25 | 2. I am counsel *pro hac vice* representing Non-Parties General Atomics ("GA")

and General Atomics Aeronautical Systems, Inc. ("GA-ASI"), in this action.

26 |

27 | 3. Plaintiffs' attorney, Arthur Alan Wolk, issued a subpoena to GA, dated

February 21, 2008, under the action captioned <u>Koziol v. United States of America</u>, (Civ. No.
28 | 07-3432) (the "Pennsylvania Federal Action").

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS- MOTION TO QUASH

1822617v.1                                    1

1    4.    On March 5, 2008, I contacted Mr. Wolk to begin discussions about the scope

2    of the Subpoena and the timing for response.  During this telephone call, I volunteered to Mr. Wolk

3    that he had subpoenaed to the incorrect company.  I told him that General Atomics Aeronautical

4    Systems, Inc. ("GA-ASI") was the entity to which he should direct his Subpoena, and subsequently,

5    I, and my associate, Sarah Goodstine, offered to accept service on behalf of GA-ASI in order to save

6    Plaintiffs time and expense.  (See Non-Parties' Notice of Lodgment at Exhibit A.)

7    5.    Plaintiffs declined my offer to accept service of a subpoena addressed to

8    GA-ASI, and instead Plaintiffs served a Subpoena, dated April 3, 2008, directly on GA-ASI.

9    6.    Plaintiffs initiated the Pennsylvania Federal Action on August 17, 2007.  The

10   Complaint is made under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Plaintiffs

11   allege that the United States Government failed to timely respond to Plaintiffs' FOIA request, and

12   seek an order directing the Government to respond to the FOIA request.  (See Non-Parties' Notice of

13   Lodgment at Exhibit B.)

14   7.    Upon information and belief, Plaintiffs have adjourned the Government's

15   deadline to answer the Complaint in the Pennsylvania Federal Action four times.  To date, no answer

16   has been filed.  (See Non-Parties' Notice of Lodgment at Exhibit C.)

17   8.    At no time has Plaintiffs' counsel explained to me or to Ms. Goodstine how

18   the documents requested under the Subpoena are relevant to the Pennsylvania Federal Action.

19   9.    During a June 11, 2008 call with this Court and in an e-mail, Plaintiffs'

20   counsel has stated that the subpoenaed documents are "useless" to the Pennsylvania Federal Action.

21   (See Non-Parties' Notice of Lodgment at Exhibit D.)

22   10.    Plaintiffs' counsel has stated that the subpoenaed documents are important to a

23   sealed action in New Jersey State court.  Until Plaintiffs identified the docket number of the New

24   Jersey action in their present Motion papers, namely Koziol v. Bombardier, Inc., No. OC-NL-2749-

25   07 (N.J. Super. Court Ocean County), the Non-Parties were not aware of the name of the case, the

26   index number, or that the action is pending in State court in New Jersey.

27   11.    A member of the Patterson Belknap Webb & Tyler managing clerk's office

28   contacted the New Jersey Superior Court to obtain further information about the New Jersey State

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH

1   action.  The Non-Parties were not able to discover further information about the New Jersey State

2   action because it is sealed.

3       12.     Before the Motion to Compel was filed, Mr. Wolk told me that the New

4   Jersey State action involved "RICO" claims against a company called Rotax for conspiring to hide

5   business activities in the United States in order to avoid jurisdiction.  Mr. Holsenback also recently

6   informed me that the case also included products liability claims and that Bombardier and certain

7   lawyers are defendants in the case.  (See Non-Parties' Notice of Lodgment at Exhibit E.)

8       13.     On March 19, 2008, Ms. Goodstine requested that Mr. Wolk provide us with a

9   draft protective order.  Mr. Wolk agreed both to draft such an order, and that any production of

10  documents by Non-Parties GA and GA-ASI would be made pursuant to a blanket protective order.

11  (See Non-Parties' Notice of Lodgment at Exhibit F.)

12      14.     At 8:45 p.m. on March 19, 2008, Mr. Wolk sent Ms. Goodstine a draft blanket

13  confidentiality agreement, not an order to be approved by the Court.  (See Non-Parties' Notice of

14  Lodgment at Exhibit G.)

15      15.     Plaintiffs' local counsel, J. Daniel Holsenback, attached to Plaintiffs' Notice of

16  Lodgment as Exhibit E an e-mail supposedly sent by attorney Wolk to Ms. Goodstine at 10:16 p.m.

17  on March 19, 2008, explaining his reasons for sending a confidentiality agreement rather than a

18  protective order.  Upon close examination, it is apparent from the header of that e-mail that Mr.

19  Wolk sent this e-mail to himself and not to Ms. Goodstine.  Neither Ms. Goodstine nor I received the

20  e-mail attached as Exhibit E to Plaintiffs' Notice of Lodgment.

21      16.     In response to the confidentiality agreement, Non-Parties drafted a proposed

22  protective order.  The first draft of the protective order restricted use of produced documents to the

23  action under which the documents were subpoenaed, the Pennsylvania Federal Action.  (See

24  Non-Parties' Notice of Lodgment at Exhibit H.)

25      17.     Attorney Wolk responded that the proposed protective order was unacceptable

26  because he required the documents for the New Jersey State case.  Attorney Wolk declined to make

27  a counterproposal, and unilaterally cut off negotiations.  (See Non-Parties' Notice of Lodgment at

28  Exhibit D.)

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH

1822617v.1                                    3

1    18.    Almost two months after unilaterally ending discussions, Plaintiffs counsel

2  filed the present Motion to Compel without requesting to meet and confer.

3    19.    Throughout the negotiation process, Ms. Goodstine and I worked with GA

4  and GA-ASI to search for and collect responsive documents to the Subpoenas.  GA has informed us

5  that it has no responsive documents.  GA-ASI has provided us with three boxes of documents.

6    20.    On June 24, 2008, Mr. Holsenback sent me an e-mail asking whether the Non-

7  Parties would agree to permit Plaintiffs to use the subpoenaed documents just in the Pennsylvania

8  Federal Action and in the New Jersey State case.  (<u>See</u> Non-Parties' Notice of Lodgment at

9  <u>Exhibit I</u>.)

10    21.    After communicating with my clients, on June 25, 2008, I telephoned Mr.

11  Holsenback and told him that GA-ASI would agree to permit Plaintiffs to use the documents in the

12  New Jersey State case.  Ms. Goodstine and I revised the draft protective order to permit such use,

13  and on June 26, 2008, we e-mailed the new draft to Attorneys Holsenback and Wolk.  (<u>See</u> Non-

14  Parties' Notice of Lodgment at <u>Exhibit J</u>.)

15    22.    Mr. Holsenback informed us that Mr. Wolk still rejected the draft protective

16  order because it contained a one-page confidentiality undertaking to be signed by recipients of

17  confidential information.   According to Mr. Holsenback, Mr. Wolk believed he could not ask his

18  opponents in the New Jersey State case to sign such an undertaking.  (<u>See</u> Non-Parties' Notice of

19  Lodgment at <u>Exhibit K</u>.)

20    23.    On June 27, 2008, GA-ASI agreed to remove the requirement for a

21  confidentiality undertaking from the draft protective order, and I e-mailed an updated draft of the

22  order to Mr. Wolk.  I telephoned Mr. Wolk shortly thereafter to confirm that we had addressed his

23  concerns in full.  I informed him I thought we could reach agreement and produce documents to him

24  following the entry of a protective order and the normal Bates stamping and production procedures.

25  (<u>See</u> Non-Parties' Notice of Lodgment at <u>Exhibit L</u>.)

26    24.    At the outset of the telephone call Mr. Wolk characterized the protective order

27  as "onerous" and said we would have to litigate.  I remained steadfastly fixed on finding a resolution

28  to the dispute and insisted that Mr. Wolk walk through the draft protective order with Ms. Goodstine

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH

1822617v.1                                            4

1   and me paragraph by paragraph.  (See Non-Parties' Notice of Lodgment at Exhibit M.)

2          25.    Between 5:30 p.m. and almost 9:00 p.m. on Friday, June 27, 2008,

3   Ms. Goodstine and I walked through each paragraph of the draft protective order with Mr. Wolk and

4   edited the order according to Mr. Wolk's requests.  As of 9:00 p.m., three issues remained:

5   (1) Mr. Wolk requested to insert a provision that excuses him and other parties from breach of the

6   protective order if he or they use the information in a brief or in a filing without "trying" to breach

7   the protective order.  He explained that "sometimes people in [his] office screw things up."

8   (2) Mr. Wolk requested to strike a provision that requires a party wishing to use confidential

9   information in a courtroom to request that the courtroom be closed during such use (this provision

10  provides that if the court refuses, that party may nevertheless proceed).  (3) Mr. Wolk requested

11  provisions that would enable the New Jersey State Court to overrule or disregard the protective

12  order.

13         26.    With respect to the second request, I told Mr. Wolk that I would have to speak

14  to my clients.  However, I suggested to Mr. Wolk that we were almost at resolution, and that we

15  jointly call the Court to adjourn the briefing schedule, to avoid further expense and delay.  After

16  more than three long hours of work to find a resolution, I sent Mr. Wolk another revised draft of the

17  protective order.  I noted in an e-mail that the parties almost had an agreement and that we could

18  continue our discussion on Monday, June 30.  (See Non-Parties' Notice of Lodgment at Exhibit N.)

19         27.    In response, Mr. Wolk sent me e-mails that contained, among other things,

20  unfounded accusations that I and the Non-Parties were attempting to "sandbag" Plaintiffs, and

21  claimed he was "suspicious" about my clients' relationship with the defendants in the New Jersey

22  State case.  With respect to the provision that required a party to request to seal a courtroom before

23  using GA-ASI confidential information, Mr. Wolk explained that "if I ask the Court to do that he is

24  going to look at me like I have two heads. . . ."  In an e-mail received at 12:46 a.m. on June 28, 2008,

25  Mr. Wolk discontinued negotiations and told us to "brief the Motion".  (See Non-Parties' Notice of

26  Lodgment at Exhibit O.)

27         28.    During the telephone call described in paragraphs 23-27 above, Mr. Wolk

28  asked me if I had provided any documents responsive to his Subpoenas to defense counsel in the

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH

1    New Jersey State case.  I informed him that I had not done so.

2              29.     On June 12, 2008, William Gibson, counsel for Rotax in the New Jersey

3    action, telephoned Ms. Goodstine.  Ms. Goodstine and I spoke to Mr. Gibson on June 16, 2008.

4    During that conversation, Mr. Gibson informed us that his client's in-house counsel had come across

5    Plaintiffs' Motion in this Court on PACER.  Mr. Gibson did not ask for documents, and we did not

6    give GA-ASI documents to him or anyone else involved in the New Jersey State action.  We have

7    not spoken with Mr. Gibson again.  I informed Mr. Holsenback of this conversation on June 25,

8    2008.

9              30.     I certify that in accordance with Local Rule 26.1, on behalf of GA and GA-

10   ASI, I called Plaintiffs' counsel several times during the week of June 22, 2008 to meet and confer

11   come to a resolution of the issues in dispute without resorting to filing an Opposition to the Motion

12   to Compel and a Cross-Motion to Quash or Enter a Protective Order.  As noted above, on Saturday

13   morning, June 28, 2008, Plaintiffs counsel said we would have to brief the issues.  Even so, I again

14   called Plaintiffs' counsel today to meet and confer and left messages, but have not heard back from

15   Plaintiffs' counsel.

16

17              I declare under penalty of perjury under the laws of the United States of America

18   that the foregoing is true and correct.

19

20   New York, New York                    By:    /s/ Daniel A. Lowenthal

21   Dated:  July 1, 2008                          Daniel A. Lowenthal

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT OF THE OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH

1822617v.1                             6

1  Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   PATTERSON BELKNAP WEBB & TYLER LLP
2  1133 Avenue of the Americas
   New York, New York 10036
3  Telephone:  (212) 336-2720
   Facsimile:   (212) 336-2222
4
   Sarah E. Goodstine (*Admitted Pro Hac Vice*)
5  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
6  New York, New York 10036
   Telephone:  (212) 336-2476
7  Facsimile:   (212) 336-7952
8  Paul A. Tyrell (CA Bar No. 193798)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
9  530 B Street, Suite 2100
   San Diego, CA 92101
10 Telephone:  (619) 238-1999
   Facsimile:   (619) 235-0398
11
   *Attorneys for Non-Parties General Atomics*
12 *and General Atomics Aeronautical Systems, Inc.*

13                    **UNITED STATES DISTRICT COURT**

14            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  THEODORE AND LOIS KOZIOL | Case No.: 08-CV-947 DMS (BLM) |
| 16              Plaintiffs, | Civ. No.: 07-3432 |
| 17 | Eastern District of Pennsylvania |
|     v. | **DECLARATION OF FRANK PACE IN** |
| 18 | **SUPPORT OF BOTH THE OPPOSITION TO** |
|     UNITED STATES OF AMERICA, | **THE MOTION TO COMPEL AND THE** |
| 19 | **CROSS-MOTION TO QUASH** |
| 20              Defendant. | Date:     August 13, 2008 |
| 21 | Time:     1:30 p.m. |
| | Judge:    Hon. Barbara L. Major |
| 22 | Courtroom:  TBD |

23            I, Frank Pace, declare:

24            1.      I am the Executive Vice President of General Atomics Aeronautical Systems,

25  Inc. ("GA-ASI")

26            2.      GA-ASI is a leading manufacturer of unmanned aircraft systems (UAVs) and

27  high resolution surveillance and radar imaging systems, including the Predator® UAV series and the

28  Lynx® SAR/GMTI sensor systems.  The company provides comprehensive solutions for military

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO
THE MOTION TO COMPEL AND CROSS-MOTION TO QUASH

1815022v.3                              1

1   and commercial applications worldwide.

