# EXHIBIT J

## Goodstine, Sarah (x2476)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Thursday, June 26, 2008 12:51 PM |
| **To:** | 'dan@holsenbackapc.com' |
| **Cc:** | Goodstine, Sarah (x2476); 'arthurwolk@airlaw.com' |
| **Subject:** | Revised GA and GA-ASI Protective Order |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| | |
| **Categories:** | Filed To Worksite |
| **Attachments:** | GA and GA-ASI Protective Order.DOC |
| **File:** | -1 |
| **Move:** | -1 |
| **OptionMode:** | 1 |
| **Processed:** | 1 |

Dan,

Attached below is a revised Protective Order.  This version provides that the documents our clients produce can be used in both the Pennsylvania and New Jersey actions.  Please let us know if this addresses your clients' concerns.

I have also called and left a message for you and called Arthur Wolk as well.  I understand that Mr. Wolk is out of his office.

Dan

Daniel A. Lowenthal
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-980-3794
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com



GA and GA-ASI
Protective Order...

1    COUNSEL LISTED ON LAST PAGE

2              **UNITED STATES DISTRICT COURT**

3          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

4

5    _____  )    Case No. 08-CV-947 DMS (BLM)
                                      )
6    THEODORE AND LOIS KOZIOL,        )    Civ. No.: 07-3432
                                      )    Eastern District of Pennsylvania
7                        *Plaintiffs,* )
                                      )    **JOINT MOTION FOR**
8              v.                     )    **STIPULATED**
                                      )    **PROTECTIVE ORDER**
9                                     )    **REGARDING**
                                      )    **CONFIDENTIAL MATERIALS**
10   UNITED STATES OF AMERICA,        )    **REQUESTED BY SUBPOENA**
                                      )    **TO NON-PARTIES**
11                       *Defendant.* )    **GENERAL ATOMICS AND**
                                      )    **GENERAL ATOMICS**
12                                    )    **AERONAUTICAL SYSTEMS, INC.**
                                      )
13                                    )
                                      )    Hon.:  Barbara L. Major
14                                    )    Date:   July 15, 2008
                                      )    Time:   1:30 p.m.
15                                    )
16   _____  )    **[FRCP 26 and 45]**

17

18        **WHEREAS**, non-parties General Atomics ("GA") and General Atomics Aeronautical

19   Systems, Inc. ("GA-ASI") (each a "Producing Non-Party," collectively, the "Producing Non-

20   Parties") and Theodore and Lois Koziol, Plaintiffs in the action captioned <u>Koziol v. United</u>

21   <u>States of America</u>, Civ. No. 07-3432 (E.D. Pa.) (the "Pennsylvania Action") believe that the

22   information encompassed by the subpoenas dated February 21, 2008 and April 3, 2008 issued

23   by Plaintiffs Koziol to GA and GA-ASI in connection with the Pennsylvania Action (the

24   "Subpoenas"), may constitute trade secrets or other confidential research, development and/or

25   proprietary commercial information within the meaning of Rules 26 and 45 of the Federal

26   Rules of Civil Procedure and/or any other applicable Local Rule of the Court, GA, GA-ASI

27   and Plaintiffs Koziol, by their respective counsel, hereby agree and stipulate to the following

28

provisions concerning the confidentiality of certain documents, information and/or testimony exchanged or obtained pursuant to the Subpoenas; and

**IT IS HEREBY ORDERED** that:

1.        This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) or depositions, or any portions, copies, excerpts, or summaries thereof, things, testimony, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 of the Federal Rules of Civil Procedure that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2.        All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned <u>Koziol v. Bombardier Inc., et al.</u>, No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever. All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3.        All Material produced or disclosed by any Producing Non-Party consists entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4.        All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the

Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential."

5.        Testimony or information disclosed at a deposition may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.

6.        Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

    (a)        Counsel of record in the Actions;

    (b)        The Court, Court reporters, stenographers, videographers, and/or Court personnel;

    (c)        Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

    (d)        Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

    (e)        Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

    (f)        Any other person to whom the Producing Non-Party agrees in writing.

7.        Any person being given access to Confidential Information shall, prior to being given such access, be advised of the terms of this Protective Order and shall thereby become

subject to such terms, including, without limitation, the provision that such Confidential Information may not be disclosed to any person or in any manner other than as described above, and shall be used solely for the purpose of the Actions.  In addition, no person described in Paragraph 6 above may be given access to Confidential Information, until and unless such person has executed an undertaking in the form attached as Exhibit A (the "Confidentiality Undertaking").  The attorney of record or person who provides access to any Confidential Information shall obtain and maintain the executed Confidentiality Undertaking, and shall provide copies of the executed Confidentiality Undertaking to the Producing-Non Party or Producing Non-Parties.  If a party to the Actions wishes to examine any person with respect to Confidential Information, but such person refuses to execute the Confidentiality Undertaking, the party may not use the Confidential Information for the examination without an Order from the Court requiring the person to treat the Confidential Information subject to the terms of this Protective Order.  Once a person has been provided access to Confidential Information in accordance with this Order, that person shall be deemed a Receiving Party.

