1  J. Daniel Holsenback (SBN 145640)
   J. DANIEL HOLSENBACK, APC
2  625 Broadway, Suite 906
   San Diego, California  92101
3  Telephone:  (619) 269-4634
   Facsimile:   (619) 269-4635
4
   Arthur Alan Wolk
5  THE WOLK LAW FIRM
   1710-12 Locust Street
6  Philadelphia, PA 19103
   Telephone:  (215) 545-4220
7  Facsimile:   (215) 545-5252

8  *Attorneys for Plaintiffs Theodore and Lois Koziol*

9  Daniel A. Lowenthal (*Admitted Pro Hac Vice*)
   Sarah E. Goodstine (*Admitted Pro Hac Vice*)
10 PATTERSON BELKNAP WEBB & TYLER LLP
   1133 Avenue of the Americas
11 New York, New York  10036
   Telephone:  (212) 336-2720
12 Facsimile:   (212) 336-2222

13 Paul A. Tyrell (CA Bar No. 193798)
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
14 530 B Street, Suite 2100
   San Diego, California  92101
15 Telephone:  (619) 238-1999
   Facsimile:   (619) 235-0398
16

*Attorneys for General Atomics and General Atomics Aeronautical Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THEODORE AND LOIS KOZIOL<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Case No.: 08-CV-947 DMS (BLM)<br><br>Civ. No.: 07-3432<br>Eastern District of Pennsylvania<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.**<br><br>Judge: Hon. Barbara L. Major<br>Date:   August 13, 2008<br>Time:   1:30 p.m.<br>Courtroom: TBD |

CASE NO. 08-cv-947 DMS (BLM)
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1860084v.1                                         1

1. This Protective Order shall govern the receipt, use and handling of all information, including documents (including graphic and electronically stored information) that is produced or otherwise disclosed by the Producing Non-Parties in connection with, or in response to the Subpoenas (the "Material").

2. All Material produced or disclosed pursuant to the Subpoenas shall be used solely for the purposes of the Pennsylvania Action and the action captioned Koziol v. Bombardier Inc., et al., No. OC-NL-2749-07 (N.J. Super. Ocean County) (the "New Jersey Action" and together with the Pennsylvania Action, the "Actions"), and no person shall make use of the Material in any other legal proceeding, whether in the United States or elsewhere, or make any other use of the Material whatsoever.  All Material shall be disclosed only to those persons identified in Paragraph 6 (each, a "Receiving Party," together, the "Receiving Parties"), and only to the extent that such Receiving Parties use the Material solely with respect to the conduct of the Actions.

3. All Material produced or disclosed by any Producing Non-Party shall be treated as consisting entirely of "Confidential Information," which may include, but is not limited to, proprietary business information, trade secrets or other confidential research, development, personal, manufacturing, supply, distribution, purchasing, financial, licensing, marketing, risk management, operations, product analysis or commercial information.

4. All documents (including copies, portions or summaries thereof) and physical objects produced or disclosed by any Producing Non-Party will be deemed to be "Confidential" and subject to this Protective Order, without any requirement for the Producing Non-Parties to stamp, affix, designate or otherwise identify the documents and physical objects as "Confidential."  All documents produced by any Producing Non-Party shall bear a Bates number for identification in a place that does not interfere with the legibility of the document.

5. Testimony or information disclosed at a deposition of any employee of any Producing Non-Party may be designated by a Producing Non-Party as Confidential Information by indicating on the record at the deposition the specific testimony which contains the Confidential Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a Producing Non-Party may designate testimony or information disclosed at a deposition as

CASE NO. 08-cv-947 DMS (BLM)
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES
GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1860084v.1                                           2

Confidential Information by notifying the recipient of the Confidential Information in writing within thirty (30) days of receipt of the deposition transcript of the specific pages and lines of the transcript that are to be so designated.  Whether or not designation is made at the time of a deposition, all depositions of employees of the Producing Non-Parties shall be treated as Confidential Information from the time of the taking of the depositions until thirty (30) days after receipt of the deposition transcript.   Receiving Parties may dispute the designation of such deposition testimony as "Confidential" by providing notice to the Producing Non-Party, and thereafter, by submitting any such dispute to a court with jurisdiction to hear such dispute.

6. Confidential Information may be disclosed only in accordance with Paragraphs 2 and 7, and only to the following persons:

(a) Counsel of record in the Actions;

(b) The parties to the Actions;

(c) The Court, Court reporters, stenographers, videographers, and/or Court personnel;

(d) Consultants and experts in connection with the Actions, whether or not they testify at trial or otherwise;

(e) Deponents noticed or subpoenaed in the Actions, to the extent necessary to examine such deponents or to prepare them for deposition;

(f) Witnesses who will testify at trial in the Actions, to the extent necessary to examine such witnesses or prepare them for trial;

(g) Independent photocopying or litigation support services employed by the persons or their counsel to assist in the Actions; and

(h) Any mediator or arbitrator presiding over the New Jersey Action;

(i) Upon providing notice to the Producing Non-Party, to persons ordered to be recipients by a Court presiding over the Actions or Court; and

(j) Any other person to whom the Producing Non-Party agrees in writing.

7. Any person, prior to being given access to Confidential Information, shall be

CASE NO. 08-cv-947 DMS (BLM)
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1860084v.1                                    3

provided with a copy of the Protective Order by the person disclosing such Confidential Information, and shall be advised by the disclosing person (unless it is the Court or a tribunal in the New Jersey Action being given access) that violation of this Protective Order may be punishable by contempt of Court.  Once a person has been provided access to Confidential Information in accordance with this Order, that person shall be deemed a Receiving Party and shall thereupon become subject to the terms of this Protective Order, including, without limitation, the provision that Confidential Information may not be disclosed to any person or in any manner other than as described in Paragraph 6 above and shall be used solely for the purpose of the Actions.