2      3.     I directed the document collection by GA-ASI pursuant to the April 3, 2008

3   Subpoena issued by Arthur Wolk and Plaintiffs Theodore and Lois Koziol.

4      4.     The documents I and my colleagues collected in response to the Subpoena

5   contain confidential research and development and proprietary information that would cause harm to

6   GA-ASI's competitive position, if disclosed.

7      5.     The documents GA-ASI has collected in response to the Subpoena contain the

8   following types of confidential research and development and proprietary information: (1)

9   hypotheses for mechanical failures, test designs, test data, and test results; (2) reports of non-

10   conformities in aircraft and aircraft engines; (3) reports of variations in mechanical design and

11   performance of aircraft; (4) engineering schematics and source control drawings, authored by

12   employees of GA-ASI, that contain custom design changes to be made to aircraft engines with

13   respect to variations based on test data and/or non-conformities.

14      6.     GA-ASI's processes and methods for assessing, investigating, maintaining,

15   repairing, and testing the aircraft, and the individual equipment within the aircraft, have originated

16   within GA-ASI and are proprietary. GA-ASI has expended significant sums in researching and

17   developing solutions and designs to produce a superior product, and these solutions and designs are

18   critical to GA-ASI's competitive advantage.

19      7.     GA-ASI safeguards the documents listed in paragraph 5 from disclosure.

20   Many of the documents within the categories listed in paragraph 5 are marked with a "proprietary"

21   legend. They are kept in locked filing cabinets within GA-ASI's facilities. GA-ASI's facilities are

22   secured and access is limited to employees and authorized visitors.

23      8.     GA-ASI is not affiliated with any of the Bombardier / Rotax entities and these

24   entities are not subcontractors to GA-ASI. GA-ASI purchases certain Bombardier / Rotax products

25   through Kodiak.

26

27

28

1815022v.3        2

1

2

3          I declare under penalty of perjury the foregoing is true and correct.

4

5     San Diego, California

6     Dated:  June 30, 2008              By:  _____

7                                            Frank Pace

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 08-cv-947 DMS (BLM)
DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO
THE MOTION TO COMPEL AND CROSS-MOTION TO QUASH

1815022v.3                          3

1  Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   Sarah E. Goodstine (*Admitted Pro Hac Vice*)
2  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
3  New York, New York 10036
   Telephone:  (212) 336-2720
4  Facsimile:   (212) 336-2222

5  Paul A. Tyrell (CA Bar No. 193798)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
6  530 B Street, Suite 2100
   San Diego, CA 92101
7  Telephone:  (619) 238-1999
   Facsimile:   (619) 235-0398

8
   *Attorneys for Non-Parties General Atomics*
9  *and General Atomics Aeronautical Systems, Inc.*

10

11                    **UNITED STATES DISTRICT COURT**

12            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13  |                                  | Case No.: 08-CV-947 DMS (BLM) |
    THEODORE AND LOIS KOZIOL

14                                     Civ. No.: 07-3432
                                       Eastern District of Pennsylvania
15                 Plaintiffs,

16        v.                           **NON-PARTIES' NOTICE OF LODGMENT IN
                                       SUPPORT OF THE OPPOSITION TO THE
                                       MOTION TO COMPEL AND IN SUPPORT OF**
17  UNITED STATES OF AMERICA,          **THE CROSS-MOTION TO QUASH OR FOR A
                                       PROTECTIVE ORDER AND SANCTIONS**
18                 Defendant.

19                                     Date:      August 13, 2008
                                       Time:      1:30 p.m.
20                                     Judge:     Hon. Barbara L. Major
                                       Courtroom: TBD

21

22            **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

23            **PLEASE TAKE NOTICE** that Non-Parties General Atomics and General

24  Atomics Aeronautical Systems, Inc. have lodged true and correct copies of the following exhibits

25  in support of both their Opposition to Plaintiffs' Motion to Compel and their Cross-Motion to

26  Quash or For a Protective Order and Sanctions:

27

28

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL
AND IN SUPPORT OF THE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS

1822624v.1                               1

**A.**  E-Mail from Sarah Goodstine to Arthur Wolk, dated April 2, 2008

**B.**  Complaint filed in <u>Koziol v. United States of America</u>, Civ. No. 07-3432

(E.D. Pa.)

**C.**  Docket Report for <u>Koziol v. United States of America</u>, Civ. No. 07-3432

(E.D. Pa.)

**D.**  E-Mail from Arthur Wolk to Sarah Goodstine, dated April 4, 2008

**E.**  E-Mail from J. Daniel Holsenback to Daniel Lowenthal dated June 25, 2008

**F.**  E-Mail from Arthur Wolk to Sarah Goodstine, dated March 19, 2008

**G.**  E-Mail from Arthur Wolk to Sarah Goodstine, dated March 19, 2008

**H.**  E-Mail from Sarah Goodstine to Arthur Wolk, dated April 4, 2008

**I.**  E-Mail from J. Daniel Holsenback, to Daniel Lowenthal, dated June 24, 2008

**J.**  E-Mail from Daniel Lowenthal to J. Daniel Holsenback and Arthur Wolk,

dated June 26, 2008

**K.**  E-Mail from J. Daniel Holsenback to Daniel Lowenthal, dated June 26, 2008

**L.**  E-Mail from Daniel Lowenthal to Arthur Wolk, dated June 27, 2008

**M.**  E-Mail from Daniel Lowenthal to Arthur Wolk, dated June 26, 2008

**N.**  E-Mail from Daniel Lowenthal to Arthur Wolk, dated June 27, 2008

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL
AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS

**O.**     E-Mails from Arthur Wolk, dated June 27, 2008 and June 28, 2008

**P.**     [Proposed] Protective Order

                    Respectfully Submitted,

Dated:  July 1, 2008                    By: ___/s/  Daniel A. Lowenthal_____
                                        Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
                                        Sarah E. Goodstine (*Admitted Pro Hac Vice*)
                                        PATTERSON BELKNAP WEBB & TYLER LLP
                                        1133 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone:  (212) 336-2720
                                        Facsimile:   (212) 336-2222

                                        Paul A. Tyrell (CA Bar No. 193798)
                                        PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
                                        530 B Street, Suite 2100
                                        San Diego, CA 92101
                                        Telephone:  (619) 238-1999
                                        Facsimile:   (619) 235-0398

                                        *Attorneys for Non-Parties General Atomics and*
                                        *General Atomics Aeronautical Systems, Inc.*

CASE NO. 08-cv-947 DMS (BLM)
NON-PARTIES NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL
AND IN SUPPORT OFTHE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS

1822624v.1                                3

# EXHIBIT A

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, April 02, 2008 4:49 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena


Dear Arthur:

Further to my e-mail dated March 19, 2008, I write to update you on the timeframe within which we anticipate that we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exist for each request.

We have received documents and are well into the process of our review of the documents. We will provide you with a draft protective order to govern the production of the documents in the near future.

As we discussed previously, in an effort to facilitate the process of responding to your subpoena, we have initiated efforts to collect documents from General Atomics Aeronautical Systems, Inc. ("GA-ASI") even though the operative subpoena dated February 21, 2008 was issued to General Atomics ("GA") and is not, as a matter of law, applicable to GA-ASI. Because GA is not synonymous with GA-ASI, please serve a separate subpoena on GA-ASI, pursuant to which GA-ASI may produce documents. In an effort to avoid additional expense, we agree to accept service of the subpoena on behalf of GA-ASI.


Regards,
Sarah



Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (including
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

==========================================================================
=

# EXHIBIT B

MMB

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THEODORE AND LOIS KOZIOL,       :
24 Seagoin Road                 :
Brick Town, NJ 08723            :
                                :
            Plaintiffs          :
                                :
                                :
        v.                      :        CIVIL ACTION
                                :        No. _____ 07  3432
THE UNITED STATES OF AMERICA    :
The Executive Office            :
Office of the Legal Adviser     :        FILED
Room 5519                       :
United States Department of State :      AUG 1 7 2007
2201 C Street, NW               :
Washington, DC 20520-6310       :        MICHAEL E. KUNZ, Clerk
                                :        By_____Dep. Clerk
            Defendant           :

## COMPLAINT FOR INJUNCTIVE RELIEF

### Parties

1.    Plaintiffs, Theodore and Lois Koziol, are residents of the state of New Jersey residing at 24 Seagoin Road, Brick Town, New Jersey 08723. Plaintiffs are represented by The Wolk Law Firm, which is headquartered at 1710-12 Locust Street, Philadelphia, Pennsylvania. By and through their Philadelphia counsel, Plaintiffs submitted documents to the United States Department of State in an effort to effectuate service on the Austrian Defendant, Bombardier-Rotax GmbH, pursuant to rules governing service abroad.

2.    Defendant, the United States Department of State, is an agency of the United States which has the authority to transmit a letter rogatory to the foreign officials in Austria for the purpose of effectuating service on an Austrian citizen. The Defendant agency has possession of records to which Plaintiffs seek access.

5

**Jurisdiction**

3.    This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B). Since this request was made by The Wolk Law Firm, as Plaintiffs' agent, which maintains a principal place of business in Philadelphia County, Philadelphia, venue is also appropriate to this forum pursuant to 5 U.S.C. §552(a)(4)(B).

**Nature of the Action**

4.    This is an action brought under the Freedom of Information Act, 5 U.S.C. §552 (the "Act"), as amended, to enjoin Defendant to retrieve, review, and release the documents which Plaintiffs, by and through their Philadelphia counsel, requested from the Department of State, which are within its possession and control.

**Background**

5.    Plaintiffs' Philadelphia counsel served the Defendant Department of State on April 13, 2007 a letter requesting access to certain documents under the Freedom of Information Act, 5 U.S.C. §552. (A copy of this letter is attached as Exhibit "A"). Plaintiffs' request sought records pertaining to service of process on the Austrian Defendant in the case *Koziol, et al. v. Bombardier-Rotax GmbH, Motorenfabrik, et al.*, No. 00-1938, United States District Court for the District of New Jersey, which were in the custody of the United States Embassy in Vienna, Austria.

6.    By letter dated June 15, 2007, Defendant indicated that it has received this request, and would contact Plaintiffs' counsel when the material sought had been retrieved and reviewed. However, this letter does not indicate when the FOIA request would be processed, nor does it identify any "unusual circumstances" which would prevent Defendant from processing Plaintiffs' request.

7.    Under the Freedom of Information Act, 5 U.S.C. §552(a)(6)(A)(i), Defendant shall determine whether to comply with the request, and notify the requester of the determination within twenty (20) business days from the date the request was received by the agency.

8.    Under the Act, if the agency encounters "unusual" circumstances which require an extended period of time to process the request, the agency must provide the requester with written notice "setting forth the unusual circumstances for such an extension and the date on which a determination is expected to dispatched.  No such notice shall specify a date that would result in an extension for more than ten days." 5 U.S.C. §552(a)(6)(B)(i).

9.    As of the date of the filing of this complaint, nearly two months after the statutorily mandated deadline has passed, Defendant has not processed Plaintiffs' request, indicated any unusual circumstances for the delay, or indicated a projected date when Plaintiffs' request will be processed.

10.    Section 552(a)(6)(C) of the Act states that "[a]ny person making a request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

11.    Plaintiffs have exhausted the administrative remedies provided by the Freedom of Information Act and agency regulations.

WHEREFORE, Plaintiffs pray this Court:

1.    To order Defendant to process, request, and permit Plaintiffs access to the requested documents; and

2.    To grant such other and further relief as the Court may deem just and proper.

3.    To allow the issuance of a subpoena on the Embassy of the country of Austria to obtain the responsive records.

Dated:  August 17, 2007

Arthur Alan Wolk, Esquire
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
*Attorneys for Plaintiffs*

-3-

-----Original Message-----
From: FOIA Request [mailto:FOIA@state.gov]
Sent: Friday, April 13, 2007 5:00 PM
To: Cheryl DeLisle
Subject: FOIA Request Letter B5142

Thank you for filing your FOIA request online on 4/13/2007.  The
process for completing your request will now begin. Here is a review of
your request.

I am willing to pay $500 for my request.

I am affiliated with a private corporation and am seeking information
for use in the company's business.

The time period of my request is from 1/1/1999 to the present.