8.        Any Receiving Party who wishes to file Confidential Information with the Court as part of any motion, paper or other filing with the Court shall move for permission to file such documents under seal.  Such motion shall accompany the filing that includes Confidential Information.  Any filing that is to be kept in whole or in part under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of the Actions, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

> CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. 08-CV-947 DMS (BLM) (S.D. Cal.).  This envelope, containing documents that are filed in this case by [name of person], is not to be opened nor are the contents thereof to be displayed or revealed except by Order of the Court.

If the Court decides that the Material may not be filed under seal, the Receiving Party shall nonetheless file such documents in an envelope as if they were and shall treat them as such to the extent practicable.

9.          Any Producing Non-Party may redact or excise information subject to the attorney-client, military safety and/or work product privileges.  Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted.  If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be available to the Court in accordance with any Order by the Court.

10.         If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11.         Any person who receives Confidential Information shall be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions.

12.         Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein.  However, the Receiving Party using such Confidential Information must do the following:

       (a)          Prior to the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request the Court to close the courtroom

during the presentation of any Confidential Information disclosed in such motion, hearing, or trial; and

(b)     Following the use of the Confidential Information at a trial, hearing, or the like, the Receiving Party must request that the portion of the proceeding where said use is made shall be designated as "Confidential Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 8, with access thereto limited to persons entitled to access under this Protective Order.

13.     Nothing in this Protective Order in any manner:

(a)     May be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

(b)     Waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

(c)     Waives any claims or defenses that may apply; or

(d)     Defines the scope of material to be produced in response to the Subpoenas.

14.     Neither the entry into this Stipulation and Protective Order nor the designation of any information, document, or the like as Confidential Information hereunder shall constitute evidence with respect to any issue in any action.

15.     If any Producing Non-Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall immediately

gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party.

16.     Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all documents, objects, and other materials produced or designated as Confidential Information, and all reproductions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party of Confidential Information.

17.     This Order is without prejudice to the right of the Producing Non-Party or the Producing Non-Parties to seek relief from the Court, to impose additional restrictions on the disclosure of any information or material produced.

18.     The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual.

19.     If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid, or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect, and the undersigned counsel agree, promptly upon the request of any Producing Non-Party, to execute a new Protective Order that is enforceable.

20.     The provisions of this Protective Order shall continue to be binding and survive termination of the Actions.

       All counsel have agreed to the form and entry of this Order.

**IT IS SO STIPULATED:**

Dated: _____   By: _____

Arthur Alan Wolk

THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA 19103
Telephone:   (215) 545-4220
Facsimile:   (215) 545-5252

By: _____

J. Daniel Holsenback (SBN 145640)

J. DANIEL HOLSENBACK, APC
625 Broadway, Suite 906
San Diego, California 92101
Telephone:   (619) 269-4634
Facsimile:   (619) 269-4635

*Attorneys for Plaintiffs Theodore and Lois Koziol*

Dated: _____   By: _____

Daniel A. Lowenthal (Admitted *Pro Hac Vice*)

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 336-2720
Facsimile:   (212) 336-2222

*Attorney for General Atomics and General Atomics
Aeronautical Systems, Inc.*

1

**IT IS SO ORDERED:**

2

3  _____        _____

Hon.   Barbara L. Major                              Date

4

United States Magistrate Judge

5  United States District Court for the Southern

District of California

6



7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A TO PROTECTIVE ORDER

| | |
|---|---|
| THEODORE AND LOIS KOZIOL, ) | Case No. 08-CV-947 DMS (BLM) |
| ) | Southern District of California |
| *Plaintiffs,* ) | |
| ) | Civ. No.: 07-3432 |
| v. ) | Eastern District of Pennsylvania |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **CONFIDENTIALITY** |
| ) | **UNDERTAKING** |
| *Defendant.* ) | |
| ) | |
| ) | |

## CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and understand the Protective Order dated

[_____], entered by the Court on [_____], and agree to abide without

exception by its terms and conditions.  I fully understand that violation of the terms of that

Protective Order by me or anyone acting under my directions may subject me to penalties.  I

hereby submit to the jurisdiction of the above Court (and any Court to which appeals may be

taken with respect to proceedings in such Court) with respect to the enforcement of this

Undertaking and the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

Executed on _____

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIALS REQUESTED BY
SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND
GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.          CASE NO. 08-CV-947 DMS (BLM)

1445114v.5