8.     Any Receiving Party who wishes to file Confidential Information in the Actions as part of any motion, paper or other filing with the Court shall (a) move to file the Confidential Information under seal in accordance with Rule 79.2 of the Local Rules of the United States District Court for the Southern District of California and/or any other applicable rules; or (b) with respect to the New Jersey Action, file the Confidential Information in a sealed envelope and take any other action required by the New Jersey court to request sealing of the Confidential Information.  In accordance with Local Rule 79.2 and/or any other applicable rules and procedures, all Material furnished by any Producing Non-Party filed under seal in the Actions will be returned to the person submitting such Material upon entry of the final judgment or termination of the appeal, if any, unless otherwise ordered by the Court.

9.     Any Producing Non-Party may redact or excise information that is non-responsive or subject to the attorney-client, military safety and/or attorney work product privileges. Documents and things that have been redacted shall bear the identification "REDACTED" in the locations on the documents and things where such matter has been redacted.  If produced copies have been so redacted or excised, the Producing Non-Party will maintain complete originals which will be made available to the Court if requested by the Court.  The Receiving Party has the right to request the Court to review any redacted Material, and upon the request of the Receiving Party, the Producing Non-Party will provide the Court with the applicable redacted Material for *in camera* review.

10.     If Confidential Information is disclosed to any person other than in the manner

CASE NO. 08-cv-947 DMS (BLM)
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1860084v.1                                              4

authorized by this Order, the person responsible for the disclosure shall immediately notify the Producing-Non Parties of all pertinent facts relating to such disclosure, and without prejudice to other rights and remedies available to the Producing Non-Parties, make every effort to obtain the return of the disclosed Confidential Information and prevent further disclosure of such Confidential Information.

11. Any person who receives Confidential Information may be subject to contempt of court and discovery sanctions (including without limitation, an award of reasonable attorneys' fees) in the event that such person discloses Confidential Information to persons not authorized by Paragraph 6 above or uses such Confidential Information for any other purpose than the Actions. Notwithstanding anything herein to the contrary, inadvertent disclosure of Confidential Information shall bear no automatic sanction or liability for attorneys' fees, so long as the disclosing party adheres to the provisions of Paragraph 10.

12. Nothing in this Order shall prevent a Receiving Party from using Confidential Information at depositions, trial, during a hearing, or the like, in accordance with the restrictions herein. However, the Receiving Party using such Confidential Information must, following the use of the Confidential Information at a trial, hearing, or the like, request that the portion of the proceeding where said use is made shall be designated as "Confidential Information" and that the transcript of that portion of the proceeding be maintained under seal in accordance with Paragraph 8, with access thereto limited to persons entitled to access under this Protective Order.

13. Nothing in this Protective Order in any manner:

    (a) May be construed as an agreement or admission that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret;

    (b) Waives any objection to the relevancy, materiality or admissibility of any Material or any other information or document or to the applicability of the Subpoenas to any Producing Non-Party;

    (c) Waives any claims or defenses that may apply;

    (d) Defines the scope of material to be produced in response to the

CASE NO. 08-cv-947 DMS (BLM)
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1860084v.1                     5

                Subpoenas; or

        (e)    Relieves any Producing Non-Party from its obligation to comply with the requirements of Rules 26 and 45 of the Federal Rules of Civil Procedure, including any obligation to produce responsive, non-privileged, relevant documents pursuant to the Subpoenas.

Disclosure of Confidential Information by a Court in any opinion or published document shall not constitute a breach or contempt of this Order by any Receiving Party or person.

        14.    If any Producing Non-Party, through inadvertence, produces or discloses any document or information that it believes is immune from discovery pursuant to the attorney-client, military safety or attorney work product privileges, such production shall not be deemed a waiver of any privilege, and the Producing Non-Party may give written notice to the recipient that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the recipient shall within three (3) business days gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Non-Party. However, if the Receiving Party in good faith disputes the Producing Non-Party's written notice characterizing produced Material as subject to attorney-client, attorney work product or military safety privilege, the Receiving Party and Producing Non-Party will submit the dispute to the Court.

        15.    Within sixty (60) days after the later of the final conclusion of the Pennsylvania or New Jersey Actions, all Material produced or otherwise disclosed and all Material designated as Confidential Information, and all reproductions and transcriptions thereof, shall be returned to the Producing Non-Party or shall be destroyed, at the option of counsel to the Producing Non-Party.

        16.    The term "person" or "recipient" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, association, partnership or individual, but not a Judge or tribunal.

        17.    The provisions of this Protective Order will continue to be binding and

CASE NO. 08-cv-947 DMS (BLM)
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1860084v.1      6

survive termination of the Actions. This Court retains jurisdiction over all affected persons with respect to any matters, claims or rights from or related to this Protective Order and the disclosure and production of Confidential Information until **December 31, 2009**.

18. The provisions of this Protective Order are subject to further Court order, based upon public policy and other considerations. This Order is without prejudice to the right to move at any time for modification of this Order or for an order to free any Confidential Information from the above restrictions upon a showing of good cause.

19. Notices hereunder shall be made in writing by electronic and overnight mail, sent to the offices of the undersigned counsel.

**IT IS SO ORDERED.**

Dated: July 29, 2008

_____
BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HON. DANA M. SABRAW
U.S. DISTRICT JUDGE

ALL COUNSEL

CASE NO. 08-cv-947 DMS (BLM)
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION REQUESTED BY SUBPOENA TO NON-PARTIES GENERAL ATOMICS AND GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.

1860084v.1                              7