The records I request can be described as follows:

     (1)  All documents, correspondence, and any other record of a
transaction related to the service of process on the following in
relation to the case of Koziol, et al. v. Bombardier-Rotax GmbH,
Motorenfabrik, et al., No. 00-1938,  United States District Court for
the District of New Jersey:

Mr. Hans Goacin Lucai, Director
Bombardier-Rotax GmbH
Motoren Fabrik
A-4623 Gunskirchen, AUSTRIA


Bombardier-Rotax GmbH
Motoren Fabrik
A-4623 Gunskirchen, AUSTRIA


BRP-ROTAX GmbH & CO. KG, a/k/a, d/b/a, and/or
f/k/a BOMBARDIER-ROTAX GmbH & CO. KG,
BOMBARDIER-ROTAX GmbH & CO. and/or
BOMBARDIER-ROTAX GmbH, Individually,
and as a Joint Venturer,
Postfach 5, Wesler Str. 32, A-4623
Gunskirchen, Austria

     (2)  All documents, correspondence, and any other record of a
transaction related to the service of process in the case of Koziol, et
al. v. Bombardier-Rotax GmbH, Motorenfabrik, et al., No. 00-1938,
United States District Court for the District of New Jersey, which was
sent to the United States Embassy in Vienna for service of process.

Arthur Alan Wolk
cheryl@airlaw.com
1710-12 Locust Street
Philadelphia
PA

```
19103
2155454220
2155455252
Reference Number: B5142
```

# EXHIBIT C

STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:07-cv-03432-MMB

KOZIOL et al v. THE UNITED STATES OF AMERICA
Assigned to: HONORABLE MICHAEL M. BAYLSON
Cause: 05:552 Freedom of Information Act

Date Filed: 08/17/2007
Jury Demand: None
Nature of Suit: 895 Freedom of Information Act
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**THOMAS KOZIOL**
represented by
**ARTHUR ALAN WOLK**
WOLK & GENTER
1710-12 LOCUST ST
PHILADELPHIA, PA 19103
215-545-4220
Email: courtfilings@airlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LOIS KOZIOL**
represented by
**ARTHUR ALAN WOLK**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**THE UNITED STATES OF AMERICA**
represented by
**VIVECA D PARKER**
US ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
215/861-8443
Email: VIVECA.PARKER@USDOJ.GOV
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2007 | 1 | COMPLAINT against THE UNITED STATES OF AMERICA ( Filing fee $ |

| | | |
|---|---|---|
| | | 350 receipt number 941593.), filed by THOMAS KOZIOL, LOIS KOZIOL. (ti, ) Additional attachment(s) added on 8/20/2007 (ti, ). (Entered: 08/20/2007) |
| 08/17/2007 | | Summons Issued as to THE UNITED STATES OF AMERICA, One Original Given to the U.S. Attorney and Two Originals Forwarded To: Counsel on 8/20/07 (ti, ) (Entered: 08/20/2007) |
| 08/21/2007 | 2 | Acceptance of Service filed by U.S. Attorney Re: accepted summons and complaint for THE UNITED STATES OF AMERICA on 8/21/2007, answer due 10/22/2007. (mac, ) (Entered: 08/21/2007) |
| 09/04/2007 | 3 | AFFIDAVIT of Service by United States Post Office re: served Complaint upon Attorney General of the United States by Certified Mail on August 27, 2007 (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 09/04/2007 | 4 | CERTIFICATE OF SERVICE by THOMAS KOZIOL, LOIS KOZIOL re 3 Affidavit of Service (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 09/04/2007 | 5 | AFFIDAVIT of Service by United States Post Office re: served Complaint upon Legal Advisor, United States Department of State by Certified Mail on August 29, 2007 (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 09/04/2007 | 6 | CERTIFICATE OF SERVICE by THOMAS KOZIOL, LOIS KOZIOL re 5 Affidavit of Service (WOLK, ARTHUR) (Entered: 09/04/2007) |
| 10/24/2007 | 7 | MOTION for Extension of Time to File Answer re 1 Complaint filed by THE UNITED STATES OF AMERICA.Certificate of Counsel and Certificate of Service.(PARKER, VIVECA) (Entered: 10/24/2007) |
| 10/26/2007 | 8 | ORDER THAT THE STIPULATED MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT FOR INJUNCTIVE RELIEF IS GRANTED AND THE GOVERNMENT HAS UNTIL NOVEMBER 30, 2007, IN WHICH TO RESPOND TO THE COMPLAINT. SIGNED BY JUDGE MICHAEL M. BAYLSON ON 10/26/07.10/26/07 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 10/26/2007) |
| 11/29/2007 | 9 | Joint MOTION for Extension of Time to File Answer filed by THOMAS KOZIOL, LOIS KOZIOL.. (Attachments: # 1 Certificate of Service# 2 Text of Proposed Order)(WOLK, ARTHUR) (Entered: 11/29/2007) |
| 12/13/2007 | 10 | ORDER THAT THE DEADLINE FOR DEFENDANT TO FILE A RESPONSE TO THE COMPLAINT IS EXTENDED TO MARCH 12, 2008. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 12/13/07.12/13/07 ENTERED AND COPIES E-MAILED.(mac, ) (Entered: 12/13/2007) |
| 01/30/2008 | 11 | Minute Entry for proceedings held before HONORABLE MICHAEL M. BAYLSON: Telephone Conference held on 12/12/2007 (ap, ) (Entered: 01/31/2008) |
| 03/10/2008 | 12 | Joint MOTION for Extension of Time to File Response/Reply *to Complaint* filed by THOMAS KOZIOL, LOIS KOZIOL.Motion, Proposed Order, & Certificate of Service.(WOLK, ARTHUR) (Entered: 03/10/2008) |
| | | |

| 03/13/2008 | 13 | ORDER THAT THE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO COMPLAINT IS GRANTED. THE DEADLINE FOR DEFENDANT TO FILE A RESPONSE IS APRIL 28, 2008. (RESPONSES DUE BY 4/28/2008.). SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 3/12/2008.3/13/2008 ENTERED AND COPIES E-MAILED AND FAXED.(ap, ) (Entered: 03/13/2008) |
| 04/29/2008 | 14 | ORDER THAT THE DEADLINE FOR DEFENDANT TO FILE A RESPONSE TO THE COMPLAINT IS JUNE 23, 2008. UNITED STATES OF AMERICA answer due 6/23/2008.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 4/29/2008. 4/30/2008 ENTERED AND COPIES E-MAILED AND FAXED.(ap, ) (Entered: 04/30/2008) |
| 06/09/2008 | 15 | ORDER THAT THE UNITED STATES OF AMERICA SHALL HAVE UNTIL AUGUST 22, 2008 UTO FILE ITS RESPONSE TO PLAINTIFFS' COMPLAINT. answer due 8/22/2008.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 6/9/2008. 6/10/2008 ENTERED AND COPIES E-MAILED AND FAXED.(ap, ) (Entered: 06/10/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/29/2008 11:44:30 | | | |
| **PACER Login:** | tc0739 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-03432-MMB |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT D

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Friday, April 04, 2008 1:20 PM |
| **To:** | Goodstine, Sarah (x2476) |
| **Cc:** | Paul Rosen |
| **Subject:** | RE: Protective Order |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Dear Sarah,

This was not the deal and the information was also to be used in the New Jersey litigation. Kindly respond to the subpoena so we can litigate how this non trade secret information should be handled.
Sorry but I am not going to be in a position that what is produced is useless. This is misleading a court by a company that makes billions in this country and claims it does no business here. This was a simple task. Kindly respond by Monday so I can file a motion next week.
Thank you,

Arthur Wolk

---

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Friday, April 04, 2008 10:53 AM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Protective Order

Dear Arthur:

I have attached below a draft protective order which will govern the production of documents pursuant to the subpoena dated February 21, 2008 you served on General Atomics, and the subpoena you have agreed to serve (via electronic mail to us) on General Atomics Aeronautical Systems, Inc.

Please let me know if you have any questions.

Sarah

<<GA and GA-ASI Protective Order.DOC>>

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

-------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

=============================================================================

# EXHIBIT E

## Lowenthal, Daniel A. (x2720)

| | |
|---|---|
| **From:** | Dan Holsenback [Dan@holsenbackapc.com] |
| **Sent:** | Wednesday, June 25, 2008 3:50 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | RE: General Atomics Discovery Issue |

Dan,

Art reports that the New Jersey action is sealed and he cannot divulge the content except that it arises among other things about false statements made to courts by Rotax about its activities in the United States and a products liability action against it for a defective engine. The defendants are Rotax, Bombardier and lawyers. Neither GA nor anyone they are owned or affiliated with by ownership or control are defendants.

Dan

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Wednesday, June 25, 2008 7:15 AM
**To:** Dan Holsenback
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: General Atomics Discovery Issue

Dan,

I plan to speak with my clients later this morning. I'd then like to have a call with you. Is there a time you are available for a call today after 11:00 am (SD time)/2:00 pm (NY time)?

Dan


Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

---

**From:** Dan Holsenback [mailto:Dan@holsenbackapc.com]
**Sent:** Tuesday, June 24, 2008 4:28 PM
**To:** Lowenthal, Daniel A. (x2720)

**Subject:** General Atomics Discovery Issue

Counselor,

Would an agreement to use the responsive documents only in the ED Penn action and the New Jersey action be a possible solution path for resolving the document production impasse?  (Art's 3/19/08 proposed confidentiality agreement referred more broadly to "litigation between certain parties and Bombardier-Rotax entities . . . .")

Sincerely,

J. Daniel Holsenback
HOLSENBACK APC
Attorneys at Law
625 Broadway, Suite 906
San Diego, CA 92101
o] 619.269.4634
f] 619.269.4635
www.holsenbackapc.com

------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

================================================================================

# EXHIBIT F

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Wednesday, March 19, 2008 6:38 PM |
| **To:** | Goodstine, Sarah (x2476) |
| **Subject:** | RE: Koziol Subpoena |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Sarah

Thanks, working on it.

Arthur

---

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, March 19, 2008 6:27 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena

Dear Arthur:

We write to let you know the timeframe within which we can produce a sample of documents sufficient to show each of the requests within your subpoena, to the extent documents exist for each request.

We understand that GA and GA-ASI are in the process of collecting documents and we anticipate that we will be able to produce a sample of documents from the categories from which documents are available by April 5, 2008.

As stated previously, a protection order must be in place prior to production of any documents. Please provide to us a proposed draft protective order.

Sarah

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

<<Goodstine, Sarah (x2476).vcf>>

----------------------------------------------
Privileged/Confidential Information may be contained in this message. If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone. In such case, you

should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

=============================================================================

# EXHIBIT G

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Wednesday, March 19, 2008 8:45 PM |
| **To:** | Goodstine, Sarah (x2476) |
| **Subject:** | RE: Koziol Subpoena |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Dear Sarah,

See if this works for your client. It is simple but accomplishes I think what you and your client will want but let me know what additional terms are important and I will try to accommodate you.

Confidentiality Agreement

All documents produced pursuant to a subpoena issued against GA by the United States District Court for the Southern District of California and served upon responding entities GA and GA-SI shall be presumed confidential unless specifically waived in writing by the producing entity.
These documents may be used in litigation between certain parties and Bombardier-Rotax entities, Rotax entities, Kodiak Research or affiliates or subsdiaries thereof and others but only if such documents are placed in an envelope marked confidential and then supplied to the court with a request that they be treated as if produced under seal.
Copies of these documents may be provided to other litigants provided they agree with the terms of this confidentiality agreement.
Once the litigation and related actions are over and all appeals have been exhausted, these documents shall be returned to the responding parties' counsel or destroyed upon his direction.
Nothing in this agreement shall prevent recipients from utilizing the documents for all purposes permitted by the Rules of Civil Procedure of the relevant Court.
If in the event, the relevant court decides that the documents produced may not be filed under seal, nonetheless the recipients shall file such documents in an envelope as if they were and shall treat them as such to the extent practicable.
Even if the relevant court were to determine that the documents were either not worthy of protection as confidential or were compromised, they shall nonetheless be returned or destroyed at the end of proceedings as if their were under seal and confidential.
In the event copies of the produced documents are supplied to experts or other consultants, they shall be required to see this agreement and accede to its terms. At the close of proceedings experts or consultants shall return or destroy all copies of the documents as counsel for the producing entity directs.

**From:** Goodstine, Sarah (x2476) [mailto:sgoodstine@pbwt.com]
**Sent:** Wednesday, March 19, 2008 6:27 PM
**To:** Arthur Alan Wolk
**Cc:** Lowenthal, Daniel A. (x2720)
**Subject:** Koziol Subpoena

Dear Arthur:

We write to let you know the timeframe within which we can produce a sample of documents sufficient

to show each of the requests within your subpoena, to the extent documents exist for each request.

We understand that GA and GA-ASI are in the process of collecting documents and we anticipate that we will be able to produce a sample of documents from the categories from which documents are available by April 5, 2008.

As stated previously, a protection order must be in place prior to production of any documents. Please provide to us a proposed draft protective order.

Sarah

**Sarah Goodstine, Esq.**
**Patterson Belknap Webb & Tyler LLP**
**1133 Avenue of the Americas, NY, NY 10036**
**P: 212.336.2476**
**E: sgoodstine@pbwt.com**
**F: 212.336.7952**

<<Goodstine, Sarah (x2476).vcf>>

-----------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.


-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

=======================================================================

# EXHIBIT H

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Goodstine, Sarah (x2476) |
| **Sent:** | Friday, April 04, 2008 10:53 AM |
| **To:** | 'arthurwolk@airlaw.com' |
| **Cc:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | Protective Order |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Blue |
| **Attachments:** | GA and GA-ASI Protective Order.DOC |

Dear Arthur:

I have attached below a draft protective order which will govern the production of documents pursuant to the subpoena dated February 21, 2008 you served on General Atomics, and the subpoena you have agreed to serve (via electronic mail to us) on General Atomics Aeronautical Systems, Inc.

Please let me know if you have any questions.

Sarah



GA and GA-ASI
Protective Order...

Sarah Goodstine, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas, NY, NY 10036
P: 212.336.2476
E: sgoodstine@pbwt.com
F: 212.336.7952

1    COUNSEL LISTED ON LAST PAGE

2                    **UNITED STATES DISTRICT COURT**

3              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

4                         **SAN DIEGO DIVISION**

5

6  _____    )    Miscellaneous No._____
                                        )
7   THEODORE AND LOIS KOZIOL,           )    Civ. No.: 07-3432
                                        )    Eastern District of Pennsylvania
8                      *Plaintiffs,*     )
                                        )    **JOINT MOTION FOR**
9               v.                       )    **STIPULATED**
                                        )    **PROTECTIVE ORDER**
10  UNITED STATES OF AMERICA,           )    **REGARDING**
                                        )    **CONFIDENTIAL MATERIALS**
11                                       )    **REQUESTED BY SUBPOENA**
                      *Defendant.*       )    **TO NON-PARTIES**
12                                       )    **GENERAL ATOMICS AND**
                                        )    **GENERAL ATOMICS**
13                                       )    **AERONAUTICAL SYSTEMS, INC.**
                                        )
14                                       )
                                        )    Date:
15                                       )    Time:
                                        )    Dept:
16  _____    )    Judge:

17

18       **WHEREAS,** non-parties General Atomics ("GA") and General Atomics Aeronautical

19  Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the "Producing Non-

20  Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned <u>Koziol v. United

21  States of America</u>, Civ. No. 07-3432 (E.D. Pa.) (the "Action") believe that the information

22  encompassed by the subpoenas dated February 21, 2008 and [_____] issued

23  by Plaintiffs Koziol to GA and GA-ASI in connection with the Action (the "Subpoenas"), may

24  constitute trade secrets or other confidential research, development and/or proprietary

25  commercial information within the meaning of Rules 26 and 45 of the Federal Rules of Civil

26  Procedure and/or any other applicable Local Rule of the Court, GA, GA-ASI and Plaintiffs

27

28  JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
    REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
    SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
    GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        1      CASE NO. 07-3432 (E.D. Pa.)
                                                              MISCELLANEOUS NO. _____

Koziol, by their respective counsel, hereby agree and stipulate to the following provisions concerning the confidentiality of certain documents, information and/or testimony exchanged or obtained pursuant to the Subpoenas in the Action; and

    **IT IS HEREBY ORDERED** that:

1.      This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.      All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Action, and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever. All Material shall be disclosed only to those persons identified in Paragraph [6] (the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Action.

3.      All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information, and will be deemed "Confidential" and subject to this Protective Order.

4.      All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party shall be deemed in their entirety to be "Confidential" and will be subject to this Protective Order without any requirement for

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.      2      CASE NO. 07-3432 (E.D. Pa.)
                                                        MISCELLANEOUS NO. _____

1445114v.4

the Producing Non-Parties to stamp or affix a specific designation to any documents or physical objects identifying such documents or physical objects as "Confidential."

5.    Testimony or information disclosed at a deposition may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order. Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.

6.    Confidential Information may be disclosed only in accordance with Paragraph [7] below, and only to the following persons:

   (a)    Counsel of record in the Action;

   (b)    The Court, Court reporters, stenographers, videographers, and/or Court personnel;

   (c)    Deponents noticed or subpoenaed in the Action, to the extent necessary to examine such deponents or to prepare them for deposition;

   (d)    Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Action; and

   (e)    Any other person to whom the Producing Non-Party agrees in writing.

7.    Any person being given access to Confidential Information shall, prior to being given such access, be advised of the terms of this Protective Order and shall thereby become subject to such terms, including, without limitation, the provision that such Confidential Information may not be disclosed to any person or in any manner other than as described

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.      3      CASE NO. 07-3432 (E.D. Pa.)
                                                        MISCELLANEOUS NO. _____

1445114v.4

above, and shall be used solely for the purpose of the Action. In addition, no person described

in Paragraph [6] above may be given access to Confidential Information, until and unless such

person has executed an undertaking in the form attached as Exhibit A (the "Confidentiality

Undertaking"), which undertaking shall be obtained and maintained by the attorney of record

who provides such Confidential Information. If a party to the Action wishes to examine such a

person with respect to Confidential Information, but such person refuses to execute the

Confidentiality Undertaking, the party may not use the Confidential Information for the

examination without an Order from the Court requiring the person to treat the Confidential

Information subject to the terms of this Protective Order.

8.        Any Receiving Party who wishes to file Confidential Information with the Court

as part of any motion, paper or other filing with the Court shall move for permission to file

such documents under seal. Such motion shall accompany the filing that includes Confidential

Information. Any filing that is to be kept in whole or in part under seal pursuant to this Order

shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on

which shall be endorsed the title and docket number of this action, an identification of the

nature of the contents of the sealed envelope or container, and a statement substantially in the

following form:

> CONFIDENTIAL (OR Highly Confidential) INFORMATION SUBJECT TO
> PROTECTIVE ORDER ENTERED IN CIVIL ACTION NO.
> _____. This envelope, containing documents that are filed in this
> case by [name of person], is not to be opened nor are the contents thereof to be
> displayed or revealed except by Order of the Court.

If the Court decides that the Material may not be filed under seal, the Receiving Party shall

nonetheless file such documents in an envelope as if they were and shall treat them as such to

the extent practicable.

9.        Any Producing Non-Party may redact or excise information subject to the

attorney-client and/or work product privileges. Documents and things that have been redacted

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        4        CASE NO. 07-3432 (E.D. Pa.)
                                                            MISCELLANEOUS NO. _____

1445114v.4

shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted. If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.     If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.     Any person who receives Confidential Information shall be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph [6] above or uses such Confidential Information for any other purpose than the Action.

12.     Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein. However, the Receiving Party using such Confidential Information must do the following:

    (a)     Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and

    (b)     Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.          5          CASE NO. 07-3432 (E.D. Pa.)
                                                                MISCELLANEOUS NO. _____

1445114v.4

Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph [8], with access thereto limited to persons entitled to access under this Protective Order.

13.    Nothing in this Protective Order in any manner:

(a)    may be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)    waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)    waives any claims or defenses that may apply; or

(d)    defines the scope of material to be produced in response to the Subpoenas.

14.    Neither the entry into this Stipulation and Protective Order nor the designation of any information, document, or the like as Confidential Information hereunder shall constitute evidence with respect to any issue in any action.

15.    If any Producing Non-Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

16.    Within sixty (60) days after the final conclusion of the Action, all documents, objects, and other materials produced or designated as Confidential Information, and all

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        6        CASE NO. 07-3432 (E.D. Pa.)
                                                                 MISCELLANEOUS NO. _____

1445114v.4

reproductions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party of Confidential Information.

17.        This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court, to impose additional restrictions on the disclosure of any information or material produced.

18.        The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, partnership or individual.

19.        If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid, or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect.

20.        The provisions of this Protective Order shall continue to be binding and survive termination of the Action.

        All counsel have agreed to the form and entry of this Order.

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        7        CASE NO. 07-3432 (E.D. Pa.)
                                                        MISCELLANEOUS NO. _____

1445114v.4

**IT IS SO STIPULATED:**

Dated: _____    By: _____
                                Arthur Alan Wolk

                                THE WOLK LAW FIRM
                                1710-12 Locust Street
                                Philadelphia, PA 19103
                                (215) 545-4220
                                (215) 545-5252
                                *Attorneys for Plaintiffs Theodore and Lois Koziol*


Dated: _____    By: _____
                                Paul A. Tyrell

                                PROCOPIO, CORY, HARGREAVES & SAVITCH   LLP
                                530 B Street, Suite 2100
                                San Diego, CA 92101
                                (619) 238-1999
                                (619) 235-0398 facsimile

Dated: _____    By: _____
                                Daniel A. Lowenthal (*pro hac vice* admission pending)

                                PATTERSON BELKNAP WEBB & TYLER LLP
                                1133 Avenue of the Americas
                                New York, New York 10036
                                Telephone:  (212) 336-2720
                                Facsimile:   (212) 336-2222

                                *Attorneys for General Atomics and General Atomics*
                                *Aeronautical Systems, Inc.*

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.     8     CASE NO. 07-3432 (E.D. Pa.)
                                                     MISCELLANEOUS NO. _____

1445114v.4

1

**It Is So Ordered.**

2

3

4    _____          _____
     Hon.                              Date
5    Judge of the District Court



6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
      REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
      SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
      GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.     9     CASE NO. 07-3432 (E.D. Pa.)
                                                            MISCELLANEOUS NO. _____

**EXHIBIT A TO PROTECTIVE ORDER**

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, ) | Miscellaneous No._____ |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civ. No. 07-3432 |
| ) | Eastern District of Pennsylvania |
| ) | |
| UNITED STATES OF AMERICA, ) | **CONFIDENTIALITY** |
| ) | **UNDERTAKING** |
| *Defendant*. ) | |
| ) | |

**CONFIDENTIALITY UNDERTAKING**

I acknowledge that I have read and understand the Protective Order dated

[_____], entered by the Court on [_____], and agree to abide without

exception by its terms and conditions. I fully understand that violation of the terms of that

Protective Order by me or anyone acting under my directions may subject me to penalties. I

hereby submit to the jurisdiction of the above Court (and any Court to which appeals may be

taken with respect to proceedings in such Court) with respect to the enforcement of this

Undertaking and the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

Executed on _____

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        CASE NO. 07-3432 (E.D. Pa.)
                                                  MISCELLANEOUS NO. _____

1445114v.4

# EXHIBIT I

**Lowenthal, Daniel A. (x2720)**

| | |
|---|---|
| **From:** | Dan Holsenback [Dan@holsenbackapc.com] |
| **Sent:** | Tuesday, June 24, 2008 4:28 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | General Atomics Discovery Issue |

Counselor,

Would an agreement to use the responsive documents only in the ED Penn action and the New Jersey action be a possible solution path for resolving the document production impasse? (Art's 3/19/08 proposed confidentiality agreement referred more broadly to "litigation between certain parties and Bombardier-Rotax entities . . . .")

Sincerely,

J. Daniel Holsenback
HOLSENBACK APC
Attorneys at Law
625 Broadway, Suite 906
San Diego, CA 92101
o] 619.269.4634
f] 619.269.4635
www.holsenbackapc.com

# EXHIBIT J

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Thursday, June 26, 2008 12:51 PM |
| **To:** | 'dan@holsenbackapc.com' |
| **Cc:** | Goodstine, Sarah (x2476); 'arthurwolk@airlaw.com' |
| **Subject:** | Revised GA and GA-ASI Protective Order |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| | |
| **Categories:** | Filed To Worksite |
| **Attachments:** | GA and GA-ASI Protective Order.DOC |
| **File:** | -1 |
| **Move:** | -1 |
| **OptionMode:** | 1 |
| **Processed:** | 1 |

Dan,

Attached below is a revised Protective Order.  This version provides that the documents our clients produce can be used in both the Pennsylvania and New Jersey actions.  Please let us know if this addresses your clients' concerns.

I have also called and left a message for you and called Arthur Wolk as well.  I understand that Mr. Wolk is out of his office.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com



GA and GA-ASI
Protective Order...

1 COUNSEL LISTED ON LAST PAGE

2 ## UNITED STATES DISTRICT COURT

3 ## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

4

5 _____ )  Case No. 08-CV-947 DMS (BLM)
                                             )
6 THEODORE AND LOIS KOZIOL,                  )  Civ. No.: 07-3432
                                             )  Eastern District of Pennsylvania
7                          *Plaintiffs,*      )
                                             )  **JOINT MOTION FOR**
8                v.                           )  **STIPULATED**
                                             )  **PROTECTIVE ORDER**
9                                            )  **REGARDING**
                                             )  **CONFIDENTIAL MATERIALS**
10 UNITED STATES OF AMERICA,                 )  **REQUESTED BY SUBPOENA**
                                             )  **TO NON-PARTIES**
11                       *Defendant.*         )  **GENERAL ATOMICS AND**
                                             )  **GENERAL ATOMICS**
12                                           )  **AERONAUTICAL SYSTEMS, INC.**
                                             )
13                                           )
                                             )  Hon.:  Barbara L. Major
14                                           )  Date:   July 15, 2008
                                             )  Time:   1:30 p.m.
15                                           )
                                             )
16                                           )  **[FRCP 26 and 45]**
17 _____ )

18      **WHEREAS**, non-parties General Atomics ("GA") and General Atomics Aeronautical

19 Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the "Producing Non-

20 Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned <u>Koziol v. United</u>

21 <u>States of America</u>, Civ. No. 07-3432 (E.D. Pa.) (the "Pennsylvania Action") believe that the

22 information encompassed by the subpoenas dated February 21, 2008 and April 3, 2008 issued

23 by Plaintiffs Koziol to GA and GA-ASI in connection with the Pennsylvania Action (the

24 "Subpoenas"), may constitute trade secrets or other confidential research, development and/or

25 proprietary commercial information within the meaning of Rules 26 and 45 of the Federal

26 Rules of Civil Procedure and/or any other applicable Local Rule of the Court, GA, GA-ASI

27 and Plaintiffs Koziol, by their respective counsel, hereby agree and stipulate to the following

28

provisions concerning the confidentiality of certain documents, information and/or testimony exchanged or obtained pursuant to the Subpoenas; and

**IT IS HEREBY ORDERED** that:

1.      This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.      All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned <u>Koziol v. Bombardier Inc., et al.</u>, No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever. All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3.      All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4.      All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the

Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential."

5.      Testimony or information disclosed at a deposition may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.

6.      Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

    (a)      Counsel of record in the Actions;

    (b)      The Court, Court reporters, stenographers, videographers, and/or Court personnel;

    (c)      Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

    (d)      Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

    (e)      Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

    (f)      Any other person to whom the Producing Non-Party agrees in writing.

7.      Any person being given access to Confidential Information shall, prior to being given such access, be advised of the terms of this Protective Order and shall thereby become

subject to such terms, including, without limitation, the provision that such Confidential Information may not be disclosed to any person or in any manner other than as described above, and shall be used solely for the purpose of the Actions. In addition, no person described in Paragraph 6 above may be given access to Confidential Information, until and unless such person has executed an undertaking in the form attached as Exhibit A (the "Confidentiality Undertaking"). The attorney of record or person who provides access to any Confidential Information shall obtain and maintain the executed Confidentiality Undertaking, and shall provide copies of the executed Confidentiality Undertaking to the Producing-Non Party or Producing Non-Parties. If a party to the Actions wishes to examine any person with respect to Confidential Information, but such person refuses to execute the Confidentiality Undertaking, the party may not use the Confidential Information for the examination without an Order from the Court requiring the person to treat the Confidential Information subject to the terms of this Protective Order. Once a person has been provided access to Confidential Information in accordance with this Order, that person shall be deemed a Receiving Party.

8.      Any Receiving Party who wishes to file Confidential Information with the Court as part of any motion, paper or other filing with the Court shall move for permission to file such documents under seal. Such motion shall accompany the filing that includes Confidential Information. Any filing that is to be kept in whole or in part under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of the Actions, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

> CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. 08-CV-947 DMS (BLM) (S.D. Cal.). This envelope, containing documents that are filed in this case by [name of person], is not to be opened nor are the contents thereof to be displayed or revealed except by Order of the Court.

If the Court decides that the Material may not be filed under seal, the Receiving Party shall nonetheless file such documents in an envelope as if they were and shall treat them as such to the extent practicable.

9.        Any Producing Non-Party may redact or excise information subject to the attorney-client, military safety and/or work product privileges.  Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted.  If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.       If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.       Any person who receives Confidential Information shall be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions.

12.       Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein.  However, the Receiving Party using such Confidential Information must do the following:

(a)       Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom

during the presentation of any Confidential Information disclosed in
such motion, hearing, or trial; and

(b)     Following the use of the Confidential Information at a trial, hearing, or
the like, the Receiving Party must request that the portion of the
proceeding where said use is made shall be designated as "Confidential
Information" and that the transcript of that portion of the proceeding be
maintained under seal in accordance with Paragraph 8, with access
thereto limited to persons entitled to access under this Protective Order.

13.     Nothing in this Protective Order in any manner:

(a)     May be construed as an agreement or admission that any information,
document or the like, designated as Confidential Information is in fact
confidential or a trade secret;

(b)     Waives any objection to the relevancy, materiality or admissibility of
any Material or any other information or document or to the applicability
of the Subpoenas to any Producing Non-Party;

(c)     Waives any claims or defenses that may apply; or

(d)     Defines the scope of material to be produced in response to the
Subpoenas.

14.     Neither the entry into this Stipulation and Protective Order nor the designation
of any information, document, or the like as Confidential Information hereunder shall
constitute evidence with respect to any issue in any action.

15.     If any Producing Non-Party, through inadvertence, produces any document or
information that it believes is immune from discovery pursuant to the attorney-client, military
safety or work product privileges, such production shall not be deemed a waiver of any
privilege, and the Producing Non-Party may give written notice to the recipient that the
document or information produced is deemed privileged and that return of the document or
information is requested. Upon receipt of such written notice, the recipient shall immediately

gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

16.     Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all documents, objects, and other materials produced or designated as Confidential Information, and all reproductions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party of Confidential Information.

17.     This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court, to impose additional restrictions on the disclosure of any information or material produced.

18.     The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual.

19.     If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid, or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect, and the undersigned counsel agree, promptly upon the request of any Producing Non-Party, to execute a new Protective Order that is enforceable.

20.     The provisions of this Protective Order shall continue to be binding and survive termination of the Actions.

All counsel have agreed to the form and entry of this Order.

1

**IT IS SO STIPULATED:**

2

3    Dated: _____    By: _____

          Arthur Alan Wolk

4

5    THE WOLK LAW FIRM
     1710-12 Locust Street

6    Philadelphia, PA 19103
     Telephone: (215) 545-4220

7    Facsimile: (215) 545-5252

8          By: _____

          J. Daniel Holsenback (SBN 145640)

9

10   J. DANIEL HOLSENBACK, APC
     625 Broadway, Suite 906

11   San Diego, California 92101
     Telephone: (619) 269-4634

12   Facsimile: (619) 269-4635

13   *Attorneys for Plaintiffs Theodore and Lois Koziol*

14

15   Dated: _____    By: _____

          Daniel A. Lowenthal (Admitted *Pro Hac Vice*)

16

17   PATTERSON BELKNAP WEBB & TYLER LLP
     1133 Avenue of the Americas

18   New York, New York 10036
     Telephone: (212) 336-2720

19   Facsimile: (212) 336-2222

20   *Attorney for General Atomics and General Atomics

21   Aeronautical Systems, Inc.*

22

23

24

25

26

27

28

1

**IT IS SO ORDERED:**

2

3

_____          _____
Hon.    Barbara L. Major                              Date

4

United States Magistrate Judge
United States District Court for the Southern
District of California



5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A TO PROTECTIVE ORDER

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, | Case No. 08-CV-947 DMS (BLM) |
| | Southern District of California |
| *Plaintiffs,* | |
| | Civ. No.: 07-3432 |
| v. | Eastern District of Pennsylvania |
| | |
| UNITED STATES OF AMERICA, | **CONFIDENTIALITY** |
| | **UNDERTAKING** |
| *Defendant.* | |

## CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and understand the Protective Order dated

[_____], entered by the Court on [_____], and agree to abide without

exception by its terms and conditions. I fully understand that violation of the terms of that

Protective Order by me or anyone acting under my directions may subject me to penalties. I

hereby submit to the jurisdiction of the above Court (and any Court to which appeals may be

taken with respect to proceedings in such Court) with respect to the enforcement of this

Undertaking and the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

Executed on _____

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.        CASE NO. 08-CV-947 DMS (BLM)

1445114v.5

# EXHIBIT K

## Lowenthal, Daniel A. (x2720)

**From:** Dan Holsenback [Dan@holsenbackapc.com]
**Sent:** Thursday, June 26, 2008 11:35 AM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** RE: General Atomics Discovery Issue

Art believes he cannot ask the defendants in the New Jersey Action to sign a protective agreement. My thought: his earlier offer of a confidentiality agreement between your clients and he and his might be the way to go, there.

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Wednesday, June 25, 2008 3:31 PM
**To:** Dan Holsenback
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: General Atomics Discovery Issue

Dan,

I just called you to follow-up on our settlement discussions today. I left you a detailed message and then called Arthur Wolk but did not reach him. I left him a message as well.

As you and I discussed earlier today, I think we are close to resolving the outstanding issues. We still need to hear from your side on the remaining issues we raised with you. (I had hoped that you would have had a response for me today.) In any event, it would be good if we can resolve the matter early tomorrow and notify chambers. Otherwise, Sarah and I will need to start drafting papers in opposition to your motion to compel, which are due on July 1.

Dan


Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com



**From:** Dan Holsenback [mailto:Dan@holsenbackapc.com]
**Sent:** Wednesday, June 25, 2008 3:50 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** RE: General Atomics Discovery Issue

Dan,

Art reports that the New Jersey action is sealed and he cannot divulge the content except that it arises among other things about false statements made to courts by Rotax about its activities in the United States and a products liability action against it for a defective engine. The defendants are Rotax, Bombardier and lawyers.

Neither GA nor anyone they are owned or affiliated with by ownership or control are defendants.

Dan

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Wednesday, June 25, 2008 7:15 AM
**To:** Dan Holsenback
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: General Atomics Discovery Issue

Dan,

I plan to speak with my clients later this morning. I'd then like to have a call with you. Is there a time you are available for a call today after 11:00 am (SD time)/2:00 pm (NY time)?

Dan


Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

---

**From:** Dan Holsenback [mailto:Dan@holsenbackapc.com]
**Sent:** Tuesday, June 24, 2008 4:28 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** General Atomics Discovery Issue

Counselor,

Would an agreement to use the responsive documents only in the ED Penn action and the New Jersey action be a possible solution path for resolving the document production impasse? (Art's 3/19/08 proposed confidentiality agreement referred more broadly to "litigation between certain parties and Bombardier-Rotax entities . . . .")

Sincerely,

J. Daniel Holsenback
HOLSENBACK APC
Attorneys at Law
625 Broadway, Suite 906
San Diego, CA 92101
o] 619.269.4634
f] 619.269.4635
www.holsenbackapc.com

------------------------------------------------

Privileged/Confidential Information may be contained in this message.  If you a
the addressee indicated in this message (or responsible for delivery of the mes
such person), you may not copy or deliver this message to anyone.  In such case
should destroy this message and kindly notify the sender by reply email.  Pleas
immediately if you or your employer do not consent to Internet email for messag
kind.

------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (i
any attachments or enclosures) was not intended or written to be used, and cann
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code
promoting, marketing or recommending to another party any transaction or matter
in this communication.  (The foregoing disclaimer has been affixed pursuant to
Treasury regulations governing tax practitioners.)

================================================================================

------------------------------------------------

Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

------------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

================================================================================

# EXHIBIT L

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Friday, June 27, 2008 4:51 PM |
| **To:** | 'Arthur Alan Wolk' |
| **Cc:** | Goodstine, Sarah (x2476); dan@holsenbackapc.com |
| **Subject:** | Koziol - Joint Motion for Protective Order |
| | |
| **Attachments:** | Joint Motion for Protective Order.DOC |
| **File:** | 0 |

Arthur,

We have revised the draft Protective Order based on your comments.  Our clients agree that (i) you can use the documents in both the Pennsylvania and New Jersey actions, and (ii) a written undertaking will not be required by recipients of the documents.  Instead, as we both agree, the Protective Order will be provided to the recipients and violations of the Order may be punishable by contempt.

It appears that the parties are close to an agreement on the terms governing production.  I suggest again that we have a call today.  It should be beneficial for us to review the updated draft Protective Order together paragraph by paragraph.  I also think it makes sense for us to inform the Court that we are close to agreement and thus to seek an adjournment of the briefing and hearing schedule.

Dan



Joint Motion for
Protective Or...

1

1

2 Arthur Alan Wolk
  THE WOLK LAW FIRM
3 1710-12 Locust Street
  Philadelphia, PA 19103
4 Telephone: (215) 545-4220
  Facsimile: (215) 545-5252
5

6 J. Daniel Holsenback (SBN 145640)
  J. DANIEL HOLSENBACK, APC
7 625 Broadway, Suite 906
  San Diego, California 92101
8 Telephone: (619) 269-4634
  Facsimile: (619) 269-4635
9 *Attorneys for Plaintiffs Theodore and Lois Koziol*

10 Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
11 PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
12 New York, New York 10036
   Telephone: (212) 336-2720
13 Facsimile: (212) 336-2222
   *Attorney for General Atomics*
14 *and General Atomics Aeronautical Systems, Inc.*

15
                    **UNITED STATES DISTRICT COURT**
16
            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

17 THEODORE AND LOIS KOZIOL,          ) Case No. 08-CV-947 DMS (BLM)
                                       )
18                       *Plaintiffs,* ) Civ. No.: 07-3432
                                       ) Eastern District of Pennsylvania
19              v.                      )
                                       ) **JOINT MOTION FOR ENTRY OF A**
20                                     ) **PROTECTIVE ORDER**
                                       ) **REGARDING CONFIDENTIAL**
21 UNITED STATES OF AMERICA,          ) **INFORMATION REQUESTED BY**
                                       ) **SUBPOENA TO NON-PARTIES**
22                       *Defendant.*  ) **GENERAL ATOMICS AND GENERAL**
                                       ) **ATOMICS AERONAUTICAL SYSTEMS, INC.**
23                                     )
                                       )
24                                     ) Hon.: Barbara L. Major
                                       ) Date: July 15, 2008
25                                     ) Time: 1:30 p.m.
                                       )
26                                     )
27                                     ) **[FRCP 26 and 45]**

28

**WHEREAS**, non-parties General Atomics ("GA") and General Atomics

Aeronautical Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the

"Producing Non-Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned

Koziol v. United States of America, Civ. No. 07-3432 (E.D. Pa.) (the "Pennsylvania Action")

agree that the information encompassed by the subpoenas dated February 21, 2008 and April 3,

2008 issued by Plaintiffs Koziol to GA and GA-ASI in connection with the Pennsylvania Action

(the "Subpoenas"), may constitute trade secrets or other confidential research, development,

financial, commercial and/or proprietary information within the meaning of Rules 26 and 45 of

the Federal Rules of Civil Procedure and/or any other applicable Local Rule of the Court, GA,

GA-ASI and Plaintiffs Koziol, by their respective counsel, hereby stipulate and jointly request that

the Court enter a protective order which will facilitate and protect the disclosure of information.

The proposed form of Protective Order attached hereto as Exhibit A has been

separately and concurrently submitted pursuant to the Court's ECF Administrative Policies and

Procedures Manual § 2(h).

Dated:  June [30], 2008          By: _____
                                      Arthur Alan Wolk

                                 THE WOLK LAW FIRM
                                 1710-12 Locust Street
                                 Philadelphia, PA 19103
                                 Telephone:  (215) 545-4220
                                 Facsimile:  (215) 545-5252


                                 By: _____
                                      J. Daniel Holsenback (SBN 145640)

                                 J. DANIEL HOLSENBACK, APC
                                 625 Broadway, Suite 906
                                 San Diego, California 92101
                                 Telephone:  (619) 269-4634
                                 Facsimile:  (619) 269-4635

                                 *Attorneys for Plaintiffs Theodore and Lois Koziol*

1

Dated: _____    By: _____
Daniel A. Lowenthal (Admitted *Pro Hac Vice*)

2

3    PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas

4    New York, New York 10036
Telephone:  (212) 336-2720

5    Facsimile:  (212) 336-2222

6

7    *Attorney for General Atomics and General Atomics
Aeronautical Systems, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12

**EXHIBIT A**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Arthur Alan Wolk
   THE WOLK LAW FIRM
2  1710-12 Locust Street
3  Philadelphia, PA 19103
   Telephone: (215) 545-4220
4  Facsimile: (215) 545-5252

5  J. Daniel Holsenback (SBN 145640)
   J. DANIEL HOLSENBACK, APC
6  625 Broadway, Suite 906
7  San Diego, California 92101
   Telephone: (619) 269-4634
8  Facsimile: (619) 269-4635
   *Attorneys for Plaintiffs Theodore and Lois Koziol*
9

10 Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   PATTERSON BELKNAP WEBB & TYLER LLP
11 1133 Avenue of the Americas
   New York, New York 10036
12 Telephone: (212) 336-2720
   Facsimile: (212) 336-2222
13 *Attorney for General Atomics*
   *and General Atomics Aeronautical Systems, Inc.*
14

15              **UNITED STATES DISTRICT COURT**

16          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

17 THEODORE AND LOIS KOZIOL,          ) Case No. 08-CV-947 DMS (BLM)
                                      )
18              *Plaintiffs,*         ) Civ. No.: 07-3432
                                      ) Eastern District of Pennsylvania
19      v.                            )
                                      ) **[PROPOSED]**
20                                    ) **PROTECTIVE ORDER**
   UNITED STATES OF AMERICA,          ) **REGARDING CONFIDENTIAL**
21                                    ) **INFORMATION REQUESTED BY**
                *Defendant.*          ) **SUBPOENA TO NON-PARTIES**
22                                    ) **GENERAL ATOMICS AND GENERAL**
                                      ) **ATOMICS AERONAUTICAL SYSTEMS, INC.**
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26                                    )

27

28
   JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER                CASE NO. 08-CV-047 DMS (BLM)
   REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA
   TO NON-PARTIES GENERAL ATOMICS AND
   GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.    5

1.    This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.    All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned Koziol v. Bombardier Inc., et al., No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3.    All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4.    All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential."

5.    Testimony or information disclosed at a deposition may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition

the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order. Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.

6.     Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

(a)     Counsel of record in the Actions;

(b)     The Court, Court reporters, stenographers, videographers, and/or Court personnel;

(c)     Consultants and experts in connection with the Actions, whether or not they testify at trial or otherwise;

(d)     Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

(e)     Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

(f)     Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

(g)     Any other person to whom the Producing Non-Party agrees in writing.

7.     Any person, prior to being given access to Confidential Information, shall be advised by the person disclosing such Confidential Information (a) of the terms of this Protective Order; and (b) that violation of this Protective Order my be punishable by contempt of Court. Once a person has been provided access to Confidential Information in accordance with this

Order, that person shall be deemed a Receiving Party and shall thereupon become subject to the terms of this Protective Order, including, without limitation, the provision that Confidential Information may not be disclosed to any person or in any manner other than as described in Paragraph 6 above and shall be used solely for the purpose of the Actions.

8.    Any Receiving Party who wishes to file Confidential Information in the Actions as part of any motion, paper or other filing with the Court shall first move in accordance with Rule 79.2 of the Local Rules of the United States District Court for the Southern District of California and/or any other applicable rules and procedures for permission to file such documents under seal. Any filing that is to be kept in whole or in part under seal shall be filed with the applicable Clerk's Office in a sealed envelope or other sealed container on which shall be endorsed the title and docket number of the applicable Action, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

> CONFIDENTIAL INFORMATION SUBJECT TO
> PROTECTIVE ORDER ENTERED IN CASE NO. 08-CV-
> 947 DMS (BLM) (S.D. Cal.). This envelope, containing
> documents that are filed in this case by [name of person], is
> not to be opened nor are the contents thereof to be
> displayed or revealed except by Order of the Court.

In accordance with Local Rule 79.2 and/or any other applicable rules and procedures, all Material filed under seal in the Actions will be returned to the party submitting such Material upon entry of the final judgment or termination of the appeal, if any, unless otherwise ordered by the Court.

9.    Any Producing Non-Party may redact or excise information that is non-responsive or subject to the attorney-client, military safety and/or work product privileges. Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted. If produced copies

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER                    CASE NO. 08-CV-047 DMS (BLM)
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA
TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.    8

1814065v.1

have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.    If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.    Any person who receives Confidential Information may be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions.

12.    Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein.  However, the Receiving Party using such Confidential Information must do the following:

     (a)     Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and

     (b)     Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 8, with access thereto limited to persons entitled to access under this Protective Order.

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA
TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.    9

CASE NO. 08-CV-047 DMS (BLM)

1814065v.1

13.     Nothing in this Protective Order in any manner:

(a)     May be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)     Waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)     Waives any claims or defenses that may apply; or

(d)     Defines the scope of material to be produced in response to the Subpoenas.

14.     If any Producing Non-Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall within three (3) business days shall gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

15.     Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all Material produced or otherwise disclosed and all Material designated as Confidential Information, and all reproductions and transcriptions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party.

16.     This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court to impose additional restrictions on the disclosure of any information or Material.

17.   The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual.

18.   The provisions of this Protective Order will continue to be binding and survive termination of the Actions.  This Court retains jurisdiction over all affected persons with respect to any matters, claims or rights from or related to this Protective Order and the disclosure and production of Confidential Information until all Material is destroyed or returned in accordance with Paragraph 15.

19.   The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations.  This Order is without prejudice to the right to move at any time for modification of this Order or for an order to free any Confidential Information from the above restrictions upon a showing of good cause.

20.   Notices hereunder shall be made in writing by electronic and overnight mail, sent to the offices of the undersigned counsel.

**IT IS SO ORDERED:**

_____          _____
Hon.   Barbara L. Major                            Date

United States Magistrate Judge
United States District Court for the Southern
District of California

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA
TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.      11

CASE NO. 08-CV-047 DMS (BLM)

1814065v.1

# EXHIBIT M

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Thursday, June 26, 2008 7:52 PM |
| **To:** | 'arthurwolk@airlaw.com' |
| **Cc:** | Goodstine, Sarah (x2476); 'dan@holsenbackapc.com' |
| **Subject:** | Koziol - General Atomics |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |

| | |
|---|---|
| **Categories:** | Filed To Worksite |
| **Attachments:** | Fax-Jun-26-2008-18-52-37-12489.pdf |
| **File:** | -1 |
| **Move:** | -1 |
| **OptionMode:** | 1 |
| **Processed:** | 1 |

Arthur,

I received your fax attached to this email just before 7 pm tonight and have reviewed your comments to the proposed Protective Order. I understand that you think our proposed Protective Order is too onerous, but it also appears that you believe some revisions can help make it work. At your earliest convenience, please mark up the draft Protective Order as you think necessary. We will then continue to work to reach terms to resolve this. In the meantime, I will forward your comments to my clients, so that they are aware of how you think the draft Protective Order can be modified. Both Sarah Goodstine and I will be available this evening and throughout the day tomorrow to move this forward to resolution.

Thanks.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

| | |
|---|---|
| **From:** | UnknownFaxMachine [mailto:unknownfaxmachine] |
| **Sent:** | Thursday, June 26, 2008 6:53 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | Fax Receipt From UnknownFaxMachine on 6/26/2008 at 6:53:04 PM. |

```
*******************************************************
                INBOUND FAX NOTIFICATION
*******************************************************

You have received an inbound fax.

        Date: 6/26/2008
        Time: 6:53:04 PM

Pages rcvd: 2

Recipient's Number:  1253
```

# EXHIBIT N

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Friday, June 27, 2008 8:50 PM |
| **To:** | 'Arthur Alan Wolk' |
| **Cc:** | Goodstine, Sarah (x2476) |
| **Subject:** | Koziol - Updated Draft Protective Order |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| | |
| **Categories:** | Filed To Worksite |
| **Attachments:** | v.3 Joint Motion for Protective Order.DOC |
| **File:** | -1 |
| **Move:** | -1 |
| **OptionMode:** | 1 |
| **Processed:** | 1 |

Arthur,

Here's a new draft.  We have accepted most of your changes.  Paragraph 12(a) is still in the document because we need to review your request to delete it with our clients.

It appears that we have just that issue and perhaps one or two others to resolve.  We can reconvene on Monday morning.

Please confirm by reply email that we will jointly call the Court on Monday to adjourn the briefing schedule.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com



v.3 Joint Motion for
Protectiv...

1

1   J. Daniel Holsenback (SBN 145640)
    J. DANIEL HOLSENBACK, APC
2   625 Broadway, Suite 906
3   San Diego, California 92101
    Telephone:  (619) 269-4634
4   Facsimile:  (619) 269-4635
    *Attorneys for Plaintiffs Theodore and Lois Koziol*
5
    Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
6   PATTERSON BELKNAP WEBB & TYLER LLP
7   1133 Avenue of the Americas
    New York, New York 10036
8   Telephone:  (212) 336-2720
    Facsimile:  (212) 336-2222
9   *Attorney for General Atomics*
    *and General Atomics Aeronautical Systems, Inc.*
10

11              UNITED STATES DISTRICT COURT

12        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13   THEODORE AND LOIS KOZIOL,      ) Case No. 08-CV-947 DMS (BLM)
                                    )
14                    Plaintiffs,   ) Civ. No.: 07-3432
                                    ) Eastern District of Pennsylvania
15        v.                        )
                                    ) **JOINT MOTION FOR  ENTRY OF A**
16                                  ) **PROTECTIVE ORDER**
     UNITED STATES OF AMERICA,      ) **REGARDING CONFIDENTIAL**
17                                  ) **INFORMATION REQUESTED BY**
                      Defendant.    ) **SUBPOENA TO NON-PARTIES**
18                                  ) **GENERAL ATOMICS AND GENERAL**
                                    ) **ATOMICS AERONAUTICAL SYSTEMS, INC.**
19                                  )
20                                  ) Hon.:  Barbara L. Major
                                    ) Date:  July 15, 2008
21                                  ) Time:  1:30 p.m.
                                    )
22                                  ) **[FRCP 26 and 45]**

23        **WHEREAS**, non-parties General Atomics ("GA") and General Atomics

24   Aeronautical Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the

25   "Producing Non-Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned

26   Koziol v. United States of America, Civ. No. 07-3432 (E.D. Pa.) (the "Pennsylvania Action")

27   agree that the information encompassed by the subpoenas dated February 21, 2008 and April 3,

28

2008 issued by Plaintiffs Koziol to GA and GA-ASI in connection with the Pennsylvania Action

(the "Subpoenas"), may constitute trade secrets or other confidential research, development,

financial, commercial and/or proprietary information within the meaning of Rules 26 and 45 of

the Federal Rules of Civil Procedure and/or any other applicable Local Rule of the Court, GA,

GA-ASI and Plaintiffs Koziol, by their respective counsel, hereby stipulate and jointly request that

the Court enter a protective order which will facilitate and protect the disclosure of information.

The proposed form of Protective Order attached hereto as <u>Exhibit A</u> has been

separately and concurrently submitted pursuant to Rule 7.2 c. of the Local Rules of the United

States District Court for the Southern District of California and the Court's ECF Administrative

Policies and Procedures Manual § 2(h).


Dated:  June [\_\_], 2008          By: _____
                                     J. Daniel Holsenback (SBN 145640)

                                  J. DANIEL HOLSENBACK, APC
                                  625 Broadway, Suite 906
                                  San Diego, California 92101
                                  Telephone:  (619) 269-4634
                                  Facsimile:  (619) 269-4635

                                  *Attorneys for Plaintiffs Theodore and Lois Koziol*

Dated:  _____          By: _____
                                     Daniel A. Lowenthal (Admitted *Pro Hac Vice*)

                                  PATTERSON BELKNAP WEBB & TYLER LLP
                                  1133 Avenue of the Americas
                                  New York, New York 10036
                                  Telephone:  (212) 336-2720
                                  Facsimile:   (212) 336-2222

                                  *Attorney for General Atomics and General Atomics*
                                  *Aeronautical Systems, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1  J. Daniel Holsenback (SBN 145640)
   J. DANIEL HOLSENBACK, APC
2  625 Broadway, Suite 906
   San Diego, California 92101
3  Telephone: (619) 269-4634
4  Facsimile: (619) 269-4635
   *Attorneys for Plaintiffs Theodore and Lois Koziol*
5
   Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
6  PATTERSON BELKNAP WEBB & TYLER LLP
7  1133 Avenue of the Americas
   New York, New York 10036
8  Telephone: (212) 336-2720
   Facsimile: (212) 336-2222
9  *Attorney for General Atomics*
   *and General Atomics Aeronautical Systems, Inc.*
10

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13  THEODORE AND LOIS KOZIOL,    ) Case No. 08-CV-947 DMS (BLM)
                                 )
14            *Plaintiffs,*      ) Civ. No.: 07-3432
                                 ) Eastern District of Pennsylvania
15      v.                       )
                                 ) **[PROPOSED]**
16                               ) **PROTECTIVE ORDER**
    UNITED STATES OF AMERICA,    ) **REGARDING CONFIDENTIAL**
17                               ) **INFORMATION REQUESTED BY**
              *Defendant.*       ) **SUBPOENA TO NON-PARTIES**
18                               ) **GENERAL ATOMICS AND GENERAL**
                                 ) **ATOMICS AERONAUTICAL SYSTEMS, INC.**
19                               )
                                 )
20                               )
                                 )
21                               )
                                 )
22                               )
                                 )
23

24       1.    This Protective Order shall govern the receipt, use and handling of all

25  information, including documents (including graphic and electronically stored information) that

26  is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in

27  response to the Subpoenas (the "Material").

28

2.     All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned <u>Koziol v. Bombardier Inc., et al.</u>, No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3.     All Material produced or disclosed by any Producing Non-Party shall be treated as consisting entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4.     All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential."  All documents produced by any Producing Non-Party shall bear a Bates number for identification in a place that does not interfere with the legibility of the document.

5.     Testimony or information disclosed at a deposition of any employee of any Producing Non-Party may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and

lines of the transcript that are to be so designated. Whether or not designation is made at the time of a deposition, all depositions of employees of the Producing Non-Parties shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.  Receiving Parties may dispute the designation of such deposition testimony as "Confidential" by providing notice to the Producing Non-Party, and thereafter, by submitting any such dispute to this Court.

      6.    Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

      (a)        Counsel of record in the Actions;

      (b)        The parties to the Actions;

      (c)        The Court, Court reporters, stenographers, videographers, and/or Court personnel;

      (d)        Consultants and experts in connection with the Actions, whether or not they testify at trial or otherwise;

      (e)        Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

      (f)        Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

      (g)        Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

      (h)        Any mediator or arbitrator presiding over the New Jersey Action;

      (i)        And, upon providing notice to the Producing Non-Party, to persons ordered to be recipients by a Court presiding over the Actions or this Court; and

      (j)        Any other person to whom the Producing Non-Party agrees in writing.

      7.    Any person, prior to being given access to Confidential Information, shall be provided with a copy of the Protective Order by the person disclosing such Confidential

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING    CASE NO. 08-CV-047 DMS (BLM)
CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO NON-PARTIES
GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.
1814488v.2      6

Information, and shall be advised by the disclosing person (unless it is the Court or a tribunal in the New Jersey Action being given access) that violation of this Protective Order may be punishable by contempt of Court. Once a person has been provided access to Confidential Information in accordance with this Order, that person shall be deemed a Receiving Party and shall thereupon become subject to the terms of this Protective Order, including, without limitation, the provision that Confidential Information may not be disclosed to any person or in any manner other than as described in Paragraph 6 above and shall be used solely for the purpose of the Actions.

8.    Any Receiving Party who wishes to file Confidential Information in the Actions as part of any motion, paper or other filing with the Court shall (a) move to file the Confidential Information under seal in accordance with Rule 79.2 of the Local Rules of the United States District Court for the Southern District of California and/or any other applicable rules; or (b) with respect to the New Jersey Action, file the Confidential Information in a sealed envelope and take any other action required by applicable rules to request sealing of the Confidential Information. In accordance with Local Rule 79.2 and/or any other applicable rules and procedures, all Material furnished by any Producing Non-Party filed under seal in the Actions will be returned to the person submitting such Material upon entry of the final judgment or termination of the appeal, if any, unless otherwise ordered by the Court.

9.    Any Producing Non-Party may redact or excise information that is non-responsive or subject to the attorney-client, military safety and/or attorney work product privileges. Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted. If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be made available to the Court if requested by the Court. The Receiving Party has the right to request the Court to review any redacted Material, and upon the request of the Receiving Party, the Producing Non-Party will provide the Court with the applicable redacted Material for *in camera* review.

10.    If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.    Any person who receives Confidential Information may be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions.

12.    Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein.  However, the Receiving Party using such Confidential Information must do the following:

(a)    [Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and]

(b)    Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 8, with access thereto limited to persons entitled to access under this Protective Order.

13.    Nothing in this Protective Order in any manner:

(a)    May be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)    Waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)    Waives any claims or defenses that may apply;

(d)    Defines the scope of material to be produced in response to the Subpoenas; or

(e)    Relieves any Producing Non-Party from its obligation to comply with the requirements of Rules 26 and 45 of the Federal Rules of Civil Procedure, including any obligation to produce responsive, non-privileged, relevant documents pursuant to the Subpoenas.

Disclosure of Confidential Information by a Court in any opinion or published document shall not constitute a breach or contempt of this Order by any Receiving Party or person.

14.    If any Producing Non-Party, through inadvertence, produces or discloses any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or attorney work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall within three (3) business days gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party. However, if the Receiving Party in good faith disputes the Producing Non-Party's written notice characterizing produced Material as subject to attorney-client,

JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING    CASE NO. 08-CV-047 DMS (BLM)
CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO NON-PARTIES
GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.
1814488v.2    9

attorney work product or military safety privilege, the Receiving Party and Producing Non-Party will submit the dispute to the Court.

15.   Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all Material produced or otherwise disclosed and all Material designated as Confidential Information, and all reproductions and transcriptions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party.

16.   The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual, but not a Judge or tribunal.

17.   The provisions of this Protective Order will continue to be binding and survive termination of the Actions.  This Court retains jurisdiction over all affected persons with respect to any matters, claims or rights from or related to this Protective Order and the disclosure and production of Confidential Information until all Material is destroyed or returned in accordance with Paragraph 15.

18.   The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations.  This Order is without prejudice to the right to move at any time for modification of this Order or for an order to free any Confidential Information from the above restrictions upon a showing of good cause.

19.   Notices hereunder shall be made in writing by electronic and overnight mail, sent to the offices of the undersigned counsel.

**IT IS SO ORDERED:**

_____          _____
Hon.   Barbara L. Major                                    Date

United States Magistrate Judge
United States District Court for the Southern
District of California

# EXHIBIT O

## Lowenthal, Daniel A. (x2720)

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Friday, June 27, 2008 9:44 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | RE: Koziol - Updated Draft Protective Order |

Dan,

You are correct that 12 (a) is a problem because if I ask the Court to do that he is going to look at me like I have two heads and I am not prejudicing my client by asking for something that is hardly called for by any documents you are likely producing.

Also the provision relating to inadvertent disclosure is important as although I think it is remote anything can happen and since there are no trade secrets, processes or other documents that will disclose the business of General Atomics I am not taking the risk that an inadvertent disclosure is seized upon for sanctions or attorneys fees especially when you are asking me to relieve you of sanctions and attorneys fees. I have a sense you will not be as generous as you are asking me to be.

None of the documents in the categories I reduced the scope to can prejudice anyone but Rotax thus much of what you are requesting is curiously for its benefit only. I am becoming increasingly concerned and am appropriately suspicious. How could a communication or confirmation of appointment with Rotax reps. for example in this country have any bearing on the business of General Atomics? So what's the concern about Dan? What's confidential here Dan? Is it because Rotax and its lawyers took affidavits and gave depositions of Rotax and Bombardier witnesses in courts all over the country saying they didn't do business in the States? Why should General Atomics be concerned about that especially since even the Air Force makes no bones about its displeasure with the Rotax engine and the fires, accidents and investigations that led to that request to General Atomics that it provide another engine choice.
Just so we understand each other Dan, I haven't been waiting for General Atomics to decide when and if and whether it would comply with the subpoena.

I believe your Confidentiality Order is not for your client's protection but for your client's vendor's protection and I will think about it this weekend whether I am interested in protecting Rotax or Bombardier from anything.
I also wish to confirm that you told me you have had no discussions with Rotax or Bombardier's counsel about these subpoenas and have not shared with them the documents or substance of them. I intend to depose them on that subject.

Thanks and I will speak to you Monday.

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]

7/1/2008

**Sent:** Friday, June 27, 2008 5:50 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** Koziol - Updated Draft Protective Order

Arthur,

Here's a new draft. We have accepted most of your changes. Paragraph 12(a) is still in the document because we need to review your request to delete it with our clients.

It appears that we have just that issue and perhaps one or two others to resolve. We can reconvene on Monday morning.

Please confirm by reply email that we will jointly call the Court on Monday to adjourn the briefing schedule.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com


<<v.3 Joint Motion for Protective Order.DOC>>

-------------------------------------------------
Privileged/Confidential Information may be contained in this message. If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-------------------------------------------------

IRS Circular 230 disclosure: Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication. (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

=====================================================================

**Lowenthal, Daniel A. (x2720)**

| | |
|---|---|
| **From:** | Arthur Alan Wolk [ArthurWolk@airlaw.com] |
| **Sent:** | Saturday, June 28, 2008 12:46 AM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | RE: Koziol - Updated Draft Protective Order |

Dan,

I know what I heard. I think you need to brief the Motion and we will do the same. I suspect and with good reason that you are just wasting our time our money and you intend along with your patron, Rotax to sandbag us as you have since the inception of this journey.
We can discuss what we will agree to **after** I see the documents.
You have wasted far more time than this deserves and I intend to request the court to award counsel fees for these two days of continued wasted effort and ask our New Jersey counsel to add this charade of Rotax as an additional act in the RICO complaint. You are completely aware of the RICO litigation including the parties and allegations and your claim you couldn't find out anything about it was false.

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Friday, June 27, 2008 8:48 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** RE: Koziol - Updated Draft Protective Order

Arthur,

I write solely to respond to the following language in your email below:

"I also wish to confirm that you told me you have had no discussions with Rotax or Bombardier's counsel about these subpoenas and have not shared with them the documents or substance of them. I intend to depose them on that subject."

During our call late this afternoon, you asked if I had given Rotax documents. I told you that I had not. I did not tell you that I had no discussions with Rotax or Bombardier's counsel. That is not something that you and I discussed. As your local counsel knows, a lawyer for Rotax phoned us about your motion to compel and the subpoenas. Rotax's counsel said he knew about the motion because someone at Rotax had seen it on PACER.

Dan

---

**From:** Arthur Alan Wolk [mailto:ArthurWolk@airlaw.com]
**Sent:** Fri 6/27/2008 9:44 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** RE: Koziol - Updated Draft Protective Order

Dan,

You are correct that 12 (a) is a problem because if I ask the Court to do that he is going to look at me like I have two heads and I am not prejudicing my client by asking for something that is hardly called for by any documents you are likely producing.

Also the provision relating to inadvertent disclosure is important as although I think it is remote anything can happen and since there are no trade secrets, processes or other documents that will disclose the business of General Atomics I am not taking the risk that an inadvertent disclosure is seized upon for sanctions or attorneys fees especially when you are asking me to relieve you of sanctions and attorneys fees. I have a sense you will not be as generous as you are asking me to be.

None of the documents in the categories I reduced the scope to can prejudice anyone but Rotax thus much of what you are requesting is curiously for its benefit only. I am becoming increasingly concerned and am appropriately suspicious. How could a communication or confirmation of appointment with Rotax reps. for example in this country have any bearing on the business of General Atomics? So what's the concern about Dan? What's confidential here Dan? Is it because Rotax and its lawyers took affidavits and gave depositions of Rotax and Bombardier witnesses in courts all over the country saying they didn't do business in the States? Why should General Atomics be concerned about that especially since even the Air Force makes no bones about its displeasure with the Rotax engine and the fires, accidents and investigations that led to that request to General Atomics that it provide another engine choice.
Just so we understand each other Dan, I haven't been waiting for General Atomics to decide when and if and whether it would comply with the subpoena.

I believe your Confidentiality Order is not for your client's protection but for your client's vendor's protection and I will think about it this weekend whether I am interested in protecting Rotax or Bombardier from anything.
I also wish to confirm that you told me you have had no discussions with Rotax or Bombardier's counsel about these subpoenas and have not shared with them the documents or substance of them. I intend to depose them on that subject.

Thanks and I will speak to you Monday.

Arthur

---

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Friday, June 27, 2008 5:50 PM
**To:** Arthur Alan Wolk
**Cc:** Goodstine, Sarah (x2476)
**Subject:** Koziol - Updated Draft Protective Order


Arthur,

Here's a new draft.  We have accepted most of your changes.  Paragraph 12(a) is still in the document because we need to review your request to delete it with our clients.

It appears that we have just that issue and perhaps one or two others to resolve.  We can reconvene on Monday

morning.

Please confirm by reply email that we will jointly call the Court on Monday to adjourn the briefing schedule.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-980-3794
Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

<<v.3 Joint Motion for Protective Order.DOC>>

-----------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

================================================================
-----------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

-----------------------------------------------

IRS Circular 230 disclosure:  Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication.  (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

# EXHIBIT P

1  Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   PATTERSON BELKNAP WEBB & TYLER LLP
2  1133 Avenue of the Americas
   New York, New York 10036
3  Telephone:  (212) 336-2720
   Facsimile:  (212) 336-2222

4
   Sarah E. Goodstine (*Admitted Pro Hac Vice*)
5  PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
6  New York, New York 10036
   Telephone:  (212) 336-2476
7  Facsimile:  (212) 336-7952

8  Paul A. Tyrell  (CA Bar No. 193798)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
9  530 B Street, Suite 2100
   San Diego, CA 92101
10 Telephone:  (619) 238-1999
   Facsimile:  (619) 235-0398

11
   *Attorneys for Non-Parties General Atomics*
12 *and General Atomics Aeronautical Systems, Inc.*

13              **UNITED STATES DISTRICT COURT**

14         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15                                          Case No.: 08-CV-947 DMS (BLM)
   THEODORE AND LOIS KOZIOL
16                                          Civ. No.: 07-3432
              Plaintiffs,                   Eastern District of Pennsylvania
17
                                            **[PROPOSED] PROTECTIVE ORDER**
18     v.                                   **REGARDING CONFIDENTIAL MATERIALS**
                                            **REQUESTED BY SUBPOENA TO NON-**
19 UNITED STATES OF AMERICA,                **PARTIES**
                                            **GENERAL ATOMICS AND GENERAL**
20            Defendant.                     **ATOMICS AERONAUTICAL SYSTEMS, INC.**

21                                          Date:      August 13, 2008
                                            Time:      1:30 p.m.
22                                          Judge:     Hon. Barbara L. Major
                                            Courtroom: TBD
23

24
          1.      This Protective Order shall govern the receipt, use and handling of all
25
   information, including documents (including graphic and electronically stored information) that is
26
   produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to
27
   the Subpoenas (the "Material").
28
          2.      All Material produced or disclosed pursuant to the Subpoenas shall be used

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                                  1

1   solely for the purposes of the Pennsylvania Action and the action captioned <u>Koziol v. Bombardier</u>

2   <u>Inc., et al.</u>, No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together

3   with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any

4   other legal proceeding, whether in the United States or elsewhere, or make any other use of the

5   Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph 6

6   (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such

7   Receiving Parties use the Material solely with respect to the conduct of the Actions.

8           3.     All Material produced or disclosed by any Producing Non-Party shall be

9   treated as consisting entirely of "Confidential Information," which may include, but is not limited to,

10   proprietary business information, trade secrets or other confidential research, development, personal,

11   manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management,

12   operations, product analysis or commercial information.

13           4.     All documents (including copies, portions or summaries thereof) and physical

14   objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and

15   subject to this Protective Order, without any requirement for the Producing Non-Parties to stamp,

16   affix, designate or otherwise identify the documents and physical objects as "Confidential."  All

17   documents produced by any Producing Non-Party shall bear a Bates number for identification in a

18   place that does not interfere with the legibility of the document.

19           5.     Testimony or information disclosed at a deposition of any employee of any

20   Producing Non-Party may be designated by a Producing Non-Party as Confidential Information by

21   indicating on the record at the deposition the specific testimony which contains the Confidential

22   Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a

23   Producing Non-Party may designate testimony or information disclosed at a deposition as

24   Confidential Information by notifying the recipient of the Confidential Information in writing within

25   thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript

26   that are to be so designated.  Whether or not designation is made at the time of a deposition, all

27   depositions of employees of the Producing Non-Parties shall be treated as Confidential Information

28   from the time of the taking of the depositions until thirty (30) days after receipt of the deposition

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                   2

1  transcript.   Receiving Parties may dispute the designation of such deposition testimony as

2  "Confidential" by providing notice to the Producing Non-Party, and thereafter, by submitting any

3  such dispute to this Court.

4        6.   Confidential Information may be disclosed only in accordance with

5  Paragraphs 2 and 7, and only to the following persons:

6        (a)   Counsel of record in the Actions;

7        (b)   The parties to the Actions;

8        (c)   The Court, Court reporters, stenographers, videographers, and/or Court

9        personnel;

10        (d)   Consultants and experts in connection with the Actions, whether or not

11        they testify at trial or otherwise;

12        (e)   Deponents noticed or subpoenaed in the Actions, to the extent

13        necessary to examine such deponents or to prepare them for

14        deposition;

15        (f)   Witnesses who will testify at trial in the Actions, to the extent

16        necessary to examine such witnesses or prepare them for trial;

17        (g)   Independent photocopying or litigation support services employed by

18        the persons or their counsel to assist in the Actions; and

19        (h)   Any mediator or arbitrator presiding over the New Jersey Action;

20        (i)   And, upon providing notice to the Producing Non-Party, to persons

21        ordered to be recipients by a Court presiding over the Actions or this

22        Court; and

23        (j)   Any other person to whom the Producing Non-Party agrees in writing.

24        7.   Any person, prior to being given access to Confidential Information, shall be

25  provided with a copy of the Protective Order by the person disclosing such Confidential Information,

26  and shall be advised by the disclosing person (unless it is the Court or a tribunal in the New Jersey

27  Action being given access) that violation of this Protective Order may be punishable by contempt of

28  Court. Once a person has been provided access to Confidential Information in accordance with this

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                                3

1   Order, that person shall be deemed a Receiving Party and shall thereupon become subject to the

2   terms of this Protective Order, including, without limitation, the provision that Confidential

3   Information may not be disclosed to any person or in any manner other than as described in

4   Paragraph 6 above and shall be used solely for the purpose of the Actions.

5            8.    Any Receiving Party who wishes to file Confidential Information in the

6   Actions as part of any motion, paper or other filing with the Court shall (a) move to file the

7   Confidential Information under seal in accordance with Rule 79.2 of the Local Rules of the United

8   States District Court for the Southern District of California and/or any other applicable rules; or

9   (b) with respect to the New Jersey Action, file the Confidential Information in a sealed envelope and

10   take any other action required by applicable rules to request sealing of the Confidential Information.

11   In accordance with Local Rule 79.2 and/or any other applicable rules and procedures, all Material

12   furnished by any Producing Non-Party filed under seal in the Actions will be returned to the person

13   submitting such Material upon entry of the final judgment or termination of the appeal, if any, unless

14   otherwise ordered by the Court.

15            9.    Any Producing Non-Party may redact or excise information that is non-

16   responsive or subject to the attorney-client, military safety and/or attorney work product privileges.

17   Documents and things that have been redacted shall bear the identification "REDACTED" in the

18   locations on the documents and things where such matter has been redacted. If produced copies

19   have been so redacted or excised, the Producing Non-Party will maintain complete originals which

20   will be made available to the Court if requested by the Court. The Receiving Party has the right to

21   request the Court to review any redacted Material, and upon the request of the Receiving Party, the

22   Producing Non-Party will provide the Court with the applicable redacted Material for *in camera*

23   review.

24           10.    If Confidential Information is disclosed to any person other than in the manner

25   authorized by this Order, the person responsible for the disclosure shall immediately bring all

26   pertinent facts relating to such disclosure to the attention of all counsel of record and, without

27   prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to

28   obtain the return of the disclosed Confidential Information and prevent further disclosure of such

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                          4

1  Confidential Information.

2         11.    Any person who receives Confidential Information may be subject to

3  contempt of court and discovery sanctions (including without limitation, an award of reasonable

4  attorneys' fees) in the event that such person discloses Confidential Information to persons not

5  authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than

6  the Actions.

7         12.    Nothing in this Order shall prevent a Receiving Party from using Confidential

8  Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions

9  herein.  However, the Receiving Party using such Confidential Information must do the following:

10        (a)    Prior to the use of the Confidential Information at a trial, hearing, or

11               the like, the Receiving Party must request the Court to close the

12               courtroom during the presentation of any Confidential Information

13               disclosed in such motion, hearing, or trial; and

14        (b)    Following the use of the Confidential Information at a trial, hearing, or

15               the like, the Receiving Party must request that the portion of the

16               proceeding where said use is made shall be designated as

17               "Confidential Information" and that the transcript of that portion of the

18               proceeding be maintained under seal in accordance with Paragraph 8,

19               with access thereto limited to persons entitled to access under this

20               Protective Order.

21        13.    Nothing in this Protective Order in any manner:

22        (a)    May be construed as an agreement or admission that any information,

23               document or the like, designated as Confidential Information is in fact

24               confidential or a trade secret;

25        (b)    Waives any objection to the relevancy, materiality or admissibility of

26               any Material or any other information or document or to the

27               applicability of the Subpoenas to any Producing Non-Party;

28        (c)    Waives any claims or defenses that may apply;

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1818913v.1                                    5

    (d)    Defines the scope of material to be produced in response to the Subpoenas; or

    (e)    Relieves any Producing Non-Party from its obligation to comply with the requirements of Rules 26 and 45 of the Federal Rules of Civil Procedure, including any obligation to produce responsive, non-privileged, relevant documents pursuant to the Subpoenas.

Disclosure of Confidential Information by a Court in any opinion or published document shall not constitute a breach or contempt of this Order by any Receiving Party or person.

14.    If any Producing Non-Party, through inadvertence, produces or discloses any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or attorney work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall within three (3) business days gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party. However, if the Receiving Party in good faith disputes the Producing Non-Party's written notice characterizing produced Material as subject to attorney-client, attorney work product or military safety privilege, the Receiving Party and Producing Non-Party will submit the dispute to the Court.

15.    Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all Material produced or otherwise disclosed and all Material designated as Confidential Information, and all reproductions and transcriptions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party.

16.    The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual, but not a Judge or tribunal.

CASE NO. 08-cv-947 DMS (BLM)

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

17.     The provisions of this Protective Order will continue to be binding and survive termination of the Actions.  This Court retains jurisdiction over all affected persons with respect to any matters, claims or rights from or related to this Protective Order and the disclosure and production of Confidential Information until all Material is destroyed or returned in accordance with Paragraph 15.

18.     The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations.  This Order is without prejudice to the right to move at any time for modification of this Order or for an order to free any Confidential Information from the above restrictions upon a showing of good cause.

19.     Notices hereunder shall be made in writing by electronic and overnight mail, sent to the offices of the undersigned counsel.


**IT IS SO ORDERED:**


_____        _____
Hon. Barbara L. Major                          Date

United States Magistrate Judge
United States District Court for the
Southern District of California

CASE NO. 08-cv-947 DMS (BLM)
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS REQUESTED BY SUBPOENA TO
NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

*Koziol v. United States of America, et al.*
**USDC, Southern District of California, Case No. 3:08-cv-00947-DMS-BLM**

1

2
### PROOF OF SERVICE

3
I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On July 1, 2008, I caused to be electronically filed the within documents:

4

5
**(1) NOTICE AND CROSS-MOTION TO QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO THE SUBPOENAS ISSUED TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTIES' CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND FOR SANCTIONS; (3) DECLARATION OF DANIEL A. LOWENTHAL IN SUPPORT THE OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH; (4) DECLARATION OF FRANK PACE IN SUPPORT OF BOTH THE OPPOSITION TO MOTION TO COMPEL AND THE CROSS MOTION TO QUASH; AND (5) NON-PARTIES' NOTICE OF LODGMENT IN SUPPORT OF THE OPPOSITION TO THE MOTION TO COMPEL AND IN SUPPORT OF THE CROSS-MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND SANCTIONS**

6

7

8

9

10

11
with the Clerk of the United States District Court for the Southern District of California,

12
using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the

13
foregoing filing to the following parties and counsel of record who are registered with the Court's

14
CM/ECF System:

15

16
J. Daniel Holsenback, dan@holsenbackapc.com
United States Attorneys' Office, efile.dkt.civ@usdoj.gov
Daniel A. Lowenthal, dalowenthal@pbwt.com
Sarah Goodstine, sgoodstine@pbwt.com

17

18
Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic

19
service through the Court's transmission facilities.

20
I declare under the penalty of perjury under the laws of the United States of America that

21
the foregoing is true and correct and that I executed this Certificate of Service on July 1, 2008 at

22
San Diego, California.

23

24
/s/  Marsha Amin

25
Marsha Amin

26

27

28

114388/000000/938001.01